**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FREDERICK D. FOSTER,** | : | **CIVIL ACTION** |
| **Plaintiff, pro se** | : | **JURY DEMAND** |
| **v.** | : | **Case No.** |
| **JOEL H. SLOMSKY, CLERKS TO BE NAMED,** | : | |
| **LANDON Y. JONES, WILLIAM M. MCSWAIN,** | : | |
| **UNITED STATES ATTORNEY OFFICE FOR** | : | |
| **EASTERN DISTRICT OF PENNSYLVANIA** | : | |
| **UNITED STATES DEPARTMENT OF** | : | |
| **JUSTICE,** | : | |
| **JANINE CASTORINA, BLANK & ROME LLP,** | : | |
| **CHRISTOPHER A. LEWIS,** | : | |
| **JONATHAN S. GOLDMAN,** | : | |
| **KATHERINE P. BARECCHIA,** | : | |
| **UNITED STATES POSTAL SERVICE,** | : | |
| **PITNEY BOWES, INCORPORATED, ET AL.** | : | |
| **Defendants.** | : | |

**INDEPENDENT ACTION/EMERGENCY MOTION PURSUANT TO FRCP RULE 60(b)(4), (d)(1), & (d)(3) COMPLAINT FOR CONSPIRACY TO COMMIT FRAUD UPON THE COURT DEPRIVATION OF THIS COURT'S JURISDICTION, 1983 & 1985(3) CONSPIRACY THAT DEPRIVED THE COURT JURISDICTION AND PLAINTIFF OF HIS CONSTITUTIONAL RIGHTS/BIVENS ACTION**

## I.   INTRODUCTION, JURISDICTION, AND VENUE

1.     This is an independent action against officers of the Court and clients alleging intentional torts, including conspiracy to commit "fraud upon the Court", such fraud that directly corrupted the impartial functions of this District Court for the Eastern District of Pennsylvania. This is an action against private actors and Federal employees alleging violations of statutory and common law, violations of the ***binding*** precedents of the Third Circuit and DC Circuit declaratory decrees, engagement with private actors in 42 U.S.C. §1983 & §1985(3) conspiracy, acts outside the scope of their Federal employment and their Federal statutory authority, Bivens

Action. This is an independent action brought under FRCP Rules 60(b)(4) (relating to a direct attack for the impeachment of VOID judgments), 60(d)(1) (relating to the powers of the Court to entertain an independent action to relieve a party from a judgment), 60(d)(3) (relating to the powers of the Court to set aside a judgment for fraud on the Court). PLAINTIFF DEMANDS A TRIAL BY JURY ON ANY ISSUE TRIABLE OF RIGHT BY A JURY. This is also an action for compensatory, statutory, treble and punitive damages, attorney fees and costs. Jurisdiction is based on 28 U.S.C. §1331 (relating to the federal question), §1339 (relating to postal matters), 39 U.S.C. §§401(1) and 409(d) (relating to a person's right to sue the Postal Service as a "person", in its official name, in Federal court), 39 U.S.C. §409(e) (relating to other Federal agency acting on the behalf or in concert with the Postal Service in conduct not reserved to the United States, such Federal agency shall be considered a "person"), 39 U.S.C. §409(g)(1) (relating to the prohibition wherein legal representation shall _not_ be furnished by the DOJ to the Postal Service or other Federal agency acting on the behalf or in concert with the Postal Service in actions arising whole or in part under §409(d) or (e)). This suit is brought as a Bivens Action (relating to a law suit for damages when federal employees who, while acting under the color of Federal authority, violated the Constitution), 42 U.S.C. §1983 (relating to every person, including "private actors" acting in concert with "Federal actors" who, under the color of any statute...subjects, or causes any citizen...the deprivation of any rights) §1985(3) (relating to two or more persons acting in concert in depriving a person of rights or privileges) and *inter alia* applicable laws. This is also an independent action brought under FRCP Rule 17(a)(2) *Action in the Name of the United States for Another's Use or Benefit*, (relating to when a federal statute so provides, an action for another's use or benefit must be brought in the name of the United States). The Defendants undisputedly conduct sufficient business in this judicial district to satisfy the venue requirements. PLAINTIFF DEMANDS A JURY.

## II.     PARTIES

2.      Plaintiff, FREDERICK FOSTER, ("Plaintiff") Pro Se, is a U.S. citizen who resides at 5049 Lancaster, Avenue, Philadelphia, PA 19131.

3.      Defendant, JOEL H. SLOMSKY, ("Slomsky"), is a judicial employee for the Eastern District of Pennsylvania ("EDPA"), whose office is located at 601 Market Street, Philadelphia, PA 19106.

4.     Defendant, JOHN and JANE DOES 1-10, are Law Clerks to Defendant Slomsky, whose office is located at 601 Market Street, Philadelphia, PA 19106.

5.     Defendant, WILLIAM M. MCSWAIN ("McSwain"), is an employee of the U.S. Attorney Office for the Eastern District of Pennsylvania, whose office is located at 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106. ("DOJ Defendant")

6.     Defendant, LANDON Y. JONES III ("Jones"), is an employee of the U.S. Attorney Office for the Eastern District of Pennsylvania, whose office is located at 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106. ("DOJ Defendant")

7.     Defendant, UNITED STATES ATTORNEY OFFICE ("USAO") for the Eastern District of Pennsylvania, is an agency of the U.S. Government, governed by the laws of the United States Department of Justice ("DOJ"), whose office is located at 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106. ("DOJ Defendants")

8.     Defendant, UNITED STATES DEPARTMENT OF JUSTICE ("DOJ") is an agency of the U.S. Government whose office is located at 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106 and headquarters is located at 950 Pennsylvania Avenue NW, Washington, DC 20530.

9.     Defendant, CHRISTOPHER A. LEWIS ("Lewis"), is an employee of Blank Rome, LLP, whose office is located at One Logan Square Philadelphia, PA 19103. ("Blank Rome Defendant")

10.     Defendant, JONATHAN SCOTT GOLDMAN ("Goldman"), is an employee of Blank Rome, LLP, whose office is located at One Logan Square Philadelphia, PA 19103. ("Blank Rome Defendant")

11.     Defendant, KATHERINE P. BARECCHIA ("Barecchia"), is an employee of Blank Rome, LLP, whose office is located at One Logan Square Philadelphia, PA 19103. ("Blank Rome Defendant")

12.     Defendant, JANINE CASTORINA ("Castorina"), is an employee of the USPS General Counsel whose office is located at 475 L' Enfant Plaza, SW, Washington, DC 20260.

13.     Defendants, ZANE DAVID MEMEGER, GREGORY B. DAVID, ANNETTA FOSTER GIVHAN, MARGARET L. HUTCHINSON, former employees of the U.S. Attorney

Office for the Eastern District of Pennsylvania, whose office is located at 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106. ("DOJ Defendants Former Employees")

14.     Defendant, UNITED STATES POSTAL SERVICE ("USPS") is a quasi-Government Agency who maintains both; 1) the status of a Government Agency with its Federal employment, the transmission of mail matter, and 2) the status of a  "private commercial enterprise" in acts outside of its Federal employment, located at 475 L'Enfant Plaza SW, Washington, DC 20260-0100.

15.     Defendant, PITNEY BOWES INCORPORATED ("PBI"), a private commercial enterprise doing business in the Commonwealth of Pennsylvania, throughout the United States, and internationally, with United States headquarters located at 1 Elmcroft Road, Stamford, CT 06926-0700.

### III.     <u>BACKGROUND</u>

    *A.     Preliminary Statement: Matters for Consideration, Nature of this Action, and Sufficient Grounds for All Orders made in EDPA 2:11-cv-7303 to be VOID ab intitio*

16.     This independent action is brought pursuant to Rules 60(b)(4)-***all*** judgments made in the original proceeding are **VOID** *ab intitio*, 60(d)(1)-for the Court to entertain an independent action, and 60(d)(3)-for the Court to set aside a judgment for "fraud on the court"; for Defendant Slomsky's and/or Law Clerk's (to-be-named) issuance of judgments that were **VOID** *ab intitio* due to their failure and refusal to act in accordance with law in the original proceeding and being produced by ***fraud***.

17.     "**<u>Only an inspection of the record of the case showing that the judge</u>**...**<u>violated a person's due process rights</u>**, and/or **<u>where fraud was involved in the attempted procurement of jurisdiction, is sufficient for an order to be void</u>**" However, in this case, while the judge violated a person's due process rights, fraud was involved in the attempted "deprivation" of this Court's jurisdiction. Therefore, on matters regarding the validity of the Judgments issued in the original proceeding, EDPA 2:11-cv-2011, no testimony from the Defendants should be required for this Court to inspect the record and find grounds sufficient for the Orders and Judgments to be **VOID** that were **VOID** *ab intitio*. This is also an action for declaratory relief for the benefit of the citizens of this judicial district and this United States in the form of a declaration that under

39 U.S.C. §§401(1), 409(a), 409(d), *inter alia*, "the district court has jurisdiction over damages claims against the Postal Service for *intentional* torts". This action is also an "Emergency Motion" to prevent further irreparable harm to this Nation's digital "mails", information, communications, and money transfers and to prevent further irreparable harm to Postal Service assets and properties. An inspection of the record shows, the original proceeding stemmed from the Defendants' (rogue USPS Operatives along with Pitney Bowes, Inc.) misappropriation of Plaintiff's proposal and trade secrets, thereby obstructing the implementation of a "secure digital delivery service" intended to: 1) protect this Nation's "mails", communications and money transfers delivered via the Internet (E-mail and e-Commerce transactions); and 2) repair the Postal Service's failing financial condition. It was ultimately intended to serve the modern communications and money transfer needs of the general public and establish the relevance of the Postal Service, our great American Institution, in this modern age.

18.    Public record shows, due to the Defendants' questionable management of Postal Service assets, including the liquidation of properties below market value, some historic, and the dismantling of multi-million dollar sorting machines, *inter alia*, the Postal Service continues to suffer losses of Billions of dollars yearly. (*See* USPS OIG Report SM-AR-15-003, *inter alia*) These very properties should have been reserved for the intended purpose of serving the modern needs of the general public, "*embrace all measures necessary to establish the system and to insure the safe and speedy transit and prompt delivery of the mails*", including the facilitation of a "secure digital delivery service" as prescribed by the United States Constitution Article I, Section 8, Clause 7-"Power to Protect the Mails" and Title III Modern Service Standards 39 U.S.C. §3961(b)(1)(A) and (c)(7).

19.    It is nearly impossible to reverse the sale of a property, historic or not, after it has been sold. Surely, the sale of strategically placed properties for reasons contrary to the intended purposes constitutes irreparable harm.

20.    Public record shows the greater part of the Nation's "mails" is delivered in the digital format commonly referred to as e-mail. And due to the Defendants' misappropriation of Plaintiff's trade secrets, violation of his rights, disregard for the modern needs of this Nation, failure and refusal to implement and embrace any preventive measures, most American businesses, credit bureaus, Federal agencies, educational and financial institutions have been

victimized by Internet crime and data breaches. Millions of U.S. citizens have been and are continually being victimized by identity theft. Such damages constitute irreparable harm. "Identity theft is likened to virginity theft." In fact, this very Court's highly sensitive documents (HSDs) through the CM/ECF system were breached while Defendants USPS and PBI, *et al*., continue to violate Plaintiff's rights and acquiesce in the damages incurred by the Nation and its digital mails. No amount of money can get a person's vital information back after it has been compromised; therefore, identity theft constitutes irreparable harm. Therefore, Plaintiff respectfully request the judge to whom this action is assigned, treats this action as an Emergency Motion and expeditiously inspects the record of EDPA 2:11-cv-07303 to prevent further irreparable harm to this Nation's Internet communications and money transfers and the Postal Service's assets and properties.

21.    An inspection of the record will show, the Defendants engaged in and did acts in furtherance of the conspiracy that ***defrauded*** this Court, deprived this Court of jurisdiction over the civil action on intentional tort claims for money damages caused by Defendant USPS, and deprived Plaintiff of his federally protected Constitutional and Due Process Rights to sue Defendant USPS in its official name in this District Court for the Eastern District of Pennsylvania.

22.    An inspection of the record will show, the Defendants ***defrauded*** the Court by: 1) depriving Plaintiff of his right to sue Defendant USPS in its official name; and, 2) depriving this Court of jurisdiction over Plaintiff's claims; thereby violating the ***binding*** Third Circuit precedents which expressly states, "*The plain meaning of the first sentence of 409(a) grants the district court "jurisdiction" over Licata's complaint, since it is an "action brought...against the Postal Service" and does not fall within the exception at the beginning of the sentence*"... "***the words of section 409(a) are a clear and unequivocal grant of jurisdiction to the district courts***"... "*Indeed, we cannot imagine how Congress could grant jurisdiction more plainly*"; "*It is 39 U.S.C. §401(1) that waives the Service's sovereign immunity by providing that it may "**sue and be sued**" in its "official name*"", Defendant USPS is a "*legal entity separate from the United States itself*" and "*a suit may be maintained against the Postal Service without joining the United States as a party, and... the district courts have jurisdiction over suits against the Postal Service for amounts above $10,000*". (*See* Licata v. U.S. Postal Service, Decision, Case No. 93-5637, (Third Cir. August 24, 1994))

23.     Defendant USPS is a quasi-government agency that is supported by the United States but managed privately. Its Federal employment is primarily the conveyance of the "mails" along with facilitating in part the State Department's passport process. All other operations conducted by Defendant USPS are in its private status as emphatically described by the Third Circuit's **binding** precedents; "*By launching the Postal Service into the **commercial world**, and including a **sue-and-be-sued clause** in its charter, Congress has cast off the Service's cloak of sovereignty and given it the status of a **private commercial enterprise**.*" (*See* <u>Licata v. USPS</u>, Decision, Case No. 93-5637, (Third Cir. August 24, 1994))

24.     The Defendants carried out their conspiracy by cloaking or conflating Defendant USPS's *intentional* torts committed in its status of a "*private commercial enterprise*" —with— *unintentional* torts that are covered by the provisions of the FTCA, which are afforded to government employees "*in connection with duties performed on the United States' behalf*". However, these provisions *expressly* and *exclusively* apply to *incidental* acts committed **within** the scope of Defendant USPS's Federal employment. The provisions of the FTCA *do not* apply to *intentional* torts, acts outside the scope of Defendant USPS's Federal employment, in its status of "*a private commercial enterprise*" or "*a legal entity separate from the United States itself*".

25.     The following is only one of Defendant USPS's many material misrepresentations to the Court followed by one of Defendant Slomsky's many **VOID** judgments, both of which constitute *fraudulent* misrepresentations of law, that shows Plaintiff's rights were violated and *fraud* was involved in the deprivation of this Court's jurisdiction, and are therefore sufficient for the judgment to be **VOID**.

26.     Defendant USPS pleaded in its Motion to Dismiss, "*the USPS is immune from suit for common law tort claims, which must be alleged solely against the United States, and several of the common law tort claims Plaintiff's alleges are prohibited under Section 2680(h) of the FTCA including the tort of misrepresentation*". (*See* Defendant USPS's Motion to Dismiss, Doc. No. 14)

27.     Subsequently, Defendant Slomsky ruled that, "*USPS is an agency of the federal government. See 39 U.S.C. § 201. To assert a tort claim against the federal government, a plaintiff must comply with the provisions of the Federal Tort Claims Act ("FTCA")...* "*the Court will grant Defendant United States Postal Service's Motion to Dismiss Plaintiff's Complaint*

*pursuant to Federal Rule of Civil Procedure 12(b)(1)*". (*See* Defendant Slomsky's Order, Doc. No. 31 & 32)

28. However, the ***binding*** precedents of the Third Circuit in <u>Licata</u> expressly states, "*<u>The plain meaning of the first sentence of 409(a) grants the district court "jurisdiction" over Licata's complaint, since it is an "action brought...against the Postal Service" and does not fall within the exception at the beginning of the sentence</u>*"... "***<u>the words of section 409(a) are a clear and unequivocal grant of jurisdiction to the district courts</u>***"... "*<u>Indeed, we cannot imagine how Congress could grant jurisdiction more plainly</u>*"; "*<u>It is 39 U.S.C. § 401(1) that waives the</u>* [Postal] *<u>Service's sovereign immunity by providing that it may "sue and be sued" in its official name</u>*." "***<u>Congress has cast off the Service's cloak of sovereignty</u>*** *<u>and given it the status of a</u>* ***<u>private commercial enterprise</u>***." "*<u>The Postal Service is a legal entity separate from the United States itself</u>*"; and, "*<u>a suit may be maintained against the Postal Service without joining the United States as a party, and...the district courts have jurisdiction over suits against the Postal Service for amounts over $10,000</u>*." Therefore, Defendant Slomsky's DISMISSAL, Opinion & Order, Doc. Nos. 31 & 32 are **VOID** *ab intitio* since the judgments therein violated Plaintiff's due process rights and ***fraud*** was involved in the deprivation this Court of jurisdiction, and this Court's judgment.

29. Moreover, it is well settled law that, "<u>Any single attempt by officers of the court to</u> ***<u>defraud</u>*** <u>the Court vitiates the entire proceeding</u>." Under Federal law, when any officer of the court has committed "fraud upon the court, the orders and judgment of that court are void, of no legal effect.

30. This is an independent action against Officers of this Court, Federal employees and private actors, who engaged in a conspiracy and continually did acts in furtherance of the conspiracy that deprived this District Court of jurisdiction, and deprived *pro se* Plaintiff of his Constitutional, Federal, and Due Process Rights. These Officers of the Court and their clients knowingly and willfully committed "fraud upon the Court" and subsequently, knowingly and willfully issued **VOID** judgments.

31. The culprits include a district court judge and/or law clerk, two (2) U.S. Attorneys, five (5) Assistant U.S. Attorneys, an attorney for the USPS General Counsel and two attorneys

from a high power law firm Blank Rome, one of which added Assistant Pennsylvania Attorney General to his resume.

32.    Defendants USPS & PBI were equally responsible.  "*[F]raud upon the court includes both attempts to subvert the integrity of the court and fraud by an officer of the court.*" Intermagnetics, 926 F.2d at 916.) Therefore, the record shows, Defendants USPS & PBI, *et al*, engaged in and perpetrated "fraud upon the court" with their attempt to subvert the integrity of the Court through false pleadings and acquiescence or failure to report misconduct. (*See* Pumphrey v. K. W. Thompson Tool Co. 62 F. 3d 1128 showing: ("*Thompson* [Defendant] *through Bartlett* [Counsel] *perpetrated fraud upon the court*.")

33.     Based on the line-up of the Defendants and the allegations against them, this action is a novel case and there are very little, if any, Third Circuit precedents on the subject of Officers of the Court, including the judge, committing "fraud upon the court" and issuing **VOID** Judgments. In Herring v. U.S., 424 F. 3d 384 (3d Cir. 2005) the Third Circuit Court of Appeals declared that, "*Actions for fraud upon the court are so rare that this Court has not previously had the occasion to articulate a legal definition of the concept.*"

34.    However, the Third Circuit in Herring v. U.S. determined, "*In order to meet the necessary demanding standard for proof of fraud upon the court we conclude there must be: 1) an intentional fraud; 2) by an officer of the court; 3) which is directed at the court itself; and 4) in fact deceives the court. We further conclude that a determination of fraud on the court may be justified by "the most egregious misconduct directed at the court itself," and that it "must be supported by clear, unequivocal and convincing evidence.*" An inspection of the record provides clear, unequivocal and convincing evidence that the Defendants committed "fraud upon the Court" and did acts in furtherance of the conspiracy that deprived this Court of jurisdiction and Plaintiff of his due process and federally protected Constitutional Rights.

35.    An inspection of the record will show the acts committed by the Defendants meet the Third Circuit's necessary demanding standard for proof of "fraud upon the Court". The applicable laws and rules pertaining to the subject are *unambiguous*. Additionally the Seventh, Tenth, and Eleventh Circuits, *et al*, should provide for sufficient guidance as to the coarse this case should take and how this Court should adjudicate the claims.

36.     More importantly, in regards to EDPA 2:11-cv-07303, the ***fraudulent*** DISMISSAL of Plaintiff's claims under Rule 12(b)(1), deprivation of Plaintiff's rights, and the deprivation of this Court's jurisdiction over Plaintiff's suit against Defendant USPS for damages claims arising from intentional torts, acts outside the scope of its Federal employment, the Third Circuit had already set ***binding*** precedents on these issues in Licata: 1) "*We believe the Postal Service conflates the issues of subject matter jurisdiction, sovereign immunity, and a valid cause of action.*"; 2) "*Congress made it clear in the Postal Reorganization Act of 1970 that the Postal Service was essentially to be separate from the government.*"; 3) "***the words of section 409(a) are a clear and unequivocal grant of jurisdiction to the district courts***"... "*Indeed, we cannot imagine how Congress could grant jurisdiction more plainly*"; *inter alia* findings proving, in the original proceeding, this Court was ***defrauded*** and deprived of jurisdiction by the Defendants named in this independent action. (*See* Licata v. USPS, Decision, Case No. 93-5637, (Third Cir. August 24, 1994)

37.     Therefore, an inspection of the record will show, with ***all*** acts in furtherance of the conspiracy that deprived Plaintiff of his Federally protected Constitutional rights and this Court of jurisdiction, the ***mens rea*** of ***all*** Defendants' were intentional and purposeful with deliberate indifference to the consequences.

38.     In EDPA 2:11-cv-07303, a review of the record shows, Plaintiff *pro se* was extremely naïve, unlearned, and inexperienced in almost every aspect of law. In reference to litigating that case as a *pro se* litigant and considering the statuses of Defendants USPS, PBI, their counsel and the judge, Plaintiff was advised by respected lawyers that "they are not going to let you win". However, Plaintiff believed truth would prevail and expected Defendant Slomsky to perform his duties fairly, impartially and diligently and he would construe *pro se* filings liberally. In hindsight, Plaintiff admittedly made a few nonfatal mistakes and oversights as to the Defendants' deviousness or the proper actions to take in response to the Defendants' fraud, but expected that Defendant Slomsky would exert his fact finding authority, act in accordance with law and render just rulings.

39.     However, an inspection of the record will show, despite their official statuses, titles and sworn oaths to uphold the Constitution, *inter alia*, "the conspiracy/fix was in", ***all*** Defendants in this case did acts that slaughtered Plaintiff's rights like a pack of wolves who had

corralled a lone sheep. The Defendants litigated and adjudicated the original proceeding with their "egos" over "ethics" and acted with the motivation of: 1) "not losing to a *pro se* Plaintiff" (Opposing Parties and Counsels); 2) "not allowing a *pro se* Plaintiff to defeat Officers of the Court who represent Billion Dollar Enterprises" (the Judge); 3) "at all costs", including ***fraud*** (***all*** Defendants); and, 4) "since *pro se* Plaintiff is so naïve, and no one of any importance cares, *pro se* Plaintiff will never find out and we'll get away with it". However, the record shows, the modus operandi used by the Defendants to carry out their motivation of defeating Plaintiff *pro se* included, ***defrauding* the Court itself**. *And*, the more naivety Plaintiff *pro se* showed, the more fraud and deprivation the Defendants committed.

40.     As the result of suffering such an extreme level of deprivation by the Defendants, in multiple forums, it seemed Plaintiff's voice was *not* heard, even when reciting statutory and common law. And, though the burden of proof in this action by a preponderance of the evidence, *pro se* Plaintiff is compelled to compose this Complaint with as much specificity of the facts and evidence "from the record" as he can, so that it identifies an abundance of plausible grounds for relief; expecting that any objective observer will find, beyond a reasonable doubt, the Defendants did acts in furtherance of the conspiracy that ***defrauded*** this Court and deprived Plaintiff of his rights. Therefore, Plaintiff begs the Court's indulgence.

41.     In the original proceeding, the Defendants committed ***fraud*** that was directed at the judicial machinery itself by: 1) conflating subject matter jurisdiction, sovereign immunity, and valid cause of action; 2) cloaking Defendant USPS's *intentional* torts, acts outside the scope of its Federal employment in its "private" status of a "person" –with—the provisions of the FTCA that *only* applies to acts within the scope of the Postal Service's Federal employment (the conveyance of the "mails"); 3) making the ***false*** pleading, material misrepresentation to the Court that the FTCA prohibits Plaintiff's common law damages claims against Defendant USPS for *intentional* torts, acts outside the scope of its Federal employment; 4) making the material misrepresentation to the Court that Plaintiff's *intentional* tort claim for "unlawful disclosure/misappropriation of intellectual property", under 39 U.S.C. §§404a(a)(2) & (3) *must* be filed with the Postal Regulatory Commission ("PRC"); and, 5) making the material misrepresentation that the DC Circuit had ***exclusive*** jurisdiction over Plaintiff's 39 U.S.C. §404a claims that arose from *intentional* torts.

42. An inspection of the record will show: 1) *all* of Plaintiff's claims arose from *intentional* torts, acts outside the scope of the Postal Service's Federal employment and *none* of Plaintiff's claims were "rate and service" complaints; 2) the PRC declared "*the Commission has limited jurisdiction to hear "rate and service" complaints as prescribed by 39 U.S.C. §3662(a)*" (See PRC Order No. 2460); 3) the district courts had *exclusive* jurisdiction over *all* of Plaintiff's claims, *all* of which arose from *intentional* torts; and 4) the DC Circuit ruled that the district courts have *exclusive* jurisdiction over civil actions against Defendant USPS for damages claims that arose from *intentional* acts, Defendant USPS is not entitled to *any* sovereign immunities for *intentional* torts, and, common law damages claims against Defendant USPS are *not* barred by the FTCA. (*See* Ramon Lopez v. Postal Regulatory Commission, Judgment, Case No. 12-1341 (D.C. Cir. 2017))

43. An inspection of the record will show, one of the most *deceptive*, *fraudulent* misrepresentations of law, material misrepresentations to the Court, made by the Defendants' was the pleading and ruling that, "...*the USPS is immune from suit for common law tort claims, which must be alleged solely against the United States, and several of the common law tort claims Plaintiff's alleges are prohibited under Section 2680(h) of the FTCA including the tort of misrepresentation*". An inspection of 28 U.S.C. §2680(h) will show, Section 2680(h) bars claims of deceit, misrepresentation, *inter alia*, "*if committed by a Federal investigative or law enforcement officer*", when acting within the scope of their employment. Clearly, *none* of the Defendants named in the original proceeding, were Federal investigative or law enforcement officers acting within the scope of their employment. And, accordingly, *none* of Plaintiff's claims pertain to Defendant USPS conducting a Federal investigation or enforcing the law.

44. Moreover, "*Congress has cast off the Service's cloak of sovereignty*..." (*See* Licata)

45. An inspection of the record shows the Defendants literally disregarded the U.S. Constitution, the interest of the general public, statutory and common law, *binding* precedents of the Third Circuit, and blatantly abused the imprimatur and exceeded the statutory authority of their offices, *inter alia*. Therefore, none of the Defendants are immune under any doctrine of immunity.

46. The doctrine of qualified immunity provides that Officers of the Court and "*[G]overnment officials performing discretionary functions generally are shielded from liability*

*for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known*." *Harlow v. Fitzgerald*, 457 13 U.S. 800, 818 (1982). *The analysis of qualified immunity involves two questions. One question is whether "the officer's conduct violated a constitutional right."* *Saucier v. Katz*, 533 U.S. 194, 15 201 (2001). *Another question is whether any such constitutional right was "clearly established," and in particular, "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted*." 90 Id. at 201-02.

47.  An inspection of the record will show, the **Answer** to all 3 questions, 1) "*Whether the officers' conduct violated a constitutional right*?"; 2) "*Whether any such constitutional right was "clearly established*?", and 3) *and in particular, "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted*?" is: **YES.**

48.  In EDPA 2:11-cv-07303, the record shows Plaintiff *pro se* was at an obvious disadvantage when considering the statuses of the Defendants, their knowledge of law, litigation skills, and the relationships between these Officers of the Court who are unequivocally esteemed colleagues inside and outside the courthouse.

49.  An inspection of the record shows, the most damaging and injurious advantage that the Defendants' possessed was their willingness to **defraud** the Court, wherein Plaintiff *pro se* would not dare make false claims for fear of facing the consequences in doing so.

50.  The record shows in EDPA 2:11-cv-07303, the Defendants collectively misrepresented the law, made numerous material misrepresentations to the Court, including inapposite case law citings, violated **binding** precedents set by the Third Circuit, and issued **VOID** judgments with the intent to render Plaintiff *pro se* powerless and suppressed by the **illusion** that, despite the evidence and the rule of law, not one of Plaintiff's factual allegations posed any plausible ground for relief since Defendant Slomsky ruled that none of Plaintiff's claims could be heard in this Court. However, while witnessing how the Defendants were able to trample on his rights, the rule of law, *inter alia*, Plaintiff *pro se* persevered through adversity with truth and faith, knowing the time would come when the Defendants' trail of lies, material misrepresentations to the Court and **VOID** judgments, which they entered into the record, would catch up to them. This is the case at bar.

51.     In the case at bar, the Defendants can no longer abuse their offices and authority to evade or obstruct justice. An equitable ruling in this action no longer relies on the factual allegations of *pro se* Plaintiff —versus— the pleadings and defenses of these skilled Defendants. With this independent action being brought pursuant to FRCP Rule 60(b)(4) for relief from **VOID** judgments and (d)(3) for "fraud upon the Court", the Court's "**record**" from **EDPA 2:11-cv-07303** is the **witness**, **evidence**, and **accuser** that "recorded" and documented the Defendants' numerous **VOID** judgments, material misrepresentations to the Court, *unlawful* and torturous acts they committed in this Courthouse.

52.     Subsequently, an equitable ruling in this action rests solely on an inspection of the record of the case and the inspection does not require any input by the Defendants.

53.     And, the accuracy of the Court's record cannot reasonably be questioned. Ironically, the Defendants' *false* statements, pleadings, *fraudulent* misrepresentations of law and **VOID** judgments they entered into the record, were made under oath and are now indisputable evidence or *judicial admissions* to their misconduct.

54.     "***Only an inspection of the record of the case showing that the judge...violated a person's due process rights***, *and/or* ***where fraud was involved in the attempted procurement* [in this case the attempted Deprivation]** *of jurisdiction, is sufficient for an order to be void*".

55.     Neither *fraud* nor **VOID** judgments can gain any legitimacy. Therefore, any issue raised by the Defendants in an attempt to justify their *fraud* or **VOID** judgments is also *fraud* and **VOID**.

56.     By their own actions, the Defendants have placed themselves in a precarious situation; pursuant to FRCP Rule 8, they *must* admit or deny the allegations of having engaged in the conspiracy that *defrauded* this Court", conspiracy that deprived this Court of jurisdiction and Plaintiff of his rights, *intentional* issuance, failure and refusal to correct **VOID** judgments, *inter alia*. The Defendants' denials must fairly respond to the substance of the allegations.

57.     However, the evidence against the Defendants is *indisputable* and *undeniable* since the evidence is the Defendants' own "words", pleadings and judgments, which they entered into the record. "*For by thy words thou shalt be justified and by thy words thou shalt be condemned*.", so is the case with the Defendants. (*Quoting*: Matthew 12:37 KJV) Moreover, in addition to this

Court's record, the Federal Circuit's, and the US Supreme Court's record was also tainted, corrupted, and victimized by the Defendants' *fraud*.

58.    An inspection of the record shows, in the original proceeding, the Defendants failed and refused to act in accordance with due process law, committed "fraud upon the Court", issued **VOID** judgments, violated statutory and common law, violated the ***binding*** precedents of the Third Circuit and the DC Circuit, engaged in a §§1983 & 1985(3) conspiracy (Bivens Action), "went out their way" or outside the scope of their Federal statutory authority and employment, deprived this Court of jurisdiction and *Pro Se* Plaintiff, Frederick Foster of his rights.

59.    Plaintiff realizes that, despite efforts to be fair and impartial, it is at least somewhat likely that any court or "judge", reviewing *pro se* pleadings opposing those of Officers of the Court, *et al*, would enter into that review with the presumption that these Officers of the Court are automatically entitled to a favorable credibility determination. Plaintiff realizes that there may be a natural, subconscious, tendency to just accept things as true just because Officers of this Court, U.S. Attorney, judge, and licensed attorneys are saying them, particularly when their opponent is merely a *pro se* litigant. However, as previously stated, in the case at bar, only an inspection of the record of the case by a separate judge is required.

60.    In light of the allegations against the Defendants and the declaratory relief sought, Plaintiff requests that his *pro se* filings are construed liberally. ("*Courts must construe pro se filings liberally*." (*See* Richardson v. United States, 193 F.3d 545, 548 (DC Circuit 1999). Plaintiff also requests that the Court holds the Defendants accountable to the Rules of Professional Conduct, including Rule 8.3—"Failure to Report Misconduct" and ***all*** Federal Rules of Civil Procedure are enforced, whether raised by Plaintiff *pro se* or *not*, including Rule 8 (relating to Pleadings, Defenses, Admissions and Denials), Rule 11 (relating to Signatures, Representations to the Court, and Sanctions), Rule 26 (relating to duty to disclose and the discovery procedure), Rule 37 (relating to Failure to Make Disclosures or to Cooperate in Discovery; Sanctions), Rule 55 (relating to Entering Default), to perpetuate testimony and fair responses to the substance of the allegations and allow for the effective and expeditious administration of the business of the Court.

61.    The allegations against the Defendants establish indisputable grounds that the citizens of this district and this Nation were directly and collaterally harmed by the Defendants' ***unlawful***

acts, in the form of tax payers' dollars, waste of time and resources, *inter alia*. Subsequently, Plaintiff brings this action to also benefit the general public in his name and in the name of the United States in accordance with Rule 17(a)(2) *Action in the Name of the United States for Another's Use or Benefit.* When a federal statute so provides, an action for another's use or benefit must be brought in the name of the United States. (*See* FRCP Rule 17(a)(2))

62.    Under Rule 4(i)(3), *Officer or Employee Sued Individually*: "*To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)*". However, Rule 4(i)(3) has the specific requirement that: 1)  the act or omission must not be "*intentional*", and 2) the act or omission must occur "*in connection with duties performed on the United States' behalf*".

63.    Plaintiff's claims against the Defendants are for *intentional* torturous acts, made on the behalf of and in concert with Defendant USPS, "*a legal entity separate from the United States itself*"; such acts that were outside the scope of **all** Defendants' Federal employment and statutory authority.

64.    Therefore, the Defendants' intentional torts were *not* "*in connection with duties performed on the United States' behalf*"; their acts were on the behalf of and in concert with Defendant USPS. Based on these facts, including the fact that Plaintiff is suing under Rule 17(a)(2), Plaintiff should *not* serve the United States as a defendant.

65.    Additionally, the FTCA specifically bars claims against the United States that arise from an *intentional* torts committed by a federal employee. Therefore, the appropriate action against **all** the Defendants, including those who are federal employees, for common law damages claims that arose from *intentional* torts, acts *not* "*in connection with duties performed on the United States' behalf*", is an action in the Federal district court against the Defendants in their individual capacities.

66.    Plaintiff also brings this suit under 39 U.S.C. §409(e)(1)(A) for the Defendants having acted on the behalf of and in concert with the Defendant USPS, thereby engaging in conduct with respect to any product which is *not* reserved to the United States under section 1696 of title 18, acts outside the scope of the Defendants' employment, *inter alia* violations of

the fraud and abuse laws that govern Federal employees, district court judges, and DOJ employees. Therefore, <u>the United States is *not* named a defendant in this matter</u> since the allegations against the Defendants are for *intentional* violations that were committed in total disregard for the rules and laws set forth by their employer, this United States.

67.     An inspection of the record will show, in EDPA 2:11-cv-07303, the DOJ Defendants violated 39 U.S.C. §409(g)(1) and 28 U.S.C. §547 since they <u>*did not*</u> act on the behalf of the United States; they acted on the behalf of and in concert with Defendant USPS in a proceeding that arose under 39 U.S.C. §409(d)(1), wherein Defendant USPS shall be considered a "person" or a "*private commercial enterprise*", in its non-governmental status, with ***all*** immunities waived. Therefore, in the instant matter, pursuant to 39 U.S.C. §409(e)(1)(A), ***all*** Defendants "***<u>shall not be immune under any doctrine of sovereign immunity from suit in Federal court by any person for any violation of Federal law by such agency or any officer or employee thereof</u>***", and pursuant to §409(g)(1), they are <u>*not*</u> entitled to legal representation by the Department of Justice or the provisions of the Federal Torts Claim Act ("FTCA"). (*See* 39 U.S.C. §§409(e)(1)(A) and 409(g)(1), and 32 CFR § 750.23(b) Definitions—Intentional torts, showing: "*<u>any employee who commits an **intentional tort** is normally considered to be **acting outside the scope of their employment**</u>*", the provisions of the FTCA require that the agency, officer, or employee <u>*must*</u> be acting "within the scope of their employment")

68.     The Defendants might attempt to join the United States as a defendant for the improper purposes of: 1) depriving Plaintiff of his right to sue them in their individual capacity, 2) depriving the Court of jurisdiction, and 3) cloaking their *intentional* torts, acts outside the scope of their employment, with the governmental protections and immunities that expressly apply to acts within the scope of their employment. (See 39 U.S.C. §409(e)(1)(A) and 32 CFR §750.23(b)). Therefore, this Court should <u>*not*</u> allow the Defendants to join the United States as a defendant.

69.     Joinder of the United States as a "defendant" for intentional torts is unlawful and will deprive the Court of jurisdiction, prejudice Plaintiff and pose a conflict of interest since Plaintiff is suing the Defendants in the name of the United States pursuant to Rule 17(a)(2).

70.     Joinder of the United States as a "defendant" will pose an additional conflict of interest; the DOJ and DOJ attorneys are Defendants in this action, therefore, they <u>*cannot*</u> defend

the United States as required by 28 U.S.C. §547. An inspection of the record shows the DOJ Defendants: 1) acted in their individual capacities; 2) did acts outside the scope of their Federal employment and statutory authority; 3) abused the authority and imprimatur of their Offices; 4) *defrauded* the Court and deprived Plaintiff of his rights; 5) disregarded the interest of the general public and the United States; 6) violated the fraud and abuse laws that govern DOJ employees; 7) acted on the behalf of and in concert with Defendant USPS, and *not* in connection with duties performed on the United States behalf. Therefore, the United States should not be liable for the Defendants misconduct.

71.    Moreover, the law, including the FTCA, prohibits a party from filing claims of misrepresentation, fraud, *inter alia*, against the United States. Therefore, the United States *cannot* be joined as a defendant.

72.    Unless the Court determines that joinder of the United States as a defendant: 1) will *not* deprive Plaintiff of his right of action against the Defendants in their individual capacities; 2) will *not* deprive the Court of jurisdiction; 3) will *not* prejudice Plaintiff; 4) will *not* provide a cloak for the intentional torts committed by the Defendants; 5) is appropriate since the United States is partially liable for the Defendants intentional torts and acts *not* "*in connection with duties performed on the United States' behalf*"; and 6) the Court *cannot* accord complete relief among the existing parties, *inter alia*; Plaintiff asserts that the United States should *not* be joined as a defendant in this matter.

73.    Should the Court find it appropriate that the United States is joined as a "plaintiff", Plaintiff will *not* object. An inspection of the record shows, the Defendants *intentionally* violated the laws that govern Federal employees, Federal judges, and DOJ employees. Therefore, Plaintiff will *not* object to the imposition of additional corrective measures against the Defendants by their employer, this United States.

74.    Plaintiff also requests that, since this Court's jurisdiction and Plaintiff's right of action has been well established, *all* questions, verdicts and final decisions, which should be reserved for the jury remain reserved for the jury.

75.    Additionally, should this matter be assigned to a judge of this Court who finds themselves unable to act in accordance with law, unable to perform the duties of the office fairly,

impartially, and diligently, unable to issue a ruling against Officers of this Court, Plaintiff respectfully requests that said judge recuse themselves pursuant to 28 U.S.C §455.

76.     An inspection of the record will show, the rulings issued in the original proceeding are so egregiously contrary to statutory and common law that it is hard to imagine that a Federal judge would engage in such behavior.

77.     Considering the fact that a Law Clerk assists judges in legal research, making legal determinations and writing opinions, allows the Court to conclude that Defendant Slomsky's Law Clerk, Defendant to-be-named, is liable for either engaging in the Defendants' conspiracy or at minimum, failing to report the misconduct. And, since all of Defendant Slomsky's **VOID** Orders bared a digital signature, rather than his actual signature, there is a possibility that; **it was Defendant Slomsky's Law Clerk who acted in bad faith, on the behalf of the USPS and DOJ Defendants, entered the VOID rulings, and typed Judge Slomsky's digital signature on the VOID Orders while the Judge Slomsky was unaware**.

78.     Nevertheless, ***all*** judgments and Orders issued by Defendant Slomsky are **VOID** *ab intitio* of which Plaintiff is not bound to obey. Slomsky has lost all subject matter jurisdiction over Plaintiff's case and is now a Defendant in this action. Moreover, this action is an open challenge and demand of Defendant Slomsky's Public Oath. Under Canon 3228.3 Public Oath, "*If challenged, individuals must recuse themselves as having a conflict of interest and cannot possibly stand under a public oath*."

79.     Therefore, since only an inspection of the record is sufficient for ***all*** of Defendant Slomsky's judgments to be **VOID** *ab intitio*, no response is required by any of the Defendants on Plaintiff's claims pursuant to Rules 60(b)(4), (d)(1), and (d)(3). As with ***all*** Defendants, ***all*** forthcoming entries by Defendant Slomsky should be pursuant to F.R.C.P. Rule 8(b), on the issues regarding the evidence and Plaintiff's allegations that he issued VOID judgments, did acts furtherance of the conspiracy that ***defrauded*** this Court, deprived this Court of jurisdiction and deprived Plaintiff of his due process rights.

80.     Additionally, Plaintiff's claims against Defendant Slomsky are for *intentional* torts, acts outside the scope of his Federal employment and statutory authority, on the behalf of and in concert with Defendant USPS. Subsequently, Defendant Slomsky appears in this action in his individual capacity and may seek legal representation, but is not entitled to representation by the

DOJ. And while Defendant Slomsky may confer with Co-Defendants, including his Law Clerks to-be-named, Defendant Slomsky shall be held accountable for his entries.

81.    As evidenced by the record, in the original proceeding, officers of this Court took advantage of *Pro Se* Plaintiff's naivety and violated his rights, therefore, any Judge, Clerk of Court, or employee of the Court who fails to act in accordance with law, acquiesces, endorses, or attempts to justify the **VOID** judgments or *fraudulent* pleadings made by the Defendants in this action will be *without excuse* and prosecuted to the fullest extent of the law.

82.    As previously stated, in Herring v. U.S., the Third Circuit Court of Appeals declared that, "*Actions for fraud upon the court are so rare that this Court has not previously had the occasion to articulate a legal definition of the concept*." Therefore, should this Court find that it is within the interest of justice that this matter be transferred to a Court of another district for the purpose of an equitable and just ruling, Plaintiff request that such findings are declared by the Court in the early stages of this proceeding.

83.    The previous averments and an inspection of the record of EDPA 2:11-cv-7303 are sufficient for *all* judgments and Orders to be **VOID**.

B.    *Issues of Statutory and Common Law That Form the Basis of This Suit and Will Provide Clarity to the Court to Allow for Expeditious Resolution on the Claims of "Fraud Upon the Court" by Officers of the Court*

84.    This section of Plaintiff's Independent Action is intended to allow for expeditious resolution on the claims of "fraud upon the Court, deprivation of this Court's jurisdiction, deprivation of Plaintiff's Federally protected rights, all judgments are **VOID** *ab intitio*, *inter alia*.

85.    Again, "***Only an inspection of the record of the case showing that the judge*...*violated a person's due process rights*, *and/or* *where fraud was involved in the attempted procurement* [in this case the attempted Deprivation] *of jurisdiction, is sufficient for an order to be void*". Therefore, only an inspection of the record of EDPA 2:11-cv-07303 is sufficient to discover the "*fraud*" that was involved in the attempted deprivation of this Court's jurisdiction. And while it may the Defendants' right to fairly respond to the substance of the allegations raised against them; other than admissions, there is really *no need* for the Defendants to enter responses in an attempt to justify their *fraud*. As with VOID judgments, any attempt to justify *fraud* is also *fraud*.

86.    An inspection of the record of EDPA 2:11-cv-07303 will show Defendant Slomsky DISMISSED *all* of *pro se* Plaintiff's claims against Defendant USPS pursuant to: 1) Fed. Rule of Civ. Pro. Rule 12(b)(1) purporting that this Court lacked subject matter jurisdiction over civil actions against Defendant USPS for money damages claims that arose from *intentional* torts, brought under Federal statutory and common law, including 39 U.S.C. §§401(1), 409(a) & 409(d) wherein Defendant USPS shall be considered a "person" and shall not be immune under any doctrine of sovereign immunity from suit in Federal court by *any person,* for "unfair or deceptive acts or practices", acts outside the scope of its Federal employment, *not* in connection with duties performed on the United States behalf; and 2) the provisions of the Federal Torts Claim Act ("FTCA") which *expressly* and *exclusively* applies to *unintentional* torts, acts *within* the scope of Defendant USPS's Federal employment, the conveyance of the "mails".

87.    39 U.S.C. §401(1) expressly states, "*Subject to the provisions of section 404a, the Postal Service shall have the following general powers: (1) to sue and be sued in its official name*;" (*See* 39 U.S.C. §401(1) showing: section 401(1) waives Defendant USPS's sovereign immunity allowing it to be sued in its "official name" in *inter alia* claims subject to the provisions of section 404a; and, Licata v. USPS, Decision, Case No. 93-5637, (Third Cir. August 24, 1994).)

88.    39 U.S.C. §409(a) expressly states, "*Except as otherwise provided in this title. The United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service*." (See 39 U.S.C. §409(a) showing: Section 409(a) grants the United States district courts subject matter jurisdiction over actions to which Defendant USPS is a party.)

89.    39 U.S.C. §409(d)(1) states in pertinent part, "*the Postal Service shall be considered a 'person' and shall not be immune under any other doctrine of sovereign immunity from suit in Federal court by any person for any violation of those provisions of law by any officer or employee of the Postal Service*." (*See* 39 U.S.C. §409(d)(1) showing: Defendant USPS shall be considered a "person" and shall not be immune from suit in Federal court by any person for violations of "unfair or deceptive acts or practices", *inter alia*. Despite Defendant USPS's assertion that §409(d)(1) applies to "unfair or deceptive acts or practices" and claims under section 5 of the Federal Trade Commission Act that are in the exclusive jurisdiction of Federal

Trade Commission, the operative words in statute that was enacted to promote accountability for Defendant USPS are "*suit in Federal court **by any person** for any violation of those provisions of law by any officer or employee of the Postal Service*.". Therefore, "any person" has a private right of action to bring suit in Federal court against Defendant USPS in its status of a "person" for any violation of those provisions of law, including "unfair or deceptive acts or practices" "misrepresentation/fraud", by any officer or employee of the Postal Service.)

90.    39 U.S.C. §409(g)(1) expressly states, "*Notwithstanding any other provision of law, legal representation may not be furnished by the Department of Justice to the Postal Service in any action, suit, or proceeding arising, in whole or in part, under any of the following: ''(A) Subsection (d) or (e) of this section.*" (*See* 39 U.S.C. §409(g)(1) showing: §409(g)(1) prohibits the Department of Justice from furnishing legal representation to the Postal Service in any action, suit, or proceeding arising wholly or in part under §409(d) or (e)).

91.    28 U.S.C. §547 expressly states, "*Under 28 U.S.C. §547, the role of the United States Attorney is to: (1) prosecute criminal cases brought by the federal government, (2) prosecute or defend civil cases where the United States is a party and (3) collect debts owed to the federal government when administrative agencies are unable to do so*." (*See* 28 U.S.C. §547 United States Attorney Definitions)

92.    In Licata v. USPS, the Third Circuit set ***binding*** precedents on a person's private right of action to bring a suit against Defendant USPS in its official name and the district court's subject matter jurisdiction over actions to which Defendant USPS is a party states in pertinent part, 1) "*The plain meaning of the first sentence of 409(a) grants the district court "jurisdiction" over Licata's complaint, since it is an "action brought...against the Postal Service" and does not fall within the exception at the beginning of the sentence*"... "***the words of section 409(a) are a clear and unequivocal grant of jurisdiction to the district courts***"... "*Indeed, we cannot imagine how Congress could grant jurisdiction more plainly*"; 2) "*It is 39 U.S.C. § 401(1) that waives the* [Postal] *Service's sovereign immunity by providing that it may "sue and be sued" in its official name*."; 3) "*Thus, after reviewing the language and history of the statute, we hold that absent some other statutory bar, section 409(a) grants district courts subject matter jurisdiction over actions to which the Postal Service is a party*"; 4) "*The Postal Service is a legal entity separate from the United States itself*"; 5) "*a suit may be maintained against the Postal Service without*

*joining the United States as a party, and...the district courts have jurisdiction over the Postal Service for amounts over $10,000*”; 6) “*By launching the Postal Service into the **commercial world**, and including a **sue-and-be-sued clause** in its charter, Congress has cast off the Service's cloak of sovereignty and given it the status of a **private commercial enterprise***.” (*See* Licata v. USPS, Decision, Case No. 93-5637, (Third Cir. August 24, 1994)

93.     The Third Circuit also found, “*We believe the Postal Service conflates the issues of subject matter jurisdiction, sovereign immunity, and a valid cause of action.*” (*See* Licata v. USPS, Decision, Case No. 93-5637, (Third Cir. August 24, 1994) showing: Defendant USPS “conflates” as in; Defendant USPS and its Counsel has a pattern of conflating the issues of subject matter jurisdiction, sovereign immunity, and a valid cause of action to deny or deprive the district courts of subject matter jurisdiction over civil actions to which Defendant USPS is a party, deny or deprive a person of his private right of action, and thereby procure a dismissal order pursuant to Rule 12(b)(1).)

94.     The issues before this Court are: Whether *__any__* or *__all__* Defendants knowingly and willfully engaged in and did acts in furtherance of the conspiracy that: 1) *defrauded* this Court; 2) deprived this Court of jurisdiction; and 3) deprived Plaintiff of his federally protected rights? **Suggested Answer: YES**

95.     When considering the above issues, this Court must *also* consider: Whether the DOJ Defendants' very “Entry of Appearance”, furnishing of legal representation and entries into the record on the behalf of Defendant USPS were material misrepresentations to the Court, *fraudulent* misrepresentations of law, and violations of 28 U.S.C. §547, 39 U.S.C. §§401(1), 409(a), 409(d), 409(g)(1) and the fraud and abuse laws that govern DOJ employees? **Suggested Answer: YES**

96.     Any single attempt by officers of the court to *defraud* the Court vitiates the entire proceeding.

97.     Therefore, for the sake of an expeditious resolution, the following “one of many” pleadings from Defendant USPS's MTD Doc No. 14, and “one of many” rulings from Judge Slomsky's Opinion Doc. No. 31, compared to the above statutory and common laws including, the *binding* precedents set by the Third Circuit in Licata will show, Defendants USPS, Castorina, and the DOJ Defendants attempted to *defraud* the Court, *fraud* was involved in the attempted

deprivation of this Court's jurisdiction, Defendant Slomsky's ruling violated Plaintiff's due process rights and is therefore sufficient grounds for Defendant Slomsky's Order to be **VOID**.

98.     The USPS MTD, Doc. No. 14, pleaded that Defendant USPS was "solely" "*an agency of the United States government*", "*To assert a tort claim against the federal government, a plaintiff must comply with the provisions of the Federal Torts Claim Act ("FTCA")*".

99.     Subsequently Defendant Slomsky ruled, "*USPS is an agency of the federal government. See 39 U.S.C. § 201. To assert a tort claim against the federal government, a plaintiff must comply with the provisions of the Federal Tort Claims Act ("FTCA")...* "*the Court will grant Defendant United States Postal Service's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1)*" (*See* USPS's MTD Doc. No. 14 and Judge Slomsky's Opinion/Dismissal Doc. No. 31).

100.    The previous pleading and ruling by the Defendants are intentionally *fraudulent* and deceptive and are *unequivocally not* in accordance with statutory and common law, including those cited in Plaintiff's averments Nos. 87-93 and the Third Circuit's **binding** precedents in Licata v. USPS. (*See* Plaintiff's Averments Nos. 87-93: Citing applicable statutory and common law)

101.    The previous pleading and ruling made by the Defendants were intended to *defraud* this Court by misrepresenting the law to deceive *pro se* Plaintiff to believe that: 1) Defendant USPS was "solely" "*an agency of the United States government*"; 2) Defendant USPS's "*status of a private commercial enterprise*" did not exist; and 3) Plaintiff does not have the right to sue Defendant USPS in the district courts.

102.    Therefore, an inspection of the record of EDPA 2:11-cv-7303 will show Defendants USPS's, Castorina's, and the DOJ Defendants' pleading and assertion that Defendant USPS was "solely" "*an agency of the United States government*", "*To assert a tort claim against the federal government, a plaintiff must comply with the provisions of the Federal Torts Claim Act ("FTCA")*", which produced Defendant Slomsky's ruling, "*the Court will grant Defendant United States Postal Service's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1)*" were: 1) *fraudulent* misrepresentations of law; 2) material misrepresentations to the Court; 3) acts of "*fraud that corrupted the impartial functions of the Court*"; 4) a **VOID** judgment that was **VOID** *ab intitio*; 5) acts of *fraud* that deprived the Court

of jurisdiction; and 6) acts that deprived Plaintiff of his due process rights; and are therefore sufficient grounds for Defendant Slomsky's Order, Doc. Nos. 31 & 32, to be **VOID**. (*See* EDPA 2:11-cv-07303 USPS's MTD Doc. No. 14 and Slomsky's Opinion/Order, Doc. No. 31 & 32)

103.    An inspection of the record will show, as the result of the Defendants *fraud*, failure and refusal to act in accordance with law, EDPA Case No. 2:11-cv-07303 was vitiated in its entirety and pursuant to Rule 60(b)(4) & (d)(3) *all* Judgments and Orders are **VOID** *ab intitio*.

104.    An inspection of the record of EDPA 2:11-cv-07303 will show Defendant USPS, Castorina, Slomsky and the DOJ Defendants committed the same acts the Third Circuit ruled against; the Defendants conflated the issues of subject matter jurisdiction, sovereign immunity, and a valid cause of action to *evade* civil action against Defendant USPS in its official name. By committing the same acts that the Third Circuit ruled against, repeating the acts constitute a pattern and the existence of the "conspiracy"; therefore, the Defendants *categorically* did acts in furtherance of the "conspiracy" that deprived this Court of jurisdiction and Plaintiff of his Federally protected Constitutional rights.

105.    The record shows these Defendants made knowingly *false* pleadings regarding the sovereign immunities and provisions of the FTCA afforded to government employees and agencies when acting in connection with duties performed on the behalf of the United States. It is well settled that the FTCA *only* applies to acts within the scope of Defendant USPS's federal employment, the transmission of the "mails". Moreover, the provisions of the FTCA *do not* apply to acts outside the scope of Defendant USPS's Federal employment or any "*legal entity separate from the United States itself*", including Defendant USPS in its "*status of a private commercial enterprise*".

106.    The Defendants' attempt to *defraud* the Court by cloaking Defendant USPS's liability for *intentional* acts committed in its official name constituted violations of 39 U.S.C. §§401(1), 409(a), 409(d)(1), the *binding* precedents set by the Third Circuit, "fraud upon the Court", *inter alia*. (*See* Plaintiff's Averments Nos. 87, 88, & 89: Citing 39 U.S.C. §§401(1), 409(a), & 409(d)(1))

107.    As further proof of the Defendants' attempt to *defraud* this Court, unlike the Third Circuit who provided an emphatic account of Defendant USPS's actual status, Congress's intent and the district court's jurisdiction over civil actions against Defendant USPS for amounts over

$10,000, *inter alia*; an inspection of the record shows, Defendants USPS, Castorina, Slomsky and the DOJ Defendants failed and refused to acknowledge or admit to: 1) the existence of Defendant USPS's status of a "private commercial enterprise"; 2) the fact that "*Congress made it clear...that the Postal Service was essentially to be separate entity from the government*"; 3) the sue-and-be-sued clause in its charter; 4) a person's right to sue Defendant USPS in its official name in the district courts under §§401(1) & 409(a); 5) the fact that "*The Postal Service is a legal entity separate from the United States itself*"; 6) the district court has jurisdiction over civil actions against Defendant USPS for amounts over $10,000; or 7) any of the Third Circuit's **binding** precedents.

108.    In fact, an inspection of the record will show, on issues pertaining to the district court's jurisdiction over claims against Defendant USPS in its private entity status, ***all*** Defendants, including Defendant Slomsky, failed and refused to fairly respond to any of the evidence, statutory and common laws, including Licata, cited by Plaintiff in the original proceeding.

109.    An inspection of the record will show, all pleadings and rulings made in Defendant USPS's and Slomsky's entries were either inapposite citings of case laws that pertained to "rate and service complaints" or ***fraudulent*** misrepresentations of law intended to deceive Plaintiff by omitting material parts of the statute, i.e. 28 U.S.C §2680(h) prohibits claims of misrepresentation "*if committed by a Federal investigative or law enforcement officer*".

110.    The following is another "one of many" ***fraudulent***, deceptive pleadings taken from Defendant USPS's Motion to Dismiss, "*The complaint would be defective in any event given that the USPS is immune from common tort claims which must be alleged solely against the United States and several of the common law torts plaintiff alleges are prohibited under Section 2680(h) of the FTCA, including the tort of misrepresentation.*". (*See* USPS MTD EDPA Case 2:11-cv-07303 Document 14)

111.    Subsequently, the Defendant USPS's ***fraudulent*** pleading procured Defendant Slomsky's "one of many" **VOID** rulings that, "*Plaintiff's claim of misrepresentation and fraud will be dismissed because the FTCA specifically prohibits a party from filing a claim of misrepresentation against the federal government. See 28 U.S.C. § 2680(h)*". (*See* Judge Slomsky's Dismissal Order Doc. No. 31)

112.    Defendant USPS's pleading and Defendant Slomsky's ruling contains at least three material misrepresentations to the Court: 1) A review of 28 U.S.C. §2680(h) shows Section 2680(h) of the FTCA prohibits tort claims of misrepresentation solely and exclusively "*if committed by a Federal investigative or law enforcement officers*", when acting within the scope of his employment; 2) common law tort claims, including claims of misrepresentation and *fraud* can be brought under Sections 401(1), 409(a) and 409(d), which provides that Defendant USPS can "*sue and be sued in its official name*", "*shall be considered a "person" and shall not be immune under any other doctrine of sovereign immunity from suit in Federal court by any person*" and, "*the district courts shall have original but not exclusive jurisdiction*"; 3) in addition to statutory law, the Third Circuit ruled, "*a suit may be maintained against the Postal Service without joining the United States as a party, and...the district courts have jurisdiction over the Postal Service for amounts over $10,000*".

113.    The culmination of Licata v. USPS and the sequence of events from the record of EDPA 2:11-cv-07303 shows; Defendant USPS and its Counsel calculated, orchestrated, and perpetuated a scheme, thereby establishing a pattern for *defrauding* the Court, depriving the Court of jurisdiction and depriving plaintiffs of their right of action against the Postal Service by conflating the issues of subject matter jurisdiction, sovereign immunity, and a valid cause of action. Or committing intentional torts in its status of a legal entity separate from the United States and hiding behind the immunities and the provisions of the FTCA that *exclusively* apply to acts within Defendant USPS's Federal employment, the conveyance of the "mails".

114.    Clearly, the calculation and orchestration of a scheme, establishing a pattern, by two or more persons, for improper purposes, including *defrauding* the Court, depriving Plaintiff of his rights, *inter alia*, constitutes a "conspiracy". Therefore, Defendants USPS, Castorina, Slomsky, and the DOJ Defendants did acts in furtherance of the "conspiracy" that *defrauded* this Court, *inter alia*.

115.    An inspection of the record of EDPA Case No. 2:11-cv-07303 will show, Plaintiff sued Defendant USPS under 39 U.S.C. §§401(1), 409(a) & 409(d) in its status of a private commercial enterprise, as "*a legal entity separate from the United States itself*", for common law damages arising from intentional torts, acts outside the scope of its Federal employment, that did *not* occur in connection with duties performed on the behalf of the United States. Therefore,

Plaintiff did *not* name the United States as a defendant. (*See* Plaintiff's Complaint EDPA Case No. 2:11-cv-07303, Doc. No. 1 and Licata v. USPS)

116.    Moreover, *neither* the Defendants, *nor* the Court *formally* joined the United States as a party or defendant. FRCP Rule 19 "Required Joinder of Parties" states in pertinent part, "*(2) Joinder by Court Order; If a person has not been joined as required, the court must order that the person be made a party*". Therefore, if the law required that the United States was joined as a party or defendant, then Defendant Slomsky failed to issue a Joinder by Court Order that the United States was made a party.

117.    An inspection of the record shows, the culmination of Defendant USPS's, Castorina's and the DOJ Defendants' "*fraudulent*" pleadings and Defendant Slomsky's **VOID** rulings constitutes: "*1) an intentional fraud; 2) by an officers of the court; 3) which was directed at the court itself; and 4) in fact deceived the court.*"  Therefore, the acts of *all* Defendants "*meet the necessary demanding standard for proof of fraud upon the court*" as defined by the Third Circuit. (*See* Herring v. U.S. 424 F.3d 384 (3d Cir. 2005))

118.    As further proof that the Defendants' did acts in furtherance of said conspiracy, a review of the Defendant USPS's MTD, Doc. No. 14 shows Defendants USPS, Castorina of the USPS General Counsel and the DOJ Defendants knowingly and willfully "pieced together" the USPS MTD, Doc. No. 14, with scans and excerpts from other legal documents that *unequivocally* contained inapposite citings, *fraudulent* misrepresentations of statutory and common law, misspellings, material misrepresentations to the Court, *inter alia*.

119.    On its face, Defendant USPS's MTD, Doc. No. 14, failed to meet the professional standard as set forth by the policies and rules of the offices from which it came.

120.    Therefore, it is reasonable to conclude that these Defendants "pieced together" Defendant USPS's MTD in bad faith to perpetuate their scheme or conspiracy that *defrauded* the Court and deprived Plaintiff of his rights.

121.    An inspection of the record of EDPA 2:11-cv-07303 will show, *all* Defendants, in this action, were unequivocally *without excuse* for one or more of the following; 1) *intentionally* entering *fraudulent* pleadings that were not in accordance with statutory and common law, contrary to the **binding** precedents set by the Third Circuit in Licata; 2) *intentionally* entering

**VOID** Judgments that were knowingly not in accordance with statutory and common law, contrary to the ***binding*** precedents set by the Third Circuit in <u>Licata</u>; 3) *intentionally* withholding, omitting, and failing to provide clarity to the Court regarding the laws that govern Defendant USPS; or 4) *intentionally* failing to report misconduct.

122.    In <u>Licata</u>, the USPS was the defendant. Therefore, Defendants USPS, Castorina, and the DOJ Defendants are ***without excuse*** for knowingly entering pleadings that were contrary to: 1) the ***binding*** precedents set by the Third Circuit; 2) statutory and common law; 3) Congress's intent.

123.    Any objective observer, including Defendant PBI and the Blank Rome Defendants, will conclude that Defendants USPS, Castorina, the DOJ Defendants and Defendant Slomsky made the same material misrepresentations to the Court that the Third Circuit ruled against. As with <u>Licata</u>, these Defendants made the material misrepresentation that this Court lacked subject matter jurisdiction over Plaintiff's claim against Defendant USPS, conflated or cloaked Defendant USPS's liability for acts committed in its status of a "private commercial enterprise", acts ***outside*** <u>the scope of its Federal employment</u> —with— the immunities and provisions of the FTCA afforded *exclusively* to government employees for <u>acts ***within*** the scope of their Federal employment</u>, and thereby procured a DISMISSAL Order pursuant to Rule 12(b)(1). In other words, as previously stated, these Defendants carried out the same scheme and pattern of depriving the district court of jurisdiction in EDPA 2:11-cv-07303, as was carried out in <u>Licata</u>, of which the Third Circuit reversed and remanded back to the district court. (*See* <u>Licata v. USPS</u>, Decision, Case No. 93-5637, (Third Cir. August 24, 1994) and the record from EDPA 2:11-cv-07303)

124.    A review of Plaintiff's Motion for Reconsideration, Doc. No. 34, shows Plaintiff cited and recited pertinent excerpts from the ***binding*** precedents set by the Third Circuit in <u>Licata</u>. (*See* Plaintiff's Motion for Reconsideration, EDPA 2:11-cv-07303 Doc. No. 34)

125.    Moreover, pursuant to Rule 11, ***<u>all</u>*** Defendants in this instant case should have done due diligence prior to making their entries into the Court's record of EDPA 2:11-cv-07303. Therefore, ***<u>all</u>*** Defendants in this instant case are ***without excuse*** for making ***false*** entries for improper purposes, violating statutory and common law, violating Third Circuit ***binding*** precedents, failing to report the blatant misconduct, *inter alia*.

126. On the previously mentioned issue regarding; Whether the DOJ Defendants' "Entry of Appearance" and furnishing legal representation as defense counsel to Defendant USPS was *unlawful*? The suggested and indisputable **Answer is**: **YES**

127. In reaching a conclusion on this issue, this Court must consider the following culmination of facts. In the original proceeding, the DOJ Defendants' "Entry of Appearance" and furnishing of legal representation were; 1) on the behalf of Defendant USPS in its status of a "*private commercial enterprise*"; 2) *not* "*in connection with duties performed on the United States behalf*"; 3) in defense of Defendant USPS for claims that arose under Sections 401(1) & 409(d) wherein the Defendant USPS can "*be sued in its official name*", *shall be considered a "person" and shall not be immune under any other doctrine of sovereign immunity from suit in Federal court by any person"*, "*a legal entity separate from the United States itself*"; 4) in defense of Defendant USPS for claims that arose from *intentional* torts, acts outside the scope of Defendant USPS's Federal employment; 5) in an action where the United States was *not* a party.

128. An inspection of the record of EDPA Case No. 2:11-cv-07303 will show, the DOJ Defendants *did not*: 1) prosecute a criminal case brought by the federal government, 2) prosecute or defend a civil case where the United States was a party, or 3) collect debts owed to the federal government when an administrative agency was unable to do so. (*See* Plaintiff's Averment No. 91: Citing 28 U.S.C. §547)

129. Therefore, the very "Entry of Appearance" and furnishing of legal representation to Defendant USPS by the DOJ Defendants was a direct violation of *inter alia* laws, including 28 U.S.C. §547, and 39 U.S.C. §409(g)(1), the fraud and abuse laws that govern Department of Justice employees. (*See* Plaintiff's Averments Nos. 76 & 77: Citing 39 U.S.C. §§409(d) & 409(g)(1) showing: the Department of Justice is prohibited from providing legal representation to the Defendant USPS in any action, suit, or proceeding arising in whole or in part under §409(d) in which the Postal Service shall be considered a 'person' and shall not be immune under any other doctrine of sovereign immunity from suit in Federal court by any person.)

130. An inspection of the record will show *all* of Plaintiff's claims arose from *intentional* torts and were brought under statutory law, including §§401(1) & 409(d), therefore, the very "Entry of Appearance" and furnishing of legal representation by the DOJ Defendants were

violations of statutory and common law, including 39 U.S.C. §409(g)(1), 28 U.S.C. §547 and the fraud and abuse laws that govern DOJ employees.

131.    An inspection of the record will show, despite Plaintiff's objections, Defendant Slomsky knowingly and willfully permitted and endorsed the DOJ Defendants' *unlawful* Entry of Appearance, *fraudulent* misrepresentations of law, and material misrepresentations to the Court, and thereby engaged in Defendant USPS's and the DOJ Defendants' conspiracy that *defrauded* this Court, deprived Plaintiff of his Constitutional Rights and the Court of jurisdiction. Therefore, Defendant Slomsky engaged in "fraud upon the Court", issued judgments that were **VOID** *ab intitio*, violated the fraud and abuse laws that govern district court judges and DOJ employees. Clearly, Defendant Slomsky's *unlawful* acts <u>did not</u> occur in connection with duties performed on the United States' behalf. Defendant Slomsky's *unlawful* acts were on the behalf and in concert with Defendants USPS, Castorina, the DOJ Defendants, *et al*, <u>***all***</u> of who acted outside the scope of their Federal employment and statutory authority, in their individual capacities.

132.    An inspection of the record will show the Blank Rome Defendants not only acquiesced in and failed to report the misconduct, but acquiesced and relied on the success of Defendant Slomsky's and the DOJ Defendants' acts in furtherance of the conspiracy that *defrauded* the Court and deprived Plaintiff of his rights.

133.    In addition to 39 U.S.C. §401(1), §409(d)(1) also waives the Postal Service's sovereign immunity by providing that it may "sue and be sued" in its official name. §409(d)(1) expressly states, "*<u>the Postal Service shall be considered a person and shall not be immune under any other doctrine of sovereign immunity from suit in Federal court by any person for any violation of those provisions of law by any officer or employee of the Postal Service</u>*". In accordance with §409(d)(1), a person has a private right of action to sue Defendant USPS for any violation of the provisions of law, including common law damages claims that arose from intentional torts of misrepresentation/fraud, conversion, misappropriation of trade secrets, unfair or deceptive acts or practices, *inter alia*.

134.    Under §409(d), Defendant USPS also can be sued for unfair or deceptive acts or practices, unfair methods of competition, under the Sherman Act, Clayton Act and Pennsylvania State Unfair Trade Practices and Consumer Protection Law §201-2 (4)(xxi), *inter alia*.

135.    An inspection of the record will show, Defendant Slomsky's *inter alia* citings, including, but not limited to, "*("[P]laintiff does not have a private right of action to bring service-related complaints in federal district court"); Tedesco v. U.S. Postal Serv., 553 F. Supp. 1387, 1389 (W.D. Pa. 1983)*": 1) were inapposite; 2) only applied to "rate and service" complaints regarding Defendant USPS's Federal employment, the conveyance of the "mails"; 3) did not address any of Plaintiff's claims; 4) did not apply to Defendant USPS's acts in its status of a "*legal entity separate from the United States itself*"; and 5) were egregiously inconsistent with the laws that govern Plaintiff's common law damages claims which arose from *intentional* torts, acts outside the scope of Defendant USPS's Federal employment.

136.    An inspection of the record will show *none* of Plaintiff's claims were remotely "rate or service" complaints in relation to Defendant USPS's Federal employment, the "conveyance of the "mails". Subsequently, *none* of Plaintiff's claims were for acts within the scope of the Defendant USPS's Federal employment.

137.    An inspection of the record will show, Defendant Slomsky's Opinion stated, "*The PRA permitted suit to be brought against USPS and granted the United States district courts "original but not exclusive jurisdiction" over such actions. 39 U.S.C. §§ 401, 409.*" (*See* Defendant Slomsky's Opinion Doc. No. 31) Therefore, Defendant Slomsky is **without excuse** for GRANTING Defendant USPS's **fraudulent** Motion to Dismiss, Doc. No. 14, pursuant to Rule 12(b)(1) and thereby deprived this Court of jurisdiction and Plaintiff of his due process rights.

138.    An inspection of the record will show, Defendants USPS, PBI and the Blank Rome Defendants were fully engaged in and in total reliance on Defendant Slomsky's, Castorina's and the DOJ Defendants' acts in furtherance of the conspiracy to commit "fraud upon the Court", conspiracy that deprived the Court of jurisdiction and Plaintiff of his rights, *inter alia*. An inspection of the record shows **_all parties_** and officers of the Court named in this instant case are liable for the misconduct and *intentional* torts that occurred in the original proceeding, including, but not limited to, violations of the PA Rules of Professional Conduct Rule 8.3 for "failure to report misconduct".

139.    In light of the foregoing, every entry made in EDPA Case No. 2:11-cv-07303 by the DOJ Defendants, Defendants Castorina and Slomsky — from the DOJ Defendants' **unlawful** "Entry of Appearance" to Defendant Slomsky's GRANT of Defendant USPS's Motion to

Dismiss and his DENIAL of Plaintiff's Motion for Reconsideration — was *fraudulent* and/or **VOID** *ab intitio*.

140.    The foregoing has identified numerous *unlawful* acts committed by the Defendants of which any single act is sufficient grounds for this Court to expeditiously deem **_all_** judgments issued in the original proceeding as **VOID** pursuant to Rule 60(b)(4), (d)(1), & (d)(3). Any single attempt to *defraud* the Court by officers of the Court vitiated the entire proceeding.

141.    Neither "fraud upon the Court" nor **VOID** judgments can gain any legitimacy; therefore, any attempt to justify "fraud upon the Court" or **VOID** judgments is also "fraud upon the Court" and **VOID** *ab intitio*. Subsequently, any attempt by the Defendants to justify the "fraud upon the Court" or **VOID** judgments, which they entered into the record of EDPA 2:11-cv-07303 must be deemed as acts in furtherance of the conspiracy that *defrauded* Court and deprived Plaintiff of his rights. "A person or group who elects to *defraud* a court by false testimony and material misrepresentations is deemed to know that such a bold fraud might very well be discovered."

142.    "*Fraud Upon the Court is an extremely serious crime, and so in dire opposition to the definition of justice that this crime is not subject to any statute of limitation*." And, there is *no* statute of limitations on claims attacking **VOID** judgments. The US Supreme Court held that, "**_A void judgment may be attacked at any time by a person whose rights are affected_**". (*See* U.S. Supreme Court Void Judgments)

143.    This Court has a responsibility to correct VOID judgments; "**Only an inspection of the record of the case showing that the judge**...**violated a person's due process rights**, and/or **where fraud was involved in the attempted procurement of jurisdiction, is sufficient for an order to be void**". An inspection of the record of EDPA 2:11-cv-07303 shows the judge violated Plaintiff's due process rights and *fraud* was involved in the attempted deprivation of this Court's jurisdiction.

144.    Therefore, in light of the foregoing, a separate judge of this Court should expeditiously inspect the record of EDPA 2:11-cv-07303 to determine: 1) Whether the judge violated Plaintiff's due process rights; and, 2) Whether fraud was involved in the attempted deprivation of this Court's jurisdiction? **The Suggested and Indisputable Answer is: YES**.

C.    *Further Evidence of Acts in Furtherance of the Conspiracy that Deprived this Court of Jurisdiction and Deprived Plaintiff of his Due Process Rights, Intentional Torts in the Courthouse including "Fraud Upon the Court"*

145.    While the record contains copious evidence of the Defendants' *fraud*, the following account, taken from the record, is sufficient to show the Defendants collectively engaged in and did acts in furtherance of the conspiracy that: 1) *defrauded* this Court; 2) "corrupted the impartial functions of the Court"; 3) deprived the Court of jurisdiction; and, 4) deprived of Plaintiff *Pro Se* of his due process rights, *inter alia*.

146.    The following account, taken from the record, will also show: 1) the **DOJ** Defendants, Defendants **USPS** and **Castorina** were the "master minds" who initiated the conspiracy; 2) *all* Defendants agreed to engage in said conspiracy and intended to accomplish the objective of the conspiracy, therefore, with *all* Defendants, the *men's rea* requirement is satisfied; 3) Defendants USPS, Castorina and the DOJ Defendants made numerous material misrepresentations to the Court, including, but not limited to, the  DOJ Defendants' continued *unlawful* "Entry of Appearance" on the behalf of Defendant USPS for acts *not* in connection with duties performed on the United States behalf, which constitutes acts in furtherance of the conspiracy that deprived Plaintiff of his rights, deprived the Court of jurisdiction, "fraud upon the Court", *inter alia*; 4) *all* of Defendant Slomsky's judgments and rulings are **VOID** *ab intitio* for failure to act in accordance with due process law in the original proceeding and being produced by *fraud*; and, 5) Defendant Slomsky was fully engaged in and did acts in furtherance of the conspiracy that *defrauded* the Court, deprived this Court and the Third Circuit of jurisdiction, deprived Plaintiff of his rights,  *inter alia*.

147.    Moreover, the following accounts, taken from the record, will show the DOJ Defendants, Defendants USPS and Castorina of the USPS General Counsel were *without excuse* for their acts in *defrauding* the Court since, as with Licata v. United States Postal Service, in EDPA Case No. 2:11-cv-07303, Defendant USPS was represented by the DOJ while the USPS's General Counsel helped compose and endorsed the pleadings. Therefore, the DOJ Defendants, Defendants USPS and Castorina should have been aware of: 1) the Third Circuit's Reversal of the District Court's Dismissal pursuant to Rule 12(b)(1); 2) the Third Circuit's OPINION regarding "***Congress's specific grant to the district courts of jurisdiction over such claims***"; 3) the USPS's "sue-and-be-sued" clause in its charter; 4) Congress has cast off Defendant USPS's

cloak of sovereignty and given it the status of a private commercial enterprise; and, 5) the practice of conflating the issues of jurisdiction, sovereign immunity, and valid cause of action was **unlawful** , repeating such acts constituted a pattern and conspiracy that **defrauded** the district courts, deprived the district courts of jurisdiction, and deprived a person of his due process rights. In fact, Plaintiff's pleadings should have served as a reminder, an awakening and notice for these Defendants.

148.    Moreover, Plaintiff's pleadings should served as a warning to these Defendants; despite the obvious naivety shown in his "*pro se*" filings, "A person or group who elects to **defraud** a court by false testimony and material misrepresentations is deemed to know that such a bold fraud might very well be discovered."

149.    On November 23, 2011, Plaintiff filed a Complaint against the Defendants USPS and Pitney Bowes, Inc. ("PBI") in this District Court, Case No. EDPA 2:11-cv-07303.

150.    Plaintiff sued Defendant USPS in its status of a "*private commercial enterprise*", "*a legal entity separate from the United States itself*", as provided by law, including 39 USC §409(a) "*as a general grant of jurisdiction to the district court*", §401(1) "*that waives the Service's sovereign immunity...*", and §409(d) wherein the Postal Service shall be considered a "*person*". (*See* Plaintiff's Averments 74, 75 & 76: Citing 39 U.S.C. §§401(1) & 409(a), 409(d) and Licata v. USPS, Decision, Case No. 93-5637, (Third Cir. August 24, 1994)).

151.    The scope of Defendant USPS's Federal employment is the transmission of the "mail", the process of conveying letters or mail matter from one person or place to another.

152.    In operations and acts outside the scope of its Federal employment, Congress launched Defendant USPS into the commercial world, "*cast off the Service's cloak of sovereignty*", included "*a sue-and-be-sued clause in its charter*" and gave it the status of a "*private commercial enterprise*". (*See* Licata v. USPS, Decision, Case No. 93-5637, (Third Cir. August 24, 1994)).

153.    Plaintiff's claims were for common law damages that arose from *intentional* torts that were *not* "*in connection with duties performed on the United States' behalf*"; Plaintiff's claims were *not* "mail related" or "rate and service" complaints.

154.    Plaintiff's common law damages claims included, but were not limited to, the *intentional* torts of misrepresentation, fraud, unlawful conversion, misappropriation of trade secrets, unjust enrichment, violations of 39 U.S.C. §404a, *inter alia*.

155.    Since Plaintiff's common law damages claims were for intentional torts that were "outside of the scope of the Postal Service's Federal employment" and <u>not</u> "*in connection with duties performed on the United States' behalf*", appropriately, **the United States was *not* named as a defendant**.

156.    In <u>Licata</u>, the Third Circuit ruled, "*However, it is well settled that a claim brought against the Postal Service in its own name is not a claim a claim against the United States.*"

157.    ***All*** of Plaintiff's claims were for *intentional* torts that arose under 39 U.S.C. §§401(1), 409(a) & 409(d) which provides that Defendant USPS can "<u>*sue and be sued in its official name*</u>", "<u>*the district courts shall have original but not exclusive jurisdiction*</u>", and "<u>*the Postal Service shall be considered a person and shall not be immune under any other doctrine of sovereign immunity from suit in Federal court by any person*</u>". (*See* 39 U.S.C. §§401(1), 409(a) & 409(d) showing: Plaintiff has a private right of action to sue the Defendant USPS in its official name in district court with all sovereign immunities waived.)

158.    In fact, in total contradiction to his own DISMISSAL pursuant to Rule 12(b)(1), Defendant Slomsky acknowledged that, "*The PRA permitted suit to be brought against USPS and granted the United States district courts "original but not exclusive jurisdiction" over such actions. 39 U.S.C. §§ 401, 409.*" Therefore, Defendant Slomsky is ***without excuse*** for depriving this Court of jurisdiction and depriving Plaintiff of his private right of action. Yet, in an attempt to justify his **unlawful** DISMISSAL, he continually and *intentionally* made frivolous, deceptive, inapposite citings of case laws that pertained to "rate and service" complaints including, but not limited to, "*("[P]laintiff does not have a private right of action to bring service-related complaints in federal district court"); Tedesco v. U.S. Postal Serv., 553 F. Supp. 1387, 1389 (W.D. Pa. 1983)*" (*See* Slomsky's Dismissal Opinion/Order Doc. No. 31)

159.    Nevertheless, after Plaintiff served the Defendant USPS the Complaint, employees of the Department Of Justice ("DOJ Defendants"), attorneys from the U.S. Attorney's Office ("USAO") for this EDPA, filed an "Entry of Appearance" to furnish legal representation to Defendant USPS. Subsequently, Defendant Castorina of the USPS General Counsel and the DOJ

Defendants entered several filings on Defendant USPS's behalf, including Defendant USPS's Motion to Dismiss, filed on March 9, 2012. (*See* Defendant USPS's MTD EDPA 2:11-cv-7303 Doc. No. 14)

160.    The DOJ's "Entry of Appearance" was <u>*not*</u> "*in connection with duties performed on the United States' behalf*" since Plaintiff sued the Defendant USPS in its official name, "<u>*a legal entity separated from the United States itself*</u>". Therefore, the DOJ's "Entry of Appearance" and furnishing legal representation as defense counsel to Defendant USPS in EDPA 2:11-cv-07303 was a violation of 28 U.S.C. §547, 39 U.S.C. §409(g)(1), and the fraud and abuse laws that govern DOJ employees.

161.    The record shows, Defendant Slomsky allowed and endorsed the DOJ Defendants' **unlawful** "Entry of Appearance" and representation of the Defendant USPS. The Blank Rome Defendants, Defendants Castorina and PBI endorsed and/or failed to report the misconduct.

162.    **Additionally, the United States was *not* a defendant or a party**. The DOJ Defendants acted on the behalf of and in concert with Defendant USPS in its status of a "person" or "*a private commercial enterprise*", "*a legal entity separate from the United States itself*". Therefore, the very "Entry of Appearance" and continued furnishing legal representation to Defendant USPS by the DOJ Defendants constituted "fraud upon the Court" by Officers of the Court, and violated 28 U.S.C. §547, 39 U.S.C. §409(g)(1), Plaintiff's Constitutional and due process rights, the fraud and abuse laws that govern DOJ employees, *inter alia*.

163.    *All* parties and their counsels received correspondence of the parties' filings, including USPS's Motion to Dismiss entered by Defendant USPS, Castorina, and the DOJ Defendants. (*See* USPS MTD, "Certificate of Service" EDPA 2:11-cv-7303 Doc. No. 14)

164.    The record shows Plaintiff put *all* Defendants on notice that Defendants USPS, Castorina and the DOJ Defendants made numerous material misrepresentations to the Court including, but not limited to, the DOJ Defendants' very "Entry of Appearance", furnishing legal representation as defense counsel to Defendant USPS in its status as a "*legal entity separate from the United States itself*", and *fraudulent* pleadings on Defendant USPS's behalf.

165.    Subsequently, the record and sequence of events shows Defendant Slomsky, Defendants Castorina, USPS, PBI and the Blank Rome Defendants were engaged with the DOJ

Defendants in *fraud* that corrupted the impartial functions of the Court; a conspiracy that deprived the Court of jurisdiction and deprived Plaintiff of his rights. At minimum, ***all*** Defendants failed to report the unequivocal misconduct in violation of the Professional Rules of Conduct Rule 8.3, *inter alia*.

166.    In fact, a review of the Defendant USPS's MTD shows ***none*** of the statutory or case laws cited by the DOJ Defendants and Defendant Castorina related to common law damages claims arising from *intentional* torts, acts outside the scope of Postal Service's Federal employment, the USPS's private status as "*a legal entity separate from the United States itself*", or the "sue-and-be sued" clause in its charter. ***All*** of the statutory and case laws cited by the DOJ Defendants and Defendant Castorina related to the immunities and FTCA provisions that *only* apply to acts within the scope of the Defendant USPS's Federal employment, the conveyance of the "mails".

167.    Therefore, the statutory and case laws cited by the DOJ Defendants and Defendant Castorina in the USPS MTD were knowingly ***fraudulent*** since their citings and pleadings *did not* respond to the substance of Plaintiff's allegations and were intended to ***defraud*** and deprive this Court of jurisdiction over Plaintiff's damages claims against Defendant USPS in its official name.

168.    The following are only a few of Defendants USPS's, Castorina's, and the DOJ Defendants' many ***fraudulent*** and deceptive material misrepresentations to the Court followed by the corresponding **VOID** judgments that were issued by Defendant Slomsky and were thereby procured by ***fraud***. *And*, any single attempt to ***defraud*** the Court by officers of the Court vitiated the entire proceeding.

169.    The Defendant USPS's Motion to Dismiss made the pleading that, "*Count I of plaintiff's complaint purports to allege a claim over which jurisdiction lies exclusively in the United States Court Appeals for the District of Columbia and thus Count I must be dismissed pursuant to Rule 12(b)(1)...To exercise this limited right of action interested parties must file a complaint with the Postal Regulatory Commission ("PRC"). 42 USC §3662*". The correct statute was and is 39 U.S.C. §3662. (*See* USPS MTD Doc. No. 14; *See* 39 U.S.C. **"§3662 Rate and service complaints**" showing: §3662 *only* applies to rate and service complaints, acts within the scope of the USPS's Federal employment which is the conveyance of the "mails".)

170.     Here, Defendant Slomsky mirrored the Defendants' *fraudulent* pleading, "*Because Plaintiff has not filed a claim with the PRC, his claim under Section 404a must be dismissed for lack of subject matter jurisdiction. Even if he had preserved such a claim, he is required to appeal an adverse ruling to the United States Court of Appeals for the District of Columbia, which would have subject matter jurisdiction over his suit*." (*See* Judge Slomsky's OPINION Doc. No. 31).

171.     Consistent with the Third Circuit's *binding* precedents which states, "*It is 39 U.S.C. §401(1) that waives the Service's sovereign immunity by providing that it may "sue and be sued in its official name*", 39 U.S.C. §401(1) expressly states, "*Subject to the provisions of section 404a, the Postal Service shall have the following general powers: (1) to sue and be sued in its official name*;" (*See* 39 U.S.C. §401(1) showing: section 401(1) waives Defendant USPS's sovereign immunity allowing it to be sued in its "official name" in *inter alia* claims subject to the provisions of section 404a.) Therefore, this District Court had subject matter jurisdiction over Plaintiff's claims under section 404a.

172.     Moreover, a review of "PRC Order No. 2460" shows, the Commissioners of the PRC themselves declared, "*the Commission has limited jurisdiction to hear rate and service complaints as prescribed by 39 USC §3662 (a)*." (*See* PRC Order No. 2460, Pg. 3, Line 1; and 39 USC §3662 (a) Rate and service complaints.)

173.     An inspection of the record shows, Plaintiff's damages claim under "Section 404a" was *not* a "*rate and service complaint*". Plaintiff's claim under "Section 404a" was an *intentional* tort claim for Defendant USPS's "unlawful disclosure" and misappropriation of Plaintiff's trade secrets to Defendant PBI. (*See* 39 U.S.C. §§404a(a)(2) and 404a(a)(3) showing Defendant USPS *may not* — (2) "*compel the disclosure, transfer, or licensing of intellectual property to any third party*"; and *(3) obtain information from a person that provides (or seeks to provide) any product, and then offer any postal service that uses or is based in whole or in part on such information.*" Therefore, since Plaintiff's §404a claims were not "rate and service complaints", the PRC *did not* have jurisdiction to hear Plaintiff's claims under "Section 404a", Defendant USPS's pleading is *fraudulent* and Defendant Slomsky's judgment is **VOID** *ab intitio*.

174. An inspection of the record will show, Defendant SLOMSKY *did not merely* fail to exercise his fact-finding authority under the expectation that "DOJ Attorneys" would fairly, lawfully and effectively respond to the substance of the allegations and then issued his judgments based on the DOJ Defendants' pleadings; especially since these Officers of the Court were DOJ employees, authorities of law whose opponent was a mere *pro se* litigant. To the contrary, Defendant SLOMSKY *intentionally*, knowingly and willfully issued judgments that mirrored the Defendants' **fraudulent** pleadings in furtherance of the conspiracy that: 1) **defrauded** the Court; 2) deprived this Court of jurisdiction; 3) deprived Plaintiff of his rights; 4) violated statutory and common law, including the **binding** precedents set by the Third Circuit; and, 5) was committed on the behalf of and in concert with Defendant USPS.

175. The record shows, this pleading by Defendants USPS, Castorina and the DOJ Defendants was a material misrepresentation to the Court which constitutes "fraud upon the Court" and the subsequent ruling by Slomsky was **VOID** *ab intitio* since *neither* Count I *nor* **any** of Plaintiff's claims were "**rate and service**" complaints of which the PRC's jurisdiction is limited to. (*See* PRC Order No. 2460 showing: the PRC has limited jurisdiction to hear rate and service complaints and Plaintiff's Complaint showing: *none* of Plaintiff's claims were rate and service complaints; *all* of Plaintiff's claims arose from *intentional* torts, acts outside of Defendant USPS's Federal employment, in its status of a "*legal entity separate from the United States itself*".)

176. Furthermore, a review of <u>Ramon Lopez v. Postal Regulatory Commission</u>, Judgment, Case No. 12-1341 (D.C. Cir. 2017) shows, "*Lopez submitted an administrative complaint to the PRC pursuant to 39 U.S.C. § 3662, alleging that the Postal Service had wrongly suspended mail delivery to his home in Florida. ... Lopez also asserted that the Postal Service's failure to deliver mail to that address prevented him from receiving utility bills and caused him to incur unnecessary expenses...In his complaint, Lopez requested... an order directing the Postal Service to pay Lopez at least $2,500 in compensatory damages and filing costs....Lopez next argues that neither the Commission nor this Court has jurisdiction to address his damages claim*."

177. The PRC agreed with DC Circuit who declared, "*The Court agrees that it does not have jurisdiction to decide the issue. See 28 U.S.C. § 1346(b)(1) (establishing "exclusive jurisdiction" over certain civil claims against the U.S. government in the district court)*."

Showing, *neither* the DC Circuit *nor* the PRC has jurisdiction to hear Lopez's or Plaintiff's damages claims against the Postal Service even though, in Lopez's case, the damages claim arose from a "service" complaint stemming from Defendant USPS's Federal employment, the conveyance of the "mails".

178.    In <u>Lopez</u>, the DC Circuit cited 28 U.S.C. §1346(b)(1) which applies to civil actions against the U.S. government, Lopez's damages claim arose from a "service" complaint which stemmed from Defendant USPS's Federal employment. However, 28 U.S.C. §1346(b)(1) states in pertinent part, "*the district courts...shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages...caused by the negligent or wrongful act...of any employee of the Government **while acting within the scope of his office or employment**, under circumstances where the United States, if a private person, would be held liable to the claimant*..." It is well settled that 28 U.S.C. §1346(b)(1) and the entire FTCA require that the employee *must* be acting within the scope of his office or employment.

179.    If under 28 U.S.C. §1346(b)(1) and the entire FTCA, the employee *must* be acting within the scope of his office or employment, and "*the district courts shall have **exclusive** jurisdiction" of  civil actions on claims against the United States for money damages caused by the negligent or wrongful act of an employee of the Government, under circumstances, where the United States, if a "private person" would be held liable to the claimant*" —then— with acts "outside" the scope of his office or employment, "the district courts shall have *exclusive* jurisdiction" of civil actions on claims against the employee for money damages caused by wrongful acts of the employee, under circumstances where the employee, as a "private person", shall be held liable to claimant. As such is the case with this Court's *exclusive* jurisdiction over civil actions on claims against Defendant USPS for money damages caused by *intentional* acts of Defendant USPS.

180.    An inspection of the record shows, when considering the facts that ***all*** of Plaintiff's claims, including his Section 404(a) claim, were for *intentional* torts, "acts outside the scope Defendant USPS's Federal employment", for money damages caused by intentional acts of Defendant USPS, then ***all*** of Plaintiff's claims were in the *exclusive* jurisdiction of the district court. Therefore, Defendants USPS's, Castorina and the DOJ Defendants pleading was another

material misrepresentation to the Court and Defendant Slomsky's judgment was **VOID** *ab intitio*.

181. The questions before the DC Circuit in Lopez were, "Whether Ramon Lopez's damages claims against the Postal Service, which arose from *intentional* acts or torts, should be transferred to the district court?" *And*, "Whether the district court had jurisdiction to decide Lopez's damages claims against the Postal Service?" The DC Circuit's determination was **YES**.

182. The DC Circuit ruled that the district court had *exclusive* jurisdiction to decide the issue and ORDERED that, Lopez's "*...damages claim be transferred to the District Court for the Southern District of Florida*.", where Lopez resided. (*See* Ramon Lopez v. Postal Regulatory Commission, Judgment, Case No. 12-1341 (D.C. Cir. 2017))

183. Moreover, although Lopez's damages claim was a "service complaint" that related to the scope of the Postal Service's Federal employment, the conveyance of the "mails", the Court determined that, in this case, the Postal Service's miscarriage of Lopez's mail was an "*intentional*" act. Therefore, the Court ruled that Defendant USPS's *intentional* miscarriage of Lopez's mail was: 1) an "*intentional* tort"; 2) an act "outside the scope of the Postal Service's Federal employment; 3) in the *exclusive* jurisdiction of the district court; 4) *not* barred by the FTCA's postal exception; and 5) the Postal Service is *not* entitled to sovereign immunity.

184. The Defendant USPS pled that, "*The FTCA is the sole remedy for tort actions for injury or loss of property arising from negligence or wrongful act or omission of any employee of the federal government while acting within the scope of his employment*", *inter alia*. (*See* USPS MTD Case 2:11-cv-07303 Document 14)

185. Subsequently, Slomsky issued the following judgment that mirrored and was therefore produced by Defendant USPS's, Castorina's and the DOJ Defendants' pleading in furtherance of the conspiracy that **defrauded** the Court, "*USPS is an agency of the federal government. See 39 U.S.C. § 201. To assert a tort claim against the federal government, a plaintiff must comply with the provisions of the Federal Tort Claims Act ("FTCA")* (*See* Judge Slomsky's Dismissal Order Doc. No. 31).

186. The above pleading was unequivocally a misrepresentation of the law, deceptive, and **fraudulent**, and the subsequent ruling, issued by Slomsky, is **VOID** *ab intitio* for failure to act in

accordance with law and being produced by the Defendants' *fraudulent* pleading. __All__ of Plaintiff's claims were for *intentional* torts, acts outside the scope of the Defendant USPS's Federal employment, in its status of a "private commercial enterprise", "*a legal entity separate from the United States itself*", to which **the FTCA does not apply**. Moreover, the Defendants *intentionally* **defrauded** the Court since the record shows the provisions of the FTCA only applies Defendant USPS when acting within the scope of its Federal employment, in claims that arise from "unintentional" torts such as the "unintentional" mis-transmission or miscarriage of the mail. (*See* 39 USC §§401(1), 409(a), & 409(d), Third Circuit in Licata, DC Circuit in Lopez, CFR § 750.23(b) Definitions: "Intentional Torts" which states: "*any employee who commits an intentional tort is normally considered to be acting outside the scope of their employment*", inter alia.)

187.    The USPS's Motion to Dismiss made the pleading that, "*The complaint would be defective in any event given that the USPS is immune from common law tort claims which must be alleged solely against the United States and several of the common law torts plaintiff alleges are prohibited under Section 2680(h) of the FTCA, including the tort of misrepresentation.*" (*See* USPS MTD Case 2:11-cv-07303 Document 14)

188.    Subsequently, the DOJ Defendant's pleading procured Slomsky's ruling that, "*Plaintiff's claim of misrepresentation and fraud will be dismissed because the FTCA specifically prohibits a party from filing a claim of misrepresentation against the federal government. See 28 U.S.C. § 2680(h)*". (*See* Judge Slomsky's Dismissal Order Doc. No. 31)

189.    Both the Defendant USPS's pleading and Defendant Slomsky's ruling were *fraudulent*, *deceptive*, **absurd**, and **VOID** *ab intitio* since both were egregiously inconsistent with statutory and common law for the following reasons: 1) Plaintiff sued the Defendant USPS in its status of a "private commercial enterprise", "*a legal entity separate from the United States itself*", to which the FTCA *does not* apply, and 2) A review of 28 U.S.C. §2680(h) shows, this statute prohibits such claims as misrepresentation specifically "*with regards to acts or omissions of investigative or law enforcement officers of the United States Government.*" (*See* 28 U.S.C. §2680(h) and 32 CFR § 750.23(b) showing: "§2680(h) bars claims of deceit, misrepresentation, inter alia, "*if committed by a Federal investigative or law enforcement officer*", when acting

within the scope of their employment"; and, "*any employee who commits an **intentional tort** is normally considered to be **acting outside the scope of their employment**"*).

190. Obviously, §2680(h) was enacted to prohibit claims of misrepresentation against Federal investigators or law enforcement officers since misrepresentations often occur during an investigation or enforcement of the law, especially when conducting an undercover or covert operation, which is within the scope their employment (e.g. such operations may require the "officer" to act like a criminal or pretend to be on the side of the criminal, while omitting or misrepresenting the fact that they are Federal investigators or law enforcement officers).

191. Clearly, *none* of the USPS Defendants were "Federal investigative or law enforcement officer[s] of the United States Government". Therefore, the previous pleading by Defendants USPS, Castorina, and the DOJ Defendants and judgment issued by Defendant Slomsky constitutes additional acts of "fraud upon the Court", deprivation of the Court's jurisdiction and deprivation of Plaintiff's Constitutional and Federal rights, *inter alia*.

192. The record shows Defendant Slomsky GRANTED Defendant USPS's Motion to Dismiss and thereby dismissed *all* of Plaintiff's claims against Defendant USPS. By doing so, Defendant Slomsky: 1) failed to act in accordance with law; 2) issued judgments that were procured by *fraud*; 3) engaged in *fraud* where the impartial functions of the Court were directly corrupted; 4) deprived the Court of jurisdiction; 5) deprived Plaintiff of his rights; 6) violated the *binding* precedents of the Third Circuit; and, 7) knowingly issued **VOID** Judgments that were **VOID** *ab intitio*, *inter alia*.

193. The record shows Defendant Slomsky's DISMISSAL and deprivation Plaintiff's rights make Defendant Slomsky liable under this Bivens action. (*See* Judge Slomsky's Opinion Doc. No. 31 and Dismissal Order Doc. No. 32)

194. Since Defendant Slomsky's *intentional* torts were: 1) acts in furtherance of the conspiracy that *defrauded* this Court; 2) violations of statutory and common law including, the *binding* precedents of the Third Circuit; 3) acts outside the scope of his Federal employment; 4) acts outside of his Federal statutory authority; 5) acts on the behalf of private actors, including Defendant USPS and PBI, Defendant Slomsky may also be liable for §§1983 & 1985(3) conspiracy violations.

195.    A review of the record shows Slomsky GRANTED the Defendant USPS's Motion to Dismiss without "discovery" and while Plaintiff's claims against Co-Defendant PBI were still pending. (*See* Judge Slomsky's Opinion and Dismissal Order Doc. No. 32) Therefore, Defendant Slomsky's DISSMISSAL of Plaintiff's claims against Defendant USPS was also improper and premature.

196.    The record shows by disregarding statutory and common law, including the Third Circuit's ***binding*** precedents in Licata, Defendant Slomsky simultaneously committed ***fraud*** that corrupted the impartial functions of the Court, treated Plaintiff and his filings in a demonstrably hostile and egregious manner, and thereby violated Plaintiff's rights to due process.

197.    The following facts are further evidence that ***all*** Defendants in this instant case knowingly and willfully engaged in a conspiracy that ***defrauded*** this Court on the behalf and in concert with Defendants USPS and PBI in violation of 39 U.S.C. §409(e), *inter alia*. This conspiracy deprived Plaintiff of his Constitutional and Federal Rights and deprived this District Court and the Third Circuit Court of Appeals of jurisdiction.

198.    In the initial engagement between Plaintiff and Defendant USPS, with his trade secrets protected under the provisions of 39 U.S.C §404a which acts as a "non-disclosure/non-compete" agreement, Plaintiff introduced his proposal to partner with Defendant USPS in the implementation of his "secure digital delivery service" trade named the Virtual P.O. Box/Internet Passport ("VPOBIP").  The VPOBIP was intended to: 1) embrace all measures to protect this Nation's "mails" when sent via the Internet; and 2) repair Defendant USPS's failing financial condition. The VPOBIP would launch the Postal Service into the virtual world and establish its relevance in this modern age by transitioning and combining its "real world" operations of secure delivery of "physical mail" with secure delivery of "electronic mail" (e-mail), amongst other things.

199.    After developing an interest in Plaintiff's grand proposal, on May 31, 2007, Defendant USPS informed Plaintiff by phone and via email that they received positive responses from their "internal stakeholders". Then on June 11, 2007, Defendant USPS informed Plaintiff that were waiting for responses from their "potential stakeholders", showing; Defendant USPS had disclosed Plaintiff's proposal and trade secrets to "**third parties**" which included **primary stakeholder Defendant PBI**, without Plaintiff's consent, in violation of 39 U.S.C. §404a(a)(2).

200. Defendant USPS then instructed or coerced Plaintiff to file a patent application with the United States Patent and Trademark Office ("USPTO") under the premise that USPS Operatives required proof that Plaintiff claimed ownership of his trade secrets and the USPTO would provide added protection for Plaintiff's intellectual property. However, in hind sight, trade secrets are not patentable.

201. Moreover, the record shows, there was _no_ "proof of ownership" rule or regulation in the USPS Supply Principles & Practices Manual ("USPS SP&P") that required a person to show claim of ownership when introducing trade secrets to the Postal Service. Furthermore, in reference to Plaintiff's disclosure of his trade secrets to the USPS, Plaintiff's trade secrets were already protected by 39 U.S.C. §404a which states in pertinent part, "_the Postal Service **may not**: (1) establish any rule or regulation unless the Postal Service demonstrates that the regulation does not create an unfair competitive advantage for itself..., (2) compel the disclosure, transfer, or licensing of intellectual property to any third party (such as patents...trade secrets, proprietary information), and, (3) obtain information from a person...and then offer a postal service that uses or is based in whole or in part on such information without the consent of the person providing that information..._" (See 39 U.S.C. §404a)

202. Defendant PBI pleaded that, "_Plaintiff has no trade secrets rights in his concept for the VPOBIP, either. Plaintiff permitted the Patent Office to publish his patent application on the Patent Office's web site on December 4, 2008... As a matter of law, Plaintiff's ideas cannot be trade secrets because they are "readily ascertainable" from the public record and because Plaintiff failed to take the necessary reasonable efforts to maintain their secrecy._" (_See_ Defendant PBI's Motion for Judgment on the Pleadings, EDPA 2:11-cv-07303 Doc. No. 35)

203. As shown by the sequence of events, the fact that trade secrets _cannot_ be patented, and as corroborated by the Defendants' pleadings, Defendant USPS & PBI devised or created the "proof of ownership" rule intending that in six months, Plaintiff's patent application, and the "trade secrets" therein, would be published by the USPTO, in an attempt to nullify Plaintiff's trade secret protections. In other words, as revealed by Defendants USPS's and PBI's pleadings, if the USPTO published Plaintiff's trade secrets, then Plaintiff would no longer have exclusive rights to such trade secrets, the USPTO publication would make them no longer "trade secrets", allowing Defendant PBI to steal Plaintiff's proposal.

204.    The Uniform Trade Secret Act 18 U.S.C. §1836 requires that, "*the trade secret owner must have taken "reasonable measures" to protect the trade secret*".

205.    Therefore, Defendant USPS violated §404a(a)(1) by establishing a rule that created an unfair advantage for itself and Defendant PBI, in an attempt to force Plaintiff to disregard the "*reasonable measures*" requirement for trade secrets and thereby allow them to steal Plaintiff's proposal and trade secrets.

206.    Additionally, the evidence of Defendant USPS waiting on responses from "potential stakeholders" were grounds for claims of violations of 39 U.S.C. §404a(a)(2) for Defendant USPS's **unlawful** disclosure of Plaintiff's trade secrets to third parties.

207.    However, despite Defendant USPS and PBI's nefarious efforts, the record shows Defendants USPS's **unlawful** establishment of the "proof of ownership" rule and **unlawful** disclosure of Plaintiff's trade secrets to third parties, its "potential stakeholders", occurred on June 11, 2007, prior to the USPTO publication which occurred on December 4, 2008.

208.    Therefore, Defendant PBI's pleading that, "*Plaintiff has no trade secrets rights in his concept for the VPOBIP, either. Plaintiff permitted the Patent Office to publish his patent application on the Patent Office's web site on December 4, 2008... As a matter of law, Plaintiff's ideas cannot be trade secrets because they are "readily ascertainable" from the public record and because Plaintiff failed to take the necessary reasonable efforts to maintain their secrecy* is **irrelevant** since the Defendants' violations of §404a(a)(1) & (2) predates the USPTO publication.

209.    Moreover, Plaintiff's published patent application *only* made claims that pertained to extending the Postal Service's verification process for issuing "passports" in the real world to verify the identities of the "users" of Plaintiff's "Virtual P.O. Box/Internet Passport". Plaintiff intentionally *did not* list his trade secrets in said patent application because he wanted to maintain the secrecy thereof to prevent his trade secrets from being disclosed to any third party, competitor or Internet service provider in the private sector. (i.e. Google, Microsoft, Cisco, Oracle, etc.) Therefore, by all accounts, in EDPA 2:11-cv-07303 Plaintiff's patent application and patent claim was *unequivocally irrelevant*.

210.    The record shows, after Defendant Slomsky ruled that the published patent application nullified Plaintiff's trade secret rights and learning that the Federal Circuit had exclusive jurisdiction over appeals of patent infringement suits, Plaintiff filed a "Request to Remove Patent Claims" Doc. No. 66 that requested leave to **withdraw** the *irrelevant* patent claim, but mistakenly requested that his appeal was "moved down" to the Third Circuit. Therefore, Plaintiff filed the "Praecipe to Substitute/Request to Remove Patent Claim"; Doc. No. 67 to substitute "moved down" with "moved to" the Third Circuit. Nevertheless, both Doc. Nos. 66 & 67 requested leave to reform the caption of the case, remove the *irrelevant* patent claim so that Plaintiff's appeal of Defendant Slomsky's DISMISSAL pursuant to Rule 12(b)(1) could be filed in the Third Circuit, this Court's home Circuit. Clearly, Plaintiff's request should have been construed as a motion to amend.

211.    Under Rule 15(b), "*A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue*." Under Rule 15(b), the court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits.

212.    Plaintiff's request stated in pertinent part, "*Specifically, the initial error was labeling the above captioned case as a "Patent Infringement" case. This case is not a patent infringement case as it was determined through the motions and responses of the Plaintiff, Defendants, and the Honorable Court. I am requesting that the Nature of Suit and Federal Question is corrected to that of misrepresentation/fraud, violations of Title 39 USC (PAEA), misappropriation of trade secrets, and unjust enrichment... I am requesting that the appeal which was allocated to the US Court of Appeals for the Federal District be moved to the US Court of Appeals for the Third Circuit. I am also requesting that Defendant United States Postal Service is named as Defendant-Appellee in the appeal as I am appealing the dismissal order dated July 23, 2012 prior to the final order in the above captioned case*." (*See* Plaintiff's "Request to Remove Patent Claim" & "Praecipe to Substitute/Request to Remove Patent Claim", Doc. Nos. 66 & 67)

213.    An inspection of the record shows Slomsky DENIED Plaintiff's "Request to Remove Patent Claims" and request to file his appeal of Slomsky's judgments in the Third Circuit.

214.    The sequence of events shows, it is more likely than not that since the record shows, Defendant Slomsky had already violated the Third Circuit's *binding* precedents, Defendant Slomsky did not want to reveal to his home circuit that he had made such egregious violations of their *bindin*g precedents and statutory law, *inter alia*, did acts in furtherance of the Defendants' conspiracy that deprived this Court of jurisdiction and Plaintiff of his rights. Therefore, in order to maintain the conspiracy that *defrauded* this Court, Defendant Slomsky *intentionally* denied Plaintiff's requests and forced Plaintiff to file his appeal in the Federal Circuit and thereby prevented Plaintiff from filing his appeal in the Third Circuit.

215.    By depriving Plaintiff of his right to amend, withdraw the *irrelevant* patent claim, and file his appeal in the Third Circuit, Defendant Slomsky also deprived the Third Circuit, his home circuit, of jurisdiction over Plaintiff's appeal of this Court's rulings.

216.    The record shows Defendant Slomsky had already dismissed *all* of Plaintiff's claims, including his patent claim; therefore, his denying Plaintiff's motion to withdraw said patent claim was for improper reasons. Clearly, as intended by the Defendants, Slomsky prevented Plaintiff from filing the appeal of Slomsky's **VOID** rulings in this Third Circuit. The record shows, in reference to the District Court's DISMISSAL pursuant to Rule 12(b)(1), for lack of subject matter jurisdiction over common law damages claims against the Postal Service, and whether Defendant USPS can be sued in its "official name", the Third Circuit had already declared that, 1) "*The Postal Service is a legal entity separate from the United States itself*"; 2) "*a suit may be maintained against the Postal Service without joining the United States as a party, and...the district courts have jurisdiction over the Postal Service for amounts over $10,000*"; 3) "*We conclude that we must reverse in light of Congress's specific grant to the district courts of jurisdiction over such claims*." (*See* Licata v. United States Postal Service, 33 F.3d 259 (3d Cir. 1994))

217.    Therefore, we may conclude that the Third Circuit would have ruled Plaintiff's appeal in accordance with its own precedential rulings made in Licata. *And*, Defendant Slomsky's denial of Plaintiff's request to file his appeal in this Court's home circuit was an *intentional* act to maintain and further the conspiracy that *defrauded* this Court, *inter alia*.

218.    The record shows the Federal Circuit AFFIRMED Slomsky's **VOID** Judgments.

219.    Based on the sequence of events, it is more likely than not, that the Defendants' collectively planned to direct Plaintiff's appeal to the Federal Circuit where Defendants USPS, Slomsky, Castorina and the DOJ Defendants could abuse the imprimatur of their offices and persuade that Court to rule in their favor. The record shows, the DOJ Defendants abused their office, made the same material misrepresentations to the Federal Circuit as they did to this Court; the Defendants directly corrupted the impartial functions of the Federal Circuit who accepted their *fraudulent* pleadings as true over the statutory and common laws, including Third Circuit precedents that was presented by Plaintiff *pro se*.

220.    However, *neither* "fraud upon the Court" *nor* **VOID** Judgments can gain any legitimacy, therefore, any issue raised in an attempt to justify *fraud* or a **VOID** Judgment, including, but not limited to, the Federal Circuit's AFFIRMANCE of Slomsky's **VOID** Judgments, is also *fraud* and **VOID** as a matter of U.S. Supreme Court law.

221.    Therefore, since an inspection of the record shows that Defendant SLOMSKY'S Judgments were **VOID** *ab intitio* for failure to act in accordance with the law in the original proceeding, violating Plaintiff's due process rights, depriving this Court of jurisdiction, and being produced by "fraud upon the Court", then the Federal Circuit's AFFIRMANCE of Defendant Slomsky's Judgments are also **VOID** *ab intitio* for failure to act in accordance with the law sand being produced by *fraud*, *inter alia*.

222.    Moreover, the record shows, as the result of Defendants USPS's, Castorina's and the DOJ Defendants' procurement of Defendant Slomsky's **VOID** Judgments and the Federal Circuit having AFFIRMED Defendant Slomsky's **VOID** Judgments, Defendants USPS, Castorina, Slomsky and the DOJ Defendants, created a conflict between the Federal Circuit and the Third Circuit. The Federal Circuit's **VOID** rulings in Case No. 2013-1374, 1444 are in conflict with the Third Circuit's *binding* precedents made in Licata v. USPS Case No. 93-5637, (Third Cir. August 24, 1994).

223.    The record shows SLOMSKY deemed Plaintiff's "**CASE CLOSED**" on **02/07/2013**.

224.    The record shows, on May 23, 2014, Plaintiff *pro se* filed a Petition for Writ of Certiorari in the U.S. Supreme Court, who denied review of Plaintiff's petition. However, the U.S. Supreme Court had already set precedents on the issues of VOID judgments, the district courts' jurisdiction, and "fraud upon the court".

225.    An inspection of the record will show, by making the same *false* pleadings in multiple jurisdictions, the Defendants committed "fraud upon the court" in the Federal Circuit, the US Supreme Court and the DC Circuit.

   **D.      *Plaintiff Discovered DC Circuit's Precedential Rulings in Lopez, Showing ALL of Defendant USPS's, Castorina's and the DOJ Defendants' Pleadings Were Material Misrepresentations to the Court and ALL of SLOMSKY's Judgments Were VOID ab intitio, Filed Motion for Relief Pursuant to Rule 60(b)(4) and Provided Numerous Opportunities for the Defendants to Correct their Misconduct. Plaintiff's Rule 60(b)(4) Motion was "Litmus Test" for ALL Defendants' Liability & Mens Rea***

226.    With no lapse in his pursuit of justice, Plaintiff moved in accordance with Defendant Slomsky's ruling and filed a timely complaint in the Postal Regulatory Commission ("PRC") who had "*limited jurisdiction to hear rate and service complaints*" and therefore, contrary to Defendant USPS's pleading and Defendant Slomsky's ruling, the PRC *did not* have jurisdiction over any of Plaintiff's claims, including his claims under §404a, but still attempted to make a ruling in Defendant USPS's favor. Plaintiff then appealed the PRC's **VOID** Judgments in the DC Circuit.

227.    After the appearance that most officials took the side of the Defendants, and being sent on a "wild goose chase" for further proof that the Defendants had deprived the district court of jurisdiction, deprived Plaintiff of his Due Process Rights, *inter alia*, Plaintiff searched the record to see if the DC Circuit had ever issued a ruling against the PRC.

228.    On January 6, 2019, while the appeal in the DC Circuit was still pending, Plaintiff discovered the DC Circuit's precedential rulings made in Ramon Lopez v. Postal Regulatory Commission, Judgment, Case No. 12-1341 (D.C. Cir. 2017) and PRC Order No. 2460. These materials provided further, indisputable evidence that ***ALL* of Defendants USPS's, Castorina's and the DOJ Defendants' pleadings in EDPA 2:11-cv-07303 were material misrepresentations to the Court which constituted "fraud upon the Court"**, and ***ALL* of Judge Slomsky's Judgments were VOID *ab intitio* for failure to act in accordance with the law in the original proceeding and for being produced by fraud**. Moreover, these materials provided indisputable evidence that *neither* the PRC *nor* the DC Circuit had jurisdiction over *any*

of Plaintiff's damages claims including the claims subject to the provisions of §404a; *__all__* of Plaintiff's claims were in the *exclusive* jurisdiction of the district courts.

229.    In <u>Lopez</u>, the DC Circuit declared:

"*Lopez next argues that* **__neither the Commission nor this Court has jurisdiction to__** **__address his damages claim__**. *For this reason, Lopez and amicus curiae <u>ask the Court to</u>* <u>*transfer the claim to the District Court for the Southern or Middle District of Florida,*</u> <u>*pursuant to 28 U.S.C. § 1631*</u>. *While <u>the Commission agrees with Lopez on the</u>* <u>*jurisdictional question*</u>, *it nonetheless <u>urges this Court to deny Lopez's damages claim</u>* <u>*rather than transfer it for review by a district court*</u>. **__The Court agrees that it does not__** **__have jurisdiction to decide the issue. See 28 U.S.C. § 1346(b)(1) (establishing__** **__"exclusive jurisdiction" over certain civil claims against the U.S. government in the__** **__district court__**)... "<u>*First, Lopez's* **damages claim is not plainly barred by the FTCA's**</u> **__postal exception__**, *as evidenced by the fact that several courts have found that* **__the Postal__** **__Service is not entitled to sovereign immunity for the intentional__** *mis-transmission of* *mail. See, e.g., Colbert v. USPS, 831 F. Supp. 2d 240, 243 (D.D.C. 2011) ("In th[e]* *narrow window of* **intentional** *mis-transmission, **[the Postal Service] is not entitled to*** ***sovereign immunity**."); LeRoy v. U.S. Marshal's Serv., No. 06-cv-11379, 2007 WL* *4234127, at \*1 n.2 (E.D. La. Nov. 28, 2007) (noting that a postal employee's "refusal to* *deliver plaintiff's mail to him was an* **intentional act**, *not "'the loss, miscarriage, or* *negligent transmission of letters or postal matter'") (quoting 28 U.S.C. § 2680(b)))*." (*See* <u>Lopez</u> Pg.3, ¶4)  "<u>*Finally, **the procedural defects** the Commission identifies **are***</u> **__insufficient to warrant dismissal of Lopez's damages claim__**. *While the Commission is* *correct that Lopez has not sued the correct party – i.e., he has sued the Commission* *rather than the United States – we decline to find this defect fatal, particularly when the* *case involves a pro se litigant. See Richardson v. United States, 193 F.3d 545, 548 (D.C.* *Cir. 1999) ("Courts must construe pro se filings liberally.").* **__In addition, we cannot__** **__agree that Lopez has failed to satisfy the FTCA's presentment requirement__**. *See 28* *U.S.C. § 2675. Pursuant to section 2675, Lopez filed a claim with the Commission that* *sufficiently described his injury and included a sum-certain damages claim. GAF Corp.* *v. United States, 818 F.2d 901, 917 (D.C. Cir. 1987) (describing the presentment* *requirement); see A. 2-3 (Lopez's written complaint).* **__That Lopez presented his demand__**

*as a claim for relief under the Postal Accountability and Enhancement Act is of no relevance given Lopez's status as a pro se litigant and because it was clear what relief Lopez sought*." (*See* Ramon Lopez v. Postal Regulatory Commission, Judgment, Case No. 12-1341 (D.C. Cir. 2017) Pg.4, ¶3)

230.    The difference between the Lopez's damages claims and Plaintiff's damages claims is:

a)  Ramon Lopez sued the Defendant USPS for its refusal to deliver mail to his address and therefore Lopez's claim was "service" related and filed in the PRC who "*has limited jurisdiction to hear **rate and service complaints** as prescribed by 39 U.S.C. §3662(a)*";

b)  Plaintiff's claims were for *intentional* torts, acts outside the scope of Defendant USPS's Federal employment, *not* "*in connection with duties performed on the United States' behalf*". Plaintiff's claims were *not* **rate or service complaints**.

231.    The common factors between Lopez's damages claims and Plaintiff's damages claims are:

a)  Lopez's and Plaintiff's damages claims arose from *intentional* acts or *intentional* torts, and therefore, were constituted as acts outside the scope of the Defendant USPS's Federal employment;

b)  *Neither* the DC Circuit *nor* the PRC has jurisdiction to decide civil claims for money damages that arose from *intentional* torts caused by Defendant USPS;

c)  The district courts have *exclusive* jurisdiction over civil claims for damages against the Postal Service arising from *intentional* acts or *intentional* torts;

d)  The Postal Service is *not* entitled to sovereign immunity in civil claims for money damages arising from *intentional* acts or torts;

e)  Damages claims arising from *intentional* acts or torts are *not* barred by the FTCA's postal exception;

f)  As with Plaintiff damages claims, "*First, Lopez's **damages claim is not plainly barred by the FTCA's postal exception**, as evidenced by the fact that several courts have found that **the Postal Service is not entitled to sovereign immunity for the intentional mis-transmission of mail.**" The operative word in this ruling is "**intentional**" as in Plaintiff's damages claims; the damages caused by Defendant USPS were "*intentional*" acts or torts;

g) *Neither* Lopez *nor* Plaintiff failed to satisfy the FTCA's presentment requirement,

h) *Inter alia* common factors that are supported by the Third Circuit in <u>Licata</u>, statutory and common law, and Congress's intent.

232.    Moreover, <u>Lopez</u> was *not* published pursuant to Fed. R. App. P. 36; the D.C. Circuit determined the issues *did not* warrant a published opinion since the statutory and common laws therein were "***well settled***". The D.C. Circuit's declarations made in <u>Lopez</u> did not meet the following criteria for publishing : *(A) with regard to a substantial issue it resolves, it is a case of first impression or the first case to present the issue in this court; (B) it alters, modifies, or significantly clarifies a rule of law previously announced by the court; (C) it calls attention to an existing rule of law that appears to have been generally overlooked; (D) it criticizes or questions existing law;* Therefore, the D.C. Circuit determined that the rulings in <u>Lopez</u> were "well settled law" and there was no need to publish rule of law that was previously announced by the court.

233.    Additionally, pursuant to D.C. Cir. R. 36(d) "*All unpublished orders or judgments of this court, including explanatory memoranda (but not including sealed dispositions), entered on or after January 1, 2002, may be cited as precedent*."

234.    And, as previously stated: A review of "PRC Order 2460" shows, the Commissioners of the PRC themselves declared, "*the **Commission has limited jurisdiction to hear rate and service complaints** as prescribed by 39 USC §3662 (a)*." None of Plaintiff's claims under §401(1) including claims subject to the provisions of §404a, were "**rate or service**" complaints. (*See* PRC Order No. 2460 showing the PRC has limited jurisdiction to hear rate and service complaints)

235.    Moreover, the PRC and the DC Circuit are the very authorities that the Defendants made the knowingly *false* assertions and ruling to have *exclusive* jurisdiction over Plaintiff's claims under §404a. (*See* Defendant USPS's MTD, Doc. No. 14, and Slomsky's Order, Doc. No. 31)

236.    Therefore, the DC Circuit's precedential rulings made in <u>Lopez</u> provided additional evidence that the USPS's MTD was *fraudulent* and Defendant Slomsky's Order is ***VOID*** *ab intitio*.

237.    In light of the DC Circuit's determination that <u>Lopez</u> needed not be published since the issues raised and decisions made were "well settled law", the Defendants are *without excuse* for their inapposite citings, material misrepresentations to the Court, thereby committing "*fraud* upon this Court".

238.    Upon discovery of the declarations made by the DC Circuit and the PRC, on February 6, 2019, Plaintiff contacted LANDON Y. JONES III ("Jones"), the Assistant US Attorney who filed his Entry of Appearance on behalf of Defendant USPS in 2016. Plaintiff sent Defendant Jones a detailed email with attachments of <u>Lopez</u> and PRC Order No. 2460 that showed, despite the fact that the DOJ's continued representation of Defendant USPS in EDPA 2:11-cv-07303 constituted violations of 28 U.S.C. §547, 39 U.S.C. §409(g)(1), and the fraud and abuse laws that govern DOJ employees: 1) *ALL* of the DOJ's pleadings were material misrepresentations to the Court; 2) *ALL* of Judge Slomsky's judgments were **VOID** *ab intitio*; and, 3) requested that Defendant Jones took the appropriate and necessary corrective actions.

239.    On February 14, 2019, Defendant Jones responded with an official letter from the USAO for the EDPA, endorsed by WILLIAM M. MCSWAIN, that made the following condescending, illusive statements: "*By this letter, I acknowledge receipt of your email dated February 6, 2019, 10:45 p.m., as well as your numerous voicemails. I will review the materials you have provided and take any appropriate and necessary actions. Barring such actions, I do not intend to correspond further on this matter.*"

240.    The record shows, both Defendants Jones and McSwain failed and refused to "*take any appropriate and necessary actions*" to correct their and the DOJ's "fraud upon the Court" and deprivation of Plaintiff's rights.

241.    On August 8, 2019, Plaintiff *pro se* filed his "Rule 60(b)(4) *Emergency* Motion for Relief from a Judgment or Order/Fraud Upon the Court/Motion to Take Judicial Notice of New Evidence/Motion for Default Judgment", Doc. No. 94.

242.    Plaintiff's Rule 60(b)(4) Motion requested the Court to take judicial notice of the newly discovered evidence of the DC Circuit's declaratory decrees or precedential rulings in <u>Lopez</u> and the PRC's rulings in "PRC Order No. 2460" which unequivocally showed: 1) <u>the district court has *exclusive* jurisdiction over damages claims against Defendant USPS that arose from *intentional* acts</u>; 2) "*the Commission has limited jurisdiction to hear rate and service*

*complaints as prescribed by 39 USC §3662(a).*"; 3) the DC Circuit declared, "*The Court agrees that it does not have jurisdiction to decide the issue. See 28 U.S.C. § 1346(b)(1) (establishing "exclusive jurisdiction" over certain civil claims against the U.S. government in the district court)*"; and, 4) the DC Circuit declared, "...*damages claim is not plainly barred by the FTCA's postal exception, as evidenced by the fact that several courts have found that the Postal Service is not entitled to sovereign immunity for the intentional mis-transmission of mail.*" (*See* Plaintiff's Rule 60(b)(4) Motion EDPA 2:11-cv-7303 Doc. No. 94)

243.   The materials to be noticed were from the DC Circuit and the PRC, the very authorities cited by the Defendants, who ultimately provided evidence in Plaintiff's favor, not only showed: 1) *neither* the PRC *nor* the DC Circuit had jurisdiction over Plaintiff's §404a claims; but also proved that, 2) at all times relevant, the district court had *exclusive* jurisdiction over **all** of Plaintiff's claims. PRC Order No. 2460 and <u>Lopez</u> provided further proof that these Defendants made numerous material misrepresentations to the Court, which constitutes "fraud upon the Court" that directly corrupted the impartial functions of the Court, and deprived Plaintiff of his rights.

244.   Plaintiff's Motion for Relief pursuant to Rule 60(b)(4) was also a "litmus test" that would determine whether Defendants Slomsky, PBI and the Blank Rome Defendants' were fully engaged in and did acts in furtherance of the conspiracy that **defrauded** this Court, deprived the Court of jurisdiction and Plaintiff of his Due Process rights. Defendants Slomsky, PBI and the Blank Rome Defendants were given ample time and opportunity to separate themselves from the conspiracy by acknowledging and reporting the clear **fraud** that was committed by Defendants USPS, Castorina, and the DOJ Defendants.

245.   As the result of the declarations made in PRC Order No. 2460 and <u>Lopez</u>, Plaintiff's jurisdiction arguments are further justified. However, it is well settled law that <u>*neither* **fraud** *nor*</u> **VOID** judgments can gain any legitimacy. Therefore, any issue raised in an attempt to justify **fraud** or **VOID** judgments by the Defendants is also **fraud** and **VOID**.

246.   On August 14, 2019, Defendants USPS, Castorina and the DOJ Defendants entered Defendant USPS's Response to Plaintiff's Motion for Relief Pursuant to Rule 60(b)(4). (*See* the USPS Defendants' Response, Doc. No. 96.)

247.    An inspection of the record shows, again, rather than take the appropriate and necessary corrective actions which begins with the **WITHDRAWAL** of the DOJ's *unlawful* representation, filings and pleadings in that case; the Defendants made a *fraudulent* attempt to justify their *fraud* with additional material misrepresentations to the Court which constitutes acts in furtherance of the conspiracy that *defrauded* the Court, deprived Plaintiff of his rights, deprived the Court of jurisdiction, *inter alia*.

248.    The record also shows Defendants USPS, Castorina and the DOJ Defendants failed to plead or otherwise defend the substance of the allegations of "fraud upon the Court", but rather made *false*, evasive assertions and thereby, *defaulted* pursuant to Rule 55.

249.    Defendant USPS's Response to Plaintiff's Motion for Relief, Doc. No. 96 stated, "*Pro se plaintiff Frederick Foster has filed a meritless motion for relief under Rule 60(b) that is duplicative of his prior Rule 60 motion and related filing from 2016...the Postal Service does not intend to address it further. In the event the Court so requests, the Postal Service stands ready to provide any necessary supplemental briefing.*"

250.    This one pleading constituted several material misrepresentations to the Court since the record shows:

a)  Plaintiff's "*prior Rule 60 motion and related filing from 2016*" was pursuant to Rule 60(b)(2), (3), & (6); In light of Defendant Slomsky's ruling that, "*Because  Plaintiff has not filed a claim with the PRC, his claim under Section 404a must be dismissed for lack of subject matter jurisdiction*", Plaintiff filed PRC Complaint Docket No. C2015-3 against Co-Defendants USPS and PBI. Plaintiff later discovered the PRC lacked personal jurisdiction over Defendant PBI and could not adjudicate his §404a claims in *toto*; Therefore, the PRC was *not* the proper venue to adjudicate Plaintiff's "*claim under Section 404a*". So Plaintiff filed the "*prior Rule 60 motion*" pursuant to Rule 60(b)(2), (3), & (6) , on January 7, 2016.

b)  The DC Circuit issued Lopez on **December 11, 2017**, nearly two years after Plaintiff's "*prior Rule 60 motion...*" filed on **January 7, 2016**. Therefore, Plaintiff's Motion for Relief Pursuant to Rule 60(b)(4) could not have been "*duplicative of his prior Rule 60 motion and related filing from 2016*". Therefore, Defendants USPS's, Castorina's and the DOJ Defendants' pleading that "*Pro se plaintiff Frederick Foster has*

*filed a meritless motion for relief under Rule 60(b) that is duplicative of his prior Rule 60 motion and related filing from 2016*" was knowingly **false** and an additional attempt to **defraud** this Court and deprive Plaintiff of his rights;

c)  By asserting that Plaintiff's Motion, Doc. No. 94, was "*meritless*", Defendants USPS, Castorina and the DOJ Defendants showed blatant disregard for the procedural Rules, statutory and common laws cited in Plaintiff's motion. "***Corruption takes the place of justice when officers of the Court disregard the procedural Rules, statutory and common law***." After violating and disregarding the **binding** precedents set by the Third Circuit in Licata, these Defendants now disregard the declarations made by the DC Circuit in Lopez and the PRC in PRC Order No. 2460, the very authorities they cited in the **fraudulent** USPS MTD, Doc. No. 14. In the transitive, by asserting that Plaintiff's motion was "*meritless*", thereby disregarding the statutory and common laws therein, Defendants USPS, Castorina and the DOJ Defendants have categorically engaged in corruption... something other than justice.

d)  Defendant USPS's statement that "*the Postal Service does not intend to address it further*", while failing to plead or otherwise defend the substance of the allegations raised from the evidence shows, these Defendants declared their intent to **default** on the allegations of "fraud upon the Court", *inter alia*, raised against them in Plaintiff's Motion for Relief, Doc. No. 94. Plaintiff's Motion was based on newly discovered evidence whose accuracy could not reasonably be questioned. Yet a review of Defendant USPS's Response, Doc. No. 96, **unlawfully** entered by LANDON Y. JONES III and the DOJ Defendants, shows they intentionally violated the *inter alia* FRCP, including Rules 8 & 11, as they intentionally failed and refused to even mention Lopez, "PRC Order 2460", Licata, or any of the statutory and common laws regarding the district court's jurisdiction over damages claims against Defendant USPS in its status of "*a legal entity separate from the United States itself*"; therefore these Defendants showed clear **consciousness of guilt**;

e)  Instead of providing clarity to the Court by fairly responding to the evidence that corroborates and substantiates Plaintiff's allegations of "fraud upon the Court", *inter alia*, these Defendants chose to cause additional unnecessary delay, thereby showing

additional *consciousness of guilt*. They then declared or reserved the possibility of them making additional material misrepresentations to the Court "*in the event the Court so requests*." However, there is <u>no</u> justification for *fraud*. Any issue raised to justify *fraud* is also *fraud*.

251.    In its entirety, the USPS's Response, Doc. No. 96, was not only *unlawfully* entered by the DOJ Defendants, but also made additional material misrepresentations to the Court; which constitutes additional acts in furtherance of the conspiracy that deprived the Court of jurisdiction and deprived Plaintiff of his rights, which constitutes "fraud upon the Court", *inter alia*.

252.    On August 15, 2019, Defendant PBI and the Blank Rome Defendants, specifically Defendant CHRISTOPHER A. LEWIS entered the PBI Defendant's Response to Plaintiff's Motion for Relief from Judgment, Doc. No. 97. (*See* PBI's Response to Plaintiff's Motion for Relief from Judgment, EDPA 2:11-cv-07303 Doc. No. 97 entered by Defendants PBI, Christopher A. Lewis, and Blank Rome Law Firm).

253.    As previously stated, Plaintiff's Motion for Relief, Doc. No. 94, gave Defendant PBI and the Blank Rome Defendants opportunity to clear themselves of Defendants USPS's, Castorina's and the DOJ Defendants' "*fraud* upon the Court". Subsequently, their response would determine whether they were fully engaged in the conspiracy that *defrauded* this Court, deprived the Court of jurisdiction, and deprived Plaintiff of his rights, *inter alia*.

254.    In its entirety, Defendant PBI's Response intentionally failed to plead, otherwise defend, or fairly respond to the substance of the allegations of conspiracy and "fraud upon the Court", *inter alia*, raised in Plaintiff's Motion for Relief.

255.    A review of Defendant PBI's Response shows, these Defendants also failed to meet the pleading requirements of FRCP Rule 8(b)(1) & (2), Rule 11 and the Federal Rules of Evidence Rule 201. Rule 8(b)(2) expressly requires that, "*A denial must fairly respond to the substance of the allegation*", (*See* FRCP Rule 8(b)(2))

256.    Therefore, Defendant Slomsky should have issued an order that **DEEMED** both Defendants USPS's and PBI's Responses to Plaintiff's Motion for Relief, Doc. Nos. 96 & 97 as *irrelevant*, as they failed to meet the requirements of the Rules of Court.

257.    A review of Defendant PBI's Response shows, like Defendant USPS's Response, Defendant PBI and the Blank Rome Defendants also made mere blanket, evasive, and ***irrelevant*** assertions that failed to justify their misdeeds. While failing to respond to the substance of the allegations against them, failing to acknowledge or report the clear misconduct committed by the USPS and DOJ Defendants, which would appear to be a genuine attempt to separate themselves from said misconduct; Defendant PBI's Response can be summarized as a desperate attempt to vilify Plaintiff *pro se*; the pleadings of a "bully blaming the victim" or the "guilty blaming the innocent" for the damages they and their co-defendants committed.

258.    However, a review of Defendant PBI's Response, entered by the high power law firm, the Blank Rome Defendants, will show, in their effort to make Plaintiff the villain in this case, these Defendants actually provided *judicial admissions* that they; 1) were fully aware of the statutory and common laws that govern Defendant USPS and formed the basis of Plaintiff's motion; 2) were fully aware of Defendant USPS's status of "*a legal entity separate from the United States itself*", "*a private commercial enterprise*"; 3) were fully aware that, "*a suit may be maintained against the Postal Service without joining the United States as party, and... the district courts have jurisdiction over suits against the Postal Service for amounts over $10,000*" 4) were fully aware that Defendant USPS's pleadings and Defendant Slomsky's rulings ***defrauded*** this Court, were not in accordance with law, *inter alia*; 5) failed to report the categorical misconduct, but instead, acquiesced and engaged in the conspiracy that deprived this Court of jurisdiction and deprived Plaintiff of his due process rights, *inter alia*.

259.    The very first assertion in Defendant PBI's Response stated, "*This matter is a closed case arising from a November 23, 2011 complaint filed by Plaintiff Frederick Foster ("Foster") against Pitney Bowes Corporation ("Pitney Bowes") and the United States Postal Service ("USPS"), asserting claims for violation of the Postal Accountability and Enhancement Act, misrepresentation and fraud, conversion, unjust enrichment, and misappropriation of trade secrets. On February 12, 2013, this Court granted Pitney Bowes' Motion for Judgment on the Pleadings (ECF No. 52) Now, more than eight (8) years later, after losing numerous motions for rehearing and various appeals, Foster has filed an "emergency" motion and a motion for default judgment ("Foster's Motions") seeking, inter alia, to reopen this closed case.*"

260.    This statement alone indicates these Defendants; 1) totally disregarded procedural Rules, statutory an common law, including the ***binding*** precedents set by the Third Circuit in Licata; 2) disregarded the evidence and the record showing **<u>all</u>** of Defendant USPS's  pleadings were ***fraudulent*** and **<u>all</u>** of Defendant Slomsky's judgments are **VOID** *ab intitio* for failure to act in accordance with due process law in the original proceeding and being produced by ***fraud***; 3) totally ignored or disregarded well settled law that a **VOID** judgment is a nullity that may be challenged at any time and there is <u>*no*</u> statute of limitation for "fraud upon the Court"; 4) failed to acknowledge and report the misconduct; 5) failed to move that the Court prevent manifest injustice by correcting its **VOID** judgments as required by law; 6) asserted that the case was closed, but <u>*did not*</u> respond to the issues regarding the "fraud upon the Court" and **VOID** judgments and <u>*did not*</u> endorse Defendant Slomsky's Dismissal for lack of subject matter jurisdiction over Plaintiff's damages claims against Defendant USPS; yet, 7) suggests that Defendant Slomsky should do an additional act in furtherance of the conspiracy that ***defrauded*** the Court and deprived Plaintiff of his rights by refusing to correct his **VOID** judgments, *inter alia*, thereby keeping their conspiracy "swept under the rug".

261.    Moreover, Defendant PBI's Response acknowledged that these Defendants were fully aware that Plaintiff sued Defendants USPS and PBI for *intentional* torts and common law damages of "*misrepresentation and fraud, conversion, unjust enrichment, and misappropriation of trade secrets*". Therefore, these Defendants were also aware of the statutory and common laws, cited by Plaintiff, that showed, common law damages claims that arose from *intentional* torts committed by Defendant USPS: 1) were outside the of scope of Defendant USPS's Federal employment which is the conveyance of the "mails" (*See* 32 CFR § 750.23(b) Intentional torts); 2) are in the jurisdiction of the district courts; 3) are <u>*not*</u> barred by the FTCA's postal exception; 4) are grounds for an action against the Postal Service in its "official name" in which Defendant USPS is <u>*not*</u> entitled to sovereign immunity (*See* 39 USC §§401(1) & 409(d), Third Circuit in Licata, and DC Circuit in Lopez, *inter alia*); 5) creates the circumstance where "<u>*a suit may be maintained against the Postal Service without joining the United States as a party, and... the district courts have jurisdiction over suits against the Postal Service for amounts over $10,000*</u>"; and 6) showing, the DOJ Defendants' Entry of Appearance was ***unlawful*** (*See* 28 U.S.C. §547 and 39 USC §409(g)(1)); 7) *inter alia* facts that made Defendant PBI and the Blank Rome Defendants aware that ***all*** of Defendant USPS's pleadings were ***fraudulent*** and ***all*** of Defendant

Slomsky's judgments were **VOID** *ab intitio*. Therefore, Defendant PBI and the Blank Rome Defendants are *without excuse* for failing to report the numerous acts of misconduct.

262.    The Defendant PBI Response referenced the several forums where, after Defendant Slomsky denied this Court's jurisdiction, Plaintiff sought clarification on the question of: "If not the district courts, then who had jurisdiction over Plaintiff's common law damages claims against Defendant USPS for *intentional* torts?" However, the acknowledgement of these several forums provides further evidence or *judicial admissions* that the Defendants collectively extended their conspiracy to the several forums that Defendant PBI's Response referenced. In other words, **the PBI Response provides *judicial admissions* that the Defendants collectively committed "fraud upon the court" in the several forums referenced in the PBI Response**.

263.    Defendant PBI's Response stated, "*To date, Pitney Bowes has prevailed in each forum. Here, the substance of Foster's assertions focuses on his entirely unsupported suggestion that Pitney and its counsel somehow engaged in improper behavior in this action.*" (*See* Defendant PBI's Response to Plaintiff's Motion for Relief, Document 97) As the result of the Defendants collectively *defrauding* every forum where Plaintiff sought justice, Defendant PBI and the Blank Rome Defendants claim to have prevailed in each forum. However, these very forums, specifically the PRC and the DC Circuit, cited by both Defendant USPS in its pleadings and Defendant Slomsky in his rulings to have *exclusive* jurisdiction over Plaintiff's damages claims under §404a, *ironically*, were in **complete absence of *all* subject matter jurisdiction** over *any* and *all* of Plaintiff's damages claims. (See USPS MTD Doc. No. 14, Slomsky's Opinion Doc. No. 31, DC Circuit in Lopez, and PRC Order 2460)

264.    Therefore, the previous pleading is evidence and a judicial admission that the Defendant PBI and the Blank Rome Defendants established a pattern of not only failing to report misconduct in various forums, but shows, by doing so, they were fully engaged in the conspiracy that *defrauded* "*each forum*" where they purportedly "*prevailed*".

265.    Again, Defendant PBI and the Blank Rome Defendants' failure to report any misconduct posed violations of applicable laws, including, but not limited to, the Professional Rules of Conduct Rule 8.3 and indicated that Defendant PBI and the Blank Rome Defendants were fully engaged in the §1983 & §1985(3) conspiracy, "fraud upon the Court", *inter alia*.

266.    Statutory and common law, including Third Circuit **binding** precedents in Licata, DC Circuit in Lopez and PRC Order 2460, unequivocally showed that at all times relevant; 1) the district court had *exclusive* jurisdiction over **all** of Plaintiff's claims, 2) **every** pleading by the USPS Defendants were material misrepresentations, and 3) **every** ruling by SLOMSKY was egregiously inconsistent with law, produced by fraud and are **VOID**. Therefore, the Blank Rome Defendants' evasive, frivolous responses and continued failure to report clear acts of misconduct showed clear **consciousness of guilt** and they were fully "*engaged in improper behavior*".

267.    Defendant PBI's Response stated, "*These allegations, which Foster continues to rinse, repeat, and recycle, are completely unfounded...*" (*See* Defendant PBI's Response to Plaintiff's Motion for Relief, Doc. No. 97)

268.    By reaching such conclusion, Defendant PBI and the high power law firm Blank Rome indicate they did due diligence and thoroughly reviewed Plaintiff's allegations, legal citings and jurisdictional argument which he "*continues to rinse, repeat, and recycle*". Clearly, by this statement, these Defendants provided testimony that they are witnesses to the fact that Defendants USPS's pleadings were *fraudulent* and Defendant Slomsky's rulings were **VOID** for failure to act in accordance with due process law and produced by *fraud*.

269.    Therefore, this statement is *unequivocally* a **judicial admission** that shows Defendant PBI and the Blank Rome Defendants: 1) were fully aware of the statutory and common laws, including the **bindings** precedents set by the Third and DC Circuits, upon which Plaintiff's allegations of "fraud upon the court" are based; 2) were fully aware of Defendant USPS's status of "*a legal entity separate from the United States itself*" or "*a private commercial enterprise*"; 3) "*a suit may be maintained against the Postal Service without joining the United States as a party, and... the district courts have jurisdiction over suits against the Postal Service for amounts over $10,000*"; 4) were fully aware that "*It is 39 U.S.C. §401(1) that waives the Service's sovereign immunity by providing that it may "sue and be sued in its official name*"; 5) were fully aware that Defendants USPS, Castorina, Slomsky and the DOJ Defendants had deprived Plaintiff of his rights and *defrauded* this Court and "*each forum*" where they "*prevailed*", *inter alia*.

270.    Moreover, the Blank Rome Defendant's pleading is deceptive, evasive, deficient and immensely *irrelevant* for the following reasons:

a)  As previously stated, the PBI Response, Doc. No. 97, failed to meet the requirements of FRCP Rule 8(b)(2) Denials, which requires that, "*A denial must fairly respond to the substance of the allegation*", (*See* FRCP Rule 8(b)(2))

b)  The record shows, from day one of EDPA 2:11-cv-07303, Defendants Slomsky, USPS, Castorina and the DOJ Defendants engaged in a conspiracy that deprived Plaintiff of his rights and the district court of jurisdiction which constituted "fraud upon the Court", *inter alia*. The acts in the conspiracy began with Defendant Slomsky's and Castorina's endorsement and allowance of the DOJ Defendants' **unlawful** "Entry of Appearance" and representation of the Defendant USPS in its status of a "person", for acts outside the scope of the Postal Service's Federal employment, acts not in connection with duties performed of the United States behalf. (See 28 U.S.C. §547 and 39 U.S.C. §§409(d) & 409(g)(1)) Subsequently, the record shows these Defendants made numerous material misrepresentations to the Court and issued judgments that were **VOID** *ab intitio*. "*These allegations, which Foster continues to rinse, repeat, and recycle*", are consistent with the facts, statutory and common law. As previously stated, Defendant PBI's Response is evidence or *judicial admission* that these Defendants committed and extended their *fraudulent* acts throughout every forum where Plaintiff sought equitable relief. Nevertheless, Plaintiff's allegations have <u>not</u> waivered as the allegations are consistent with the record which **will *not* change until the Defendants' violations are corrected**.

c)  Defendant PBI's inferences to what the "*DC Circuit and the Federal Circuit already concluded*" are **irrelevant** and may be an act of joining these agencies as defendants for acting on the behalf of Defendant USPS, doing acts in furtherance of the conspiracy that deprived this Court of jurisdiction and Plaintiff's due process rights. In accordance with Defendant Slomsky's ruling, Plaintiff filed a Complaint in the PRC who, in short, attempted to act on the behalf of Defendant USPS. Plaintiff appealed the PRC's **VOID** judgments in the DC Circuit who, in short, also attempted to act on the behalf of Defendant USPS. As previously stated, while Plaintiff's appeal, USCADC Case No. 15-1339 was pending, Plaintiff discovered <u>Ramon Lopez v. Postal Regulatory Commission</u>, Judgment, Case No. 12-1341 (D.C. Cir. 2017). A review of <u>Lopez</u> shows, in regards to civil actions on intentional tort claims for money damages caused by Defendant USPS,

the DC Circuit themselves declared, "*The Court agrees, it does not have jurisdiction to decide the issue. See 28 U.S.C. § 1346(b)(1) (establishing "exclusive jurisdiction" over certain civil claims* [intentional acts] *against the U.S. government in the district court).*" Therefore, the DC Circuit **never** had jurisdiction to decide **any** of Plaintiff's claims, making the Defendants' assertion to what the "*DC Circuit, already concluded*" **irrelevant**.

d)  As for the Federal Circuit, first of all, their AFFIRMANCE of Defendant Slomsky's **VOID** judgments is also **VOID**. Second of all, when Plaintiff discovered Lopez and the DC Circuit's precedents on the district court's jurisdiction over Plaintiff's claims against Defendant USPS, Plaintiff filed a Rule 60(b)(4) Motion for relief from a judgment or order in the Federal Circuit. However, the Federal Circuit did *not* have jurisdiction to decide Plaintiff's Rule 60(b)(4) motion since Rule 60 is a Federal Rule of Civil Procedure and not a Federal Rule of Appellate Procedure. Therefore, Plaintiff's Rule 60(b)(4) motion had to be filed in the district court. Again, Defendant PBI and the Blank Rome Defendant's reference to the DC and Federal Circuits is evidence or *judicial admissions* that the Defendants collectively extended their ***fraudulent*** pleadings to other forums where Plaintiff sought equitable relief.

e)  Defendant Lewis's assertion that "*These allegations, Foster continues to rinse, repeat, and recycle, are completely unfounded and without merit...*" thereby suggesting Plaintiff's allegations had been adjudicated by a competent court and should not be pursued further by Plaintiff, was not only untrue, but also deceptive. The doctrine of *res judicata* does *not* bar Rule 60(b)(4), (5), or (6) motions or a (d)(3) motion for fraud upon the court. (*See* Coulson v. Coulson Supreme Court of Ohio St. 3d 12, May 18, 1983) Neither is Plaintiff seeking a "do over", he is seeking a "do right". Moreover, "*Appellant's claim of fraud upon the court...can be treated as a claim in an independent action or as a motion addressed to the very inherent power of the court to set aside a judgment procured by fraud upon the court*." (*Citing* U.S. v. Buck USCA Tenth Circuit, March 8, 2002). In addition to the fact that Rule 60(b)(4) and (d)(3) motions must be filed in the district court, "*Fraud Upon the Court is an extremely serious crime, and so in dire opposition to the definition of justice that this crime is not subject to any statute of limitation.*" (Seventh Circuit precedents on "fraud upon the Court" by officers of the

court.) And, there is *no* statute of limitations on claims attacking **VOID** rulings. The US Supreme Court held that, "***A void judgment may be attacked at any time by a person whose rights are affected***". (*See* U.S. Supreme Court Void Judgments)

f)   The substance of Plaintiff's allegations are based solely on the record showing the Defendants collectively violated statutory and common law, Third and DC Circuit precedents, U.S. Supreme Court rulings, Congress's intent, *inter alia*; facts that are *not* subject to reasonable dispute because they can be accurately and readily determined from sources whose accuracy *cannot* reasonably be questioned. Therefore, Defendant PBI's assertion that Plaintiff's allegations "*are completely unfounded and without merit...*" is knowingly false and absurd since the genuineness of the facts of the record, *inter alia*, is *not* subject to reasonable dispute. And, it is more likely than not that these Defendants failed to respond to the substance of Plaintiff's allegations because the record does *not* waiver, the facts therein are indisputable, and "*any attempt to justify **fraud** is also **fraud***".

271.   Defendant PBI's Response continually failed to respond to the substance of Plaintiff's allegations, but rather chose to further attack Plaintiff's character and his pursuit of justice, "*Foster is an experienced pro se litigator who manipulates his pro se status to his advantage and to the detriment of his adversaries and the courts. Though Foster's duplicative claims have been meritless from the start, he has harassed Pitney Bowes for almost eight (8) years, subjecting it to needless litigation costs for proceedings in multiple jurisdictions...*"

272.   Clearly, Defendant PBI's Response, Doc No. 97, was a desperate attempt by Defendant PBI and the Blank Rome Defendants to vilify Plaintiff *pro se*.  It is well settle law that a defendant's attack on a plaintiff's character is categorically improper, ***irrelevant*** and therefore inadmissible. A plaintiff's character does not preclude the defendant's fraud or damages.

273.   Though Defendant PBI's Response is *not* valid, Plaintiff will address the *judicial admission* aspect of their filing. First of all, though at the start of Plaintiff's pursuit of justice, Plaintiff was immensely naïve, Plaintiff believed he could rely on Defendant Slomsky to consider his filings liberally, perform his duties fairly and diligently, and Slomsky would accord Plaintiff full right to be heard according to law. In fact, despite their ***unlawful*** "Entry of Appearance", when Castorina and the DOJ Defendants asserted that this Court lacked subject matter jurisdiction over Plaintiff's claims against Defendant USPS, Plaintiff was confident

Defendant Slomsky would take offense to their denial of his statutory authority and defend this Court's inherent power and jurisdiction.

274.    However, when Defendant Slomsky Granted Defendant USPS's MTD pursuant to Rule 12(b)(1), Plaintiff knew and asserted that, at all times relevant, the Defendants pleadings and judgments were *fraudulent* and **VOID** *ab intitio*. Therefore Defendant PBI's response is a *judicial admission* that Defendant PBI and the Blank Rome Defendants witnessed and acquiesced in the *unequivocal* "fraud upon the Court" that was collectively committed in this Court and "*proceedings in multiple forums*". Moreover, Plaintiff's legal experience and "*almost eight (8) years, subjecting* [Plaintiff] *to needless litigation* [in] *proceedings in multiple jurisdictions*" is the result of the Defendants' manipulation of their professional statuses, refusal to act in accordance with law, and continual commission of *fraud*.

275.    Defendant PBI's statement may be construed as suggesting to "Co-Defendant/Co-Conspirator Slomsky" that he: 1) further deprive the Court of jurisdiction and Plaintiff of his rights since, Plaintiff is a *pro se* litigant who is "*experienced*" enough to "*manipulate his pro se status*", 2) disregard the Rule of Law and the newly discovered evidence, since the Blank Rome Defendants asserted that Plaintiff's claims are duplicative and meritless, 3) should rule that Plaintiff is at fault for more than eight (8) years of the Defendants' continual "fraud upon the Court", deprivation of the Court's jurisdiction and Plaintiff's rights in multiple forums, 4) should rule that Plaintiff has harassed and wasted time and money of Defendant Lewis's client and the Courts, therefore, Defendant Slomsky should deny Plaintiff of the considerations afforded to *pro se* litigants as provided by law, and 5) Defendant Slomsky should deny Plaintiff's Rule 60(b)(4) Motion.

276.    However, to deny Plaintiff of the considerations afforded to *pro se* litigants and/or deny Plaintiff's Rule 60(b)(4) Motion, thereby violating the statutory and common laws therein, including Third Circuit and DC Circuit precedents, not only constitutes acts in furtherance of the conspiracy that deprived Plaintiff of his rights, deprived the district court of jurisdiction, "*defrauded* the Court", *inter alia*, but will reveal Defendant Slomsky's role and engagement in said "*conspiracy*".

277.    The following will indentify additional deficiencies in Defendant PBI's, Lewis's, and the Blank Rome Defendants' pleading:

a) For Defendant Lewis, a senior attorney of power law firm Blank Rome, to knowingly fail to respond to the substance of the allegations, but asserts that Plaintiff, who has no formal education in law, is an "*experienced pro se litigator who manipulates his pro se status to his advantage and to the detriment of his adversaries and the courts.*", may be construed as one of two things. *Either*: 1) an oxymoron/contradiction since the record shows, Plaintiff *pro se* was disadvantaged by these professional lawyers/officers of the Court and a biased judge who *conspired* to *defraud* the Court, failed and refused to act in accordance with law and ruled against Plaintiff based on the officers of the Court's statuses and relationships with the Court. *Or* 2) an acknowledgement that Plaintiff's claims are valid since Plaintiff *pro se* was *not* willing to accept blatant material misrepresentations, inapposite citings and *fraudulent* misrepresentations of law as true, despite the statuses of the people who made them. And, despite his disadvantage and his *pro se* status, Plaintiff remained diligent and persistent in fact finding for further evidence that in EDPA 2:11-cv-07303, this Court was *defrauded* by the Defense Counsels and clients, and every judgment issued by Defendant Slomsky was **VOID** *ab intitio*. All of Plaintiff's acts were in accordance with law and unlike the Defendants; an experienced *pro se* litigant would *not* make false, meritless claims for fear of punishment by the Court for violating Rule 11, the False Claims Act, *inter alia*.

b) The facts of the record, statutory and common law does *not* waiver and *cannot* be lawfully manipulated to anyone's unfair advantage. The record and the law can only be acknowledged and enforced or disregarded and violated. *Pro se* Plaintiff is *not* the author of the statutory and common laws that govern the actions of all parties, and Plaintiff is *not* the author of the Defendants' entries into the record that shows the Defendants disregarded and violated said laws and failed to report misconduct...found on the record.

c) *All* of Defendant Slomsky's **VOID** judgments were in the DOJ and Blank Rome Defendants' favor and *none* of Slomsky's rulings were manipulated by *pro se* Plaintiff to his advantage. Therefore, Defendant PBI's assertion that, Plaintiff is an "*experienced pro se litigator who manipulates his pro se status to his advantage and to the detriment of his adversaries and the courts.*" is not only meritless and a waste

of the Court's consideration, but as the record shows, Plaintiff was disadvantaged by the Defendants' manipulation of the Court, abuse of their offices, and their willingness to *defraud* the Court.

278. A review of Defendant PBI's Response also shows, these Defendants failed to plead or otherwise defend against the allegations of "fraud upon the Court" and is therefore in *default* pursuant to Rule 55.

279. The PBI Response failed to even mention the materials to be noticed, Lopez and "PRC Order 2460" which provided additional indisputable evidence that *all* of Defendant USPS's pleadings were *fraudulent* and *all* of Defendant Slomsky's judgments were **VOID** *ab intitio*. Therefore, Defendant PBI's Response and assertion that they "*prevailed in each forum*" where the Defendants extended their fraud should be deemed as *judicial admissions* to: 1) their continued failure to report misconduct, 2) their continued acquiescence in fraud which constitutes acts in furtherance of the conspiracy that deprived this Court of jurisdiction and Plaintiff of his due process rights, and 3) their engagement in "fraud upon the Court", *inter alia*.

280. Clearly, the results of the litmus test, Plaintiff's Motion for Relief, Doc. No. 94, as to whether the PBI and Blank Rome Defendants were engaged with Defendants USPS, Castorina, Slomsky and the DOJ Defendants in the commission of "fraud upon the Court" is "positive". **YES**

281. Plaintiff is prepared to provide additional argument of these facts should the Court request.

> **E.** **Defendant SLOMSKY Dismissed Plaintiff's Motion for Relief, Violated Statutory and Common Law including the Binding Precedents of the Third Circuit, DC Circuit, PRC, inter alia, Made Additional Material Misrepresentations to the Court, Fraudulent Misrepresentations of Law and Plaintiff's Pleadings, Showing Defendant SLOMSKY is fully Engaged in the §1983 & §1985(3) Conspiracy and "Fraud Upon the Court" (Bivens Action)**

282. On January 14, 2020, Defendant Slomsky issued an Order, EDPA 2:11-cv-07303 Doc. No. 102, that DENIED Plaintiff's Motion for Relief, Doc. No. 94. Plaintiff's Motion gave Slomsky the opportunity to demonstrate his impartiality by allowing him to refrain from doing additional acts in furtherance of the Defendants' conspiracy that deprived Plaintiff of his

Constitutional and Federal rights and deprived the Court of jurisdiction, *inter alia*. (*See* Defendant Slomsky's Order EDPA 2:11-cv-07303 Doc. No. 102)

283. Instead, Slomsky's Order made numerous material misrepresentations to the Court, *fraudulent* misrepresentations of law, and misrepresentations of Plaintiff's pleadings. Doc. No. 102 revealed Defendant Slomsky was fully engaged with the Defendants' in "fraud upon the Court", §1983 & 1985(3) conspiracy, *intentional* torts in the Courthouse, *inter alia*.

284. As previously stated, Defendants USPS's and PBI's Responses, Doc. Nos. 96 & 97, failed to defend or even mention the newly discovered evidence, PRC Order 2460 and DC Circuit in Lopez. Both Responses failed to respond to the substance of the allegations raised against them in Plaintiff's Motion for Relief, and ***default judgment*** should have been entered. Therefore, Slomsky should *not* have denied Plaintiff's motion thereby ruling in the Defendants' favor. In fact, an inspection of the record will show, Defendant Slomsky's Order was an attempt to provide a defense for all Defendants including himself.

285. Moreover, as an indication of *judicial misconduct or disability*, Defendant Slomsky failed to find that: **In all citings by Plaintiff, including the Congressional Research Service Report ("CRS Report") which specifies Congress's intent for the Postal Accountability & Enhancement Act ("PAEA"), statutory and case laws, Licata and both materials to be noticed, "PRC Order No. 2460" and Lopez, the Postal Service was the subject and the Defendant. And, in accordance with the law, all authorities, Congress, the Third Circuit, the PRC, and the DC Circuit *unanimously* concluded and agreed that the District Court has *exclusive* jurisdiction over civil actions on claims against the Postal Service that arose from *intentional* torts for money damages in excess of $10,000. Therefore, Defendant USPS and the DOJ Defendants were at all times *without excuse* for continually *defrauding* the Court thereby depriving the District Court of its "*exclusive*" jurisdiction and depriving Plaintiff of his due process rights. And subsequently, Defendant Slomsky was *without excuse* for issuing VOID Judgments and depriving the Court of jurisdiction and Plaintiff of his rights. Therefore, the record shows the *mens rea* of all Defendants, SLOMSKY, DOJ, USPS General Counsel JANINE CASTORINA, PBI and BLANK ROME was *intentional* and *purposeful*.**

286.    As further evidence that Defendant Slomsky failed to act in accordance with due process law, the record shows Defendant Slomsky failed to enforce the FRCP Rules of Pleadings, Rules 8, 11, *inter alia*. By doing so, Defendant Slomsky allowed the Defendants to fail to respond to the substance of Plaintiff's allegations and commit additional acts in furtherance of their conspiracy.

287.    The following statements taken from the record will provide further evidence that Defendant Slomsky's *mens rea* in the §1983 & §1985(3) conspiracy, "fraud upon the Court", *inter alia* was intentional and purposeful.

288.    In the most torturous act of judicial misconduct against a non-lawyer, *pro se* litigant, using the judge's office to provide special treatment for friends, the DOJ Defendants, *et al*, treating *pro se* litigant and his entries in a demonstrably hostile and egregious manner, "fraud upon the Court" and §1983 & §1985(3) conspiracy; **Slomsky issued VOID Order, Doc. No. 102, in an *attempt* to provide a defense for *all* the Defendants, including himself**.

289.    However, very much like the DOJ and Blank Rome Defendants' pleadings, Defendant Slomsky's rulings were frivolous, evasive, and failed to respond to the substance of evidence and Plaintiff's allegations. A review of Doc. No. 102 shows Defendant Slomsky's Order was a mere cloak for Defendants USPS's, PBI's, Castorina's, the DOJ and Blank Rome Defendants' *fraudulent* pleadings and his **VOID** judgments in Doc. No. 31.

290.    In fact, like the DOJ and Blank Rome Defendants, Defendant Slomsky failed to even mention the material to be noticed, "PRC Order 2460" and the DC Circuit in Lopez. Also like the DOJ and Blank Rome Defendants, every entry made by Defendant Slomsky has become stack of unequivocal evidence or "*judicial admissions*" that shows Defendant Slomsky was fully engaged in the §1983 & §1985(3) conspiracy and "fraud upon the Court", *inter alia*.

291.    Slomsky's Order stated, "*Plaintiff's instant Motions are the latest chapter in an eight-year saga*..." This statement not only showed prejudice and discern for Plaintiff's rights and statutory and common law, but was ironic and hypocritical since Defendant Slomsky bears responsibility for having issued the **VOID** Orders and *unlawful* rulings that caused the eight year deprivation of the Court's jurisdiction and deprivation of Plaintiff's rights.

292.    Defendant Slomsky then attempted to diminish the weight of the evidence and declarations made by the PRC in "PRC Order 2460" and the DC Circuit in <u>Lopez</u> by referring to them as "*two cases*". And, his determination that, "*The Court need not engage in a lengthy review*..." while actually violating due process law, the **binding** precedential rulings of the Circuit Courts, and refusing to take judicial notice of the materials to be noticed, demonstrates clear judicial misconduct/disability, and personal bias against Plaintiff *pro se*.

293.    The materials to be noticed, <u>Lopez</u> and "PRC Order 2460" are a <u>mere</u> five pages each. And, Plaintiff's Motion recited the pertinent declarations of each "Order" and cited the "page" and "line" in each "Order" where the declarations could be verified. Therefore, a lengthy review was <u>not</u> needed and Defendant Slomsky is **without excuse** for refusing to take judicial notice of declarations made "straight from the horses' mouths" of the PRC and the DC Circuit, the very authorities and forums Slomsky cited in his **VOID** Order Doc. No. 31.

294.    Moreover, Defendant Slomsky's Order, Doc. No. 102 and refusal to take judicial notice of the materials to be noticed violated the Federal Rules of Evidence 201 and 401 which require that the court takes notice of said materials. Clearly, as pertaining to the PRC's, the DC Circuit's, and the district courts' jurisdiction over Defendant USPS, the material to be noticed, <u>Lopez</u> and "PRC Order No. 2460": *(a)* "*...has any tendency to make a fact more or less probable than it would be without the evidence, and, (b) the facts are of consequence in determining the action*." (*See* Federal Rules of Evidence 201 and 401)

295.    Moreover, despite the DOJ Defendants' **fraudulent** pleadings and Defendant Slomsky's **VOID** rulings, the Postal Regulatory Commission ("PRC") and the DC Circuit have a direct, near day-to-day relationship and interaction with the Defendant USPS. The PRC's Federal employment includes issuing official reports to Congress and the President, providing transparency and accountability for postal operations, with continual supervisory, regulatory and policy making for the Postal Service. However, the PRC has "*limited jurisdiction to hear rate and service complaints as prescribed by 39 U.S.C. §3662(a)*". (*See* PRC Order No. 2460) And, as pertaining to Defendant USPS, the DC Circuit <u>only</u> has *exclusive* jurisdiction over appeals of the PRC's decisions as prescribed by 39 U.S.C. §3663(a). Therefore, <u>when declaring the laws that govern the Postal Service and its Federal employment, Defendant USPS's culpability and</u>

their own jurisdiction over Defendant USPS, both the DC Circuit and the PRC are by far better informed and greater authorities than Defendant Slomsky or the DOJ Defendants, *et al*.

296.    Defendant Slomsky's rulings in his "footnotes" of Doc. No. 102 stated, "*the crux of his* [Plaintiff's] *argument, however, remains unchanged: he claims that Defendants committed fraud upon the Court by misrepresenting in their filings that the Court lacked subject-matter jurisdiction over Plaintiff's PAEA claims against USPS. Second, Plaintiff moved for the Court to take judicial notice of two cases that he claims show this Court erred when it dismissed his PAEA claim against USPS...And third, relying on the same "newly discovered evidence" that he cited in his prior Rule 60 Motions, Plaintiff moved for default judgment...*" (*See* Doc. No. 102 Pg. 3)

297.    This ruling by Slomsky not only demonstrated clear "judicial disability", incompetence, and continued failure to act in accordance with the law, but is knowingly *fraudulent* and deceptive. Slomsky intentionally misconstrued and misrepresented the substance of Plaintiff's allegations of "fraud upon the Court" in an attempt to fabricate a basis for his **VOID** rulings and *absurd* denial. Judge Slomsky's rulings are *fraudulent* and *deceptive*. A review of Plaintiff's Motion, Doc. No. 94, shows Plaintiff challenged **ALL** of Judge Slomsky's judgments, not just his dismissal of the PAEA claims and proved that **ALL** of his judgments and rulings are categorically **VOID** *ab intitio*. The "crux" of Plaintiff's Motion was the Defendants committed "fraud upon the Court" by misrepresenting in their filings that the Court lacked subject-matter jurisdiction over *any* and *all* of Plaintiff's claims. This included Plaintiff's intentional tort claims of misrepresentation/fraud, conversion, misappropriation of trade secrets, and the PAEA claims under 39 U.S.C. §401(1) that allows the Postal Service to be sued in its official name for the provisions of section 404a, §409(a) that grants the district court jurisdiction, §409(d) that relates to the Postal Service being considered as a "person" and shall *not* be immune under any other doctrine of sovereign immunity from suit in Federal court by any person, §404a(a)(2) that prohibits the Postal Service from *unlawfully* disclosing or transferring a person's intellectual property to any third party, *inter alia*. And, such "fraud upon the Court" began with the DOJ Defendants' very Entry of Appearance and *unlawful* representation of Defendant USPS for acts outside the scope of its Federal employment, in its status of a "person" or a "private commercial enterprise" in violation of §409(g)(1) and. (*See* Licata, 39 U.S.C. §§409(d), 409(g)(1), and 404a(a)(2))

298.    Additionally, the DOJ Defendants' Entry of Appearance was in violation of 28 U.S.C. 547 since, "*It is 39 U.S.C. § 401(1) that waives the Service's sovereign immunity by providing that it may "sue and be sued in its official name.*" and Defendant USPS is a "*legal entity separate from the United States itself*". (*See* Third Circuit in Licata) Therefore, the United States was *not* a party in the original proceeding and the DOJ Defendants' legal representation was **unlawful**.

299.    And, in reference to Plaintiff's claims under 39 U.S.C. §404a, §401(1) expressly states, "*Subject to the provisions of section 404a, the Postal Service shall have the following general powers: (1) to sue and be sued in its official name*;" (*See* 39 U.S.C. §401 showing: Defendant USPS can be sued in its official name including claims under §404a.) Therefore, at all times relevant, this Court had jurisdiction over Plaintiff's §404a claim, and Defendant Slomsky's refusal to correct his **VOID** judgment is an act in furtherance of the conspiracy that **defrauded** this Court and deprived Plaintiff of his due process rights.

300.    Moreover, the record shows, Defendant Slomsky's Rule 12(b)(1) dismissal of **any** and **all** of Plaintiff's common law damages claims was **unlawful** since the record shows the district Court had *exclusive* jurisdiction over **all** of Plaintiff's common law damages claims against the Postal Service. Therefore, at minimum, Defendant Slomsky should've ruled that the district court had supplemental jurisdiction over Plaintiff's PAEA claims sounding in tort, common law damages and money. Under 28 U.S.C. §1367 Supplemental jurisdiction, "...*the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case of controversy under Article III of the United States Constitution*."

301.    Either Slomsky was incompetent, or intentionally disregarded the fact that Congress amended 39 U.S.C. and enacted the "PAEA of 2006" to: 1) launch Defendant USPS into the commercial world and give it the status of a "person" or "*private commercial enterprise*", "*a legal entity separate from the United States itself*" (See Licata); 2) plainly grant original and *exclusive* jurisdiction to the district courts over the Postal Service for damages claims arising from intentional torts, acts outside the scope of its Federal employment, (*See* §§409(a) & (d)(1)); 3) prohibit the DOJ from furnishing legal representation to the Postal Service in its status of a "person" or "private commercial enterprise" (*See* §409(g)(1)); 4) waive the Postal Service's sovereignty and allow the Postal Serve to sue-and-be-sued in its official name (*See* §401(1),

Licata, and Lopez), and therefore as a "person" or "private commercial enterprise" the Postal Service was *not* entitled to the provisions of the FTCA (*See* Licata and Lopez). Intentional torts caused by Defendant USPS are *not* barred by the FTCA's postal exception, as evidenced by the fact that several courts have found that the Postal Service is *not* entitled to sovereign immunity for the "*intentional* mis-transmission of mail". (*See* Ramon Lopez v. Postal Regulatory Commission, Judgment, Case No. 12-1341 (D.C. Cir. 2017)

302.    First, contrary to Defendant Slomsky's ruling, the "*crux*" of Plaintiff's Rule 60(b)(4) motion has changed. Plaintiff's prior motion in 2016 was filed under Rule 60(b)(1), (2), (3), and (6). Plaintiff's prior motion in 2016 was premised on PRC Order No. 2687 showing the PRC ruled it did not have jurisdiction over Co-Defendant PBI and could not adjudicate Plaintiff's 39 U.S.C. §404a claims in *toto*.

303.    The "crux" of Plaintiff's 2019 Rule 60(b)(4) Motion, Doc. No. 94, was that, in his DISMISAL Order, Doc. No. 31, Defendant Slomsky ruled that: 1) Plaintiff's §404a claim was in the exclusive jurisdiction of the PRC and the DC Circuit; and, 2) this Court lacked subject matter jurisdiction over Plaintiff's common law claims.

304.    However, the "newly discovered evidence" of the DC Circuit's precedents made in Ramon Lopez v. Postal Regulatory Commission, Judgment, Case No. 12-1341 (D.C. Cir. 2017) and PRC Order No. 2460 provided further evidence that, at all times relevant: 1) *Neither* the PRC *nor* the DC Circuit had *any* jurisdiction over *any* of Plaintiff's claims; and, 2) the District Court not only had original jurisdiction, but had *exclusive* jurisdiction over *all* of Plaintiff's common law damages claims, including Plaintiff's §404a claim, *all* of which arose from intentional torts.

305.    Therefore, 1) **_ALL_ of Defendant Slomsky's rulings are VOID pursuant to Rule 60(b)(4) for his failure to act in accordance with due process law in the original proceeding**; 2) **_ALL_ of the Defendant USPS's, Castorina's, and the DOJ Defendants' pleadings were material misrepresentations that constitute "fraud upon the Court" by officers of the Court**; and, 3) **_ALL_** of Defendant Slomsky's rulings were produced by fraud and are therefore **VOID**. And "**_any single attempt to commit "fraud upon the court" by officers of the Court vitiates the entire proceeding_**."

306.    Second, Plaintiff's Rule 60(b)(4) Motion showed Judge Slomsky **failed to act in accordance with due process law when he dismissed *ANY* and *ALL* of Plaintiff's common law damages claims, including misrepresentation/fraud, conversion, *inter alia*, which Judge Slomsky *unlawfully* dismissed on the grounds of the FTCA, and *not* merely Plaintiff's §404a PAEA claims**.

307.    And, third, Plaintiff could not possibly have been relying on "*the same "newly discovered evidence" that he cited in his prior Rule 60 Motion*[*s*]", that was filed on January 7, 2016. The DC Circuit's Judgment in **Lopez was issued on December 11, 2017, nearly two years later**. Therefore, Slomsky's ruling and Order, Doc. No. 102, is not only *false*, *fraudulent*, and **VOID**, but provided further evidence that Defendant Slomsky's *mens rea* was intentional and purposeful.

308.    Plaintiff's Rule 60(b)(4) Motion expressly requested Defendant Slomsky to take judicial notice of PRC Order No. 2460 and the DC Circuit's precedential rulings made in Ramon Lopez v. Postal Regulatory Commission, Judgment, Case No. 12-1341 (D.C. Cir. 2017). Subsequently, Defendant Slomsky is *without excuse* for misrepresenting Plaintiff's argument, violating statutory and common law, including the declaratory decrees of the Third and DC Circuits, failing to correct his **VOID** rulings and denying Plaintiff's Rule 60(b)(4) Motion for relief from his **VOID** Judgments that are already **VOID**. (*See* U.S. Supreme Court on Void Judgments)

309.    Additionally, as pertaining to Plaintiff *pro se* having presented a demand as a claim for relief under the PAEA, in Lopez the DC Circuit declared, "*That Lopez presented his demand as a claim for relief under the Postal Accountability and Enhancement Act* [PAEA] *is of no relevance given Lopez's status as a pro se litigant and because it was clear what relief Lopez sought*." Therefore, Lopez showed that Defendant Slomsky's ruling and dismissal of Plaintiff's PAEA claims in Doc. No. 31 are *irrelevant* and **VOID** since, Plaintiff having presented a demand as a claim for relief under the Postal Accountability and Enhancement Act is of *no* relevance given Plaintiff's status as a *pro se* litigant and it was clear what relief Plaintiff sought.

310.    Moreover, the culmination of the DC Circuit's determination that: 1) "*That Lopez presented his demand as a claim for relief under the Postal Accountability and Enhancement Act* [PAEA] *is of no relevance*; and, 2) Lopez's damages claim that arose from an intentional tort

was in the *exclusive* jurisdiction of the district court, shows: Lopez's "*demand as a claim for relief*" for intentional torts committed by Defendant USPS could have or should have been presented under statutory and common law in the district courts over which claims the district court has *exclusive* jurisdiction.

311.    Furthermore, 39 U.S.C. §401 of the PAEA expressly states, "*Subject to the provisions of section 404a, the Postal Service shall have the following general powers: (1) to sue and be sued in its official name*;" (*See* 39 U.S.C. §401 showing: section 401(1) waives Defendant USPS's sovereign immunity allowing it to be sued in its "official name" in *inter alia* claims subject to the provisions of section 404a of the PAEA and Licata v. USPS, Decision, Case No. 93-5637, (Third Cir. August 24, 1994) showing: "*It is 39 U.S.C.* §401(1) *that waives the Service's sovereign immunity by providing that it may "*sue and be sued*" in its "official name*"). Therefore, every DISMISSAL of any of Plaintiff's claims, including the claim under §404a, and every ruling made by Defendant Slomsky is **VOID** *ab intitio*. And, his refusal to correct his **VOID** judgments constitutes acts in furtherance of the conspiracy that deprived this Court of jurisdiction and Plaintiff of his due process rights.

312.    Defendant Slomsky's misrepresentations of Plaintiff's arguments and refusal to take judicial notice of the newly discovered evidence were *unequivocally* acts in furtherance of the §1983 & §1985(3) conspiracy, "fraud upon the Court" by an officer of the Court, judicial misconduct and possibly an indication of *judicial disability* or incompetency.

313.    Defendant Slomsky's ruling that Plaintiff's Motion for Relief pursuant to Rule 60(b)(4) was <u>untimely</u> is not only *irrelevant* since *all* of his Orders are **VOID** *ab intitio*, but shows the highest degree of antagonism, irony, and hypocrisy, since Slomsky bears *full* responsibility for issuing the **VOID** Orders that *defrauded* this Court and deprived Plaintiff of his rights for over eight years.

314.    It is well-settled law that, **"The Court Has A Responsibility To Correct a Void Judgment**: **The statute of limitations does not apply to a suit in equity to vacate a void judgment."**(Cadenasso v. Bank of Italy, p. 569: Estate of Pusey, 180 Cal. 368, 374...) **This rule holds as to all void judgments**." US Supreme Court. **"A void judgment may be attacked at any time by a person whose rights are affected. (See El-Kareh v. Texas Alcoholic Beverage Comm'n, 874 S.W.2d 192)..."**

315.   Therefore, Defendant Slomsky's ruling that Plaintiff's Motion, Doc. No. 94, was untimely is an additional act of judicial misconduct, "fraud upon this Court" and §1983 & 1985(3) violation. Clearly, this ruling was intended to further deprive this Court of jurisdiction, deprive Plaintiff *pro se* of his due process rights and deter or obstruct Plaintiff's pursuit of justice.

316.   Defendant Slomsky's ruling stated, "*The Court need not engage in a lengthy review or analysis of Plaintiff's first and second requests for relief pursuant to Rule 60 and to take judicial notice of the two cases, respectively.*" (*See* Order Doc. No. 102, Pg. 3 ¶2) Here, after **unlawfully** and **intentionally misrepresenting** *pro se* Plaintiff's Motion for Relief, Doc. No. 94, to be solely on the §404a PAEA claims, Slomsky uses his misrepresentations to support his frivolous excuse for refusing to take judicial notice of the materials, PRC Order No. 2460 and DC Circuit in <u>Lopez</u>. However, his refusal violated the Federal Rules of Evidence 201 and 401 which requires that: "*<u>(c) The court: (2) must take judicial notice if a party requests it and the court is supplied with the necessary information</u>*", the evidence "*<u>has a direct relation to the matter at issue</u>*", "*<u>has **any** tendency to make a fact more or less probable than it would without the evidence</u>*", and "*<u>the fact is of consequence in determining the action</u>*." (*See* FRCP Federal Rules of Evidence 201 and 401)

317.   By refusing to perform his judicial obligation to take notice of the materials whose accuracy could not reasonably be questioned, Slomsky also violated the declaratory decrees and precedential rulings of the DC Circuit and the PRC, violated several Judicial Cannons, made himself liable for §1983 & §1985(3) violations, committed an act that was outside of his statutory authority, *inter alia*.

318.   Moreover, the materials to be noticed, <u>Lopez</u> and PRC Order 2460 are a <u>mere</u> five pages each. And, Plaintiff's Motion for Relief, Doc. No. 94, recited the pertinent parts of each "Order" and cited the "page" and "line" in each "Order" where the declarations could be verified. Defendant Slomsky is **without excuse**, Plaintiff actually did his "fact finding" for him. In fact, the PRC's declaration, "*...<u>the Commission has limited jurisdiction to hear rate and service complaints as prescribed by 39 USC §3662(a)</u>*", is less than a full sentence. (*See* Plaintiff's Motion for Relief Pursuant to Rule 60(b)(4), Doc. No. 94, and PRC Order 2460, Pg. 3, Line 1)

319.     Additionally, Plaintiff's Motion, Doc. No. 94, requested "Emergency" or "Expedited" review to prevent further irreparable harm, including the recent breach of the Nation's data systems, and Defendants USPS's and PBI's continued demise of the Postal Service's assets, revenue and properties. Defendant Slomsky took more than five (5) months to issue his **VOID** Order, Doc. No. 102.

320.     Clearly, five months was ample time for Slomsky to review the materials that have a direct relation with the matter at issue, "*has **any** tendency to make a fact more or less probable than it would without the evidence*", and "*the fact is of consequence in determining the action*."

321.     Defendant Slomsky, having the audacity to assert that he refused to take judicial notice of materials that were consequential to this case because, "*The Court need not engage in a lengthy review...*" was not only a "poor/deceptive excuse" for doing another act of deprivation, judicial misconduct, and "fraud upon this Court", but was also clear indication that getting a fair judgment from Judge Slomsky was impossible.

322.     By issuing this ruling that was in total disregard of Third and DC Circuits precedents, statutory and common law, this Court's inherent jurisdiction, and Plaintiff's due process rights also demonstrates Defendant Slomsky **treated Plaintiff and his filings in a demonstrably egregious and hostile manner**.

323.     The culmination of denying Plaintiff's Motion for Relief, while simultaneously violating statutory and common law including the binding precedents of the Third and DC Circuits, and continually failing to act in accordance with due process law, not only revealed Defendant Slomsky's prejudice against Plaintiff *pro se*, but also shows ***consciousness of guilt*** and his ***mens rea*** was purposeful.

324.     Defendant Slomsky's series of unlawful acts, including, but not limited to, his denial of Plaintiff's Rule Motion for Relief, Doc. No. 94, was a "cover up" for having engaged in and having done acts in furtherance of the Defendants' §1983 & §1985(3) conspiracy.

325.     The record shows Defendant Slomsky knowingly and intentionally rendered **VOID** rulings that were not in accordance with due process law, and thereby **used the judge's office to provide special treatment for friends**, DOJ Attorneys for the Eastern District of Pennsylvania, beginning with his **VOID** Dismissal Order, Doc. No. 31. Otherwise, Defendant Slomsky would

have taken judicial notice of the materials, admitted that he made "mistakes in law" and would have corrected his **VOID** Judgments. It is well settled, "**The Court Has A Responsibility To Correct A Void Judgment**."

### F.      SLOMSKY Refused to Recuse Himself Pursuant to 28 U.S.C. §455

326.    In light of Defendant Slomsky's continued failure and refusal to act in accordance with law, the fact that his **VOID** Order Doc. No. 102 constituted acts in furtherance of the conspiracy that deprived Plaintiff of his rights and this Court of jurisdiction, and showed Defendant Slomsky refused to correct the **VOID** judgments he made in his **VOID** Order, Doc. No. 31, it is well settled law that Defendant Slomsky had lost *all* subject-matter-jurisdiction over the matter.

327.    However, Plaintiff found it hard to believe that a Senior Federal judge would risk his carrier, pension and possible impeachment for the sole purpose of "doing his friends a favor", the DOJ Defendants, thereby depriving the rights of the only party acting in the interest of the Nation and the general public, Plaintiff *pro se*.

328.    Therefore, on February 14, 2020, Plaintiff *pro se* filed "Letter to Judge Slomsky and Chambers", Doc. No. 104, that humbly requested that Defendant Slomsky recused himself under 28 USC §455. (*See* Plaintiff's "Letter to Judge Slomsky and Chambers", Doc. No. 104)

329.    Plaintiff also wanted to give Judge Slomsky a final opportunity to correct the *unlawful* rulings that were either issued by him or by a rogue clerk in his "chambers". Plaintiff intended for the "Letter" to be received directly by Defendant Slomsky to assure he was fully aware of the *fraudulent*, *unlawful* rulings that were issued by his chambers and endorsed with his typed or electronic signature.

330.    Plaintiff's "Letter" requested that Defendant Slomsky respond within ten (10) days, or Plaintiff would be forced to take further action. However, in the most extreme example of *consciousness of guilt* and attempt to prevent other authorities from discovering the judicial misconduct that he and/or his law clerk committed, on February 21, 2020, seven (7) days after Plaintiff's February 14th "Letter", Defendant Slomsky issued his **VOID** Order, Doc. No. 105 that DENIED Plaintiff's request that he recused himself.

331.    In light of his: 1) continued failure and refusal to act in accordance with due process law; 2) violations of statutory and common law; 3) personal bias against Plaintiff and his legal citings; 4) acts in furtherance of the conspiracy that *defrauded* this Court and deprived Plaintiff of his due process rights; 5) issuance of judgments that were **VOID** *ab intitio* and refusal to correct them; 6) rulings showing such a deep seated favoritism for the Defendants' *fraud* that getting a fair judgment from Defendant Slomsky is impossible; *inter alia*, Defendant Slomsky's impartiality <u>not only</u> might reasonably be questioned, but unequivocally ***<u>does not</u>*** ***<u>exist</u>***.

332.    Moreover, due to his failure and refusal to correct his judgments that were **VOID** *ab intitio*, failure and refusal to act in accordance with due process law in the original proceeding, acts outside the scope of his statutory authority, deprivation of this Court's jurisdiction despite the fact that *all other applicable statutory and common laws* show this Court has original and exclusive jurisdiction, *inter alia*; **by law, Defendant Slomsky had already lost all subject matter jurisdiction over Plaintiff's action**.

333.    Despite his DENIAL of Plaintiff's request, by law, due to his own acts, Defendant Slomsky disqualified himself. ***<u>When a judge acts as a trespasser of the law, when a judge does</u>*** ***<u>not follow the law the judge loses subject-matter jurisdiction and the judge's orders are void,</u>*** ***<u>of no legal force or effect</u>***." (U.S. Supreme Court holding on void judgments)

334.    Therefore, Defendant Slomsky's Order, Doc. No. 105:

a) Provided additional evidence of Slomsky's acts of "fraud upon this Court", conspiracy that deprived the Court of jurisdiction and Plaintiff of his due process rights;

b) *Unlawfully* refused to self-recuse for improper purposes, including sustaining his role in the fraud upon the Court, his **VOID** Judgments, and using the judge's office to obtain special treatment for friends, *inter alia*;

c) *Fraudulently* misrepresented Plaintiff's request. Plaintiff clearly requested that "**<u>he</u>**", <u>Joel H. Slomsky, self-recused</u> or recused himself. Defendant Slomsky's *fraudulent*, **VOID** ruling stated, "*Upon consideration of Plaintiff's Letter...requesting that this Court recuse itself from the above captioned case, it is **ORDERED** that Plaintiff's request is* **DENIED**". At all times relevant, as provided by statutory and common law, Plaintiff *pro se* demanded his right to due process in this District Court where Plaintiff resides and the

damages occurred. Plaintiff's "Letter" unequivocally requested that <u>Judge Slomsky</u> would recuse himself, and *not* this Court;

d) Continually and ***intentionally*** misrepresented Plaintiff's argument as an attack solely on the PAEA claim. Wherein, the record shows Plaintiff attacked <u>**ALL**</u> of Slomsky's **VOID** Orders and rulings. (*See* Slomsky's **VOID** Order EDPA 2:11-cv-7303 Doc. No. 105)

335. Defendant Slomsky's Order, Doc. No. 105, made the material misrepresentation and ***fraudulent*** ruling, "*Once again, he* [Plaintiff] *claims that Defendants committed fraud upon the Court by misrepresenting in their filings that the Court lacked subject-matter jurisdiction over one of Plaintiff's claims*."

336. An inspection of the record shows, Plaintiff's Motion, Doc. No. 94, declared that <u>**ALL**</u> of Slomsky's Orders and rulings that dismissed <u>***any***</u> of Plaintiff's claims against Defendant USPS in its status of a "private commercial enterprise" are <u>**VOID**</u> <u>for failure to act in accordance with due process law in the original proceeding and for being produced by fraud</u>. In fact, Slomsky's Order, Doc. No. 105 is also **VOID** for being produced by his own ***fraud***.

337. "<u>***Only an inspection of the record of the case showing that the judge*** *was without jurisdiction or* **violated a person's due process rights**, *or* **where fraud was involved in the attempted procurement of jurisdiction, is sufficient for an order to be void**. *In instances herein, the law has stated that the orders are void ab intitio and not voidable because they are already void*</u>." (U.S. Supreme Court decision in <u>Potenz Corp. v. Petrozzini</u>, 170 3d 617, 525 N.E. 2d 173, 175 (1988))

G. ***Plaintiff Filed a Motion to Disqualify Judge Slomsky for Fraud Upon the Court by SLOMSKY, Requested Review by Separate Judge, Openly Challenged Judge Slomsky's Public Oath, SLOMSKY Committed Acts In Furtherance of the §1983 & §1985(3) Conspiracy, Fraud Upon the Court, inter alia.***

338. **PLAINTIFF** hereby re-alleges and incorporates by reference each and every allegation contained above as if fully set forth in detail herein.

339. On June 26, 2020, Plaintiff filed a Motion for Disqualification of Judge Slomsky for Fraud Upon the Court by Judge Slomsky. Plaintiff's Motion for Disqualification alleged that the

record showed Defendant Slomsky did acts in furtherance of the conspiracy that deprived this Court of jurisdiction, deprived Plaintiff of his rights and committed fraud upon the Court. Plaintiff's Motion requested that the matter was reviewed by a separate judge within the District Court for the EDPA. (*See* Plaintiff's Motion for Disqualification EDPA 2:11-cv-7303 Doc. No. 107)

340.    Plaintiff's Motion openly challenged Defendant Slomsky's Public Oath.    Under Canon 3228 Presumption #3 "Public Oath": "*If challenged, such individuals must recuse themselves as having a conflict of interest and cannot possibly stand under a public oath.*"

341.    Moreover, in any action, suit, or proceeding where a judge has failed and refused to act in accordance with the law in the original and throughout the proceeding, violated the Rules of the Judicial Conduct Disability Act, violated the Third Circuit and DC Circuit precedents, issued **VOID** Judgments, failed and refused to correct his **VOID** Judgments, violated the statutory and common laws pertaining to 28 U.S.C. §455, *inter alia*, by law, that judge has lost *all* subject matter jurisdiction over the action, suit, or proceeding.

342.    "*It is not judicial for a judge to commit an intentional tort even though the tort occurred in the courthouse. When a judge acts as a trespasser of the law, when a judge does not follow the law the judge loses subject-matter jurisdiction and the judge's orders are void, of no legal force or effect*." (*See* U.S. Supreme Court holdings on VOID Judgment, showing a judge who commits intentional torts in the courthouse is a trespasser of the law, subsequently the judge loses subject matter jurisdiction and the judge's orders are VOID)

343.    Therefore, in EDPA 2:11-cv-7303, where Defendant Slomsky had failed and refused to act in accordance with the law in the original and throughout the proceeding, by law, Defendant Slomsky had lost all subject matter jurisdiction over the proceeding.

344.    Subsequently, any further actions by Defendant SLOMSKY, other than correcting his **VOID** Judgments and imposing disciplinary actions against the Defendants and Counsels, should be deemed a conflict of interest, acts in furtherance of the conspiracy that deprived this Court of jurisdiction and Plaintiff of his rights, "fraud upon the Court", *inter alia*.

345.    Nevertheless, on October 9, 2020, four months later, Defendant SLOMSKY entered Order Doc. No. 109, that DENIED Plaintiff's Motion for Disqualification.

346.     Defendant SLOMSKY's Order, Doc. No. 109, violated Canon 3228 Presumption #3 Public Oath. Plaintiff's Motion for Disqualification was an Open Challenge of Defendant Slomsky's Public Oath which required that, "*If challenged, such individuals must recuse themselves as having a conflict of interest...*"

347.     The U.S. Supreme Court held that "*Disqualification is required if an objective observer would entertain reasonable questions about the judge's impartiality. If a judge's attitude or state of mind leads a detached observer to conclude that a fair hearing is unlikely, the judge must be disqualified.*" [Emphasis added] Liteky v. U.S., 510 U.S. 540 (1994)

348.     Slomsky's Order, Doc. No. 109, was another **VOID** Order and *unlawful* entry. It is also further evidence that Defendant Slomsky: (1) continually violated the ***binding*** precedential rulings of the Third and DC Circuits; (2) made declaratory relief unavailable; (3) continually did acts in furtherance of the conspiracy that deprived the Court of jurisdiction and deprived Plaintiff of equal protection of the law; (4) is and always has been fully engaged with Defendants USPS, Castorina, PBI, the DOJ and Blank Rome Defendants in the conspiracy that deprived the Court of jurisdiction and Plaintiff of equal protection of the law; (5) is engaged in **obstruction of justice** by failing and refusing to correct his **VOID** judgments, failing and refusing to recuse himself under §455 and Canon 3228 Presumption #3 Public Oath, and obstructing or preventing a separate judge of the Court the from reviewing the record of EDPA 2:11-cv-07303; (6) has endorsed and sustained both the DOJ Defendants' and **Defendant Slomsky's own** material misrepresentations to the Court; (7) continually did illegal acts, outside of his statutory authority; 8) trespassed the law, 9) his ***mens rea*** was intentional and purposeful when he committed said intentional torts and is therefore liable in his individual capacity for such the damages.

349.     Moreover, the culmination of Defendant SLOMSKY's fraud upon the Court, deprivation, issuance of **VOID** judgments and refusal to correct them, preventing a separate judge from reviewing the record and further actions despite the *unequivocal* conflict of interest may even be construed as **obstruction of justice**, *inter alia*.

   **H.     *Liability in Connection With the Actions of Others, Subordinates-Supervisory Officials, Failure to Intervene. As With the Supervisors of Defendant Blank Rome, Defendant DOJ and its Supervisory Officials Either Directed, Acquiesced, or Established a Policy that Caused the Violations, and Failed to Intervene in***

*Subordinates Fraud Upon the Court. Defendant DOJ is Without Excuse, is Liable and Shall be Sued Pursuant to 39 U.S.C. §409(e)(1)*

350.    **PLAINTIFF** hereby re-alleges and incorporates by reference each and every allegation contained above as if fully set forth in detail herein.

351.    The following will establish the liability of the United States Department of Justice and its Supervisory Officials in connection with the actions of the DOJ Attorneys ("DOJ Defendants").

352.    Clearly, it is the policy of the DOJ that all DOJ employees, including attorneys report to their supervisors for guidance and approval.

353.    Therefore, the following will show, the Defendant DOJ and its Supervisory Officials either: 1) directed the DOJ Defendants (subordinates) to take the action in question, and/or, 2) had actual knowledge of the DOJ Defendants' *unlawful* acts and acquiesced in the violations, which entailed *defrauding* this Court, making material misrepresentations to the Court beginning with the *unlawful* "Entry of Appearance", deprivation of the Court's jurisdiction and deprivation of Plaintiff's rights, *inter alia*.

354.    The following will also show the DOJ and it's Supervisory Officials; 1) with deliberate indifference to the consequences, *unequivocally* established a policy, practice, or custom that directly caused the violations, and 2) failed and refused to perform their duty to intervene.

355.    On September 7, 2020, Plaintiff *pro se* filed a Civil Rights and Civil Liberties Complaint ("DOJ Complaint") with the Department of Justice in the Office of the Inspector General ("DOJ OIG"). (A true and correct copy of Plaintiff's DOJ Civil Rights Complaint is attached hereto, incorporated herein, and marked as EXHIBIT "**A**").

356.    A review of Plaintiff's DOJ Civil Rights Complaint shows, the DOJ OIG was made fully aware of the numerous intentional torturous and *unlawful* acts committed by employees of the United States Attorney Office for the EDPA ("DOJ Defendants") in EDPA 2:11-cv-07303. Plaintiff's Complaint gave the OIG detailed evidence of the DOJ Defendants *unlawful* acts, including, but not limited to violations of statutory and common law, material misrepresentations to the Court, "fraud upon the Court", *unlawfully* representing Defendant USPS for acts outside

the scope of its Federal employment and not in connection with duties performed on the United States behalf, violations of 39 U.S.C. §409(g)(1) which made them culpable under §409(e)(1) for acting on behalf and in concert with Defendant USPS, and violations of the fraud and abuse laws that govern DOJ employees, including 28 U.S.C. §547.

357.    Plaintiff's primary request was that the DOJ OIG ordered its "Special Agents" to investigate Plaintiff's allegations with a simple inspection of the record and the law. And, upon finding Plaintiff's allegations as true, the DOJ OIG would then order the DOJ Defendants to **WITHDRAW** their *unlawful* Entry of Appearance and representation of Defendant USPS and **WITHDRAW** their *unlawful* entries and pleadings that they entered into the record of EDPA 2:11-cv-07303.

358.    On October 2, 2020, the DOJ OIG sent Plaintiff their response that stated, "*This Office does not have the jurisdiction to investigate allegations that a Department of Justice attorney has committed misconduct while exercising his or her litigation authority. Therefore, we have forwarded your correspondence to: U.S. Department of Justice Office of Professional Responsibility; U.S. Department of Justice Executive Office for the United States Attorneys General Counsel.*" (NO SIGNATURE OR INFORMATION FOR FURTHER CORRESPONDENCE). (A true and correct copy of the DOJ OIG's Response to Plaintiff's Civil Rights Complaint is attached hereto, incorporated herein, and marked as EXHIBIT "**B**").

359.    Clearly, the OIG's response was improper and a dereliction of its duty to intervene since the evidence showed, at all time relevant, **the DOJ Defendants, DOJ employees, did _not_ have any "litigation authority" to be exercised in EDPA 2:11-cv-07303, for the law prohibits the DOJ from furnishing legal representation to the Postal Service in such cases**.

360.    As the Complaint showed, Plaintiff sued Defendant USPS in its "non-governmental"/"private status", as a "person" pursuant to 39 U.S.C. §409(d), in its "official name" as "*a legal entity separate from the United States itself*" pursuant to §401, *inter alia*, for common law damages that arose from intentional torts. Therefore, it was made clear to the DOJ OIG that the DOJ Defendants' very Entry of Appearance in EDPA 2:11-cv-07303 violated numerous laws, including, but not limited to, 39 U.S.C. §409(g)(1), 28 U.S.C. §547, the fraud and abuse laws that govern DOJ employees, *inter alia*.

361.    Clearly, with deliberate indifference to the consequences, the DOJ OIG had established and maintained a policy or practice which directly caused the DOJ Defendants violations, failed and refused to intervene, acquiesced in the DOJ Defendants' violations and are therefore liable for the violations of their subordinates, the DOJ Defendants.

362.    On February 15, 2021, the DOJ's Office of Professional Responsibility ("OPR") issued their Response to Plaintiff's Civil Rights Complaint that stated, "*OPR has jurisdiction to investigate allegations of misconduct involving Department of Justice (DOJ) attorneys that relate to the exercise of their authority to...litigate or provide legal services, as well as allegations of attorney misconduct within the jurisdiction of OPR. It is, however, the policy of this Office to refrain from investigating issues or allegations that could have been or still may be addressed in the course of litigation, unless a court has made a specific finding of misconduct by a DOJ attorney or law enforcement agent. Based on our review of your correspondence, we have determined that your allegations fall into this category. Accordingly, we concluded that no action by this Office is warranted. You may wish to consult private counsel or contact the nearest Legal Aid Society to determine what additional avenues, if any, may be available to you. We regret that we are unable to be of assistance to you in this matter. Sincerely, Office of Professional Responsibility*". (NO SIGNATURE OR INFORMATION FOR FURTHER CORRESPONDENCE). (A true and correct copy of the OPR Response to Plaintiff's Civil Rights Complaint is attached hereto, incorporated herein, and marked as Exhibit "**C**")

363.    This response from the OPR is highly deficient, unacceptable, and condescending for the following reasons:

a)    While the OIG's correspondence was an act of "passing the buck" or responsibility to the OPR, it forced the OPR to admit to having the jurisdiction to investigate Plaintiff's allegations. But after a review of my complaint which presented accurate evidence and excerpts from the record, the OPR failed and refused to open an investigation. Any objective observer, after review of such evidence, would conclude that the DOJ Defendants violated the law. Therefore, the OPR's Response shows they intentionally failed to intervene and failed to enforce its jurisdiction and "responsibility" to take internal corrective actions against its subordinates, the DOJ Defendants.

b) *And*, like the OIG, the OPR's determination relied on the DOJ Defendants' "*litigation authority*" which the record shows, by law, **did not exist**.

c) Moreover, both the OIG and the OPR reviewed the evidence taken from record which clearly shows the DOJ Defendants not only did "misconduct", including perjury, but unequivocally *defrauded* the Courts.

d) *Neither* the OIG *nor* OPR vindicated the actions of the DOJ Defendants or determined that Plaintiff's allegations against them were false or meritless, therefore; the OIG and OPR not only failed and refused to intervene or perform their Federal assignment which includes oversight of DOJ Defendants, but also failed to report misconduct as "failure to report misconduct is misconduct".

e) In reference to the "record showing" the DOJ Defendants *unequivocally* abused the imprimatur of the Office of the DOJ, made numerous material misrepresentations that *defrauded* the Court and thereby procured **VOID** rulings through said *fraud*, the OPR stated, "*It is, however, the policy of this Office to refrain from investigating issues or allegations that could have been or still may be addressed in the course of litigation*". Such a "blind-eye" policy is unethical if not un-Constitutional.

f) Plaintiff's Civil Rights & Civil Liberties Complaint made it clear to the OIG and OPR that it was during "the course of litigation", their subordinates, the DOJ Defendants, abused the imprimatur of the Office of the Department of Justice, made numerous *fraudulent* misrepresentations of law and material misrepresentations to the Court that defrauded the Court and deprived Plaintiff of his rights; showing the DOJ Defendants had basically "bullied" the Court and Plaintiff. Therefore, as the sequence of events shows, addressing the DOJ Defendants' *fraud* in the course of litigation would only lead to more *fraud*.

g) Moreover, the record shows Defendant SLOMSKY deemed Plaintiff's "CASE CLOSED" on 02/07/2013; therefore, after seven (7) years, Plaintiff's allegations were ripe for review by the DOJ OIG and OPR.

h) Clearly, the OIG and OPR, with deliberate indifference to the consequences, established and maintained this policy, known throughout the DOJ, which directly caused the violation.

i) The OPR policy is a disservice to the Constitution, the district courts and private citizens whose jurisdiction, litigation and/or due process rights may be deprived by DOJ Attorneys, especially when the record shows, DOJ Attorneys unequivocally *defrauded* the Court while the OIG and OPR maintain "*the policy...to refrain from investigating issues or allegations*" that DOJ employees, their subordinates, *defrauded* the Court.

j) The OPR's policy itself can give rise to allegations of "misconduct" by the OPR since "failure to report misconduct is misconduct" and it conflicts with the OPR's duty to intervene. As the result of this policy, the OPR and OIG failed and refused to provide clarity to the Court and thereby acquiesced DOJ Defendants' "*fraud and abuse*".

k) This "blind eye" policy and the actions of these DOJ employees conflict with the scope of the DOJ's Federal assignment, oath, mission, strategic goals and everything the Department of Justice stands for: 1) "**Promote Rule of Law, Integrity**..." 2) "**Equal Justice Under Law**...to ensure that all Americans receive equal protection and justice.", 3) "**Honesty and Integrity**: DOJ adheres to the highest standards of ethical behavior...its motives and actions must be beyond reproach.", 4) "**Commitment to Excellence**: The Department seeks to provide the highest level of service to the American people.", 5) "**Respect for the Dignity and Worth of Each Human Being**: Those who work for the Department treat each other and those they serve with fairness, dignity, and compassion." (*See* U.S. Department of Justice FY 2020 Annual Performance Report, *inter alia*.)

l) The courts and private citizens should be able to trust that the DOJ oversight agencies and Supervisory Officials would perform their Federal assignments and assure that DOJ attorneys act in accordance with the fraud and abuse laws that govern DOJ employees.

m) *Inter alia* reasons that make this policy improper.

364.    On May 13, 2021, Plaintiff sent "Letter to US Attorney General Merrick Garland". (A true and correct copy of Plaintiff's "Letter to US Attorney General Merrick Garland" is attached hereto, incorporated herein, and marked as Exhibit "**D**")

365. Although the Attorney General, Merrick Garland, was newly appointed and the DOJ Defendants' misconduct predates his tenure; Plaintiff's "Letter" made his office fully aware of the DOJ's policies and practices that causes its OIG, OPR, and Supervisory Officials to fail to intervene but rather acquiesce in violations committed by DOJ employees, while "exercising" or, in this case, "abusing" their "litigation authority" and violating the fraud and abuse laws that govern DOJ employees, thereby making the DOJ and its Supervisory Officials liable for said violations.

366. Plaintiff's "Letter" also informed the US Attorney General that several of the DOJ Defendants were still employees of the DOJ and Defendant Landon Y. Jones III continues to deprive the Court of jurisdiction, deprive Plaintiff of his rights, and violate statutory and common law, including 28 U.S.C. §547, 39 U.S.C. §409(g)(1), *inter alia*.

367. In addition to the information contained in Plaintiff's Civil Rights Complaint that was filed with the DOJ OIG, OPR, and Executive Office showing *unequivocal* evidence that the named DOJ Defendants violated the law and committed "fraud upon the Court", Plaintiff's "Letter" informed the US Attorney General that failure to expeditiously take the appropriate and necessary corrective actions internally would result in Plaintiff filing this instant Federal law suit.

368. Plaintiff's "Letter" informed the US Attorney General that the evidence shows his subordinates, the DOJ Defendants, including Landon Y. Jones III, committed and continues to commit intentional torts on behalf and in concert with Defendant USPS; therefore, in accordance with law, they will be sued in their individual capacities, as "persons" with all immunities, including the provisions of the FTCA, waived. Additionally, in light of the fact that the DOJ Defendants, DOJ employees, acted on behalf and in concert with the Postal Service; pursuant to 39 U.S.C. §409(e)(1), the DOJ and USAO for the EDPA will be sued, and "*shall be considered "persons" and shall not be immune under any doctrine of sovereign immunity from suit in Federal court by any person for any violation of Federal law by such agency or any officer or employee thereof*". (*See* 32 CFR § 750.23(b) and 39 U.S.C. §409(e)(1))

369. To date, Plaintiff has *not* received a response from the Office of the US Attorney General; *nor* does the record reflect any necessary and appropriate corrective actions, which should have been taken by the DOJ, to correct said violations.

370.    The record shows, the DOJ Defendants' *fraud* was initiated with the very "Entry of Appearance" filed in 2012 and spanned over ten (10) years. Plaintiff afforded the Office of the DOJ, its supervisors, oversight personnel, and the US Attorney General more than ample time to correct the misconduct of its subordinates internally or to intervene in EDPA 2:11-cv-07303.

371.    Therefore, the DOJ is *without excuse* for failing to take the appropriate and necessary actions as required by law and the fraud and abuse laws that govern DOJ employees. Clearly, the DOJ, with deliberate indifference to the consequences, established and maintained a policy, practice, and custom of "*It is, however, the policy of this Office* [DOJ OPR] *to refrain from investigating issues or allegations that could have been or still may be addressed in the course of litigation*", thereby "turning a blind eye", failing to intervene, acquiescing in the violation, and directly causing the violation.

372.    By failing to take the appropriate, internal corrective actions, the DOJ, with deliberate indifference to the consequences, has let the DOJ Defendants and the agency "hang out to dry"; liable for common law damages that arose from intentional torts, named as Defendants in their individual capacities in this instant suit, in the Federal District Court, with JURY DEMAND.

### I.    *Status of EDPA 2:11-cv-07303, Purpose of the Instant Independent Action, Task before this Court.*

373.    **PLAINTIFF** hereby re-alleges and incorporates by reference each and every allegation contained above as if fully set forth in detail herein.

374.    To date, EDPA 2:11-cv-07303 remains unresolved. Defendant Slomsky has lost *all* subject matter jurisdiction over the case. An inspection of the record shows, *ALL* of Defendant Slomsky's Orders and Judgments are **VOID** *ab intitio* for failure to act in accordance with law in the original proceeding and being produced by fraud. And, the record shows every pleading, ruling, and entry made in EDPA 2:11-cv-07303, by the Defendants were material misrepresentations to the Court that constitutes "fraud upon the Court" and acts in furtherance of the conspiracy that deprived this Court of jurisdiction and Plaintiff of his Constitutional and Federal Rights.

375.    It is well settled law that any single attempt to commit "fraud upon the court" by officers of the Court vitiates the entire proceeding. Therefore, by the Defendants' own doing,

EDPA 2:11-cv-07303 in its entirety is vitiated. Subsequently, it is this Court's responsibility to correct said **VOID** judgments which shall include the imposition of disciplinary measures against the individuals who engaged in the conspiracy that ***defrauded*** this Court.

376. The record shows Defendant Slomsky *and/or* his law clerk (to be named) <u>not only</u> did acts in furtherance of the conspiracy that deprived this Court of jurisdiction, but escalated their misdeeds to obstruction of justice and warring against Plaintiff's Constitutional rights by: 1) failing and refusing to correct his **VOID** judgments; 2) failing and refusing to recuse himself *sua sponte* in violation of 28 U.S.C. §455 and in conflict with Plaintiff's challenge of his Public Oath; 3) issuing judgments after Defendant Slomsky lost all subject matter jurisdiction over the case; 4) preventing or obstructing a detached observer or separate judge from reviewing the record; 5) *inter alia* acts to sustain the conspiracy that ***defrauded*** this Court.

377. Therefore, Plaintiff has filed this independent action, paid a separate fee to this Court for a detached observer, a separate judge, who shall be impartial, to inspect the record of EDPA Case No. 2:11-cv-07303.

378. "***<u>Only an inspection of the record of the case showing that the judge</u>*** <u>was without jurisdiction or</u> ***<u>violated a person's due process rights</u>***<u>, or</u> ***<u>where fraud was involved in the attempted procurement of jurisdiction, is sufficient for an order to be void</u>***<u>. In instances herein, the law has stated that the orders are void ab intitio and not voidable because they are already void</u>." (U.S. Supreme Court decision in <u>Potenz Corp. v. Petrozzini</u>, 170 3d 617, 525 N.E. 2d 173, 175 (1988))

379. And, <u>neither</u> ***fraud*** <u>nor</u> **VOID** judgments can gain any legitimacy. Therefore, any issue raised in an attempt to justify ***fraud*** or **VOID** judgments by the Defendants is also ***fraud*** and **VOID**.

380. Since an inspection of the record of EDPA 2:11-cv-07303 by an objective observer will result in the discovery of numerous acts of "fraud upon this Court" committed by the Defendants, including the issuance and refusal to correct judgments that were **VOID** *ab intitio*, it is highly unlikely that the separate judge to whom this independent action is assigned will issue rulings that attempt to justify said "fraud upon this Court" and **VOID** judgments, since neither can gain any legitimacy.

381. This independent action is a direct attack on Defendant Slomsky's **VOID** judgments, *inter alia*, and the Defendants' conspiracy that *defrauded* this Court, *inter alia*, and was filed by Frederick Foster, Plaintiff *pro se*. However, the Court's ruling on this action no longer rest on *pro se* Plaintiff's allegations –versus- the pleadings and defenses of the Defendants who are officers of the Court, *et al*. This Court's decision rests solely on an inspection of the record -versus- the Defendants' challenge and rebuttal of the record, statutory and common law, which cannot reasonably be questioned.

382. The Defendants have placed themselves in a precarious situation when considering their entry of a response to the allegations in this action.

383. On one hand, only an inspection of the record showing deprivation or fraud is sufficient for an order to be void, therefore, no pleading from the Defendants is needed for an impartial judge to inspect the record and make a determination. And since any attempt to justify *fraud* or **VOID** judgments is also *fraud* and **VOID**, there is no defense or justification for fraud or VOID judgments. Therefore, any attempt by the Defendants to justify their *fraud* or **VOID** judgments which they entered into the record, will be considered *fraud* or **VOID**.

384. On the other hand, if the Defendants fail to plead or otherwise defend against the allegations raised in this action, pursuant to FRCP Rule 55, the Court must enter **default judgment** against the Defendants. Therefore, the only appropriate, lawful responses pursuant to Rule 8(b) that the Defendants may enter are "admissions" and/or testimony from "supervisors" holding their "subordinates" responsible for the "fraud upon the Court" and **VOID** judgments, *inter alia*, they entered into the record.

385. The Defendants in this case have been afforded numerous opportunities, up to ten (10) years and at minimum one year and nine months to fairly respond to the allegations raised in this action and to correct their misconduct. Therefore, pursuant to FRCP Rule 27 (3)(A), 60(b)(4) & (d)(3), the Defendants who were parties in EDPA 2:11-cv-07303 shall have ten (10) days to enter a response. Moreover, an inspection of the record showing the judge violated a person's due process rights or fraud was involved in the procurement of jurisdiction *does not* require a response from the Defendants.

386.   This action is a **Jury Demand**. Plaintiff respectfully request that the judge to which this independent action is assigned upholds the integrity and independence of the judiciary, and performs the duties of the office fairly, impartially, and diligently.

387.   Plaintiff has *unequivocally*, with specificity, identified and stated numerous claims upon which relief should be granted, including acts in furtherance of the conspiracy that *defrauded* this Court, *inter alia*. In fact, on several issues, including this Court's jurisdiction over Plaintiff's common law damages claims against Defendant USPS, the Third Circuit set ***binding*** precedents, including: 1) "*The plain meaning of the first sentence of section 409(a)* [39 U.S.C. §409(a)] *grants the district court "jurisdiction" over Licata's complaint, since it is an "action brought...against the Postal Service" and does not fall within the exception at the beginning of the sentence*"... "***the words of section 409(a) are a clear and unequivocal grant of jurisdiction to the district courts***"... "*Indeed, we cannot imagine how Congress could grant jurisdiction more plainly*"; 2) "*We believe the Postal Service conflates the issues of subject matter jurisdiction, sovereign immunity, and a valid cause of action...*; *3)* ***It is 39 U.S.C. § 401(1) that waives the Service's sovereign immunity by providing that it may "sue and be sued in its official name***."; 4) "*By launching the Postal Service into the **commercial world***, *and including a sue-and-be-sued clause in its charter, Congress has cast off the Service's cloak of sovereignty and given it the status of a **private commercial enterprise***.", *inter alia*, the record shows, as the result of the Defendants' abuse of their authority and the imprimatur of their offices, *inter alia*, they caused the Federal Circuit to AFFIRM Defendant Slomsky's **VOID** Judgments. By doing so, the Defendants have created a conflict between the circuits, the <u>Third Circuit v. the Federal Circuit</u>. Such circuit conflict, created in this Court, should either be filed by this Court to be resolved by the U.S. Supreme Court, or this Court may resolve said conflict internally.

388.   Therefore, should the judge that is assigned to this instant case finds that, in the early stages of this proceeding, he/she is unable to render a ruling that is consistent with the applicable statutory and common laws cited in this Complaint or not, including Third and DC Circuits precedents and PRC Order 2460, *inter alia*, **Plaintiff respectfully request or DEMANDS that he or she lets the JURY decides**. Or, this Court can **let the U.S. Supreme Court resolve the categorical conflict between the circuits that was created in this Court**.

389.    In respect to the Federal agencies and employees named as Defendants in this instant case, the record shows, in the original proceeding, *all* acts in furtherance of the conspiracy that *defrauded* this Court and deprived Plaintiff of his rights, committed by *all* Defendants, were: 1) intentional torts, 2) violations of statutory and common law, 3) acts outside the scope of their Federal employment and, 4) on the behalf of and in concert with Defendants USPS and PBI in their statuses as "persons" or "private commercial enterprises" which constitute as "private actors".

390.    Therefore, in respect to the Federal agencies and employees named as Defendants in this instant case, Plaintiff expressly files this action pursuant to 39 U.S.C. §409(e)(1) which expressly states, "*To the extent that the Postal Service or other Federal agency acting on behalf of or in concert with the Postal Service, engages in conduct with respect to any product which is not reserved to the United States under section 1696 of title 18, the Postal Service or other Federal agency (as the case may be)—shall be considered "persons" and shall not be immune under any doctrine of sovereign immunity from suit in Federal court by any person for any violation of Federal law by such agency or any officer or employee thereof*". (*See* 39 U.S.C. §409(e)(1) and 32 CFR § 750.23(b) which states "*any employee who commits an intentional tort is normally considered to be acting outside the scope of their employment*")

391.    An inspection of the record will show *none* of the claims raised by Plaintiff in the original proceeding were remotely "*with respect to any product which is reserved to the United States under section 1696 of title 18*".

392.    Moreover, in the interest and for the benefit of the general public, Plaintiff is filing this action and suing *all* Defendants pursuant to Rule 17(a)(2) *Action in the Name of the United States for Another's Use or Benefit*. Clearly, the Defendants, who are Federal employees that did acts in furtherance of the conspiracy that *defrauded* the U.S. Courts, including the *unlawful* representation of Defendant USPS in its status of "*a legal entity separate from the United States itself*", violated the waste and abuse laws that govern Federal employees. This waste included Federal resources and taxpayers dollars, spanned for nearly 11 years and occurred in this EDPA, the Federal Circuit, DC Circuit, and the U.S. Supreme Court.

393.    Unless this Court decides otherwise, Plaintiff asserts that the United States should *not* be held liable for the intentional torts committed by the Defendants. An inspection of the record

shows the Defendants knowingly and willfully did acts outside the scope of their statutory authority and Federal employment, in violation of the fraud and abuse laws that were enacted by their employer, this United States, to prevent such misconduct and to provide redress should it occur. Therefore, Plaintiff asserts he would *not* object to the United States joining as Co-Plaintiff in this action.

394.    Subsequently, these Federal agencies and employees named as Defendants in this action, must be sued in their individual capacities pursuant to 39 U.S.C. §409(e)(1), *inter alia*, with all immunities waived, including, but not limited to, the provisions of the FTCA. *And*, pursuant to 39 U.S.C. §409(g)(1),"*Notwithstanding any other provision of law, legal representation may not be furnished by the DOJ to the Postal Service* [or other Federal agency acting on behalf of or in concert with the Postal Service] *in any action, suit, or proceeding arising in whole or in part under...(d) or (e) of this section*". Plaintiff is suing the Defendants in part under subsection (d) & (e) of section 409, therefore legal representation may not be furnished by the DOJ to any of the Defendants. (*See* 39 U.S.C. §409(g)(1))

395.    In regards to an inspection of the record showing Plaintiff's constitutionally protected rights were violated by the Federal agencies and employees named as Defendants in this instant suit, who, under 39 U.S.C. §409(e)(1), shall be considered "persons", engaged in a conspiracy with Defendant PBI, a private actor and Defendant USPS in its status of a "private commercial enterprise" or "private actor"; this Court must decide whether redress is made under 42 U.S.C. §1983 & 1985(3) conspiracy or a Bivens action. Nevertheless, in either case, the provisions of 42 U.S.C. §1983 & 1985(3) conspiracy should apply. And/or, all Defendants shall be sued in their individual capacities.

396.    And while Plaintiff *does not* wish to argue the issue of Defendant **SLOMSKY's** "absolute immunity" from paying money damages for violating Plaintiff's constitutionally protected rights, Plaintiff seeks declaratory relief for such violations.

397.    However, Defendant SLOMSKY and/or **Law Clerk to-be-named** shall not be immune under any doctrine of sovereign immunity for his numerous acts in furtherance of the conspiracy that *defrauded* this Court, failure and refusal to correct his VOID judgments that were VOID *ab intitio*, acts outside of the office's Federal statutory authority, failure to report misconduct, *inter alia*.

398.    In regards to an inspection of the record showing Defendant **SLOMSKY** and/or **Law Clerk** to-be-named committed *intentional* torts, acts outside of his Federal statutory authority, acts in furtherance of the conspiracy that ***defrauded*** this Court and Plaintiff; the US Supreme Court recognized that, "*a Federal official who acted outside of his Federal statutory authority would be held strictly liable for his trespassory acts*". An inspection of the record shows, Defendant **SLOMSKY** and/or **Law Clerk** to-be-named *not only* acted outside of his Federal statutory authority, but knowingly and willfully violated the ***binding*** precedential rulings of his own home circuit, the Third Circuit; he knowingly` and willfully issued **VOID** Judgments, and created a conflict between the circuits—Third Circuit v. Federal Circuit, refused to self-recuse, failed and refused to correct his **VOID** judgments, continually obstructed Plaintiff's pursuit of justice, *inter alia*.

399.    As with all Federal agencies and employees named as Defendants in this instant suit, including Defendant **SLOMSKY** and/or **Law Clerk** to-be-named, it is well settled law that, "*the official would **not** be excused or immune from liability if **he failed to observe obvious statutory or constitutional limitations on his powers***".

400.    Therefore, Plaintiff will rely on this Court's ruling or the Jury's verdict regarding monetary redress from Defendant **SLOMSKY** and/or Law Clerk for his acts outside of his Federal statutory authority.

401.    As determined by the Third Circuit in Herring v. U.S., "*In order to meet the necessary demanding standard for proof of fraud upon the court we conclude there must be: 1) an intentional fraud; 2) by an officer of the court; 3) which is directed at the court itself; and 4) in fact deceives the court. We further conclude that a determination of fraud on the court may be justified by "the most egregious misconduct directed at the court itself," and that it "must be supported by clear, unequivocal and convincing evidence*." An inspection of the record will show numerous acts that *meet the necessary demanding standard for proof of fraud upon the court.* Therefore, based on the evidence entered into the record by the Defendants themselves, and the fact that *neither* "fraud" *nor* VOID judgments can gain any legitimacy, the judge to whom this action is assigned must conclude that the Defendants' acts meet and surpass the Third Circuit's necessary demanding standard for proof of "fraud upon the Court". An inspection of

the record provides clear, unequivocal and convincing evidence that the Defendants committed the most egregious misconduct directed at the Court itself.

402.    Fraud upon the court is committed when a representative or officer of the court — **_lawyers_**, **_judges_**, **_administrators_** — fraudulently present facts to the court that interfere with a just and equitable decision making process. This is an extremely serious crime, and so in dire opposition to the definition of justice that this crime **is not subject to any statute of limitation**.

403.    The 7th Circuit stated, "*a decision produced by fraud upon the court is not in essence a decision at all, and never becomes final*." `

404.    In <u>Bullock v. United States</u>, 763F.2d 1115, 1121 (10th Cir. 1985) the court stated, "*Fraud upon the court is fraud which is directed to the judicial machinery itself... It is where the court or a member is corrupted or influenced or influence is attempted or where a judge has not performed his judicial function--- thus where the impartial functions of the court have been directly corrupted*." It is deliberately intended to influence the system and the judge and the impartial rendering of a judgment. In other words, the just functioning of this Court has been corrupted by the listed Officers' of the Court and Clients' fraud upon the court. The doctrine of *res judicata <u>does not</u>* bar a Rule 60(b)(4), (5), or (6) motion and/or a (d)(3) motion for fraud upon the court.

405.    "<u>A person or group who elects to **_defraud_** a court by false testimony and material misrepresentations is deemed to know that such a bold fraud might very well be discovered</u>." An inspection of the record will show the **DEFENDANTS** were given numerous opportunities to correct or report their misconduct, however their numerous entries into the record shall be deemed as evidence of their refusal to do so, and *judicial admissions* to their deliberate indifference to the consequences.

406.    Plaintiff *<u>does not</u>* consider this Court an adversary; in this proceeding Plaintiff's only "*adversaries*" are and should be the individual officers of this Court and Clients who are named as Defendants, and who the record shows are responsible for *pro se* Plaintiff's horrific learning experience that officers of this Court would violate the law and ***defraud*** this Court of its jurisdiction to cloak the misdeeds of colleagues. Therefore, an inspection of the record of EDPA 2:11-cv-07303 should not be considered a detriment to this Court, as with the law, it may only be considered a detriment to adversaries of justice.

407.    Finally, contrary to Defendant **LEWIS** and the **BLANK ROME** Defendants' desperate attempt to vilify Plaintiff *pro se* in the PBI Defendant's Response to Plaintiff's Motion for Relief Pursuant to Rule 60(b)(4), Doc. No. 97, Plaintiff did not "*manipulate*" his *pro se* status in bringing this independent action. It is a direct attack on Defendant **SLOMSKY's VOID** Judgments; *all* acts by *all* Defendants were in furtherance of the conspiracy that *defrauded* this Court and deprived Plaintiff of his rights; and, their *inter alia* violations and acts that were not in accordance with law. This action is brought in accordance with law.

## IV.    CAUSES OF ACTION

### COUNT I: FIRST CLAIM FOR RELIEF
### FAILURE TO ACT IN ACCORDANCE WITH DUE PROCESS LAW
### ISSUANCE OF VOID JUDGMENTS PRODUCED BY FRAUD
### Federal Rules of Civil Procedure 60(b)(4), (d)(1)
### (Relief from VOID Judgments)
### (Against Defendant SLOMSKY and/or LAW CLERK)

408.    **PLAINTIFF** hereby re-alleges and incorporates by reference each and every averment and allegation contained above as if fully set forth in detail herein.

409.    The "crux" of **COUNT I**: Plaintiff demands Declaratory Relief declaring that: 1) *all* of **Defendant SLOMSKY's** judgments were **VOID** *ab intitio*; and 2) the entire proceeding was vitiated as the result of Defendant SLOMSKY's deprivation of this Court's jurisdiction and Plaintiff's federally protected Constitutional Rights.

410.    **Defendant SLOMSKY** is a Federal judge for the Eastern District of Pennsylvania authorized under the color of Federal law who presided over EDPA Case No. 2:11-cv-07303, FREDERICK FOSTER v. PITNEY BOWES, INC. and UNITED STATES POSTAL SERVICE.

411.    The record shows that, in the original proceeding, **Defendant SLOMSKY** and/or **Law Clerk** failed to act in accordance with law, issued judgments that were produced by fraud, deprived this Court of jurisdiction and deprived Plaintiff of his due process rights when he issued his Opinion and Order, Doc. Nos. 31 & 32, that DISMISSED Plaintiff's claims against **Defendant USPS** pursuant to Rule 12(b)(1) and ruled this Court lacked subject matter jurisdiction over Plaintiff's common law damages claims that arose from intentional torts, acts outside the scope of **Defendant USPS's** Federal employment.

412. The record shows **Defendant SLOMSKY** and/or **Law Clerk** was put on notice that the Opinion and Order , Doc. Nos. 31 & 32, was not in accordance with law, including, but not limited to, the ***binding*** precedential rulings of his home Circuit, the Third Circuit in <u>Licata</u> who ruled that Congress gave **Defendant USPS** the status of a "private commercial enterprise" included a "sue and be sued" clause in its charter wherein it could be sued for intentional torts, acts outside the scope of its Federal employment, as a "person", in its official name, in the Federal district court by any person.

413. The record shows, at all times relevant, this Court had ***exclusive*** jurisdiction over ***all*** of Plaintiff's claims against ***all*** defendants in original proceeding, including **Defendant USPS**. Additionally, an inspection of the record shows this Court had original, and if needed, supplemental jurisdiction over ***all*** of Plaintiff's claims.

414. Therefore, **Defendant SLOMSKY's** and/or **Law Clerk's** Opinion and Order, Doc. Nos. 31 & 32, that DISMISSED Plaintiff's claims against **Defendant USPS** pursuant to FRCP Rule 12(b)(1), are **VOID** *ab intitio*.

WHEREFORE, Plaintiff demands judgment against **Defendant SLOMSKY** and/or **Law Clerk** consisting of direct and consequential damages in the form of Declaratory Relief declaring that: 1) ***all*** of **Defendant SLOMSKY's** and/or **Law Clerk's** judgments and orders made in EDPA 2:11-cv-07303 are **VOID** *ab intitio*, 2) the entire case was vitiated pursuant to FRCP Rule 60(b)(4) by **Defendant SLOMSKY's** and/or **Law Clerk's** failure to act in accordance with due process law.

**COUNT II: SECOND CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERALLY PROTECTED CONSTITUTIONAL RIGHTS**
**FRAUD UPON THE COURT**
**Federal Rules of Civil Procedure 60(b)(4), (d)(1), & (d)(3)**
**(Relief from VOID Judgments, Independent Action for "Fraud Upon the Court")**
**(Against Defendant SLOMSKY and/or Law Clerk)**

415. **PLAINTIFF** hereby re-alleges and incorporates by reference each and every averment and allegation contained above as if fully set forth in detail herein.

416. The "crux" of **COUNT II**: Plaintiff demands relief for **Defendant SLOMSKY's** and/or **Law Clerk's** acts outside of his Federal statutory authority and acts in furtherance of the conspiracy that ***defrauded*** this Court, including: 1) knowingly issuing judgments that were

**VOID** *ab intitio* for failing to act in accordance with due process law in the original proceeding and being produced by *fraud*; 2) depriving this Court of jurisdiction; 3) depriving Plaintiff of his federally protected Constitutional Rights; 4) failing and refusing to correct the **VOID** judgments; 5) failing and refusing to self-recuse in violation of 28 U.S.C. §455 and in conflict of interest with Plaintiff's Open Challenge of his Public Oath under Canon 3228-3; 6) violating the ***binding*** precedential rulings of the home circuit, the Third Circuit in <u>Licata</u>; 7) acting in concert and on the behalf of Defendant USPS; 8) creating a circuit conflict <u>Third Circuit v. Federal Circuit</u>.

417.  Since an inspection of the record shows, in the original proceeding, **Defendant SLOMSKY** acted on the behalf of and in concert with **Defendant USPS** in its non-sovereign status of a "person" or "*a legal entity separate from the United States itself*" under 39 U.S.C. §409(d)(1) with respect to Plaintiff's product or trade secrets and claims which are *not* reserved to the United States under section 1696 of title 18, **Defendant SLOMSKY's** and/or **Law Clerk's** intentional acts shall be adjudicated pursuant to 39 U.S.C. §409(e)(1).

WHEREFORE, Plaintiff demands judgment against **Defendants SLOMSKY** and/or Law Clerk consisting of direct and/or consequential damages in an amount in excess of $150,000 and such other, further direct and/or consequential damages as are known or may become known during discovery or at trial. Plaintiff demands relief in the form of punitive damages against these **Defendants** for their "callous indifference to the federally protected rights of others."

*"The purpose of punitive damages is to punish the defendant for his willful or malicious conduct and to deter others from similar behavior." Memphis Community School Dist. v. Stachura, 477 U.S. 299, 306 n.9 (1986). "A jury may be permitted to assess punitive damages in an action under § 1983, Bivens action, when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). "While the Smith Court determined that it was unnecessary to show actual malice to qualify for a punitive award . . . , its intent standard, at a minimum, required recklessness in its subjective form. The Court referred to a 'subjective consciousness' of a risk of injury or illegality and a '"criminal indifference to civil obligations." "Kolstad v. American Dental Ass'n, 527 U.S. 526, 536 (1999) (discussing Smith in the context of a Title VII case)"*

Plaintiff also demands relief in the form of Declaratory Relief declaring that: 1) **_all_** of **Defendant SLOMSKY's** and/or **Law Clerk's** judgments and orders made in EDPA 2:11-cv-07303 are **VOID** *ab intitio*, 2) the entire case was vitiated pursuant to FRCP Rules 60(b)(4) and (d)(3) by **Defendant SLOMSKY's** and/or **Law Clerk's** failure to act in accordance with due process law in the original proceeding and issuing judgments that were produced by *fraud*.

**COUNT III: THIRD CLAIM FOR RELIEF**
**FRAUD UPON THE COURT/OBSTRUCTION OF JUSTICE**
**18 U.S.C. §1505, 28 U.S.C. §455 Federal Rules of Civil Procedure 60(d)(3)**
**(Obstructing Justice from Separate Judge, Conspiracy that *Defrauded* the Court)**
**(Against DEFENDANT SLOMSKY and/or LAW CLERK)**

418.    **PLAINTIFF** hereby re-alleges and incorporates by reference each and every averment and allegation contained above as if fully set forth in detail herein.

419.    The "crux" of **COUNT III**: Plaintiff demands relief for **Defendant SLOMSKY's** and/or **Law Clerk's** Obstruction of Justice and warring against Plaintiff's Constitutional Rights by preventing or obstructing a separate judge of this Court from inspecting the record of the case.

420.    The record shows **Defendant SLOMSKY** had **lost all subject matter jurisdiction** over EDPA 2:11-cv-07303 for committing acts outside of his Federal statutory authority and acts in furtherance of the conspiracy that **defrauded** this Court, including: 1) knowingly issuing judgments that were **VOID** *ab intitio* for failure to act in accordance with due process law in the original proceeding and being produced by *fraud*; 2) depriving this Court of jurisdiction; 3) depriving Plaintiff of his federally protected Constitutional Rights; 4) failing and refusing to correct the **VOID** judgments; 5) violating the **_binding_** precedential rulings of his home circuit, the Third Circuit; 6) acting in concert and on the behalf of **Defendant USPS**; *inter alia* reasons.

421.    Therefore, any subsequent order issued by **Defendant SLOMSKY** and/or **Law Clerk** that either failed to correct or attempted to justify his **VOID** orders would also be **VOID** and of no legal effect.

422.    Despite the fact that **Defendant SLOMSKY** had lost all subject matter jurisdiction over the case, Plaintiff pro se did not want to extend his dispute beyond Defendants USPS and PBI. Plaintiff believed that every day spent in litigation is another day that the Nation's Internet or digital mails remain unprotected.

423.    On February 14, 2020, Plaintiff *pro se* sent a "Letter to Judge Slomsky and Chambers" via certified mail of which was docketed as Doc. No. 104. Plaintiff's "Letter to Judge Slomsky and Chambers" humbly requested that **Defendant SLOMSKY** recused himself under 28 USC §455 and informed **Defendant SLOMSKY** *all* of his judgments and orders were **VOID** *ab intitio*. By all accounts, **Defendant SLOMSKY** had unequivocally lost all subject matter over EDPA 2:11-cv-07303. Therefore, Plaintiff's "Letter" requested that **Defendant SLOMSKY** respond within ten (10) days, or Plaintiff would be forced to take further action.  (*See* Plaintiff's "Letter to Judge Slomsky and Chambers", Doc. No. 104)

424.    On February 21, 2020, seven (7) days after Plaintiff's February 14th "Letter", **Defendant SLOMSKY** and/or **Law Clerk** issued his **VOID** Order, Doc. No. 105 that DENIED Plaintiff's request that he recused himself. Instead, the record shows **Defendant SLOMSKY's** and/or **Law Clerk's** Order was another attempt to justify their **VOID** judgments by intentionally misrepresenting Plaintiff's claims. Therefore Order Doc. No. 105 was also **VOID** *ab intitio*.

425.    Additionally, the Order, Doc. No. 105 made the misrepresentations that, "*Once again, he claims that Defendants committed fraud upon the Court by misrepresenting in their filings that the Court lacked subject-matter jurisdiction over one of Plaintiff's claims*". When a review of the record shows in the DISMISSAL Order, Doc. No. 31, **Defendant SLOMSKY** and/or **Law Clerk** *did not* dismiss *one*, but *all* of Plaintiff's claims against Defendant USPS pursuant to Rule 12(b)(1) and at all time relevant, including the time of Plaintiff's Motion for Relief, Doc. No. 94, Plaintiff showed that *all* of **Defendant SLOMSKY's** and/or **Law Clerk's** judgments were **VOID** *ab intitio*.

426.    **Defendant SLOMSKY's** and/or **Law Clerk's** Order, Doc. No. 105, stated, "*On February 14, 2020, pro se Plaintiff Frederick Foster filed a Letter requesting that this Court recuse itself from this case. (Doc. No. 104.)*"  Again, **Defendant SLOMSKY** and/or **Law Clerk** attempted to defraud the Court and deprive Plaintiff of his rights as an inspection of the record shows, Plaintiff's request and the appropriate action was for **Defendant SLOMSKY** to recuse himself, not the Court.

427.    On June 26, 2020, Plaintiff filed a Motion for Disqualification of Judge Slomsky for Fraud Upon the Court by Judge Slomsky. Plaintiff's Motion for Disqualification alleged that the

record showed **Defendant SLOMSKY** did acts in furtherance of the conspiracy that deprived this Court of jurisdiction, deprived Plaintiff of his rights and committed fraud upon the Court.

428. In light of **Defendant SLOMSKY's** and/or **Law Clerk's** numerous acts outside of his Federal statutory authority and continued failure and refusal to act in accordance with law, Plaintiff's Motion for Disqualification declared an Open Challenge of **Defendant SLOMSKY's Public Oath** in accordance with Canon 3228 Presumption #3 which required that, "*If challenged, such individuals must recuse themselves as having a conflict of interest...*" Plaintiff's Motion requested that the matter was reviewed by a separate judge within the District Court for the EDPA. (*See* Plaintiff's Motion for Disqualification EDPA 2:11-cv-7303 Doc. No. 107)

429. On October 9, 2020, four months later, **Defendant SLOMSKY** and/or **Law Clerk** entered **VOID** Order Doc. No. 109, that DENIED Plaintiff's Motion for Disqualification. **Defendant SLOMSKY's** and/or **Law Clerk's VOID** Order Doc. No. 109 stated, "*Plaintiff's Motions will be denied for reasons stated in this Court's Order (Doc. No. 105), dated February 21, 2020*".

430. The record shows, **Defendant SLOMSKY's** and/or **Law Clerk's** Order, Doc. No. 105 raised issues that attempted to justify the previous **VOID** Orders, therefore both Orders, Doc. Nos. 105 and 109 are **VOID** *ab intitio* and were issued after **Defendant SLOMSKY** had lost all subject matter jurisdiction over the case.

431. The record shows, by denying Plaintiff's "Letter" that requested **Defendant SLOMSKY** to self-recuse pursuant to 28 U.S.C. §455 and Plaintiff's Motion for Disqualification that openly challenged his Public Oath, **Defendant SLOMSKY** and/or **Law Clerk** obstructed or prevented a separate judge from reviewing the record. Such acts constitute obstruction of justice in violation of 18 U.S.C. §1505.

WHEREFORE, Plaintiff demands judgment against **Defendants SLOMSKY** and/or **Law Clerk** consisting of direct and/or consequential damages in an amount in excess of $150,000 and such other, further direct and/or consequential damages as are known or may become known during discovery or at trial. Plaintiff demands relief in the form of punitive damages against these **Defendants** for their "callous indifference to the federally protected rights of others."

*"The purpose of punitive damages is to punish the defendant for his willful or malicious conduct and to deter others from similar behavior." Memphis Community School Dist. v. Stachura, 477 U.S. 299, 306 n.9 (1986). "A jury may be permitted to assess punitive damages in an action under § 1983, Bivens action, when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). "While the Smith Court determined that it was unnecessary to show actual malice to qualify for a punitive award . . . , its intent standard, at a minimum, required recklessness in its subjective form. The Court referred to a 'subjective consciousness' of a risk of injury or illegality and a '"criminal indifference to civil obligations." "Kolstad v. American Dental Ass'n, 527 U.S. 526, 536 (1999) (discussing Smith in the context of a Title VII case)"*

Plaintiff also demands relief in the form of Declaratory Relief declaring that: 1) **_all_** of **Defendant SLOMSKY's** and/or **Law Clerk's** judgments and orders made in EDPA 2:11-cv-07303 are **VOID** *ab intitio*, 2) the entire case was vitiated pursuant to FRCP Rules 60(b)(4) and (d)(3) by **Defendant SLOMSKY's** and/or **Law Clerk's** failure to act in accordance with due process and issuing and refusing to correct judgments that were produced by *fraud*.

## COUNT IV: FORTH CLAIM FOR RELIEF
## FAILURE TO ACT IN ACCORDANCE WITH LAW/FRAUD UPON THE COURT
### Unlawful Entry of Appearance and Unlawful Legal Representation
### (39 U.S.C. §409(g)(1), 28 U.S.C. §547, Conspiracy to *Defraud* the Court)
### (Against Defendants CASTORINA, USPS, PBI, BLANK ROME and the DOJ Defendants)

432.    **PLAINTIFF** hereby re-alleges and incorporates by reference each and every averment and allegation contained above as if fully set forth in detail herein.

433.    The "crux" of **COUNT IV**: Plaintiff demands relief for the **DOJ Defendants'** numerous acts of "fraud upon the Court", including, but not limited to: 1) *unlawful* "Entry of Appearance"; 2) *unlawful* furnishing of legal representation to **Defendant USPS**; 3) *unlawful* entries into the Court's record on the behalf of **Defendant USPS**; 4) *fraudulent* misrepresentations of law; 5) material misrepresentations to the Court; 6) deprivation of the Court's jurisdiction; 7) deprivation of Plaintiff's Constitutional Rights; *inter alia*.

434.    The record shows, in violation of 39 U.S.C. §409(g)(1), 28 U.S.C. §547, *inter alia*, the **DOJ Defendants** initiated the conspiracy and did acts in furtherance of said conspiracy that

*defrauded* the Court and vitiated the entire proceeding by unlawfully providing legal representation to **Defendant USPS** in acts *not* in connection with duties performed on the United States behalf. And, the record shows **Defendants CASTORINA**, **USPS**, **PBI** and the **BLANK ROME Defendants** were fully engaged in said violations, *fraud*, and conspiracy.

435.    An inspection of the record shows, at all times relevant herein, **Defendants DOJ, USAO for the EDPA, MEMEGER, DAVID, GIVHAN, HUTCHINSON, SWAIN, and JONES III,** *et al*, ("**DOJ Defendants**") were U.S. Department of Justice attorneys who entered their appearance into EDPA Case No. 2:11-cv-07303 on the behalf of **Defendant USPS**. Plaintiff's suit arose from *intentional* torts, unfair competition, misrepresentation/fraud, and were therefore, in whole under 39 U.S.C. §409(d)(1), which provides that, for *intentional* torts, acts outside the scope of its Federal employment, the Postal Service, **Defendant USPS** shall be considered a "person" or a "*private commercial enterprise*", "*a legal entity separate from the United States itself*" and "*shall not be immune under any doctrine of sovereign immunity from suit in Federal court by any person*".

436.    An inspection of the record of EDPA 2:11-cv-07303 shows, Plaintiff intentionally did *not* name the United States as a defendant. By law, the United States was *not* liable for **Defendant USPS's** *intentional* torts, acts that were outside the scope of its Federal employment, in its status of a person or a private commercial enterprise. And, *neither* did **Defendant SLOMSKY** *nor* the **DOJ Defendants** join the United States as a defendant liable for said acts. Therefore, the **DOJ Defendants'** "Entry of Appearance" and representation of **Defendant USPS** was *not* on the behalf of the United States, they did *not* act in accordance with law, and did *not* perform the Duties of the United States Attorney as prescribed by 28 U.S.C. §547:  *(1) prosecute criminal cases brought by the federal government, (2) prosecute or defend civil cases where the United States is a party, and* [or] *(3) collect debts owed to the federal government when administrative agencies are unable to do so*. (*See* 28 U.S.C. §547)

437.    An inspection of the record shows, at all times relevant herein, the **DOJ Defendants'** "Entry of Appearance" and legal representation of **Defendant USPS**, in a suit that arose under 39 U.S.C. §409(d), for acts outside the scope of **Defendant USPS's** Federal employment, were violations of statutory and common law, including, but not limited to, 28 U.S.C. §547 and 39 U.S.C. §409(g)(1) which expressly states, "*Notwithstanding any other provision of law, legal*

*representation may not be furnished by the Department Of Justice to the Postal Service in any action, suit, or proceeding arising in whole or in part under...Subsection (d) or (e) of this section.*" An inspection of the record shows Plaintiff's claims against **Defendant USPS** arose under §409(d)(1), *inter alia*, which is Subsection (d) of section 409.

438.   Therefore, the **DOJ Defendants'** "Entry of Appearance" and furnishing legal representation to **Defendant USPS** in EDPA 2:11-cv-07303 was *unlawful*, material misrepresentations to the Court which constitutes "**fraud upon the Court**", *fraudulent* misrepresentations of law, and acts in furtherance of the conspiracy that deprived this Court of jurisdiction and Plaintiff of his federally protected Constitutional rights.

439.   An inspection of the record shows, *all* **Defendants** in this instant case were put on notice that the **DOJ Defendants'** "Entry of Appearance" and furnishing legal representation to **Defendant USPS** in EDPA Case No. 2:11-cv-07303 was *unlawful*, violated 28 U.S.C. §547 and 39 U.S.C. §409(g)(1), were material misrepresentations to the Court which constituted "**fraud upon the Court**", *fraudulent* misrepresentations of law, and were acts in furtherance of the conspiracy that deprived this Court of jurisdiction and Plaintiff of his federally protected Constitutional rights, *inter alia*.

440.   An inspection of the record shows, **Defendants CASTORINA, BLANK ROME, USPS, and PBI** acquiesced, endorsed and engaged in the **DOJ Defendants'** *unlawful* "Entry of Appearance" and *unlawful* furnishing of legal representation to **Defendant USPS.** Therefore, *all* **Defendants'**, *et al*, actions and inactions, including failure to report misconduct, were *unlawful* and acts in furtherance of the conspiracy that *defrauded* this Court and deprived Plaintiff of his federally protected Constitutional rights, *inter alia*.

441.   The aforementioned acts were intentional and were not the result of the exercise of discretion as **Defendants USPS**, **CASTORINA**, and the **DOJ Defendants**, are *not* vested with discretion to contravene federal statutory and common law, including, but not limited to, 39 U.S.C. §§409(d), 409(g)(1), 28 U.S.C. §547, the *binding* precedents of the Third Circuit, DC Circuit precedents, *inter alia*.

442.   An inspection of the record shows, *all* Federal employees and agencies who are **Defendants** in this action acted on the behalf of and in concert with **Defendant USPS** and are therefore liable pursuant to 39 U.S.C. §409(e)(1) which states in pertinent part, "*To the extent*

*that the Postal Service or other Federal agency acting on the behalf of or in concert with the Postal Service, engages in conduct with respect to any product which is not reserved to the United States under section 1696 of title 18, the Postal Service or other Federal agency (as the case may be) shall not be immune under any doctrine of sovereign immunity from suit in Federal court by any person for any violation of Federal law by such agency or any officer or employee thereof and shall be considered a person*".

443.    An inspection of the record shows, at all times relevant herein, **Defendants CASTORINA's, BLANK ROME's, USPS's, PBI's** and the **DOJ Defendants'** *mens rea* was *intentional* and *purposeful* with deliberate indifference to the consequences.

444.    And, as the result of **Defendant, USPS's, CASTORINA's, BLANK ROME's** and the **DOJ Defendants'** acts in the conspiracy that *defrauded* this Court, the entire proceeding was vitiated. Therefore, as consequence to **Defendants USPS's,** and **CASTORINA's** endorsement and engagement in the **DOJ Defendants'** *unlawful* "Entry of Appearance and *unlawful* legal representation, *intentional* torturous acts against Plaintiff, acts outside the scope of its Federal employment and authority, acts in furtherance of the conspiracy that *defrauded* this Court, acts on the behalf of the Postal Service in its status of a person; pursuant to 39 U.S.C. §409(e)(1), **Defendant USPS, CASTORINA**, and the **DOJ Defendants** shall be considered a person and shall not be immune under any doctrine of sovereign immunity from liability for any such violation of Federal law.

WHEREFORE, Plaintiff demands judgment against **Defendants CASTORINA**, **USPS** and the **DOJ Defendants** consisting of direct and/or consequential damages in an amount in excess of $150,000 and such other, further direct and/or consequential damages as are known or may become known during discovery or at trial. Plaintiff demands relief in the form of punitive damages against these **Defendants** for their "callous indifference to the federally protected rights of others." (*See* Smith v. Wade, 461 U.S. 30, 56 (1983)

"*The purpose of punitive damages is to punish the defendant for his willful or malicious conduct and to deter others from similar behavior.*" Memphis Community School Dist. v. Stachura, *477 U.S. 299, 306 n.9 (1986). "A jury may be permitted to assess punitive damages in an action under § 1983, Bivens action, when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected*

*rights of others.*" *Smith v. Wade, 461 U.S. 30, 56 (1983).* "*While the Smith Court determined that it was unnecessary to show actual malice to qualify for a punitive award . . . , its intent standard, at a minimum, required recklessness in its subjective form. The Court referred to a 'subjective consciousness' of a risk of injury or illegality and a '"criminal indifference to civil obligations." "Kolstad v. American Dental Ass'n, 527 U.S. 526, 536 (1999) (discussing Smith in the context of a Title VII case)*"

Plaintiff also demands relief in the form of Declaratory Relief declaring that **_all_** of **Defendant SLOMSKY's** judgments and orders made in EDPA 2:11-cv-07303 are **VOID** *ab intitio*, and the **DOJ Defendants'** 1) "Entry of Appearance", 2) legal representation, were *fraudulent* misrepresentations of law and material misrepresentations to the Court which constitutes "fraud upon the Court".

## COUNT V: FIFTH CLAIM FOR RELIEF
## FAILURE TO ACT IN ACCORDANCE WITH LAW/FRAUD UPON THE COURT
### Unlawful Entry of Appearance and Unlawful Legal Representation
### (39 U.S.C. §409(g)(1), 28 U.S.C. §547, Conspiracy to *Defraud* the Court)
### (Against Defendants SLOMSKY and/or LAW CLERK)

445.    **PLAINTIFF** hereby re-alleges and incorporates by reference each and every averment and allegation contained above as if fully set forth in detail herein.

446.    The "crux" of **COUNT V**: Plaintiff demands relief for **Defendant SLOMKY's** and/or **LAW CLERK's** endorsement, allowance, and engagement in the **DOJ Defendants'** *unlawful* "Entry of Appearance", *unlawful* entries into the record, *fraudulent* misrepresentations of law and material misrepresentations to the Court.

447.    The record shows, in violation of 39 U.S.C. §409(g)(1), 28 U.S.C. §547, *inter alia*, the **DOJ Defendants** initiated the conspiracy and did acts in furtherance of said conspiracy that *defrauded* the Court, deprived Plaintiff of his Constitutional Rights and vitiated the entire proceeding by unlawfully providing legal representation to **Defendant USPS** in acts _not_ in connection with duties performed on the United States behalf. And, the record shows **Defendants SLOMSKY** and/or **LAW CLERK** were fully engaged in said violations, *fraud*, and conspiracy.

448.     An inspection of the record shows, **Defendants SLOMSKY** and/or **LAW CLERK** were put on notice that the **DOJ Defendants'** "Entry of Appearance" and furnishing legal representation to **Defendant USPS** in EDPA Case No. 2:11-cv-07303 was *unlawful*, violated 28 U.S.C. §547 and 39 U.S.C. §409(g)(1), were material misrepresentations to the Court which constituted "**fraud upon the Court**", and were acts in furtherance of the conspiracy that deprived this Court of jurisdiction and Plaintiff of his federally protected Constitutional rights, *inter alia*.

449.     The aforementioned acts were intentional and were not the result of the exercise of discretion as **Defendant SLOMSKY** and/or **LAW CLERK** are *not* vested with discretion to contravene federal statutory and common law, including, but not limited to, 39 U.S.C. §§409(d), 409(g)(1), 28 U.S.C. §547, the ***binding*** precedents of the Third Circuit, DC Circuit precedents, *inter alia*.

450.     An inspection of the record shows, at all times relevant herein, **Defendant SLOMSKY**, a Federal judge for the Eastern District of Pennsylvania, and/or his **LAW CLERK**: 1) used the judge's office to provide special treatment for friends, the **DOJ Defendants**, the U.S. Attorney Office for the Eastern District of Pennsylvania; 2) treated **PLAINTIFF**, a *pro se* litigant, and his filings in a demonstrably hostile and egregious manner; 3) failed and refused to act in accordance with law; 4) failed and refused to consider *pro se* litigant's filings liberally as provided and required by law; 5) knowingly and willfully endorsed and engaged in the **DOJ Defendants'** *unlawful* "Entry of Appearance and *unlawful* legal representation of **Defendant USPS**; 6) issued **VOID** judgments that mirrored the **DOJ Defendants'** material misrepresentations to the Court and *fraudulent* misrepresentations of law.

451.     "***It is not judicial for a judge to commit an intentional tort even though the tort occurred in the courthouse***." Therefore, as consequence to **Defendant SLOMSKY's** endorsement and engagement in the **DOJ Defendants'** *unlawful* "Entry of Appearance and *unlawful* legal representation, *intentional* torturous acts against Plaintiff, acts outside the scope of his Federal employment and statutory authority, acts in furtherance of the conspiracy that *defrauded* this Court, acts on the behalf and in concert with **Defendant USPS**; pursuant to 39 U.S.C. §409(e)(1), **Defendant SLOMSKY** and/or **LAW CLERK** shall be considered a person and shall not be immune under any doctrine of sovereign immunity from liability for any such

violation of Federal law.  And, as the result of **Defendant SLOMKY's** and/or **LAW CLERK's** failure and *refusal* to act in accordance with law, pursuant to Fed. Rules of Civ. Pro. 60(b)(4) and (d)(3), *inter alia*, **all** of Defendant **SLOMSKY's** Judgments are **VOID** *ab intitio*.

452.    An inspection of the record shows, at all times relevant herein, **Defendants SLOMSKY's** and/or **LAW CLERK's** *mens rea* was *intentional* and *purposeful* with deliberate indifference to the consequences.

WHEREFORE, Plaintiff demands judgment against **Defendants SLOMSKY**, **CASTORINA**, **USPS** and/or **LAW CLERK** consisting of direct and/or consequential damages in an amount in excess of $150,000 and such other, further direct and/or consequential damages as are known or may become known during discovery or at trial. Plaintiff demands relief in the form of punitive damages against these **Defendants** for their "callous indifference to the federally protected rights of others." (*See* <u>Smith v. Wade</u>, 461 U.S. 30, 56 (1983)

"*The purpose of punitive damages is to punish the defendant for his willful or malicious conduct and to deter others from similar behavior." Memphis Community School Dist. v. Stachura,  477 U.S. 299, 306 n.9 (1986). "A jury may be permitted to assess punitive damages in an action under § 1983, Bivens action, when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). "While the Smith Court determined that it was unnecessary to show actual malice to qualify for a punitive award . . . , its intent standard, at a minimum, required recklessness in its subjective form. The Court referred to a 'subjective consciousness' of a risk of injury or illegality and a '"criminal indifference to civil obligations."  "Kolstad v. American Dental Ass'n, 527 U.S. 526, 536 (1999) (discussing Smith in the context of a Title VII case)*"

Plaintiff also demands relief in the form of Declaratory Relief declaring that **<u>all</u>** of **Defendant SLOMSKY's** judgments and orders made in EDPA 2:11-cv-07303 are **VOID** *ab intitio*, and the **DOJ Defendants'** 1) "<u>Entry of Appearance</u>", 2) <u>legal representation</u>, were *fraudulent* misrepresentations of law and material misrepresentations to the Court which constitutes "fraud upon the Court".

## COUNT VI: SIXTH CLAIM FOR RELIEF
## FRAUD UPON THE COURT, CONSPIRACY TO DEPRIVE A PERSON OF RIGHTS

**Federal Rules of Civil Procedure 60(d)(3) FRAUD UPON THE COURT**
**(409(g)(1), 28 U.S.C. §547, 42 U.S.C. §1983 & 1985 Conspiracy /Bivens Action)**
**(Against Defendant USPS, CASTORINA, and the DOJ Defendants)**

453.   **PLAINTIFF** hereby re-alleges and incorporates by reference each and every averment and allegation contained above as if fully set forth in detail herein.

454.   The "crux" of **COUNT VI**: Plaintiff demands relief for: 1) Defendants **CASTORINA**'s, **USPS**'s, and the **DOJ Defendant's** *fraudulent* misrepresentations of law and material misrepresentations to the Court contained in the USPS Motion to Dismiss, EDPA 2:11-cv-07303 Doc. No. 14; *and*, 2) **Defendants CASTORINA**'s, **USPS**'s, and the **DOJ Defendants'** *fraudulent* misrepresentations of law and material misrepresentations to the Court which produced **Defendant SLOMSKY's** Opinion, Doc. No. 31, and Order, Doc. No. 32, thereby making **Defendant SLOMSKY's** Opinion and Order *fraudulent* and **VOID** *ab intitio*. Such *fraudulent* misrepresentations of law and material misrepresentations to the Court constitute "fraud upon the Court" and acts in furtherance of the conspiracy that deprived this Court of jurisdiction and Plaintiff of his federally protected Constitutional rights.

455.   A review of the USPS Motion to Dismiss, EDPA 2:11-cv-07303 Doc. No. 14 shows, this document was a *fraudulent* device comprised of *fraudulent* misrepresentations of law and material misrepresentations to this Court, "pieced together" by **Defendants USPS**, **CASTORINA**, and the **DOJ Defendants**. These **Defendants** *defrauded* this Court and deprived Plaintiff of his Constitutional rights with *inter alia* false statements, including "*This Court lacks subject matter jurisdiction to hear the claims in this action.*" (*See*  USPS Motion to Dismiss, EDPA 2:11-cv-07303 Doc. No. 14) When at *all* times relevant, this Court had *exclusive* jurisdiction over *all* of Plaintiff's claims, *all* of which arose from *intentional* torts, acts outside the scope of **Defendant USPS's** Federal employment.

456.   As determined and ruled against by the Third Circuit in Licata v. USPS, **Defendant USPS** and Counsel developed a pattern of *fraudulently* misrepresenting law by conflating sovereign immunity, subject matter jurisdiction, and cause of action to deprive the Court of jurisdiction and deprive a person of their statutory right to sue **Defendant USPS** in Federal court as provided by law, including 39 U.S.C. §§401, 409(a), & (d)(1), *inter alia*. An inspection of the record shows, in EDPA 2:11-cv-07303, **Defendants USPS**, **CASTORINA**, and the **DOJ**

**Defendants** conspired and carried out the very pattern of conflating sovereign immunity, jurisdiction, and valid cause of action that the Third Circuit ruled against. These **DEFENDANTS** engaged in and did acts in furtherance of a conspiracy; made *fraudulent* misrepresentation of law and material misrepresentations to the Court asserting that, with intentional tort claims that arise under 39 U.S.C. §§401 & 409(d)(1), acts outside the scope of **Defendant USPS's** Federal employment: 1) **Defendant USPS** was *still* entitled to sovereign immunity, 2) this Court lacked subject matter jurisdiction, 3) there was no valid cause of action, since, 4) the FTCA was applicable and "*preempts all other state and Federal law claims*". The provisions of law misrepresented by the **Defendants**, including the FTCA, are conditional and *strictly* apply to **Defendant USPS's** acts within the scope of its Federal employment, the transmission of the "mails". An inspection of the record shows, the provisions of law misrepresented by the Defendants *do not* apply to damages claims that arose under §409(d), from *intentional* torts, or any violation of law, acts outside the scope of **Defendant USPS's** Federal employment. An inspection of the record shows **Defendants USPS**, **CASTORINA**, and the **DOJ Defendants** entered said knowingly *fraudulent* misrepresentations of law and material misrepresentations to the Court to cloak **Defendant USPS's** *intentional* torts, acts outside the scope of its Federal employment, acts committed in its status of a "person" or "private commercial enterprise" and arose in whole or in part under §409(d).

457.    An inspection of the record shows, Plaintiff's Response to USPS's Motion to Dismiss, Doc. No. 20, put *all* **DEFENDANTS** on notice that **Defendants USPS**, **CASTORINA**, and the **DOJ Defendants** had made numerous material misrepresentations to the Court.

458.    An inspection of the record shows **Defendant SLOMSKY's** Opinion, Doc. No. 31, which contained the same *fraudulent* misrepresentations of law and material misrepresentations to the Court as the USPS Motion to Dismiss. Therefore, **Defendant SLOMSKY's** Opinion, Doc. No. 31, was produced by **Defendants USPS's**, **CASTORINA's**, and the **DOJ Defendants'** "fraud upon the Court" and is therefore *VOID*.

WHEREFORE, Plaintiff demands judgment against **Defendants CASTORINA**, **USPS** and the **DOJ Defendants** consisting of direct and/or consequential damages in an amount in excess of $150,000 and such other, further direct and/or consequential damages as are known or may become know during discovery or at trial.

*"The purpose of punitive damages is to punish the defendant for his willful or malicious conduct and to deter others from similar behavior." Memphis Community School Dist. v. Stachura,  477 U.S. 299, 306 n.9 (1986). "A jury may be permitted to assess punitive damages in an action under § 1983, Bivens action, when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). "While the Smith Court determined that it was unnecessary to show actual malice to qualify for a punitive award . . . , its intent standard, at a minimum, required recklessness in its subjective form. The Court referred to a 'subjective consciousness' of a risk of injury or illegality and a '"criminal indifference to civil obligations." "Kolstad v. American Dental Ass'n, 527 U.S. 526, 536 (1999) (discussing Smith in the context of a Title VII case)"*

Plaintiff also demands relief in the form of Declaratory Relief declaring that **_all_** of Defendant **SLOMSKY's** judgments and orders made in EDPA 2:11-cv-07303 are **VOID** *ab intitio*, and the USPS Motion to Dismiss entered into that record by **Defendants USPS**, **CASTORINA**, and the **DOJ Defendants** was a *fraudulent* document that contained *fraudulent* misrepresentations of law and material misrepresentations to the Court which constitutes "fraud upon the Court".

## COUNT VII: SEVENTH CLAIM FOR RELIEF
## CONSPIRACY TO DEFRAUD THE COURT & DEPRIVE A PERSON'S RIGHTS
### Federal Rules of Civil Procedure 60(b)(4) & (d)(3)
**(42 U.S.C. §1983 & 1985(3) Conspiracy/Bivens Action)**
**(Against Defendant SLOMSKY and/or LAW CLERK)**

459.   **PLAINTIFF** hereby re-alleges and incorporates by reference each and every averment and allegation contained above as if fully set forth in detail herein.

460.   The "crux" of **COUNT VII**: Plaintiff demands relief for **Defendant SLOMSKY's** and/or **LAW CLERK's** issuance of judgments that were **VOID** *ab intitio*, including: 1) July 23, 2012 OPINION, Doc. No. 31 and ORDER, Doc. No. 32, that GRANTED Defendant USPS's Motion to Dismiss; 2) October 9, 2012 ORDER, Doc. No. 42 that DENIED Plaintiff's Motion for Reconsideration; 3) February 7, 2013 ORDER, Doc. No. 50, that GRANTED Defendant PBI's Motion for Judgment on the Pleadings; 4) February 7, 2013 OPINION, Doc. No. 51, that GRANTED Defendant PBI's Motion for Judgment on the Pleadings; 5) February 12, 2013 ORDER, Doc. No. 52, that further GRANTED Defendant PBI's Motion for Judgment on the

Pleadings; 6) January 14, 2020 ORDER, Doc. No. 102, that DENIED Plaintiff's Emergency Rule 60(b)(4) Motion for Relief; 7) February 21, 2020 ORDER, Doc. No. 105, that DENIED Plaintiff's request that Defendant SLOMSKY recuse himself; 8) October 9, 2020 ORDER, Doc. No. 109, that DENIED Plaintiff's Motion for Disqualification; 9) *inter alia*, actions and Documents.

461.    An inspection of the record shows, **Defendant SLOMSKY's** and/or **LAW CLERK's** ORDER, Doc. No. 32, was an act in furtherance of the conspiracy that deprived the Court of jurisdiction and DISMISSED *all* of Plaintiff's claims against Defendant **USPS**, with prejudice, but was *not* in accordance with statutory and common law and was produced by fraud.

462.    An inspection of the OPINION, Doc. No. 31 shows **Defendant SLOMSKY** and/or **LAW CLERK**: 1) mirrored the material misrepresentations to the Court and *fraudulent* misrepresentations of law contained in **Defendant USPS's** *fraudulent* MTD, Doc. No. 14; 2) violated statutory and common law, including the ***binding*** precedents set by his home circuit, the Third Circuit in Licata; 3) *intentionally* made numerous inapposite citings regarding the PRC's and DC Circuit's jurisdiction over "rate and service" complaints and **Defendant USPS's** Federal employment, when *none* of Plaintiff's claims were remotely "rate and service" related, for *all* of Plaintiff's claims were for intentional torts, acts outside the scope of **Defendant USPS's** Federal employment;

463.    In a most egregious, deceptive attempt to deprive this Court of jurisdiction and Plaintiff of his rights, **Defendant SLOMSKY's** and/or **LAW CLERK's** OPINION stated, "*Plaintiff's claim of misrepresentation and fraud will be dismissed because the FTCA specifically prohibits a party from filing a claim of misrepresentation against the federal government. See 28 U.S.C. § 2680(h)*". An inspection of 28 U.S.C. §2680(h) shows, this law applies *exclusively* to Federal investigative or law enforcement officers when acting within the scope of their employment. §2680(h) unequivocally *does not* apply to **Defendant USPS**.

464.    An inspection of the record shows, *all* of **Defendant SLOMSKY's** and/or **LAW CLERK's** OPINIONS and ORDERS Doc. Nos. 31, 32, 42, 50, 51, 52, 102, 105, 109, *inter alia*, were: 1) acts in furtherance of the conspiracy that deprived the Court of jurisdiction and Plaintiff of his Constitutional rights; 2) acts outside of his Federal statutory authority; 3) acts in violation

of the *binding* precedents of the Third Circuit; 4) acts on the behalf and in concert with **Defendant USPS**, *inter alia*.

465. *All* of **Defendant SLOMSKY's** and/or **LAW CLERK's** OPINIONS and ORDERS attempted to justify **Defendants CASTORINA's**, **USPS's**, and the **DOJ Defendants'** *fraudulent* misrepresentations of law and material misrepresentations to the Court, contained in the **Defendant USPS's** MTD, Doc. No. 14, thereby making **Defendant SLOMSKY's** Opinions Orders and judgments *fraudulent* and **VOID** *ab intitio*.

466. The record shows, at all times relevant herein, **Defendant SLOMSKY's** and/or **LAW CLERK's** *mens rea* was *intentional* and *purposeful* in the deprivation of this Court's jurisdiction and **PLAINTIFF's** Constitutional and Federal Rights to due process.

467. The aforementioned acts were *intentional* and were *not* the result of the exercise of discretion as **Defendant SLOMSKY** is not vested with discretion to contravene federal statutory and common law, including, but not limited to 39 U.S.C. §§401(1), 409(d), 409(g)(1), 3662(a), 28 U.S.C. §547, Third Circuit and DC Circuit precedents, *inter alia*.

468. The record shows, with the issuance of their ORDERS and OPINIONS, Doc. Nos. 31 and 32 that DISMISSED *all* of Plaintiff's claims against **Defendant USPS** pursuant to FRCP Rule 12(b)(1) and Doc. No. 42, that DENIED Plaintiff's Motion for Reconsideration, *all* of which: 1) mirrored **Defendant USPS's** *fraudulent* assertion that the PRC and the DC Circuit had *any* jurisdiction over *any* of Plaintiff's claims; and, 2) violated statutory and common law, including Third Circuit *binding* precedents; **Defendant SLOMSKY** and/or **LAW CLERK** had *unequivocally* warred against the Constitution, committed intentional torts against this **COURT** and **PLAINTIFF**, including deprivation of this Court's jurisdiction, deprivation of Plaintiff's Constitutional Rights, *inter alia*.

469. However, after Plaintiff filed his Motion for Relief from a Judgment, Doc. No. 94, which requested **Defendant SLOMSKY** to take judicial notice of PRC Order No. 2460 that declared, "*the PRC has limited jurisdiction to hear rate and service complaints as prescribed by 39 U.S.C. §3662*", and the DC Circuit's Decision in Lopez that, "*The Court agrees that it does not have jurisdiction to decide the issue* [damages claims against **Defendant USPS** for intentional acts]. *See 28 U.S.C. 1346(b)(1) (establishing "exclusive jurisdiction" over certain civil claims against the US government in the district courts)*", "...*damages claim is not plainly*

*barred by the FTCA's postal exception*..." and "...*the Postal Service is not entitled to sovereign immunity for intentional* [acts or torts]"... **Defendant SLOMSKY** and/or **LAW CLERK** should have corrected their **VOID** judgments and should have ended their role in the conspiracy that *defrauded* this Court and Plaintiff.

470.    An inspection of the record shows Doc. Nos. 102, 105, 109, *inter alia*, issued by **Defendant SLOMSKY** and/or **LAW CLERK**, were *not only* acts in furtherance of the conspiracy that deprived the Court of jurisdiction and Plaintiff of his Constitutional rights, but, while **Defendants USPS's** and **PBI's** Responses (Doc. Nos. 96 & 97) failed to plead or otherwise against the allegations and evidence of "fraud upon the court" raised in Plaintiff's Motion (Doc. No. 94), **Defendant SLOMSKY** and/or **LAW CLERK** attempted to provide a defense for *all* **Defendants** including themselves.

471.    An inspection of the record shows Doc. Nos. 102, 105, 109, *inter alia*, issued by **Defendant SLOMSKY** and/or **LAW CLERK** constituted additional intentional torts to Plaintiff and further acts of "fraud upon the court" by attempting to justify their **VOID** judgments which were not in accordance with law and were produced by **Defendant USPS's** fraud, thereby making Doc. Nos. 102, 105, 109, *inter alia*, **VOID** *ab intitio* and additional acts of *fraud*.

472.    An inspection of Doc. Nos. 102, 105, 109, *inter alia*, issued by **Defendant SLOMSKY** and/or **LAW CLERK** and the culmination of: 1) failing and refusing to take judicial notice of the DC Circuit precedents in Lopez and PRC Order 2460; 2) failing and refusing to correct their judgments that were **VOID** *ab intitio*; 3) failing and refusing to self-recuse; 4) preventing or obstructing the record from being inspected by a separate judge; 5) failing and refusing to hold **Defendants USPS and PBI** in default for failure to plead or otherwise defend against the allegations and evidence of "fraud upon the court", raised in Plaintiff's Motion, Doc. No. 94, shows, while  **Defendants USPS and PBI** failed to fairly respond to the allegations of "fraud upon the court" **Defendant SLOMSKY** and/or **LAW CLERK**, on their own accord, did acts in furtherance of the conspiracy that *defrauded* the Court and deprived Plaintiff of his rights.

473.    An inspection of Doc. Nos. 102, 105, 109, *inter alia*, issued by **Defendant SLOMSKY** and/or **LAW CLERK** shows, **Defendant SLOMSKY** and/or **LAW CLERK** were

not only fully engaged in said conspiracy, but they attempted to provide a cloak for ***all* DEFENDANTS'** misconduct.

474.    32 CFR § 750.23(b) Definitions—Intentional torts, states: "*any employee who commits an **intentional tort** is normally considered to be **acting outside the scope of their employment**". And, the U.S. Supreme Court held that, "**It is not judicial for a judge to commit an intentional tort even though the tort occurred in the courthouse. When a judge acts as a trespasser of the law, when a judge does not follow the law the judge loses subject-matter jurisdiction and the judge's orders are void, of no legal force or effect**." "*a Federal official who acted outside of his Federal statutory authority would be held strictly liable for his trespassory acts*". "*the official would **not** be excused or immune from liability if **he failed to observe obvious statutory or constitutional limitations on his powers**".

475.    Clearly, **Defendant SLOMSKY's** and/or **LAW CLERK's** acts in furtherance of the conspiracy that *defrauded* this Court and deprived Plaintiff of his due process rights were intentional torts and *not* judicial acts. These Defendants trespassed and did not follow the law, lost subject-matter jurisdiction over the case. Therefore, no further Orders depriving this Court of jurisdiction and Plaintiff of his rights should have been issued by **Defendant SLOMSKY** and/or **LAW CLERK**. The only lawful, permissible entry that should have been made by **Defendant SLOMSKY** and/or **LAW CLERK** is one that invoked corrective measures.

476.    An inspection of the record shows, after issuing **VOID** Orders, Doc. Nos. 31, 32, & 42, and having created a conflict between the Third Circuit and the Federal Circuit, Plaintiff Motions and "Letter", Doc. Nos. 94, 104, & 106 afforded **Defendant SLOMSKY** and/or **LAW CLERK** several opportunities to reverse their decisions and invoke corrective measures. Instead, **Defendant SLOMSKY** and/or **LAW CLERK**, on their own accord, issued Doc. Nos. 102, 105, & 109 that: 1) intentionally made material misrepresentations of Plaintiff's claims to the Court; 2) continually disregarded and violated statutory and common law, including but not limited to, Third and DC Circuit precedents; 3) refused to recuse himself prevented and, 3) were acts in furtherance of the conspiracy that *defrauded* the Court and deprived Plaintiff of his Constitutional Rights; in a desperate attempt to cloak ***all* Defendants'** *fraudulent* acts in the conspiracy and suffocate or obstruct Plaintiff's pursuit of justice.

WHEREFORE, Plaintiff demands judgment against **Defendants SLOMSKY** and/or **Law Clerk** consisting of direct and/or consequential damages in an amount in excess of $150,000 and such other, further direct and/or consequential damages as are known or may become known during discovery or at trial. Plaintiff demands relief in the form of punitive damages against these **Defendants** for their "callous indifference to the federally protected rights of others." (*See* Smith v. Wade, 461 U.S. 30, 56 (1983))

<u>**COUNT VIII: EIGHTH CLAIM FOR RELIEF**</u>
<u>**FRAUD UPON THE COURT, CONSPIRACY TO DEPRIVE A PERSON OF RIGHTS**</u>
<u>**Federal Rules of Civil Procedure 60(d)(3) Rules of Professional Conduct 8.3 & 8.4**</u>
**(42 U.S.C. §1983 & 1985 Conspiracy /Bivens Action)**
**(Against Defendants PITNEY BOWES, INC. ("PBI") CHRISTOPHER A. LEWIS,**
**JONATHAN SCOTT GOLDMAN, KATHERINE P. BARECCHIA, and the BLANK**
**ROME Defendants ("BLANK ROME Defendants"))**

477.   **PLAINTIFF** hereby re-alleges and incorporates by reference each and every averment and allegation contained above as if fully set forth in detail herein.

478.   The "crux" of **COUNT VIII**: Plaintiff demands relief for **Defendant PBI's** and the **BLANK ROME Defendants'**: 1) acts in the conspiracy that *defrauded* this Court and deprived Plaintiff of his Constitutional Rights; 2) acquiescence in "fraud upon the court" and deprivation of Plaintiff's Constitutional Rights; 3) failure to report misconduct;

479.   An inspection of the record shows, in the original proceeding, **Defendant PBI** and the **BLANK ROME Defendants** were put on notice by **PLAINTIFF** that **Defendant USPS** made numerous misrepresentations of law and material misrepresentations to the Court, which included the **DOJ Defendants'** "Entry of Appearance" and **Defendant USPS's** MTD, Doc. No. 14, which constituted "fraud upon the court" and deprivation of Plaintiff's Due Process and Constitutional Rights.

480.   An inspection of the record shows, in the original proceeding, **Defendant PBI** and the **BLANK ROME Defendants** were put on notice by **PLAINTIFF** that **Defendant SLOMSKY's** Order and Opinion, Doc. Nos. 31 & 32, were **VOID** *ab intitio* for failure to act in accordance with due process law and being produced by **Defendants USPS's**, **CASTORINA's** and the **DOJ Defendants'** *fraud*.

481.    An inspection of the record shows, in the original proceeding, **Defendant PBI** and the **BLANK ROME Defendants** witnessed and acquiesced in every torturous violation and acts of deprivation that was committed by **Defendants USPS**, **Castorina**, **SLOMSKY** and/or **Law Clerk** and the **DOJ Defendants**, including, but not limited to: 1) depriving **PLAINTIFF** of his right to sue **Defendant USPS** in the Federal district court; 2) depriving this **COURT** of jurisdiction; 3) violating statutory and common law, including the ***binding*** precedents of the Third Circuit; 4) denying **PLAINTIFF** from amending his Complaint and withdrawing his irrelevant patent claim thereby forcing Plaintiff to file his appeal in the Federal Circuit; 5) depriving the Third Circuit, this Court's home circuit, of jurisdiction over **PLAINTIFF's** appeal; 6) creating a conflict between the circuits, the Third Circuit v. Federal Circuit.

482.    **Defendant PBI** was fully aware that **Defendant USPS** could be sued in the district courts as shown by Pitney Bowes, Inc. v. U.S. Postal Service United States District Court, D. Columbia, Nov. 5, 1998, 27 F. Supp. 2d 15 (D.D.C. 1998), wherein, **Defendant PBI** sued **Defendant USPS** in district court. Therefore, **Defendant PBI** and the **BLANK ROME Defendants** are ***without excuse*** for their acquiescence in and failure to report the misconduct and "fraud upon the court" committed by **Defendant USPS, *et al***; and **Defendant SLOMSKY's** and/or **Law Clerk's** judgments that were **VOID** *ab intitio* for being produced by *fraud* and their failure to act in accordance with due process law.

483.    Moreover, **Defendant PBI** and the **BLANK ROME Defendants** were served **PLAINTIFF's** filings which cited the applicable statutory and common laws, including the Third Circuit's ***binding*** precedents that govern the district courts' jurisdiction over damages claims against **Defendant USPS**.

484.    An inspection of the record shows, by their own admission, as co-defendant with **Defendant USPS**, **Defendant PBI** and the **BLANK ROME Defendants** litigated in "*multiple forums*". And, "*To date, Pitney Bowes has prevailed in each forum*". (*See* Defendant PBI's Response to Plaintiff's Motion for Relief from a Judgment, Doc. No. 97) The culmination of **Defendant PBI's** and the **BLANK ROME Defendants'** statements are judicial admissions to the facts that, in "*multiple forums*", the **DEFENDANTS** collectively committed the same conspiracy that *defrauded* this Court and deprived **PLAINTIFF** of his due process rights.

485.    By their own admission, **Defendant PBI** and the **BLANK ROME Defendants** played their role in the conspiracy by establishing a pattern of acquiescing in and failing to report misconduct in multiple forums. **Defendant PBI's** and the **BLANK ROME Defendants'** assertion that they "*prevailed in each forum*", shows these Defendants benefitted from said conspiracy.

486.    By their own admission, **Defendant PBI** and the **BLANK ROME Defendants** were fully engaged in and did acts in furtherance of the conspiracy that *defrauded* this Court and courts in multiple forums.

WHEREFORE, Plaintiff demands judgment against **Defendant PBI** and the **BLANK ROME Defendants** consisting of direct and/or consequential damages in an amount in excess of $150,000 and such other, further direct and/or consequential damages as are known or may become known during discovery or at trial. Plaintiff demands relief in the form of punitive damages against these **Defendants** for their "callous indifference to the federally protected rights of others." (*See* Smith v. Wade, 461 U.S. 30, 56 (1983))

*"The purpose of punitive damages is to punish the defendant for his willful or malicious conduct and to deter others from similar behavior." Memphis Community School Dist. v. Stachura,  477 U.S. 299, 306 n.9 (1986). "A jury may be permitted to assess punitive damages in an action under § 1983, Bivens action, when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). "While the Smith Court determined that it was unnecessary to show actual malice to qualify for a punitive award . . . , its intent standard, at a minimum, required recklessness in its subjective form. The Court referred to a 'subjective consciousness' of a risk of injury or illegality and a '"criminal indifference to civil obligations." "Kolstad v. American Dental Ass'n, 527 U.S. 526, 536 (1999) (discussing Smith in the context of a Title VII case)"*

## COUNT IX: NINTH CLAIM FOR RELIEF
## FRAUD UPON THE COURT, CONSPIRACY TO DEPRIVE A PERSON OF RIGHTS
### Federal Rules of Civil Procedure 60(d)(3) Rules of Professional Conduct 8.3 & 8.4
#### (42 U.S.C. §1983 & 1985 Conspiracy /Bivens Action)

**(Against Defendants DEPARTMENT OF JUSTICE, OFFICE OF INSPECTOR GENERAL, OFFICE OF PROFESSIONAL RESPONSIBILITY, and U.S. ATTORNEY GENERAL MERRICK GARLAND)**

487.    **PLAINTIFF** hereby re-alleges and incorporates by reference each and every averment and allegation contained above as if fully set forth in detail herein.

488.    The "crux" of **COUNT IX**: Plaintiff demands relief for **Defendants DEPARTMENT OF JUSTICE's ("DOJ")**, the **OFFICE OF INSPECTOR GENERAL's ("OIG")** and the **OFFICE OF PROFESSIONAL RESPONSIBILITY's ("OPR")** for: 1) acts in the conspiracy that *defrauded* this Court; 2) either directing or acquiescing in subordinates "fraud upon the court" and deprived Plaintiff of his Constitutional Rights; 3) failure to report misconduct; 4) liability in connection with the actions of subordinates; 5) failure to intervene; 6) establishing a policy that caused the violations;

489.    An inspection of the record shows, on September 7, 2020, Plaintiff *pro se* filed a Civil Rights and Civil Liberties Complaint ("DOJ Complaint") with the **DEPARTMENT OF JUSTICE IN THE OFFICE OF THE INSPECTOR GENERAL** ("**OIG Defendants**").

490.    The **OIG Defendants** was made fully aware of the numerous intentional torturous and *unlawful* acts committed by employees of the United States Attorney Office for the EDPA in EDPA 2:11-cv-07303. Plaintiff's Complaint gave the **OIG Defendants** detailed evidence of the **DOJ Defendants** *unlawful* acts, including, but not limited to: 1) violations of statutory and common law; 2) material misrepresentations to the Court; 3) "fraud upon the Court"; 4) *unlawfully* representing **Defendant USPS** for acts outside the scope of its Federal employment; 5) acts <u>not</u> in connection with duties performed on the United States behalf in violation of 28 U.S.C. §547; 6) violations of 39 U.S.C. §409(g)(1) which made them culpable under §409(e)(1) for acting on the behalf and in concert with **Defendant USPS**; and, 7) violations of the fraud and abuse laws that govern DOJ employees.

491.    Plaintiff's primary request was that, upon finding the allegations raised in Plaintiff's DOJ Complaint true, the **DOJ OIG** would then order their subordinates, the **DOJ Defendants,** to **WITHDRAW** their *unlawful* Entry of Appearance and representation of **Defendant USPS** and **WITHDRAW** their *unlawful* entries and pleadings that they entered into the record of EDPA 2:11-cv-07303.

492.    On October 2, 2020, the **OIG Defendants** sent their response to Plaintiff's Civil Rights and Civil Liberties Complaint that stated, "*This Office does not have the jurisdiction to investigate allegations that a Department of Justice attorney has committed misconduct while exercising his or her litigation authority. Therefore, we have forwarded your correspondence to: U.S. Department of Justice Office of Professional Responsibility; U.S. Department of Justice Executive Office for the United States Attorneys General Counsel.*" (NO SIGNATURE OR INFORMATION FOR FURTHER CORRESPONDENCE).

493.    The **OIG Defendants'** response was improper and a dereliction of "duty to intervene" since, the **DOJ Defendants**, their subordinates, **did _not_ have any "litigation authority" to be exercised in EDPA 2:11-cv-07303,** for 39 U.S.C. §409(g)(1) prohibits the DOJ from furnishing legal representation to the **Defendant USPS** in cases that arose in whole or in part under §409(d) wherein **Defendant USPS** "*shall be considered a 'person'*" or "*a legal entity separate from the United States itself*" and 28 U.S.C. §547  requires that the US Attorney provides legal representation *only* when the United States is a party.

494.    On February 15, 2021, **Defendant DOJ's OFFICE OF PROFESSIONAL RESPONSIBILITY** ("**OPR Defendants**") issued their Response to Plaintiff's Civil Rights and Civil Liberties Complaint that stated, "*OPR has jurisdiction to investigate allegations of misconduct involving Department of Justice (DOJ) attorneys that relate to the exercise of their authority to...litigate or provide legal services, as well as allegations of attorney misconduct within the jurisdiction of OPR. It is, however, the policy of this Office to refrain from investigating issues or allegations that could have been or still may be addressed in the course of litigation, unless a court has made a specific finding of misconduct by a DOJ attorney or law enforcement agent. Based on our review of your correspondence, we have determined that your allegations fall into this category. Accordingly, we concluded that no action by this Office is warranted. You may wish to consult private counsel or contact the nearest Legal Aid Society to determine what additional avenues, if any, may be available to you. We regret that we are unable to be of assistance to you in this matter. Sincerely, Office of Professional Responsibility*". (NO SIGNATURE OR INFORMATION FOR FURTHER CORRESPONDENCE).

495.    This response from the **OPR Defendants** is highly deficient, unacceptable, and condescending for the following reasons:

a) While the **OIG Defendant's** correspondence was an act of "passing the buck" or responsibility to the **OPR Defendants**, it forced the **OPR Defendants** to admit to having the jurisdiction to investigate Plaintiff's allegations. But after a review of my complaint which presented accurate evidence and excerpts from the record, the **OPR Defendants** failed and refused to open an investigation. Any objective observer, after review of such evidence, would conclude that the **DOJ Defendants** violated the law, were actively *defrauding* the Court and depriving Plaintiff of his Constitutional Rights. Therefore, the **OPR Defendant's** Response shows they intentionally failed to intervene and failed to enforce its jurisdiction and "responsibility" to take internal corrective actions against its subordinates, the **DOJ Defendants**.

b) *And*, like the **OIG Defendants**, the **OPR Defendant's** determination relied on the **DOJ Defendants'** "*litigation authority*" which the record shows, by law, <u>**did not exist**</u>.

c) Moreover, both the **OIG** and the **OPR Defendants** reviewed the evidence taken from record which clearly shows the **DOJ Defendants** <u>*not only*</u> did "misconduct", including perjury, but unequivocally *defrauded* the Courts.

d) <u>*Neither*</u> the **OIG** <u>*nor*</u> **OPR Defendants** vindicated the actions of the **DOJ Defendants** or determined that Plaintiff's allegations against the **DOJ Defendants** were false or meritless, therefore; the **OIG** and **OPR Defendants** <u>*not only*</u> failed and refused to intervene or perform their Federal assignment which includes oversight of the **DOJ Defendants**, but they are also liable for failure to report misconduct as "<u>failure to report misconduct is misconduct</u>".

e) In reference to the "record showing" the **DOJ Defendants** *unequivocally* abused the imprimatur of the Office of the DOJ, made numerous *fraudulent* misrepresentations of law and material misrepresentations that *defrauded* the Court and thereby procured **VOID** rulings through said *fraud*, the **OPR Defendants** stated, "*It is, however, the policy of this Office to refrain from investigating issues or allegations that could have been or still may be addressed in the course of litigation*". Such a "blind-eye" policy is unethical if not un-Constitutional.

f) The OPR's policy itself can give rise to allegations of "misconduct" by the **OPR Defendants** since "<u>failure to report misconduct is misconduct</u>" and it conflicts with the

OPR's duty to intervene. As the result of this policy, the **OPR** and **OIG Defendants** failed and refused to provide clarity to the Court and thereby acquiesced **DOJ Defendants'** "*fraud and abuse*".

g) Clearly, the **OIG** and **OPR Defendants**, with deliberate indifference to the consequences, established and maintained this policy, known throughout the DOJ, which directly caused the violation.

496.   On May 13, 2021, Plaintiff sent "Letter to US Attorney General Merrick Garland".

497.   The Attorney General, **MERRICK GARLAND**, was newly appointed and the **DOJ Defendants'** misconduct predates his tenure, therefore, the Attorney General bears the least liability of all the DOJ Officials. However, Plaintiff's "Letter" made his office fully aware of the DOJ's policies and practices that causes the OIG, OPR, and Supervisory Officials to fail to intervene but rather acquiesce in violations committed by DOJ employees, while purportedly "exercising" or, in this case, "abusing" their "litigation authority" and violating the fraud and abuse laws that govern DOJ employees, thereby making the **DOJ** and its Supervisory Officials liable for said violations.

498.   Plaintiff's "Letter" also informed the US Attorney General that several of the **DOJ Defendants** were still employees of the **DOJ** and **Defendant LANDON Y. JONES III** continues to deprive the Court of jurisdiction, deprive Plaintiff of his rights, and violate statutory and common law, including 28 U.S.C. §547, 39 U.S.C. §409(g)(1), *inter alia*.

499.   In addition to the information contained in Plaintiff's Civil Rights and Civil Liberties Complaint that was filed with **DOJ Defendants OIG**, **OPR**, and **EXECUTIVE OFFICE** showing *unequivocal* evidence that the named **DOJ Defendants** violated the law and committed "fraud upon the Court", Plaintiff's "Letter" informed the US Attorney General that failure to expeditiously take the appropriate and necessary corrective actions internally would result in Plaintiff filing this instant Federal law suit.

500.   To date, Plaintiff has *not* received a response from **MERRICK GARLAND** or the Office of the US Attorney General; *nor* does the record reflect any necessary and appropriate corrective actions, which should have been taken by **Defendant DOJ**, to correct said violations.

501.    The record shows, the **DOJ Defendants' *fraud*** was initiated with the very "Entry of Appearance" filed in 2012 and spanned nearly ten (10) years. Plaintiff afforded the Office of the DOJ, its supervisors, oversight personnel, and the US Attorney General more than ample time to correct the misconduct of its subordinates internally or to intervene in EDPA 2:11-cv-07303.

502.    Therefore, **Defendant DOJ** is ***without excuse*** for failing to take the appropriate and necessary actions as required by law and the fraud and abuse laws that govern DOJ employees. Clearly, **Defendant DOJ**, with deliberate indifference to the consequences, established and maintained a policy, practice, and custom of: "*It is, however, the policy of this Office* [DOJ OPR] *to refrain from investigating issues or allegations that could have been or still may be addressed in the course of litigation*", thereby "turning a blind eye", failing to intervene, failing to report misconduct, acquiescing in the violation, and establishing a policy that directly caused the violation.

503.    Plaintiff's "Letter" also informed the US Attorney General that the evidence shows his subordinates, the **DOJ Defendants**, including **LANDON Y. JONES III**, committed and continues to commit intentional torts of "fraud upon the court' on the behalf and in concert with **Defendant USPS**. Subsequently, **Defendants DOJ's**, **OIG's**, **OPR's**, and the **Executive Office of the Attorney General's** acts were on the behalf and in concert with **Defendant USPS**. Therefore, pursuant to 39 U.S.C. §409(e)(1) **Defendants DOJ**, **OIG**, **OPR**, and the **Executive Office of the Attorney General** "*shall be considered "persons" and shall not be immune under any doctrine of sovereign immunity from suit in Federal court by any person for any violation of Federal law by such agency or any officer or employee thereof*", and will be sued in their individual capacities, as "persons" with all immunities, including the provisions of the FTCA, waived.

WHEREFORE, Plaintiff demands judgment against **Defendant DOJ, OIG, OPR,** and the **Executive Office of the Attorney General** consisting of direct and/or consequential damages in an amount in excess of $150,000 and such other, further direct and/or consequential damages as are known or may become known during discovery or at trial. Plaintiff demands relief in the form of punitive damages against these **Defendants** for their "callous indifference to the federally protected rights of others." (*See* Smith v. Wade, 461 U.S. 30, 56 (1983))

*"The purpose of punitive damages is to punish the defendant for his willful or malicious conduct and to deter others from similar behavior." Memphis Community School Dist. v. Stachura,  477 U.S. 299, 306 n.9 (1986). "A jury may be permitted to assess punitive damages in an action under § 1983, Bivens action, when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). "While the Smith Court determined that it was unnecessary to show actual malice to qualify for a punitive award . . . , its intent standard, at a minimum, required recklessness in its subjective form. The Court referred to a 'subjective consciousness' of a risk of injury or illegality and a '"criminal indifference to civil obligations." "Kolstad v. American Dental Ass'n, 527 U.S. 526, 536 (1999) (discussing Smith in the context of a Title VII case)"*

## COUNT X: TENTH CLAIM FOR RELIEF
### DERELICTION OF DUTY, WAIST AND ABUSE OF RESOURCES, FRAUD
**Federal Rules of Civil Procedure Rule 17(a)(2) Action in the Name of the United States for Another's Use or Benefit, Rules of Professional Conduct 8.3 & 8.4**
**(42 U.S.C. §1983 & 1985 Conspiracy /Bivens Action, 39 U.S.C. §3691 Establishment of Modern Service Standards, U.S. Constitution Clause 7- Postal Service, 18 U.S.C. §1031 Fraud Against the United States and its Citizens)**
**(Against Defendants USPS, PBI, CASTORINA, SLOMSKY** and/or **LAW CLERK, DOJ, the BLANK ROME and DOJ Defendants)**

504.    **PLAINTIFF** hereby re-alleges and incorporates by reference each and every averment and allegation contained above as if fully set forth in detail herein.

505.    The "crux" of **COUNT X**: Plaintiff demands relief for **Defendants USPS's, PBI's, SLOMSKY's** and/or **LAW CLERK's, CASTORINA's, DOJ's, the BLANK ROME and DOJ Defendants'** acquiescing and/or engaging in: 1) deprivation of the Court's jurisdiction; 2) deprivation of Plaintiff's Constitutional Rights; 3) "fraud upon the Court"; 4) waste and abuse of United States resources including tax payer dollars; 5) **Defendant USPS's** failure and refusal to meet the modern needs of the general public as required by Establishment of Modern Service Standards 39 U.S.C. §§3691(b)(1)(A) & (c)(7); 6) **Defendant USPS's** violations of Clause 7 of the U.S. Constitution; 7) **Defendants USPS's** and **PBI's** push for privatization and sabotage of our Great American Institution's assets and properties.

506.    An inspection of the record shows, each of these **DEFENDANTS**, with deliberate indifference to the consequences, fully engaged in and did acts in furtherance of the conspiracy that *defrauded* the Court and deprived Plaintiff of his Constitutional and Due Process Rights by either: 1) making material misrepresentations to the Court; 2) acquiescing in the violations; 3) failing and refusing to report misconduct; 4) issuing judgments that were **VOID** *ab intitio* for failure to act in accordance with law in the original proceeding and being produced by fraud; 5) failing and refusing to correct the **VOID** judgments; 6) failing and refusing to intervene; 7) establishing and maintaining a policy, practice or custom that directly caused the violations; 8) *inter alia*.

507.    Article I, Section 8, Clause 7-"Power to Protect the Mails" of the United States Constitution states in pertinent part, "*the postal powers of Congress embrace all measures necessary to establish the system and to insure the safe and speedy transit and prompt delivery of the mails*". Public record shows the greater part of the Nation's mails is delivered in the digital format commonly referred to as e-mail.

508.    An inspection of the record shows, the subject of the dispute in the original proceeding was **Defendant USPS's** *unlawful* disclosure and misappropriation of Plaintiff's intellectual property to third party **Defendant PBI** in violation of 39 U.S.C. §404a(a)(2) & (3). Plaintiff proposed to partner with **Defendant USPS** in the implementation of a secure digital delivery service intended to: 1) protect and insure the safe delivery of the Nation's Internet/digital mails, communications and money transfers; and, 2) repair the Postal Service's failing financial condition.

509.    Public record shows, at all times relevant, **Defendants USPS** and **PBI** were pushing for privatization of certain Billion Dollar Postal Service operations as evidenced by numerous Congressional Hearings on Postal Reform and the supposedly independent 2013 National Academy of Public Administration Report that was funded by **Defendant PBI**. Public record also shows, **Defendant PBI** claims to operate the largest "mail-sorting network" in the Nation while Postal Operatives have dismantled high-speed mail sorting equipment, placed them in the Post Service's parking lot next to dumpster, while the Postal Service was overwhelmed with the mail-in ballots of the 2020 Presidential election. Therefore, these facts suggest that **Defendant**

**USPS's** and **PBI's** push for privatization includes the conveyance of a portion, if not all of the Postal Service's "mail-sorting" operations to **Defendant PBI**.

510.    Public record shows, the basis of the **Defendant USPS's** and **PBI's** push for privatization and Postal Reform in the ongoing Congressional Hearings was the Postal Service's continued Billion Dollar revenue losses and its insolvency. Therefore, Plaintiff's proposal that included repairing the Postal Service's failing financial condition was counter-productive to **Defendant USPS's** and **PBI's** push for privatization. If the Postal Service was flourishing, **Defendant USPS and PBI** would have no basis to persuade Congress that the Postal Service was insolvent and should be privatized. These facts also establish motive for **Defendant USPS's** *unlawful* disclosure, misappropriation, and conveyance of Plaintiff's proposal/trade secrets to **Defendant PBI**.

511.    However, in their push for privatization, **Defendant USPS** *not only* violated Plaintiff's rights, but they also disregarded the needs of the general public, the provisions of 39 U.S.C. §3691 Modern Service Standards, and the U.S. Constitution.

512.    Public record shows, the greater part of this Nation's businesses', citizens', government agencies', financial institutions', credit bureaus', and schools' digital mails have been and remain unprotected as evidenced by the millions of identities, billions of pieces of information, and billions of dollars that were stolen or compromised since Plaintiff's introduction of his proposal to **Defendant USPS** in 2007.

513.    In fact, this very Court's highly sensitive documents (HSDs) through the CM/ECF system were breached while **Defendants USPS** and **PBI**, *et al*., continue to violate Plaintiff's rights and acquiesce in the damages incurred by the Nation and its digital mails.

514.    When considering the fact that since the time of Plaintiff's proposal to **Defendant USPS** to implement a secure digital delivery service, the greater part of the mails is delivered in the digital format via email, and **Defendant USPS**: 1) violated Plaintiff's trade secret rights; 2) failed and refused to take any action; 3) failed and refused to perform its Constitutional and fiduciary duty to even attempt to "*embrace all measures necessary to insure the safe and speedy transit and delivery of the mails*"; and, 4) failed and refused to meet the objectives of 39 U.S.C. §§3691 (b)(1)(A)—"*To enhance the value of postal services to both senders and recipients*" and (c)(7)—"*take into account...the effect of changes in technology, demographics, and population*

*distribution on the efficient and reliable operation of the postal delivery system*"; **Defendants USPS** and **PBI** are the initial bearers of the responsibility for our Nation's digital "mails" being vulnerable and victimized by Internet crime.

515.   Subsequently, by acting on the behalf and in concert with **Defendant USPS** in furtherance of the conspiracy that *defrauded* this Court and deprived Plaintiff of his rights for nearly eleven (11) years, **Defendants CASTORINA, SLOMSKY** and/or **LAW CLERK, DOJ,** the **BLANK ROME** and **DOJ Defendants** also bears responsibility for our Nation's digital "mails being vulnerable and victimized by Internet crime.

516.   Moreover, contrary to **Defendant PBI's** attempt to vilify Plaintiff with the assertion that, "*he* [Plaintiff] *has harassed Pitney Bowe for nearly eight (8) years, subjecting it to needless litigation costs in proceedings in multiple jurisdictions*", this statement taken from **Defendant PBI's** Response to Plaintiff's Motion for Relief, Doc. No. 97, is unequivocally a judicial admission that *all* **DEFENDANTS** collectively, extended their *fraud* to multiple forums, and thereby did acts in furtherance of the conspiracy that: 1) deprived Plaintiff of his rights; 2) *defrauded* the U.S. Courts; 3) caused the "needless litigation costs" incurred by all parties; 4) engaged in the waste and abuse of this Nation's resources including taxpayers' dollars.

WHEREFORE, Plaintiff demands judgment against **Defendants USPS, PBI, CASTORINA, SLOMSKY** and/or **LAW CLERK, DOJ, the BLANK ROME and DOJ Defendants** in the name of the United States pursuant to Federal Rules of Civil Procedure Rule 17(a)(2) *Action in the Name of the United States for Another's Use or Benefit* consisting of direct and/or consequential damages in an amount in excess of $150,000 and such other, further direct and/or consequential damages as are known or may become known during discovery or at trial. Plaintiff demands relief in the form of punitive damages against these **Defendants** for their "callous indifference to the federally protected rights of others." (*See* <u>Smith v. Wade</u>, 461 U.S. 30, 56 (1983))

**COUNT XI: ELEVENTH CLAIM FOR RELIEF**
**CONSPIRACY TO DEFRAUD THE COURT & DEPRIVE A PERSON'S RIGHTS**
**Federal Rules of Civil Procedure Rule 60(d)(3) and Rule 55**
**(42 U.S.C. §1983 & 1985(3) Conspiracy/Bivens Action)**
**(Against Defendants USPS and PBI)**

517.   **PLAINTIFF** hereby re-alleges and incorporates by reference each and every averment and allegation contained above as if fully set forth in detail herein.

518.   The "crux" of **COUNT XI**: Plaintiff demands relief for **Defendants USPS's** and **PBI's** acts in the conspiracy that: 1) deprived this Court of jurisdiction; 2) deprived Plaintiff of his Constitutional Rights; 3) *defrauded* this Court and multiple U.S. Courts; 4) created a conflict between the circuits, Third Circuit v. Federal Circuit.

519.   An inspection of the record shows, in the original proceeding, EDPA 2:11-cv-07303, in its Motion to Dismiss, Doc. No. 14, **Defendant USPS** made numerous material misrepresentations to the Court and *fraudulent* misrepresentation of law, which constitutes "fraud upon the Court", including but not limited to: 1) the *unlawful* "Entry of Appearance" by the **DOJ Defendants**; 2) the *unlawful* filings by the **DOJ Defendants**; 3) "*This Court lacks jurisdiction to hear the claims in this action*"; 4) "*This Court lacks jurisdiction to hear the claim against the Postal Service under the Postal Accountability and Enhancement Act*" [39 U.S.C.]; 5) [in reference to Plaintiff's claims under §404a] "*To exercise this limited right of action, interested parties must file a complaint with the Postal Regulatory Commission (the "PRC"). 42 U.S.C. §3662*"; 6) "*The complaint would be defective in any event given that the USPS is immune from suit for common law tort claims, which must be alleged solely against the United States, and several of the common law torts plaintiff alleges are prohibited under section 2680(h) of the FTCA, including the tort of misrepresentation.*"; 7) *inter alia* misrepresentations of law and material misrepresentations to the Court by officers of the Court which constitutes "fraud upon the Court".

520.   An inspection of the record shows, **Defendant USPS's** pleadings were *not* in accordance with statutory and common law, including the *binding* precedents set by the Third Circuit in Licata.

521.   "*Any single attempt to commit "fraud upon the Court" by officers of the Court vitiates the entire proceeding.*"

522.   An inspection of the record shows, Plaintiff sued **Defendant USPS** in its status of a "person", in its "official name", as "*a separate legal entity separate from the United States itself*" under the provisions of 39 U.S.C. §§401(1), 409(a), 409(d), 404a, *inter alia*, for common law damages from intentional torts.

523.    Contrary to **Defendant USPS's** *fraudulent* pleadings, including, "*This Court lacks jurisdiction to hear the claims in this action*", the Third Circuit, in Licata v. USPS, set ***binding*** precedents regarding the district court's jurisdiction over claims against **Defendant USPS** and the statutory laws that govern **Defendant USPS's** culpability. The Third Circuit, in Licata v. USPS, expressly ruled: 1) "*The plain meaning of the first sentence of section 409(a)* [39 U.S.C. §409(a)] *grants the district court "jurisdiction" over Licata's complaint, since it is an "action brought...against the Postal Service" and does not fall within the exception at the beginning of the sentence*"... "***the words of section 409(a) are a clear and unequivocal grant of jurisdiction to the district courts***"... "*Indeed, we cannot imagine how Congress could grant jurisdiction more plainly*"; 2) "*It is 39 U.S.C. § 401(1) that waives the* [Postal] *Service's sovereign immunity by providing that it may "sue and be sued" in its official name.*"; 3) "*By launching the Postal Service into the commercial world, and including a sue-and-be-sued clause in its charter,* **Congress has cast off the Service's cloak of sovereignty** *and given it the status of a **private commercial enterprise**.*"; 4) "*The Postal Service is a legal entity separate from the United States itself*"; and, 5) "*a suit may be maintained against the Postal Service without joining the United States as a party, and...the district courts have jurisdiction over suits against the Postal Service for amounts over $10,000.*"

524.    While **Defendant USPS** made the ***fraudulent*** statement that, "*This Court lacks jurisdiction to hear the claim against the Postal Service under the Postal Accountability and Enhancement Act*" ("PAEA of 2006" or "39 U.S.C"), Congress enacted this set of laws to: 1) launch **Defendant USPS** into the commercial world; 2) expressly distinguish or separate its status of a government agency and the sovereign immunities including the provisions of the FTCA that is afforded to **Defendant USPS** for its Federal employment, the conveyance of the mails—from its status and liabilities of a private commercial enterprise; 3) prohibit **Defendant USPS** from abusing its government status to create an unfair competitive advantage for itself or violating any of the provisions of law when competing in the commercial world in its status of a private commercial enterprise; and, most importantly, 4) grant jurisdiction to the district court over claims against **Defendant USPS** for violations of any provision of law in its status of a private commercial enterprise.

525.    **Defendant USPS** made the material misrepresentation to the Court that it lacked subject matter jurisdiction over Plaintiff's claim under 39 U.S.C. §404a and Plaintiff must file

that claim in the PRC. However, 39 U.S.C. §401, which the Third Circuit determined "*waives the [Postal] Service's sovereign immunity by providing that it may "sue and be sued" in its official name*, expressly states, "**Subject to the provisions of section 404a*, the Postal Service shall have the following general powers: (1) to sue and be sued in its official name*;*"

526.    Additionally, the Third Circuit stated, "*We believe the Postal Service conflates the issues of subject matter jurisdiction, sovereign immunity, and a valid cause of action*." The culmination of the Third Circuit precedents made in Licata, **Defendant USPS's** pleadings in EDPA 2:11-cv-07303, and multiple forums shows, **Defendant USPS** had established a pattern of conflating *the issues of subject matter jurisdiction, sovereign immunity, and a valid cause of action* to deprive the district court of jurisdiction and plaintiffs of their Federally protected right to sue **Defendant USPS** in its official name as provided by 39 U.S.C. §§409(a), 401(1), 404a and 409(d).

527.    Therefore, **Defendant USPS** is liable for doing acts in furtherance of the conspiracy that *defrauded* this Court and multiple jurisdictions and deprived Plaintiff of his rights.

528.    **Defendant PBI** is also liable for doing acts in furtherance of the conspiracy that *defrauded* this Court and multiple jurisdictions and deprived Plaintiff of his rights. **Defendant PBI**: 1) was fully aware of the district courts' jurisdiction over **Defendant USPS** and **Defendant USPS** could be sued in its official name as shown by Pitney Bowes, Inc. v. U.S. Postal Service United States District Court, D. Columbia, Nov. 5, 1998, 27 F. Supp. 2d 15 (D.D.C. 1998), wherein, **Defendant PBI** sued **Defendant USPS** in its official name, in district court; 2) was put on notice by Plaintiff that **Defendant USPS** made numerous *fraudulent* misrepresentations of law and material misrepresentations to this Court and multiple jurisdictions which constituted "fraud upon the court"; 3) failed to report misconduct in this Court and multiple jurisdictions; 4) acquiesced in **Defendant USPS's** "fraud upon this Court" and multiple jurisdictions; 5) supposedly prevailed over Plaintiff in this Court and multiple jurisdictions and therefore benefitted from the conspiracy that deprived Plaintiff of his rights in this Court and multiple jurisdictions and *defrauded* this Court and multiple jurisdictions.

529.    After being deprived of his rights in multiple jurisdictions, Plaintiff discovered DC Circuit precedential rulings in Lopez and PRC Order 2460. An inspection of the record shows, in reference to: 1) **Defendant USPS's** pleading that, "*To exercise this limited right of action,*

*interested parties must file a complaint with the Postal Regulatory Commission (the "PRC"). 42 U.S.C. §3662*"; 2) **Defendant USPS's** assertion that the PRC and the DC Circuit had exclusive jurisdiction over any of Plaintiff's damages claims; and, 3) jurisdiction over common law damages claims against **Defendant USPS** for intentional torts; the DC Circuit expressly stated, "*The Court agrees that it does not have jurisdiction to decide the issue*." And, in PRC Order 2460, the Commission expressly stated, "*...the Commission has limited jurisdiction to hear rate and service complaints as prescribed by 39 U.S.C. §3662*."

530.    Moreover, in Lopez, the DC Circuit ruled that: 1) damages claims against **Defendant USPS** for intentional torts were in the *exclusive* jurisdiction of the district court; 2) intentional torts are not barred by the FTCA since **Defendant USPS** is not entitled to sovereign immunity for intentional acts; 3) the Courts must construe *pro se* filings liberally; 4) a claim that sufficiently describes an injury and includes a sum-certain damages claim does not fail to meet the FTCA's prerequisite; 5) presenting a demand as a claim under the Postal Accountability and Enhancement Act is of no relevance given a person's status as a pro se litigant and when it is clear what relief the person sought.

531.    An inspection of the record shows, in addition to statutory and common law, namely the PAEA or 39 U.S.C which *plainly* grants the district court jurisdiction over damages claims against **Defendant USPS** and the Third Circuit's ***binding*** precedents, the DC Circuit precedents made in Lopez and PRC Order 2460 shows, every pleading made in **Defendant USPS's** Motion to Dismiss, Doc. No. 14, was a misrepresentation of law, a material misrepresentation to the Court by officers of the Court, and constitutes "fraud upon the Court" and **Defendant SLOMSKY's** judgments in Doc. Nos. 31 & 32 were **VOID** *ab intitio*.

532.    An inspection of the record shows, Plaintiff presented the newly discovered evidence of PRC Order 2460 and the DC Circuit in Lopez in his Motion for Relief from a Judgment, Doc. No. 94. Plaintiff's Motion gave *all* **DEFENDANTS** opportunity to correct their clear misconduct, report the clear misconduct, separate themselves from the conspiracy that ***defrauded*** the Court, or pursuant to Rule 8(b)(2), state a defense that fairly responds to the substance of the evidence and allegations of "fraud upon the court", *inter alia*.

533.    An inspection of the record shows both **Defendants USPS's** and **PBI's** Responses, Doc. Nos. 96 and 97, failed to state a defense that fairly responded to the substance of the

allegations asserted against them and failed to even mention the evidence of PRC Order 2460 or the DC Circuit's precedential rulings made in <u>Lopez</u>.

534. Therefore, an inspection of **Defendants USPS's** and **PBI's** Responses, Doc. Nos. 96 and 97 shows, pursuant to Rule 55, **Defendants USPS** and **PBI** *defaulted* on the allegations of making material misrepresentations to the Court, doing acts in furtherance of the conspiracy that deprived Plaintiff of his Constitutional Rights, deprived this Court of jurisdiction and *defrauded* this Court and several U.S. Courts which constitutes "fraud upon the Court", *inter alia*.

535. Moreover, the record shows **Defendant USPS** and **PBI** failed and refused to correct their misconduct or report the clear misconduct, and therefore did acts in furtherance of the conspiracy that deprived this Court of jurisdiction and Plaintiff of his rights by acquiescing and sustaining their conspiracy.

536. The record shows, at all times relevant, **Defendant USPS's** and **PBI's** *mens rea* was *intentional* and *purposeful* and their acts meet the Third Circuit's necessary demanding standard for proof of "fraud upon the Court".

537. The Third Circuit in <u>Herring v. U.S.</u> determined, "*In order to meet the necessary demanding standard for proof of fraud upon the court we conclude there must be: 1) an intentional fraud; 2) by an officer of the court; 3) which is directed at the court itself; and 4) in fact deceives the court. We further conclude that a determination of fraud on the court may be justified by "the most egregious misconduct directed at the court itself," and that it "must be supported by clear, unequivocal and convincing evidence*." An inspection of the record provides clear, *unequivocal* and *convincing* evidence that the **DEFENDANTS** committed "fraud upon the Court" and did acts in furtherance of the conspiracy that *defrauded* this Court and "*multiple jurisdictions*" and deprived Plaintiff of his due process and federally protected Constitutional Rights.

538. **Defendant USPS** and **PBI** and their counsels, **Defendant CASTORINA**, **BLANK ROME** and the **DOJ Defendants**, are equally responsible for their acts in furtherance of the conspiracy that *defrauded* this Court and deprived Plaintiff of his federally protected Constitutional Rights. The culmination of the Third Circuit's *binding* precedential rulings in <u>Licata</u>, the **DEFENDANTS'** unequivocal misconduct in this Court and multiple jurisdictions

shows, **Defendant USPS** established a pattern of evading justice, of which **Defendant PBI** acquiesced, relied on, benefitted from and therefore engaged in.

539.    "*[F]raud upon the court includes both attempts to subvert the integrity of the court and fraud by an officer of the court*." Intermagnetics, 926 F.2d at 916.) Therefore, the record shows, **Defendants USPS & PBI**, *et al*, perpetrated "fraud upon the court" with their attempt to subvert the integrity of the Court through false pleadings and failure to report and/or acquiescence in the misconduct. *See* Pumphrey v. K. W. Thompson Tool Co. 62 F. 3d 1128 showing: "*Thompson* [Defendant] *through Bartlett* [Counsel] *perpetrated fraud upon the court*."

540.    Therefore, since the record shows, in the original proceeding, **Defendants USPS** and **PBI** did acts in furtherance of the conspiracy that *defrauded* this Court and deprived Plaintiff of his Federally protected Constitutional Rights, rather than fairly responding to the substance of the allegations, Plaintiff respectfully request that, pursuant to Rule 55, this Court enters *default judgment* against **Defendants USPS** and **PBI** for the claims and causes of action, including, but not limited to, misrepresentation, fraud, violations of 39 U.S.C. §404a, conversion, misappropriation of trade secrets, *inter alia*, asserted against them in the original proceeding.

541.    "*FRCP Rule 8(2) Denials—Responding to the Substance—"A denial must fairly respond to the substance of the allegation*."

542.    "*FRCP Rule 55. Default; Default Judgment—(a) When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default*."

543.    Clearly, by committing "fraud upon the Court" in the original proceeding and "*multiple jurisdictions*", **Defendants USPS** and **PBI** failed to fairly respond to the substance of the allegations, failed to plead or otherwise defend against the affirmative relief sought, exhausted the time and forfeited their right to plead or otherwise defend, and therefore defaulted on the allegations raised against them in the original proceeding.

WHEREFORE, Plaintiff demands judgment against **Defendants USPS, PBI, CASTORINA,** consisting of direct and/or consequential damages in an amount in excess of $150,000 and such other, further direct and/or consequential damages as are known or may become known during discovery or at trial. Plaintiff demands relief in the form of punitive

damages against these **Defendants** for their "callous indifference to the federally protected rights of others." (*See* <u>Smith v. Wade</u>, 461 U.S. 30, 56 (1983))

"*The purpose of punitive damages is to punish the defendant for his willful or malicious conduct and to deter others from similar behavior." Memphis Community School Dist. v. Stachura, 477 U.S. 299, 306 n.9 (1986). "A jury may be permitted to assess punitive damages in an action under § 1983, Bivens action, when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). "While the Smith Court determined that it was unnecessary to show actual malice to qualify for a punitive award . . . , its intent standard, at a minimum, required recklessness in its subjective form. The Court referred to a 'subjective consciousness' of a risk of injury or illegality and a '"criminal indifference to civil obligations." "Kolstad v. American Dental Ass'n, 527 U.S. 526, 536 (1999) (discussing Smith in the context of a Title VII case)*"

**COUNT XII: TWELFTH CLAIM FOR RELIEF**
<u>**DERELICTION OF DUTY, WAIST AND ABUSE OF RESOURCES, FRAUD**</u>
<u>**Federal Rules of Civil Procedure Rule 17(a)(2) Action in the Name of the United States for**</u>
<u>**Another's Use or Benefit, Rules of Professional Conduct 8.3 & 8.4**</u>
**(42 U.S.C. §1983 & 1985 Conspiracy /Bivens Action, 39 U.S.C. §3691 Establishment of Modern Service Standards, U.S. Constitution Clause 7- Postal Service, 18 U.S.C. §1031 Fraud Against the United States and its Citizens)**
**(Against Defendants USPS & PBI)**

544.    **PLAINTIFF** hereby re-alleges and incorporates by reference each and every averment and allegation contained above as if fully set forth in detail herein.

545.    The "crux" of **COUNT XII**: Plaintiff demands relief for himself and the citizens of this Nation pursuant to Rule 17(a)(2) *Action in the Name of the United States for Another's Use or Benefit* for **Defendants USPS's** and **PBI's,** acquiescing and/or engaging in: 1) deprivation of Plaintiff's Constitutional Rights; 2) **Defendant USPS's** failure and refusal to meet the modern needs of the general public as required by Establishment of Modern Service Standards 39 U.S.C. §§3691(b)(1)(A) & (c)(7); 3) **Defendant USPS's** violations of Clause 7 of the U.S. Constitution; 4) **Defendant USPS's and PBI's** push for privatization and sabotage of our Great American Institution's assets and properties.

546.    An inspection of the record shows, with deliberate indifference to the consequences, by committing fraud upon this Court, pursuant to Rule 55, **Defendants UPSP** *defaulted* on Plaintiff's allegations in the original proceeding and the entire proceeding was vitiated.

547.    The record shows **Defendant PBI** was fully engaged in and did acts in furtherance of the conspiracy that *defrauded* the Court and deprived Plaintiff of his Constitutional and Due Process Rights by acquiescing in the violations and failing and refusing to report misconduct in multiple jurisdictions.

548.    Article I, Section 8, Clause 7-"Power to Protect the Mails" of the United States Constitution states in pertinent part, "*the postal powers of Congress embrace all measures necessary to establish the system and to insure the safe and speedy transit and prompt delivery of the mails*". History shows, with the establishment of the Postal Service, Congress vested the "Power to Protect the Mails" in **Defendant USPS**.

549.    Public record shows the greater part of the Nation's "mails", including money transfers, is delivered in the digital format commonly referred to as e-mail and e-Commerce.

550.    An inspection of the record shows, the subject of the dispute in the original proceeding was Plaintiff's claim that **Defendant USPS** *unlawfully* disclosed and misappropriated Plaintiff's proposal and intellectual property to third party **Defendant PBI** in violation of 39 U.S.C. §404a(a)(2) & (3), *inter alia*.

551.    Plaintiff proposed to partner with **Defendant USPS** in the implementation of a secure digital delivery service intended to: 1) embrace all measures necessary to protect and insure the safe delivery of the Nation's Internet/digital mails, communications and money transfers; and, 2) repair the Postal Service's failing financial condition.

552.    Public record shows, at all times relevant, **Defendants USPS** and **PBI** were pushing for privatization of certain Billion Dollar Postal Service operations as evidenced by numerous Congressional Hearings on Postal Reform and the supposedly independent 2013 National Academy of Public Administration Report that was funded by **Defendant PBI**. Public record also shows, **Defendant PBI** claims to operate the largest "mail-sorting network" in the Nation while Postal Operatives have dismantled high-speed mail sorting equipment, placed them in the Postal Service's parking lot next to the dumpster, while the Postal Service was overwhelmed

with the mail-in ballots of the 2020 Presidential election. Therefore, these facts suggest that **Defendant USPS's** and **PBI's** push for privatization includes the conveyance of a portion, if not all, of the Postal Service's "mail-sorting" operations to **Defendant PBI**.

553.    Public record shows, the basis of the **Defendant USPS's** and **PBI's** push for privatization and Postal Reform in the ongoing Congressional Hearings was the Postal Service's continued Billion Dollar revenue losses and its insolvency. Therefore, Plaintiff's proposal that included repairing the Postal Service's failing financial condition was counter-productive to **Defendant USPS's** and **PBI's** push for privatization. If the Postal Service was flourishing, **Defendant USPS** and **PBI** would have no basis to persuade Congress that the Postal Service was insolvent and should be privatized. These facts also establish motive for **Defendant USPS's** *unlawful* disclosure, misappropriation, and conveyance of Plaintiff's Billion Dollar proposal to **Defendant PBI**.

554.    However, in their push for privatization, **Defendant USPS** _not only_ violated Plaintiff's rights, but they also disregarded the needs of the general public, the provisions of 39 U.S.C. §3691 Modern Service Standards, and the U.S. Constitution.

555.    Public record shows, the greater part of this Nation's businesses', citizens', government agencies', financial institutions', credit bureaus', and schools' digital mails have been and remain unprotected as evidenced by the millions of identities, billions of pieces of information, and billions of dollars that were stolen or compromised since Plaintiff's introduction of his proposal to **Defendant USPS** in 2007.

556.    When considering the fact that since the time of Plaintiff's proposal to **Defendant USPS** to implement a secure digital delivery service, the greater part of the mails is delivered in the digital format via email, and **Defendant USPS**: 1) violated Plaintiff's trade secret rights; 2) failed and refused to take any action; 3) failed and refused to perform its Constitutional and fiduciary duty to even attempt to "*embrace all measures necessary to insure the safe and speedy transit and delivery of the mails*"; and, 4) failed and refused to meet the objectives of 39 U.S.C. §§3691 (b)(1)(A)—"*To enhance the value of postal services to both senders and recipients*" and (c)(7)—"*take into account...the effect of changes in technology, demographics, and population distribution on the efficient and reliable operation of the postal delivery system*"; **Defendants**

**USPS and PBI** bear a large part of the responsibility for more than fifteen (15) years of our Nation's digital "mails" being vulnerable and victimized by Internet crime.

WHEREFORE, Plaintiff demands judgment for himself and, pursuant to Rule 17(a)(2) *Action in the Name of the United States for Another's Use or Benefit*, for the citizens of this United States against **Defendants USPS** and **PBI,** consisting of direct and/or consequential damages in an amount in excess of $150,000 and such other, further direct and/or consequential damages as are known or may become known during discovery or at trial. Plaintiff demands relief in the form of punitive damages against these **Defendants** for their "callous indifference to the federally protected rights of others." (*See* <u>Smith v. Wade</u>, 461 U.S. 30, 56 (1983))

*"The purpose of punitive damages is to punish the defendant for his willful or malicious conduct and to deter others from similar behavior." Memphis Community School Dist. v. Stachura, 477 U.S. 299, 306 n.9 (1986). "A jury may be permitted to assess punitive damages in an action under § 1983, Bivens action, when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). "While the Smith Court determined that it was unnecessary to show actual malice to qualify for a punitive award . . . , its intent standard, at a minimum, required recklessness in its subjective form. The Court referred to a 'subjective consciousness' of a risk of injury or illegality and a '"criminal indifference to civil obligations." "Kolstad v. American Dental Ass'n, 527 U.S. 526, 536 (1999) (discussing Smith in the context of a Title VII case)"*

Date: August 19, 2022                               Respectfully submitted,

                                                                            /s/
                                                                  _____
                                                                  Frederick Foster, Plaintiff *Pro Se*
                                                                  5049 Lancaster Ave
                                                                  Philadelphia, PA 19131

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FREDERICK D. FOSTER,** | **:** | **CIVIL ACTION** |
| **Plaintiff, pro se** | **:** | **JURY DEMAND** |
| **v.** | **:** | **Case No.** |
| **JOEL H. SLOMSKY, CLERKS TO BE NAMED,** | **:** | |
| **LANDON Y. JONES, WILLIAM M. MCSWAIN,** | **:** | |
| **UNITED STATES ATTORNEY OFFICE FOR** | **:** | |
| **EASTERN DISTRICT OF PENNSYLVANIA** | **:** | |
| **UNITED STATES DEPARTMENT OF** | **:** | |
| **JUSTICE,** | **:** | |
| **JANINE CASTORINA, BLANK & ROME LLP,** | **:** | |
| **CHRISTOPHER A. LEWIS,** | **:** | |
| **JONATHAN S. GOLDMAN,** | **:** | |
| **KATHERINE P. BARECCHIA,** | **:** | |
| **UNITED STATES POSTAL SERVICE,** | **:** | |
| **PITNEY BOWES, INCORPORATED, ET AL.** | **:** | |
| **Defendants.** | **:** | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the date stated below, the foregoing Complaint was duly served upon all necessary parties by US Mail and/or Electronic Mail as follows:

United States Postal Service, Janine Castorina
janine.castorina@usps.gov
USPS Office of General Counsel for USPS
475 L'Enfant Plaza, SW
Washington, DC 20260
(202) 268-2962

Christopher A. Lewis, Jonathan Scott Goldman, Katherine P. Barecchia
lewis@blankrome.com
Blank Rome, Attorney for Pitney Bowes, Inc.
One Logan Square

Philadelphia, PA 19103
(215) 569-5531

Landon Y. Jones III, Zane David Memeger, Gregory B. David, Annetta Foster Givhan, Margaret
L. Hutchinson
Landon.jones@usdoj.gov
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
(215) 861-8200 (Main) or 8323 (Direct)

Joel H. Slomsky, Law Clerk to-be-named
District Court Judge for the EDPA
601 Market Street,
Philadelphia, PA 19106
(215) 587-7704

United States Department of Justice, Office of the Inspector General, Office of Professional
Responsibility, Executive Office of Attorney General
950 Pennsylvania Avenue NW,
Washington, DC 20530

Date: <u>August 19, 2022</u>                                      Respectfully submitted,

<u>         /s/         </u>
Frederick Foster, Pro Se Plaintiff
5049 Lancaster Ave.
215-668-1332
fdfosterllc@hotmail.com

# EXHIBIT "A"

U.S. Department of Justice
Office of the Inspector General
Investigations Division
950 Pennsylvania Ave., NW
Washington, DC 20530

September 17, 2020

**Civil Rights & Civil Liberties Complaints**

Complaint filed by Frederick Foster against Assistant U.S. Attorneys LANDON Y. JONES III, ZANE DAVID MEMEGER, MARGARET L. HUTCHINSON, and ANNETTA FOSTER GIVHAN, *et al.*

Re: *Frederick Foster v. USPS and Pitney Bowes, Inc.* EDPA Case No. 2:11-cv-07303

ATTN: Civil Rights & Civil Liberties Division of the OIG for the U.S. Department of Justice;

**Notwithstanding any of the subsequent and numerous acts of "fraud upon the Court" committed by Assistant U.S. Attorneys LANDON Y. JONES III, ZANE DAVID MEMEGER, MARGARET L. HUTCHINSON, and ANNETTA FOSTER GIVHAN *et al*, the primary and overarching violation of the fraud, abuse, and integrity laws that govern the DOJ, obstruction of justice, §1983 &1985(3) violations and "fraud upon the court" is; <u>the very entry of appearance by these AUSAs of the DOJ thereby, violating 39 U.S.C. §409(g)(1) for *unlawfully* furnishing legal representation to the Postal Service in the above matter.</u>**

**39 U.S.C. §409(g)(1) expressly states, "*Notwithstanding any other provision of law, legal representation may not be furnished by the Department of Justice to the Postal Service in any action, suit, or proceeding arising, in whole or in part, under any of the following: "(A) Subsection (d) or (e) of this section [§409(d)]"*.**

(See 39 U.S.C. §409(d) and §409(g)(1) showing: despite any other provision of law, the DOJ cannot furnish legal representation to the Postal Service in any suit arising under §409(d), in its status as a "person" or "private commercial enterprise" for unfair or deceptive acts or practices, the equivalent to misrepresentation/fraud, intentional torts or common law damages claims.) **All of Plaintiff's claims arose under Subsection (d) of Section 409**. Therefore, the *any* and *all* representation furnished by the AUSAs to the Postal Service in the above matter constituted violations of numerous laws including, but not limited to: the fraud, abuse, and integrity laws that govern the DOJ, 39 U.S.C. §409(g)(1), 42 U.S.C. §1983 & §1985(3), material misrepresentations to the Court by officers of the DOJ which constitutes extrinsic "fraud upon the Court", obstruction of justice, *inter alia*.

**Therefore, I, Plaintiff *Pro Se* Frederick Foster, request and thereby demand that this DOJ OIG takes immediate action or motion to WITHDRAW the appearance of the AUSAs of the DOJ and the representation of the Postal Service in the above matter, deeming both to be *unlawful*.**

At all time relevant, **Assistant U.S. Attorneys LANDON Y. JONES III, ZANE DAVID MEMEGER, MARGARET L. HUTCHINSON, AND ANNETTA FOSTER GIVHAN,** *et al*, **acted outside the scope of their employment.**

**Any acts, pleadings, assertions, or material misrepresentations subsequent to the AUSAs' *unlawful* entry of appearance thereby, *unlawfully* furnishing legal representation to the Postal Service shall be construed *only* as additional evidence of more of "the fruit of the poisonous tree."**

The following will provide a brief account of the numerous acts of misconduct committed by the AUSAs in the above matter subsequent to their unlawful entry of appearance and is intended compel the Special Agents of this DOJ OIG to take the immediate actions as requested. The listed AUSAs, *et al*:

1. Knowingly, willfully, and continually violated 39 U.S.C. §409(g)(1) that prohibits the DOJ from furnishing legal representation to the Postal Service in any action arising in whole or in part under 39 U.S.C. §409(d), in its status as a "private commercial enterprise" as prescribed by 39 U.S.C. §409(d)(1),

2. Did numerous acts and violations of fraud, abuse, and integrity laws that govern the DOJ, waste of government funds and resources of the DOJ.

3. <u>Obstruction of Justice</u>. While doing *unlawful* acts that were outside the scope of their employment, the AUSAs thereby, obstructed or prevented the DOJ from taking its rightful role of joining Plaintiff in defending this United States and the US Constitution which should have been accomplished by a DOJ investigation of Plaintiff's claims. (*See* Page 16 of this complaint for further information)

4. Engaged in 42 U.S.C. §1983 & §1985(3) violations and did acts in furtherance of the conspiracy that deprived Plaintiff *pro se*, Frederick Foster of his Constitutional Rights to Due Process, *inter alia*,

5. Made numerous material misrepresentations to the Court which constituted extrinsic "fraud upon the Court", *inter alia*,

6. Failed to report misconduct, *inter alia*,

7. Knowingly violated the law and precedential rulings of the Third Circuit in <u>Licata</u> and the DC Circuit in <u>Lopez</u>, (In both cases the Postal Service was the Defendant therefore the AUSAs are without excuse.)

8. Continually warred against the Due Process Clause of the Constitution, because of Frederick Foster's race, class, and religion.

In the above matter, Plaintiff Frederick Foster ("Plaintiff") sued Defendants USPS, Pitney Bowes, Inc. ("PBI") and John Does 1-10 for the Postal Executives'

*unlawful* disclosure and conveyance of Plaintiff's concept/intellectual property to the PBI Defendants. In short, Plaintiff had entered into negotiations with the USPS Defendants to partner in the implementation of a "secure digital delivery service" intended to: 1) provide this Nation with secure digital communications and money transfers, and, 2) Repair the USPS's failing financial condition.  The USPS Defendants, via email, informed Plaintiff that they had disclosed his concept to USPS "potential stakeholders" which included primary USPS stakeholder PBI. High ranking Government Officials including members of Congress, the GAO, and Postal Regulatory Commission ("PRC) also embraced Plaintiff's concept but expressed their lack of authority to "force" the Postal Service to engage in Plaintiff's grand proposal. Plaintiff was later informed by a high ranking government official of the theft and misappropriation of his concept by the USPS and PBI Defendants. This official also directed Plaintiff to an online white paper, released by the PBI Defendants, showing their intent to launch Volly.com, a "secure digital delivery service". Thereafter, despite his limited resources and lack of legal experience, yet armed with truth, faith, perseverance, and knowing the needs of this Nation and his Constitutional Rights, Plaintiff was compelled to take legal action against the Defendants, as a *pro se* litigant. However, as the result of years of senseless acts of misconduct by the Defendants and Counsels, AUSAs, *et al*, the understanding of *pro se* Plaintiff is clear and his claims are ***unequivocal*** grounds for this DOJ OIG to impose corrective and disciplinary measures on the responsible parties.

Plaintiff sued both Defendants USPS and Pitney Bowes, Inc. in their statuses as "private commercial enterprises" as provided by statutory law, including 39 U.S.C. §409(a) "as a general grant of jurisdiction to the district court", §401(1) "that waives the Postal Service's sovereign immunity...", and §409(d) in its status as a

"person" or "private commercial enterprise". (*See* Licata v. USPS, Decision, Case No. 93-5637, (Third Cir. August 24, 1994) and see 39 U.S.C. §409(d).

The causes of action were fraud, misrepresentation, theft of intellectual property, conversion, *inter alia*. All of Plaintiff's claims were intentional torts and damages for violations arising wholly under 39 U.S.C. §409(d) including his §404a claim for the unlawful disclosure of his intellectual property, *inter alia*. Despite the fact that ***any*** representation furnished by the DOJ to the Postal Service in this action arising wholly under §409(d) was ***unlawful***, AUSAs ZANE DAVID MEMEGER, MARGARET L. HUTCHINSON, and ANNETTA FOSTER GIVHAN filed a ***fraudulent*** Motion to Dismiss, Doc. No. 14 that made the material misrepresentations to the Court that:

1. "*The Postal Reorganizations Act ("PRA") establishes USPS as an "independent establishment of the executive branch of the Government of the United States." 29 U.S.C. §201.*" (*See* the correct statute, **"39 U.S.C. Section 201 §3621 Applicability; Definitions"** showing the USPS's government status pertains *solely* to its operations regarding "mail matter" and *see* Licata v. USPS 3d Cir. Case No. 93-5637 showing: The AUSAs conflate the Postal Service's governmental status with its status of a "private commercial enterprise" to evade and obstruct justice from being imposed against the Postal Service for intentional acts committed in its status of a "private commercial enterprise"),

2. "*Count I of plaintiff's complaint purports to allege a claim over which jurisdiction lies exclusively in the United States Court Appeals for the District of Columbia and thus Count I must be dismissed pursuant to Rule 12(b)(1)...To exercise this limited right of action interested parties must file a complaint with the Postal Regulatory Commission ("PRC"). 42 U.S.C.*

*§3662*", (*See* the correct statute, **"39 U.S.C. §3662 Rate and service complaints"** and "PRC Order 2460" which expressly states, "*the Commission has limited jurisdiction to hear rate and service complaints as prescribed by 39 U.S.C. §3662(a)*". **None of Plaintiff's claims were rate and service complaints**. Also see Ramon Lopez v. Postal Regulatory Commission, Judgment, Case No. 12-1341 (D.C. Cir. 2017) showing: "neither the PRC nor the DC Circuit has jurisdiction to hear intentional torts or damages claims raised against the Postal Service, such claims are in the *exclusive* jurisdiction of the district courts".)

3. "*The PRC has 90 days from receipt of the complaint to respond. Should the PRC deny an individual's complaint, the PAEA provides aggrieved parties with an exclusive appellate remedy. Specifically, the aggrieved party may appeal an adverse decision of the PRC in the United States Court of Appeals for the District of Columbia. 42 U.S.C. §3663.*" (*See* the correct statute, **"39 U.S.C. §3663 Appellate review"** and, Lopez wherein the DC Circuit declared "neither the DC Circuit nor the PRC has jurisdiction to hear damages claims raised against the Postal Service which are in the *exclusive* jurisdiction of the district courts". However, further review of USPS MTD, Doc. No. 14 shows the AUSAs made the *deceptively* and *knowingly false* assertions that the PAEA amended the PRA to: 1) limit a person's right to sue the Postal Service in its status as a "private commercial enterprise" and 2) alter the district court's *exclusive* jurisdiction over intentional torts or damages claims raised against the Postal Service.)

4. "*The FTCA is the sole remedy for tort actions for injury or loss of property arising from negligence or wrongful act or omission of any employee of the federal government while acting within the scope of his employment*", *inter*

*alia*. (*See* 39 U.S.C. §409(d), and *see* Licata showing: "the USPS and Counsels, AUSAs, conflate the Postal Service's status of a governmental agency covered by the provisions of the FTCA, with its status of a "private commercial enterprise" and its "sue and be sued" clause in its charter. *See* 32 CFR § 750.23(b) which states, "*any employee who commits an intentional tort is normally considered to be acting outside the scope of employment*" to which the FTCA does not apply Also *see* Lopez showing: Intentional acts, torts, or damages committed by the Postal Service are not barred by the FTCA, such claims are in the *exclusive* jurisdiction of the district courts.)

The AUSAs of the DOJ are without excuse for continually making these material misrepresentations that *deceptively* conflated the Postal Service's status of a government agency, with its status of a private commercial enterprise since the USPS were the Defendants in Licata v. US Postal Service 3d Cir. Case No. 93-5637.  In Licata, the Third Circuit declared in pertinent part, "*By launching the Postal Service into the commercial world, and including a sue-and-be-sued clause in its charter, Congress has cast off the Service's cloak of sovereignty and given it the status of a private commercial enterprise*" and, "*We believe the Postal Service conflates the issues of subject matter jurisdiction, sovereign immunity, and a valid cause of action*." (*See* Licata v. US Postal Service, Judgment, Case No. 93-5637, (Third Cir. August 24, 1994) Showing: the Postal Service and Counsels *established a pattern of evading justice* by conflating its "governmental agency" status that is covered by the provisions of the FTCA, with its "private commercial enterprise" status and a person's right to sue the Postal Service as a "person" in the Federal District Courts.) Clearly, the aforementioned pleadings were material misrepresentations to the Court which constitute extrinsic "fraud upon the Court"

and acts in furtherance of the §1983 & §1985(3) conspiracy by officers of the Court, the AUSAs of the DOJ.

In the most deceptive act of "fraud upon the Court", these AUSAs made the *knowingly false* pleading that, "*The complaint would be defective in any event given that the USPS is immune from common tort claims which must be alleged solely against the United States and several of the common law torts plaintiff alleges are prohibited under Section 2680(h) of the FTCA, including the tort of misrepresentation.*" This pleading is *fraudulent* and *absurd* since it is egregiously inconsistent with statutory and common law for the following reasons:

1) **28 U.S.C. §2680(h) specifically prohibits such claims of misrepresentation and fraud "*with regards to acts or omissions of investigative or law enforcement officers of the United States Government*."** Clearly, none of the USPS Defendants were "Federal investigative or law enforcement officer[s] of the United States Government" as defined by §2680(h) and 32 CFR § 750.23 Definitions (b) Intentional torts. (*See* 28 U.S.C. §2680(h) showing this statute applies solely "with regards to acts or omissions of investigative or law enforcement officers of the United States Government.") and (*See* 32 CFR § 750.23(b) showing "*any employee who commits an intentional tort is normally considered to be acting outside the scope of employment*" to which the FTCA does not and cannot apply.)

2) Plaintiff sued the Postal Service in its status as a "private commercial enterprise" under 39 U.S.C. §409(d) which expressly states, "*the Postal Service shall be considered a person and shall not be immune under any doctrine of sovereign immunity from suit in Federal Court by any person*", and,

3)  It violates the declarations and precedential rulings of the Third Circuit in Licata showing: the Postal Service was given the status of a "private commercial enterprise", and the DC Circuit in Lopez showing the Postal Service is not entitled to immunity and the FTCA does not bar intentional acts or torts, and damages claims against the Postal Service are in the *exclusive* jurisdiction of the district courts.

Clearly, the AUSAs' citing the FTCA and specifically, §2680(h) as a defense against Plaintiff's claims of fraud, misrepresentation, *inter alia*, constituted additional acts of extrinsic "fraud upon the Court" by officers of the Court, §1983 & §1985(3) violations, further violations of fraud, abuse and integrity laws that govern employees of the DOJ, amongst other things.

Additionally, a review of the USPS MTD, Doc. No. 14 shows it was an intentionally *fraudulent*, poorly "thrown together" piece of work, crafted by these DOJ AUSAs with clear intent to abuse the credibility and integrity of the office. The primary focus was to take advantage of *pro se* Plaintiff's ignorance and weaknesses to ultimately deprive him of his Constitutional rights. However in doing so, the AUSAs are also guilty of "fraud upon the Court" by officers of the DOJ. The USPS MTD not only failed to meet the standard of excellence of a DOJ document, but it was a nonfunctional, unsearchable pdf that contained numerous misleading, improper citings of statutes, *inter alia*. As previously shown, the USPS MTD cited non-existing statutes including, but not limited to, *29 U.S.C. §201, 42 U.S.C. §3662, 42 U.S.C. §3663*. A review of the case laws that were cited in the MTD shows, they are inapposite and incorrect citings as they failed to address Plaintiff's claims against the Postal Service in its status of a "private commercial enterprise and pertained solely to its governmental status as prescribed by 39 U.S.C. §201, mail matter, rate and services. (e.g. "See City and County of San

Francesco v. United States Postal Service" pg. 6 of USPS MTD, Doc. No. 14, San Francesco is a monastery, church in Italy named after Saint Francis of Assis.)

Plaintiff filed a Response to USPS Motion to Dismiss, Doc. No. 20, and a Motion for Sanctions, Doc No. 25, wherein Plaintiff identified numerous false statements that were made in the USPS MTD and other filings. Most importantly, Plaintiff cited 39 U.S.C. §409(g)(1) showing that "*legal representation may not be furnished by the Department of Justice to the Postal Service in any action, suit, or proceeding arising, in whole or in part...under...Subsection (d) of this section*", which is section 409. All of Plaintiff's claims arose in whole or in part under §409(d). As further evidence of violations of the fraud, abuse, and integrity laws that govern DOJ employees, "fraud upon the Court", Rule 11, §1983 &§1985(3) violations, *inter alia*, the AUSAs filed a knowingly ***fraudulent*** Response to Plaintiff's Motion for Sanctions, Doc. No. 26 that failed to correct any of the numerous errors, but instead, made additional material misrepresentations that were intended to harass and deprive Plaintiff *pro se* of his rights and ***defraud*** the Court. The material misrepresentations included, but were not limited to:

1. "*Title 39 of United States Code states that, with limited exceptions, "the Department of Justice shall, under section 411, furnish the Postal Service such legal representation as it may require." 39 U.S.C. §409(g)(2) (emphasis added).*" This pleading and citing is *deceptive* since the AUSAs intentionally omitted the most pertinent part of 39 U.S.C. §409(g)(2), "*In any circumstance not covered in paragraph (1)...*" Clearly, all of Plaintiff's claims were covered in paragraph (1), which is 39 U.S.C. §409(g)(1). Therefore the AUSAs omission of the most pertinent part of 39 U.S.C. §409(g)(2) was intentional and an act of "fraud upon the Court".

2. *"The subsection cited by plaintiff, 39 U.S.C. §409(g)(1), enumerates limited exceptions to the general requirement that the Department of Justice defend the Postal Service, including cases in which the Postal Service is being sued under the Trademark Act of 1946, the Lanham Act, the Clayton Act, certain matters before the Postal Regulatory Commission (the "PRC), and appellate review of final decisions by the PRC.* This statement is also deceptively ***fraudulent*** because the "general requirement" of "SEC. 404. SUITS BY AND AGAINST THE POSTAL SERVICE., is; under section 409 subsection (d)(1), "*the Postal Service shall be considered a person...and shall not be immune under any doctrine of sovereign immunity from suit in Federal Court by any person*" as declared by the Third Circuit in Licata, and under subsection (g)(1), "*Notwithstanding any other provision of law*" the DOJ may not furnish legal representation to the Postal Service in any action arising in whole or in part under subsection (d)(1), plain language of the law. The "Acts" in the statute, inappositely cited by the AUSAs, were specifically and unequivocally added and referenced by Congress in Title 39 to prevent the reformed USPS, in its status as a "private commercial enterprise", from committing unfair competition in the private sector, and/or using its governmental status to do it. These "Acts" were certainly not intended to be used by the AUSAs to deprive a person of their right to sue the Postal Service in its status of a "private commercial enterprise". (See Licata and 39 U.S.C. §409(d)) In fact, the Clayton Act expanded the power of a private person to sue a commercial enterprise and obtain treble damages.

3. *However none of these exceptions apply to the claims before this Court. As such, Department of Justice representation is not only proper but also required by Federal law.*" After further conflating the issues to support their

frivolous argument, the AUSAs closed with a statement that is egregiously inconsistent and knowingly contrary to common and statutory law. As previously stated, the general requirement is that despite any other provision of law, the DOJ may not furnish legal representation to the Postal Service in any action arising under §409(d). This general requirement not only prevents the DOJ from defending the Postal Service in its status of a private commercial enterprise, but also prevents the DOJ from defending intentional torts and unlawful acts committed outside the scope of employment or the Postal Service's status of a government agency. In this case, such blanketed representation poses a conflict of interest, since Plaintiff is actually the only party in this case who is acting in the interest of this Nation and the general public. The AUSAs unlawful acts in the above matter may be construed as engaging with the Defendants in intentional torts, unlawful acts outside the scope of employment, and even crimes against the United States. The AUSAs Response to Plaintiff's Motion for Sanctions, Doc. No. 26 was not only further acts of "fraud upon the Court" and acts in furtherance of the §1983 & §1985(3) conspiracy, but was intended to harass Plaintiff *pro se* and may also be construed as torturous interference.

Thereafter, Judge Slomsky DENIED *pro se* Plaintiff's motion to amend his complaint and DENIED Plaintiff's request to withdraw an ***irrelevant*** patent infringement claim regarding Plaintiff's fraud proof credit card patent. The sequence of events shows; by denying Plaintiff's request to withdraw his patent infringement claim, Judge Slomsky forced the appeal of his **VOID** Orders to be heard in the Federal Circuit and ultimately DENIED Plaintiff's right to appeal to the Third Circuit, the EDPA's home circuit. Obviously, **the Third Circuit would have ruled in accordance with the law and its own precedential rulings** made

in **Licata**. Moreover, the record shows in CAFC Case #13-1374, the Federal Circuit AFFIRMED Judge Slomsky's **VOID** Orders. Therefore, Judge Slomsky and the AUSAs also created a conflict between the circuits, in opposition of the EDPA's home circuit, Third Circuit and DC Circuit v. the Federal Circuit.

Plaintiff later discovered Ramon Lopez v. Postal Regulatory Commission, Judgment, Case No. 12-1341 (D.C. Cir. 2017) (*See* Doc. No. 94 Exhibit 2). In Lopez, the DC Circuit expressly and unequivocally refuted all of the AUSAs' *fraudulent* pleadings and stated in pertinent part, "*Lopez next argues that neither the Commission nor this Court has jurisdiction to address **his damages claim**. While the Commission agrees with Lopez on the jurisdictional question... **The Court agrees that it does not have jurisdiction to decide the issue. See 28 U.S.C. § 1346(b)(1) (establishing "exclusive jurisdiction" over certain civil claims against the U.S. government in the district court)**...and, "damages claim[s] is [are] not plainly barred by the FTCA's postal exception...the Postal Service is not entitled to sovereign immunity for the intentional [acts]... *" See Ramon Lopez v. Postal Regulatory Commission, Judgment, Case No. 12-1341 (D.C. Cir. 2017) (showing: even in a damages claim stemming from the intentional mis-transmission of "mail", neither the PRC nor the DC Circuit has jurisdiction to decide the issue, "damages claims" or "intentional torts" against the USPS are in the *exclusive* jurisdiction of the district court and are not barred by the FTCA.) The culmination of US Code, common law, the Third Circuit's rulings in Licata, and the DC Circuit's rulings in Lopez, gave detailed rebuttal and reproof showing:

1. *All* of the USPS's and Counsels', AUSAs' pleadings were material misrepresentations to the Court which constituted extrinsic "fraud upon the Court", acts in furtherance of the §1983 & §1985(3) conspiracy, *inter alia*, and,

2. *All* of Judge Slomsky's Judgments were unequivocally **VOID** *ab intitio* for failure to act in accordance with due process law and for being produced by the AUSAs' *fraud*.

Upon discovery of Lopez and "PRC Order No. 2460" which states in pertinent part, "*the Commission has limited jurisdiction to hear rate and service complaints as prescribed by 39 USC §3662(a)*", on February 6, 2019, Plaintiff contacted AUSA Landon Y. Jones III via email with exhibits of Lopez and "PRC Order No. 2460" attached. Plaintiff sent said email with the intent to:

1. Bring to Landon Jones's attention the numerous material misrepresentations to the Court that constituted extrinsic "fraud upon the Court" and §1983 & 1985(3) violations that were committed by him and the several AUSAs of the DOJ,

2. Satisfy the prerequisite of Rule 11 Sanctions. Give him opportunity to correct the misconduct committed by him and the several AUSAs of the DOJ,

On February 14, 2019, Landon Y. Jones III responded with a "Letter" that stated in whole, "*By this letter, I acknowledge receipt of your email dated February 6, 2019, 10:45 p.m., as well as your numerous voicemails. I will review the materials you have provided and take any appropriate and necessary actions. Barring such actions, I do not intend to correspond further on this matter.*" The record shows, rather than taking the "*appropriate and necessary actions*" to correct his office's "fraud upon the Court" and deprivation of Plaintiff's rights, AUSA Landon Y. Jones III did acts in furtherance of the conspiracy that deprived Plaintiff of his rights and *defrauded* the Court.

On August 8, 2019, Plaintiff *pro se* filed his Rule 60(b)(4) *Emergency* Motion for Relief from a Judgment or Order/Fraud Upon the Court/Motion to Take

Judicial Notice of New Evidence/Motion for Default Judgment, Doc. No. 94. Plaintiff's Rule 60(b)(4) Motion requested the Court to take judicial notice of the newly discovered evidence of the DC Circuit's declaratory decrees or precedential rulings in Lopez and the PRC's rulings in "PRC Order No. 2460" which unequivocally showed: the district court has *exclusive* jurisdiction over intentional acts or damages claims against the Postal Service and "*the Commission has limited jurisdiction to hear rate and service complaints as prescribed by 39 USC §3662(a)*." These materials to be noticed were from the very authorities that the AUSAs cited in their *fraudulent* Motion to Dismiss, Doc. No. 14 and showed that the Defendants and Counsels made numerous material misrepresentations to the Court which constituted acts of extrinsic "fraud upon the Court" that was committed to deprive Plaintiff of his due process rights. These materials not only proved that *all* of Judge Slomsky's Judgments were **VOID** *ab intitio* pursuant to Rule 60(b)(4) for failure to act in accordance with due process law and denying or contravening the District Court's inherent jurisdiction, but also showed since "*any single attempt to commit fraud upon the Court vitiates the entire proceeding*", *all* of Judge Slomsky's Judgments were **VOID** for being produced by fraud. (Seventh Circuit) Plaintiff's subject Rule 60(b)(4) Motion also asserted that the fact that the AUSAs' and Defendants' commission of "fraud upon the Court" showed unequivocal *consciousness of guilt*. Therefore, Plaintiff requested that Judge Slomsky entered *Default Judgment* pursuant to Rule 55 against the Defendants for forfeiting their opportunity to and/or failure to plead or otherwise defend the allegations raised against them in Plaintiff's original Complaint including, but not limited to, misrepresentation/fraud, *inter alia*. Moreover, Plaintiff's Rule 60(b)(4) motion was the "litmus test" in determining Judge Slomsky's impartiality. It would also determine or reveal the Defendants' and Counsels' including the AUSAs' *mens rea* in the §1983 & §1985(3) conspiracy and "fraud upon the Court". The

following will show the ***mens rea*** of the all opposing parties including Landon Y Jones III and the AUSAs, *et al*, in the §1983 & §1985(3) conspiracy and "fraud upon the Court" was intentional and purposeful.

On August 14 & 15, 2019, the USPS & PBI Defendants filed timely responses to Plaintiff's subject Rule 60(b)(4) Motion. (*See* Defendant USPS's Response Doc. No. 96 and Defendant PBI's Response Doc. No. 97) A review of both responses shows, the Defendants and Counsels *not only* failed to plead or otherwise defend against the allegations of "fraud upon the Court", but both contained material misrepresentations that must be construed as acts in furtherance of their "fraud upon this Court" and §1983 & §1985(3) conspiracy. Both responses cited the other ***irrelevant/unlawful*** proceedings in venues that lacked ***all*** subject-matter-jurisdiction, where, for almost eight years, the Defendants and Counsels prevailed in doing acts in furtherance of their §1983 & §1985(3) conspiracy. **Both Defendants' responses failed to even mention the materials to be noticed, "PRC Order No. 2460" or Lopez**. In fact, rather than pleading or otherwise defending against the allegations of "fraud upon the Court", *inter alia*, the USPS/AUSA Landon Y. Jones III stated in pertinent part:

"*Pro se plaintiff Frederick Foster has filed a meritless motion for relief under Rule 60(b) that is duplicative of his prior Rule 60 motion and related filing from 2016...the Postal Service does not intend to address it further. In the event the Court so requests, the Postal Service stands ready to provide any necessary supplemental briefing.*" (*See* the USPS Defendants' Response, Doc. No. 96)

This pleading by Landon Y. Jones III is an additional material misrepresentation to the Court since, the DC Circuit issued Lopez on December 11, 2017, nearly two (2) years after Plaintiff's "*prior Rule 60 motion and related filing from 2016*". Therefore Plaintiff's subject Rule 60(b)(4) Motion could not have been

"*duplicative of his prior Rule 60 motion and related filing from 2016*". Clearly, the USPS/Landon Y. Jones III <u>declared</u> his intent to **default** on the allegations raised him in Plaintiff's Rule 60(b)(4) Motion that was based on the newly discovered evidence of <u>Lopez</u> and "PRC Order 2460" and he declared or reserved the possibility of making additional material misrepresentations to the Court "*in the event the Court so requests.*"

Clearly, AUSA Landon Y. Jones III failed and refused to "*take any appropriate and necessary actions*" as denoted in his February 14, 2019 email. Instead, he chose to commit further violations of fraud, abuse, and integrity laws that govern DOJ employees by committing further acts of "fraud upon the Court" and deprivation to cover *prior* acts of "fraud upon the Court" and deprivation committed by him and the several AUSAs. In other words, he made more material misrepresentations to cover "*prior*" material misrepresentations.

Moreover, **the USPS Defendants, AUSA Landon Y. Jones III and his office were <u>without excuse</u> for their continued extrinsic fraud upon the Court, thereby denying the District Court's "*exclusive* jurisdiction", because as with <u>Licata</u>, in both materials/Orders, "PRC Order No. 2460" and <u>Lopez</u>, the USPS was the subject and/or the Defendants**. *And*, whether Judge Slomsky requested "*supplemental briefing*" or <u>*not*</u>, <u>the FRCP Rules of Pleadings, Rules 8, 11, and Federal Rules of Evidence Rule 201 *required* that the USPS/Landon Y. Jones III, *et al*</u>: "*(A) state...its defense to each claim asserted against it, (B) admit or deny the allegations asserted against it, and, 8(b)(2) A denial must fairly respond to the substance of the allegations*"...therefore the Defendants and AUSA Landon Y. Jones III violated Rule 8, 11, and **defaulted** on the allegations of "fraud upon the Court" raised against them in Plaintiff's subject Rule 60(b)(4) Motion.

The Court should have entered Default judgment pursuant to Rule 55 against the Defendants and Counsel for failure to plead or otherwise defend.

Furthermore, Plaintiff's Rule 60(b)(4) Motion attacked Judge Slomsky's **VOID** Judgments. As a further act in the commission of "fraud upon the Court" and §1983 & §1985(3) conspiracy, Defendants USPS and AUSA Landon Y. Jones III made the material misrepresentation that, "*Foster's latest filing is untimely, just as his prior motion was. It is also meritless, just as his prior motion was*." It is well settled law that, "**The Court Has A Responsibility To Correct A Void Judgment**." And, "A void judgment may be attacked at any time by a person whose rights were affected". (US Supreme Court holdings on void judgments) "*A decision produced by fraud upon the court is not in essence a decision at all, and never becomes final*." "*Fraud Upon the Court is an extremely serious crime, and so in dire opposition to the definition of justice that this crime is not subject to any statute of limitation*." (Seventh Circuit) Therefore, AUSA Landon Y. Jones III's pleading that Plaintiff's Rule 60(b)(4) Motion was untimely is an additional material misrepresentation to the Court by an officer of the DOJ, act in furtherance of the §1983 & §1985(3) conspiracy and violation of fraud, abuse, and integrity laws that govern DOJ employees.

Moreover, Landon Y. Jones III's blanket response denying the merits of the precedential rulings of the DC Circuit in Lopez and the PRC in "PRC Order No. 2460" not only violated the Federal Rules of Pleading Rule 8 & 11, but also violated the Federal Rules of Evidence 201 and 401which requires that the court takes notice of said materials. Clearly, the materials to be noticed (a) "*have a direct relation to the matter at issue...has any tendency to make a fact more or less probable than it would be without the evidence, and, (b) the facts are of consequence in determining the action*." (*See* Federal Rules of Evidence 201 and

401) The DC Circuit and the PRC are the very authorities the AUSAs misrepresented to have exclusive jurisdiction over the intentional damages claims of Count I of Plaintiff's Complaint. These very authorities have regulatory, supervisory, and rule making authority over the Postal Service. Therefore, AUSA Landon Y. Jones III's pleading that the actual declarations, testimonies, or rulings from the DC Circuit and the PRC are "meritless", is *absurd*, *hypocritical*, not in accordance with due process law, and should be construed as an additional act of "fraud upon the Court", §1983 & §1985(3) violations, violation of fraud, abuse, and integrity laws that govern DOJ employees, *inter alia*.

## CONCLUSION:

THE MERE ENTRY OF APPEARANCE BY THE ASSISTANT U.S. ATTORNEYS OF THE DEPARTMENT OF JUSTICE THEREBY, *UNLAWFULLY* FURNISHING LEGAL REPRESENTATION TO THE POSTAL SERVICE IN THE ABOVE MATTER, CONSTITUTES VIOLATIONS OF 39 U.S.C. §409(g)(1), OBSTRUCTION OF JUSTICE AND VIOLATIONS OF FRAUD, ABUSE AND INTEGRITY LAWS THAT GOVERN DOJ EMPLOYEES, AND THEREFORE MUST CEASE IMMEDIATELY.

ADDITIONAL CORRECTIVE AND DISCIPLINARY MEASURES MUST BE IMPOSED FOR THEIR SUBSEQUENT MATERIAL MISREPRESENTATIONS TO THE COURT BY OFFICERS OF THE DOJ, EXTRINSIC "FRAUD UPON THE COURT", §1983 & §1985(3) VIOLATIONS, WAR AGAINST THE CONSTITUTION, VIOLATIONS OF THE FRAUD, ABUSE, AND INTEGRITY LAWS THAT GOVERN DOJ EMPLOYEES, *INTER ALIA*.

In light of the foregoing, the record shows: Assistant U.S. Attorney LANDON Y. JONES III, ANNETTA FOSTER GIVHENS, ZANE DAVID MEMEGER, MARGARET L. HUTCHINSON, SUSAN R. BECKER for GREGORY B.

DAVID, *et al*, are liable and guilty of having committed the following *inter alia* misconduct:

1. Knowingly and intentionally violating 39 USC §409(g)(1) which expressly which states, "*Notwithstanding any other provision of law, legal representation may not be furnished by the Department of Justice to the Postal Service in any action, suit, or proceeding arising, in whole or in part, under any of the following: ''(A) Subsection (d) or (e) of this section* [§409(d)]". §409(g)(1) unequivocally prohibits the DOJ from furnishing legal representation to the Postal Service in its status as a "private commercial enterprise" as prescribed by 39 USC §409(d)(1),

2. Did acts in violation of the fraud, abuse and integrity laws that govern DOJ employees.

3. Engaged in 42 USC §1983 & §1985(3) violations and did acts in furtherance of the conspiracy that deprived Frederick Foster of his Constitutional Rights to Due Process,

4. Made numerous material misrepresentations to the Court which constituted extrinsic "fraud upon the Court" by officers of the Court, officers of the DOJ

5. Failed to report misconduct, *inter alia*, PA Professional Rules of Conduct Rule 8,

6. Knowingly violated the law and precedential rulings of the Third Circuit in Licata and the DC Circuit in Lopez,

7. Warred against the Due Process Clause of the Constitution, because of Frederick Foster's race, class, and religion.

8. Obstruction of Justice. Every act made by AUSAs including their *unlawful* entry of appearance should be considered an obstruction of justice. By doing

*unlawful* acts that were outside the scope of their employment, the AUSAs thereby, obstructed and prevented the DOJ from taking its rightful role of defending this United States and the Constitution. The AUSAs obstructed the DOJ from performing its duty of reviewing or investigating legal actions against government employees. In fact, the AUSAs *unlawful* acts may be construed as a "cover up" of the Defendants' misdeeds. With the question of motive being, "Why would the Postal Operatives whose employer, the USPS, was losing Billions of Dollars in yearly revenue, *unlawfully* convey Plaintiff's proposal, a potential Billion Dollar revenue generator, to the PBI Defendants?" And, "Why would the Postal Operatives fail and refuse to even attempt to protect this Nation's digital communications and money transfers?" Plaintiff, through a search of public record, later discovered a series of acts made by the USPS and PBI Defendants' in their push for privatization of certain Postal operations to be conveyed to Defendant Pitney Bowes. The culmination of such acts may be construed as a conspiracy to commit fraud against the United States and may lead to civil and criminal actions including charges for Title 18 violations, *inter alia*. In this case, DOJ representing the USPS Operatives for intentional torts, acts outside the scope of employment, posed a clear conflict of interest, fraud, waste and abuse of the resources of the government.

I, Frederick Foster, *pro se* Plaintiff in the above matter, demands that this U.S. Department of Justice Office of the Inspector General enforces integrity, efficiency, and accountability within the Department of Justice. While an investigation, corrective and disciplinary measures are in order, as with any officer of the Court including, judges, and Assistant U.S. Attorneys, "**Only an inspection of the record of the case showing that the [officers of the Court] the judge**

**violated a person's due process rights**, or **where fraud was involved in the attempted procurement of jurisdiction, is sufficient for an order to be void**. In instances herein, the law has stated that the orders are void ab intitio and not voidable because they are already void." (US Supreme Court) Therefore, in light of the AUSAs unlawful acts of "extrinsic fraud upon the Court" and §1983 & §1985(3) violations causing the Court to make VOID Judgments, this Office of the Inspector General *must* find the AUSAs of this case liable or guilty of violations of fraud, abuse and integrity laws that govern DOJ employees, *inter alia*.

Moreover, the AUSAs failed and refused to correct their unlawful, unethical, un-Constitutional, and Un-Godly acts of extrinsic "fraud upon the Court" and §1983 & §1985(3) violations, *inter alia*, showing their **mens rea** was purposeful and intentional.  As previously stated, **32 CFR § 750.23(b) Intentional torts** states in pertinent part: "*any employee who commits an intentional tort is normally considered to be acting outside the scope of employment*". Therefore, this DOJ OIG *must* find the AUSAs' *unlawful* acts including, "fraud upon the Court" and §1983 & 1985(3) violations, *inter alia*, as acting outside the scope of employment to which the FTCA does not apply.

"*A person or group who elects to **defraud** a court by false testimony and material misrepresentations is deemed to know that such a bold fraud might very well be discovered*." (Seventh Circuit...common law/common sense)

Only an inspection of the record is needed for the DOJ OIG Special Agents to investigate Plaintiff's allegations against the AUSAs which must be categorically construed as acts in furtherance of the conspiracy that deprive Plaintiff of his rights, extrinsic "fraud upon the Court", violations of fraud, abuse and integrity laws that govern DOJ employees. And based on such findings, said investigation shall result in criminal, civil, and administrative actions. While a full investigation

of the allegations and civil action or criminal prosecution of ***all culprits*** will be time consuming, I, Frederick Foster expressly request that the Special Agents of this DOJ OIG moves with swift and aggressive action including, but not limited to, the immediate intervention in EDPA 2:11-cv-7303 with the submission of an official declaration from this DOJ OIG into the Court's record declaring:

1. The **"withdrawal of appearance of the AUSAs of the DOJ from furnishing legal representation to the Postal Service in the above matter"**,

2. **"withdrawal of all pleadings and filings by the AUSAs in the above matter"**, **motion in agreement to Strike from the record**, deeming said pleadings and filings from the AUSAs to be **material misrepresentations to the Court by Officers of the Court**, and

3. "**it was unlawful for the AUSAs of the DOJ to furnish legal representation to the Postal Service in the above matter**", *inter alia.*

I request that the Special Agents files the above requested document as-soon-as-possible. This is to say, I am asking that this DOJ OIG prevents the AUSAs from causing any further unnecessary delay or obstruction by in my pursuit of justice.

Thanking You In Advance,

Respectfully submitted,

_____/s/_____

Frederick Foster, Complainant,
Plaintiff *Pro Se*, EDPA 2:11-cv-7303
5049 Lancaster Avenue
Philadelphia, PA 19131
(215) 668-1332

# EXHIBIT "B"

 **DEPARTMENT OF JUSTICE** | OFFICE OF THE INSPECTOR GENERAL

October 2, 2020

Frederick Foster
fdfosterllc@hotmail.com

Dear Mr. Foster:

Thank you for your correspondence received September 17, 2020. The matters which you raised have been reviewed by the staff of the Investigations Division, Office of the Inspector General.

This Office does not have jurisdiction to investigate allegations that a Department of Justice attorney has committed misconduct while exercising his or her litigation authority.  Therefore, we have forwarded your correspondence to:

U.S. Department of Justice                    U. S. Department of Justice
Office of Professional Responsibility         Executive Office for United States Attorneys
Director                                      General Counsel
950 Pennsylvania Avenue, NW                   950 Pennsylvania Avenue, NW
Washington, DC 20530                          Washington, DC 20530

Please direct any further correspondence regarding this matter to those offices.

Of course, if you have information that involves other allegations or issues regarding DOJ employees, contractors, programs or operations, please feel free to submit that information to us.

Thank you for giving us the opportunity to review your concerns.

Sincerely,

Office of the Inspector General
Investigations Division

950 Pennsylvania Avenue, NW, Washington, DC 20530-0001

# EXHIBIT "C"



**U.S. Department of Justice**

Office of Professional Responsibility

*950 Pennsylvania Avenue, NW Room 3266*
*Washington, DC 20530*

April 14, 2021

**<u>Sent Via Email</u>**
fdfosterllc@hotmail.com
Frederick D. Foster

Dear Mr. Foster:

This is in response to your correspondence to the Office of Inspector General, which was forwarded to the Office of Professional Responsibility (OPR) for review and response.  In your correspondence, you alleged misconduct by four Assistant United States Attorneys for the Eastern District of Pennsylvania in connection with your civil case, *Foster v. USPS and Pitney Bowes*, *Inc*., No. 2:11-cv07303 (E.D. Pa.).

OPR has jurisdiction to investigate allegations of misconduct involving Department of Justice (DOJ) attorneys that relate to the exercise of their authority to investigate, litigate or provide legal advice, as well as allegations of misconduct by law enforcement personnel when they are related to allegations of attorney misconduct within the jurisdiction of OPR.  It is, however, the policy of this Office to refrain from investigating issues or allegations that could have been or still may be addressed in the course of litigation, unless a court has made a specific finding of misconduct by a DOJ attorney or law enforcement agent.  Based on our review of your correspondence, we have determined that your allegations fall into this category.  Accordingly, we concluded that no action by this Office is warranted.  You may wish to consult private counsel or contact the nearest Legal Aid Society to determine what additional legal avenues, if any, may be available to you.

We regret that we are unable to be of assistance to you in this matter.

Sincerely,

Office of Professional Responsibility

# EXHIBIT "D"

May 13, 2021

Merrick Garland
Untied States Attorney General
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Re: *Frederick Foster v. USPS and Pitney Bowes, Inc.* EDPA Case No. 2:11-cv-07303 "**CASE CLOSED**" on **02/07/2013**

Attention Mr. Garland,

I, Frederick Foster, *pro se* Plaintiff in the above matter, am writing you, Merrick Garland, the chief law enforcement officer of the United States, to bring to your attention the "fraud upon the Court" that was committed by officers of the Court, DOJ attorneys that directly corrupted the impartial functions of the District Court for the Eastern District of Pennsylvania ("EDPA"). Such *fraud* resulted in deprivation of the district court's jurisdiction, deprivation of my Constitutional and Due Process Rights, disregard for the U.S. Constitution and Federal law, intentional torts that were committed in the courthouse, *inter alia*. I am seeking corrective actions from your Office which must include the immediate **WITHDRAWAL** of the USAO's *unlawful* "Entry of Appearance", representation, and *fraudulent* pleadings entered into the record of EDPA Case No. 2:11-cv-07303. Through the commission of *fraud*, these attorneys procured **VOID** judgments that were **VOID** *ab intitio*. Any single attempt to commit "fraud upon the Court" by an officer of the Court vitiates the entire proceeding. Therefore, although the Court deemed EDPA 2:11-cv-07303 CLOSED on February 7, 2013, this case remains unresolved.

"*Only an inspection of the record of the case showing that the judge was without jurisdiction or <u>violated a person's due process rights</u>, or <u>where fraud was involved in the attempted procurement of jurisdiction</u>, is sufficient for an order to be void. In instances herein, the law has stated that <u>the orders are void ab intitio and not voidable because they are already void</u>.*" (US Supreme Court holding on void judgments) Moreover, only an inspection of the record of the case showing the USAO for the EDPA, DOJ attorneys *violated a person's due process rights, or where fraud was* [committed and] *involved in the attempted procurement or of* [deprivation of the district court's] *jurisdiction* is sufficient for the supervisors of said DOJ attorneys to take the appropriate and necessary corrective actions. An inspection of the record of

EDPA 2:11-cv-07303 shows, the DOJ attorneys; (1) violated my rights, (2) committed "fraud upon the Court", (3) such fraud was used in the deprivation of the district court's jurisdiction.

The culprits are DOJ attorneys, the U.S. Attorney Office for the EDPA, William M. McSwain, Landon Y. Jones III, *et al*, several *former* DOJ attorneys whose names and endorsements were entered into the record of EDPA Case No. 2:11-cv-07303, Fed. Cir. Case No. 13-1374, and *inter alia* U.S. Courts, and Senior District Court Judge Joel Harvey Slomsky. However, the focus of this "Legal Notice" is the **WIHTDRAWAL** of the DOJ attorneys' *unlawful* appearance and pleadings which constitutes "fraud upon the Court", and continual obstruction to my pursuit of justice in EDPA Case No. 2:11-cv-07303.

A review of the record in EDPA Case No. 2:11-cv-07303 shows, the DOJ attorneys violated 28 U.S.C. §547, 39 U.S.C. §409(g)(1), and the fraud and abuse laws that govern U.S. Department of Justice employees. These DOJ attorneys *unlawfully* filed an "Entry of Appearance", furnished legal representation as defense counsel to the Postal Service in its non-governmental status of a "private commercial enterprise", for common law damages that arose from intentional torts, acts outside the scope of the Postal Service's Federal employment. Subsequently, the DOJ attorneys made material misrepresentations to the court and procured **VOID** judgments that were **VOID** *ab intitio* for failure to act in accordance with due process law in the original proceeding and being produced by the DOJ attorneys' *fraud*.

### *Background*:

In 2007, I developed a concept for a "secure digital delivery service" to be implemented by and through a partnership between the Postal Service and myself. The "secure digital delivery service" was intended to solve two major issues that arose due to the emergence of the Internet; (1) To provide the Nation with secure delivery of digital communications and money transfers to prevent cyber crime, and (2) To repair the Postal Service's failing financial condition.

My grand proposal was embraced by USPS Operatives, members of Congress, high ranking officials of the GAO, and Postal Regulatory Commission ("PRC"), *et al*. I received emails from USPS Operatives showing they *unlawfully* disclosed my concept to third parties, USPS stakeholders, without my consent. (A bonus in their ongoing conspiracy to convey USPS operations to Pitney Bowes, Inc. ("PBI")) In early 2011, I received a call from a high ranking official who informed me that; the USPS Operatives and primary stakeholder PBI had "stolen" my concept and proposal. I was sent a link to a "white paper"/web page, evidence of the theft.

On November 23, 2011, I filed a complaint against the USPS and PBI for common law damages that arose from the intentional torts of misrepresentation, fraud, unlawful conversion, misappropriation of trade secrets, *inter alia*. I sued the Postal Service pursuant to 39 U.S.C. §401 *that waives the Service's sovereign immunity by providing that it may "sue and be sued" in its official name*, §409(d) which expressly states, "*the Postal Service shall be considered a "person" and shall not be immune under any other doctrine of sovereign immunity from suit in Federal court by any person...*" (See 39 U.S.C. §§401(1), 409(d) and Licata v. USPS, Decision, Case No. 93-5637, (Third Cir. August 24, 1994)) Therefore, **the United States was *not* a party**.

After serving the parties, the DOJ attorneys filed an "Entry of Appearance" as defense counsel to the Postal Service in violation of 28 U.S.C. §547 and 39 U.S.C. §409(g)(1) which expressly states in pertinent part, "*Notwithstanding any other provision of law, legal representation may not be furnished by the Department Of Justice to the Postal Service in any action... arising in whole or in part under...Subsection (d) or (e) of this section*".  The record shows, I sued the USPS in whole under subsection "(d)" of section 409, therefore, the DOJ attorneys' Entry of Appearance and furnishing legal representation to the Postal Service was unequivocally ***unlawful***.

"*Under 28 U.S.C. §547, the role of the United States Attorney is to: (1) prosecute criminal cases brought by the federal government, (2) prosecute or defend civil cases where the United States is a party and (3) collect debts owed to the federal government when administrative agencies are unable to do so.*" (*See* 28 U.S.C. §547 United States Attorney Definitions) In EDPA 2:11-cv-07303, I sued the Postal Service under 39 U.S.C. §§401(1) & 409(d) in its official name, therefore, the United States was *not* a party, and the DOJ attorneys of the USAO for the EDPA ***did not***: (1) prosecute a criminal case brought by the federal government, (2) prosecute or defend a civil case where the United States was a party, or, (3) collect debts owed to the federal government when administrative agencies are unable to do so.

I sued the Postal Service in its status of a "private commercial enterprise" for intentional torts, acts outside the scope of its Federal employment. The provisions of the FTCA require that the employee must be acting within the scope of their Federal employment and CFR § 750.23(b) Definitions: "Intentional Torts" expressly states: "*any employee who commits an intentional tort is normally considered to be **acting outside the scope of their employment***". Therefore, the DOJ's "Entry of Appearance" and furnishing legal representation to the Postal Service in EDPA

Case No. 2:11-cv-07303 were *not* in connection with duties performed on the United States' behalf, but were instead, unequivocal violations of 28 U.S.C. §547, 39 U.S.C. §409(g)(1), and the fraud and abuse laws that govern DOJ employees.

### **FACTS FROM THE RECORD:**

In addition to their initial ***unlawful*** acts, DOJ attorneys of the USAO for the EDPA further abused their office by making numerous material misrepresentations to the Court which constituted "fraud upon the Court" and in turn, procured **VOID** judgments from the Court. It is well settled law that "*any **attempt** to commit "fraud upon the court" vitiates the entire proceeding*" and under Federal law, when an officer of the court has committed "fraud upon the court", the orders and judgments of that court are void, of no legal effect.

The following are only a few of the DOJ attorneys' numerous material misrepresentations to the Court where they ***defrauded*** Court by conflating or cloaking the Postal Service's liabilities in its status of a "private commercial enterprise" with its immunities that *only* apply to un-intentional torts that occurred in the course of conveying mail matter, acts within the scope of its Federal employment:

1.  The USPS's Motion to Dismiss entered by the DOJ attorneys pled that:

    "*The FTCA is the sole remedy for tort actions for injury or loss of property arising from negligence or wrongful act or omission of any employee of the federal government while acting within the scope of his employment*", *inter alia*. (*See* USPS MTD EDPA Case No. 2:11-cv-07303 Document 14)

This pleading was knowingly ***fraudulent*** and the DOJ attorneys are without excuse since: (1) I sued the Postal Service for "intentional torts", acts **outside** the scope of its Federal employment to which the FTCA does not apply, and, (2) DOJ attorneys of the USAO for the EDPA represented the USPS in Licata v. United States Postal Service, 33 F.3d 259 (3d Cir. 1994).

In Licata, the Third Circuit declared, "*We believe the Postal Service conflates the issues of subject matter jurisdiction, sovereign immunity, and a valid cause of action... **It is** 39 U.S.C. § 401(1) that waives the Service's sovereign immunity by providing that it may "sue and be sued in its official name.*" *See Loeffler v. Frank, 486 U.S. 549, 556, 100 L. Ed. 2d 549,108 S. Ct. 1965 (1988) ("By launching the Postal Service into the **commercial world**, and including a sue-and-be-sued clause in its charter, Congress has cast off the Service's cloak of sovereignty and given it the status of a **private commercial enterprise**." (quotations omitted)); Franchise Tax Bd, 467*

*U.S. at 517 (describing 39 U.S.C. § 401(1) as the "statutory waiver of sovereign immunity" for the Postal Service) (See* Licata v. United States Postal Service, *33 F.3d 259 (3d Cir. 1994) showing:* the USPS and DOJ attorneys developed a pattern of conflating pertinent legal issues, thereby cloaking the USPS's liabilities in its private status with its immunities and FTCA provisions that only apply to its Federal employment, to ***fraudulently*** deprive the district court of jurisdiction, deprive a person of his right of action, and evade justice.)

2.  The DOJ attorneys pled that:

    "*Count I of plaintiff's complaint purports to allege a claim over which jurisdiction lies exclusively in the United States Court Appeals for the District of Columbia and thus Count I must be dismissed pursuant to Rule 12(b)(1)...To exercise this limited right of action interested parties must file a complaint with the Postal Regulatory Commission ("PRC"). 42 USC §3662*". The correct statute is 39 U.S.C. §3662. (*See* USPS MTD)

However, a review of "PRC Order 2460" shows, the Commissioners of the PRC themselves declared, "*the **Commission has limited jurisdiction to hear rate and service complaints** as prescribed by 39 USC §3662 (a).*" *Neither* Count I *nor* **any** of my claims were "**rate or service**" complaints. Therefore, this pleading by the DOJ attorneys was a material misrepresentation to the Court which constituted "fraud upon the Court" and the subsequent ruling by the Court was **VOID** *ab intitio*. (*See* "PRC Order No. 2460" showing: the PRC has limited jurisdiction to hear rate and service complaints) Moreover, a review of Ramon Lopez v. Postal Regulatory Commission, Judgment, Case No. 12-1341 (D.C. Cir. 2017) shows, the PRC agreed and the DC Circuit declared, "*The Court agrees that it does not have jurisdiction to decide the issue. See 28 U.S.C. § 1346(b)(1) (establishing "exclusive jurisdiction" over certain civil claims against the U.S. government in the district court).*" Showing: *Neither* the DC Circuit *nor* the PRC has jurisdiction to hear damages claims against the Postal Service arising from intentional torts, such claims are in the *exclusive* jurisdiction of the district court.

3.  In the one of the most egregious attempts to commit "fraud upon the court" that deprived me of my right of action and the Court of jurisdiction, the DOJ attorneys pled:

    "*The complaint would be defective in any event given that the USPS is immune from common law tort claims which must be alleged solely against the United States and several of the common law torts plaintiff alleges are prohibited under Section 2680(h) of the FTCA, including the tort of misrepresentation.*" (*See* USPS MTD, Doc. No. 14)

This pleading by the DOJ attorneys was knowingly *fraudulent* and *absurd* since it was egregiously inconsistent with statutory and common law for the following reasons: (1) I sued the Postal Service in its status as a "private commercial enterprise" to which the FTCA *does not* apply, (2) Under 39 U.S.C. §§401 and 409(d), the USPS's sovereign immunity is waived and provide that it may sue-and-be-sued in its official name, therefore, the USPS is *not* "*immune from common law* [intentional] *tort claims*", and (3) A review of 28 U.S.C. §2680(h) shows, it specifically prohibits such claims "*with regards to acts or omissions of **investigative or law enforcement officers** of the United States Government*." (*See* 28 U.S.C. §2680(h) and 32 CFR § 750.23(b) showing: "§2680(h) bars claims of deceit, misrepresentation, *inter alia*, "***if committed by a Federal investigative or law enforcement officer***", when acting within the scope of their employment"; "*any employee who commits an **intentional tort** is normally considered to be **acting outside the scope of their employment**". And, "*An "investigative or law enforcement officer" is any officer of the United States empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law. 28 U.S.C. 2680(h)*") Clearly, none of the USPS Defendants were "Federal investigative or law enforcement officer[s] of the United States Government". Therefore, the aforementioned pleading by the DOJ attorneys that "*several of the common law torts plaintiff alleges are prohibited under Section 2680(h) of the FTCA, including the tort of misrepresentation*" constitutes "fraud upon the Court", §§1983 & 1985(3) deprivation of my of his rights and the Court's jurisdiction, Bivens action, *inter alia*.

The record shows, the previous pleadings alone, made by the DOJ attorneys, were unequivocal acts of "*fraud perpetrated by officers of the Court so that the judicial machinery could not perform in the usual manner its impartial task of adjudging cases that were presented for adjudication*" (*See* Kenner v. C.I.R., 387 F.3d 689 (1968)). Clearly, the DOJ attorneys committed "fraud upon the Court" that directly corrupted the impartial functions of the Court.

"A person or group who elects to *defraud* a court by false testimony and material misrepresentations is deemed to know that such a bold fraud might very well be discovered." I later discovered Ramon Lopez v. Postal Regulatory Commission, Judgment, Case No. 12-1341 (D.C. Cir. 2017) and "PRC Order No. 2460" showing *all* of the DOJ attorneys' pleadings were material misrepresentations to the Court.

Upon discovery of the declarations made by the DC Circuit in Lopez and the PRC in "PRC Order No. 2460", on February 6, 2019, I contacted Landon Y. Jones III with a detailed

email and attachments that showed, despite the fact that the USAO's representation of the Postal Service in EDPA 2:11-cv-07303 constituted violations of 28 U.S.C. §547, 39 U.S.C. §409(g)(1), and the fraud and abuse laws that govern DOJ attorneys: (1) **ALL** of the DOJ attorneys' pleadings were material misrepresentations to the Court, (2) **ALL** of the Court's judgments were **VOID** *ab intitio*, and, (3) requested that he took the appropriate and necessary corrective actions.

On February 14, 2019, LANDON Y. JONES III responded with an official letter, endorsed by WILLIAM M. MCSWAIN that made the following condescending, illusive statements:

> "*By this letter, I acknowledge receipt of your email dated February 6, 2019, 10:45 p.m., as well as your numerous voicemails. I will review the materials you have provided and take any appropriate and necessary actions. Barring such actions, I do not intend to correspond further on this matter.*"

The record shows, both JONES and MCSWAIN failed and refused to "*take any appropriate and necessary actions*" to correct their and the former DOJ attorneys' "fraud upon the Court" and deprivation of my rights. In fact, rather than take any appropriate and necessary actions which begins with the **WITHDRAWAL** of the DOJ attorneys' *unlawful* appearance, filings and pleadings; the DOJ attorneys, specifically Jones and McSwain, made additional material misrepresentations to the Court which constitutes acts in furtherance of the conspiracy that deprived me of his rights, deprived the Court of jurisdiction, *defrauded* the Court, *inter alia*. The record shows that Jones and McSwain entered the knowingly false pleading that:

> "*Pro se plaintiff Frederick Foster has filed a meritless motion for relief under Rule 60(b) that is duplicative of his prior Rule 60 motion and related filing from 2016...the Postal Service does not intend to address it further. In the event the Court so requests, the Postal Service stands ready to provide any necessary supplemental briefing.*"

Not only was the continued appearance by the USAO *unlawful*, but this one pleading constituted several material misrepresentations to the Court and violations of FRCP Rule 8 and 11 since the record shows: (1) the DC Circuit issued Lopez on December 11, 2017, nearly two years after my "*prior Rule 60 motion and related filing from 2016*". Therefore, the subject Rule 60(b)(4) Motion could *not* have been "*duplicative of his prior Rule 60 motion and related filing from 2016*".; (2) Jones and McSwain knowingly failed and refused to respond to the substance of the allegation of "fraud upon the court" or even mention the evidence Lopez or "PRC Order No.

2460"; (3) Jones and McSwain's pleading that my motion was "*meritless*" and "*the Postal Service does not intend to address it further*", while failing to respond to the substance of the allegations, evidence, and declarations from the very authorities that the DOJ employees cited in the USPS MTD Doc. No. 14, whose accuracy cannot reasonably be questioned, showed clear ***consciousness of guilt***.

Moreover, even if by the afore pleading the DOJ attorneys were referring to my jurisdictional argument being "duplicative", this pleading was still deceptive, evasive, and ***fraudulent*** since, <u>at all times relevant</u>: (1) the district court had <u>*exclusive*</u> jurisdiction over **all** of my claims, and (2) the DOJ attorneys' continued appearance as defense counsel for the USPS, for intentional torts, acts outside the scope of the USPS's Federal employment, was continually ***unlawful***. (*See* 28 U.S.C. §547, 39 U.S.C. §409(g)(1), Third Circuit in <u>Licata</u> , DC Circuit in <u>Lopez</u>, *inter alia*.) Therefore, LANDON Y. JONES III and WILLIAM M. MCSWAIN endorsed and did acts in furtherance of the ***fraudulent*** acts committed by the former DOJ attorneys.

<u>Lopez</u> and "PRC Order No. 2460" were issued by the DC Circuit and the PRC, the very authorities that the DOJ attorneys inappositely cited in their ***fraudulent*** Motion to Dismiss, Doc. No. 14; and is therefore, <u>evidence from sources whose accuracy could not reasonably be questioned</u>. Instead of providing clarity to the Court these DOJ attorneys caused further unnecessary delay, costs, *inter alia*, and declared or reserved the possibility of making additional material misrepresentations to the Court "*in the event the Court so requests.*" It is well settled law that: <u>*Neither **fraud** nor* **VOID** judgments can gain legitimacy, and any issue raised to justify **fraud** or a **VOID** judgment is also **fraud** and **VOID**</u>. (U.S. Supreme Court)

**CONCLUSION:**

This "Legal Notice" is directed to the attention of Merrick Garland, the United States Attorney General and shall be deemed as a legal notice that requires action from the chief law enforcement officer of the United States. This "Legal Notice" is an official request that this Office takes the necessary and appropriate corrective actions to end the aforementioned abuse of this Office by DOJ attorneys' in EDPA Case No. 2:11-cv-07303. This case was deemed **CLOSED on February 7, 2013** and the record shows, your subordinates have failed and refused to act in accordance with the fraud and abuse laws that govern DOJ attorneys or take any appropriate and necessary actions. Therefore, ordering your subordinates to **WITHDRAW** from any further appearance and **WITHDRAW** the pleadings that were ***<u>unlawfully</u>*** entered into the

record of EDPA Case No. 2:11-cv-07303 will *not* be interfering with their litigation duties since: (1) the DOJ attorneys' appearance and filings were unequivocal violations of 28 U.S.C. §547, 39 U.S.C. §409(g)(1) and the fraud and abuse laws that govern DOJ attorneys, and, (2) the Court deemed the case closed therefore, this Office taking the necessary and appropriate corrective actions will not interfere with any such litigation duties that **does not exist**.

The record shows the aforementioned DOJ attorneys, *et al*, have placed themselves and this United States Department of Justice in a precarious situation by committing violations of 28 U.S.C. §547, 39 U.S.C. §409(g)(1), "fraud upon the Court", deprivation of my Constitutional rights, deprivation of the district court's jurisdiction, intentional torts that are unequivocally "outside the scope of DOJ's Federal employment", thereby making themselves, this DOJ, and supervisors liable for common law damages and suit in Federal District Court.

The record shows the DOJ attorneys' **unlawful** acts were *not* in connection with duties performed on behalf of the United States; the record shows the DOJ attorneys' **unlawful** acts were committed on the behalf and in concert with the Postal Service. Therefore, any action against this DOJ and said attorneys will proceed under 39 U.S.C. §409(e)(1), which expressly states, "*(e)(1) To the extent that the Postal Service, or **other Federal agency acting on behalf of or in concert with the Postal Service**, engages in conduct with respect to any product which is not reserved to the United States under section 1696 of title 18, the Postal Service or other Federal agency (as the case may be)—''(A) shall not be immune under any doctrine of sovereign immunity from suit in Federal court by any person for any violation of Federal law by such agency or any officer or employee thereof; and ''(B) shall be considered to be a person*..." (*See* 39 U.S.C. §409(e)(1)) This law was enacted by Congress to address the very issue of which we now face and forms the basis of this "Legal Notice"; when a Federal agency, this DOJ, acts on behalf or in concert with the Postal Service in acts "outside the scope of the Postal Service's Federal employment", 39 U.S.C. §409(e)(1) provides that the Federal agency's sovereign immunity is waived and gives the person who was injured private right of action to sue such agency or employee thereof in Federal court, in their individual capacity as a "person".

I already filed a complaint with this DOJ's Office of the Inspector General ("OIG"). In this circumstance where "*only an "inspection" of the record of the case is sufficient*" to conclude that the DOJ attorneys violated numerous laws, any objective observer would trust that the Office of the "Inspector General" would do just that. To the contrary, the DOJ OIG stated:

*"This Office does not have the jurisdiction to investigate allegations that a Department of Justice attorney has committed misconduct while exercising his or her litigation authority. Therefore, we have forwarded your correspondence to: U.S. Department of Justice Office of Professional Responsibility; U.S. Department of Justice Executive Office for the United States Attorneys General Counsel."* (NO SIGNATURE OR INFORMATION FOR FURTHER CORRESPONDENCE).

This response from the DOJ OIG was an inaccurate assessment of the issues presented and therefore improper since;

1. The record shows, in EDPA Case No. 2:11-cv-07303, the DOJ's litigation authority **did not exist**. The DOJ attorneys were *not* exercising their litigation authority, to the contrary, the record shows the DOJ attorneys "abused" any such litigation authority as they violated 28 U.S.C. §547, and 39 U.S.C. §409(g)(1), *inter alia* statutory and common laws, committed fraud that directly corrupted the impartial functions of the Court and thereby deprived me of my rights and deprived the Court of jurisdiction.

2. The Court deemed EDPA Case No. 2:11-cv-07303 CLOSED on February 7, 2013 and the DOJ attorneys commission of "fraud upon Court" "swept under the rug", therefore, any investigation or corrective action would not be "*while exercising his or her litigation authority*", which **did not exist**, and,

3. The proper assessment of the DOJ attorneys' actions is that they were unequivocally *not* "*exercising his or her litigation authority*"; they were continually violating the fraud and abuse laws that govern DOJ employees.

Subsequently, I received a frivolous, "piggyback" response from the OPR, who stated in pertinent part,

*"OPR has jurisdiction to investigate allegations of misconduct involving Department of Justice (DOJ) attorneys that relate to the exercise of their authority to...litigate or provide legal services, as well as...allegations of attorney misconduct within the jurisdiction of OPR. It is, however, the policy of this Office to refrain from investigating issues or allegations that could have been or still may be addressed in the course of litigation, unless a court has made a specific finding of misconduct by a DOJ attorney or law enforcement agent. Based on our review of your correspondence, we have determined that your allegations fall into this category. Accordingly, we concluded that*

*no action by this Office is warranted. You may wish to consult private counsel or contact the nearest Legal Aid Society to determine what additional avenues, if any, may be available to you. We regret that we are unable to be of assistance to you in this matter. Sincerely, Office of Professional Responsibility*". (NO SIGNATURE OR INFORMATION FOR FURTHER CORRESPONDENCE).

This response from the OPR is highly deficient, unacceptable, and condescending for the following reasons:

1. While the OIG's correspondence was an act of "passing the buck" or responsibility to the OPR, it forced the OPR to admit to having the jurisdiction to investigate my allegations. But after a review of my complaint which presented accurate evidence and excerpts from the record, the OPR chose *not* to open an investigation. Any objective observer, after review of such evidence, would conclude that the DOJ attorneys violated the law. Therefore, the Office of Professional Responsibility intentionally failed to enforce its jurisdiction and "responsibility" to take any appropriate and necessary corrective actions.

2. *And*, like the OIG, the OPR's determination relied on the DOJ attorneys' "*litigation authority*" which the record shows, by law, **did not exist**.

3. Moreover, both the OIG and the OPR reviewed the evidence taken from record which clearly shows the DOJ attorneys not only did "misconduct" including perjury, but unequivocally *defrauded* the Courts. *Neither* the OIG *nor* OPR vindicated the actions of the DOJ attorneys or stated that the allegations against them were false, therefore; the individual employees of the OIG and OPR not only failed and refused to perform their Federal assignment which includes oversight of DOJ attorneys, but also failed and refused to perform their fiduciary duty as "failure to report misconduct is misconduct".

4. In reference to the "record showing" the DOJ attorneys unequivocally abused the imprimatur of this Office, made material misrepresentations that *defrauded* the Court and thereby procured **VOID** rulings through said *fraud*, the OPR stated, "*It is, however, the policy of this Office to refrain from investigating issues or allegations that could have been or still may be addressed in the course of litigation*". Such a "blind-eye" policy is unethical if not un-Constitutional. It is a disservice to the district court and private citizens whose jurisdiction and litigation rights were violated by DOJ attorneys, who the record shows, unequivocally *defrauded* the Court in doing so. The OPR's policy itself

can give rise to allegations of "misconduct" by the OPR since "failure to report misconduct is misconduct". As the result of this policy, the OPR and OIG failed and refused to provide clarity to the Court and thereby endorsed DOJ attorneys' "***fraud and abuse***". The courts and private citizens should be able to trust that these DOJ oversight agencies would perform their Federal assignments and assure that DOJ attorneys act in accordance with the fraud and abuse laws that govern DOJ employees. *Inter alia* reasons that make this policy improper.

Despite the blatant injustice that was committed, I am the sole party in this action that is acting in the interest of the general public and our Nation. My quests began with; (1) partnering with the USPS in protecting this Nation and its citizens from cyber crime and cyber attacks, and, (2) repair the USPS's revenue losses. I have thus far refrained from publicizing said injustice which would in turn cause further embarrassment to this DOJ, the Postal Service, and this United States. Therefore, the OPR's suggestion that I "*consult private counsel or contact the nearest Legal Aid Society*" can result in public support, action, and outrage, negative publicity and loss of public trust for this DOJ. The facts regarding the DOJ attorneys' actions and pleadings are on the record of the case, therefore, only an inspection of the record of the case showing the DOJ attorneys violated the law was sufficient to for the OIG and OPR to take any appropriate and necessary corrective actions. Therefore, there should not be a need for the allegations against the DOJ attorneys' to be cited or raised by any third party other than myself and those appointed to be "objective observers", the OIG, OPR, and DOJ supervisors. Moreover, consulting with "*private counsel or contact*[ing] *the nearest Legal Aid Society*" will also cause unnecessary delay and unnecessary cost to the Court, this DOJ, and me.

Therefore, due to this United States Department of Justice's oversight agencies', the OIG and OPR, failure and refusal to take any appropriate and necessary actions, I am compelled to write this "Letter Notice", to you, Merrick Garland, the United States Attorney General, the chief law enforcement officer of this Nation.

It is *not* and should *not* be my or any private citizen's duty or responsibility to inspect or supervise the actions of DOJ attorneys to assure they act in accordance with the law and refrain from misconduct. Such responsibility was assigned to the DOJ's Office of the Inspector General, the Office of Professional Responsibility, and supervisors. Therefore, the OPR's determination that my complaint raised "*issues or allegations that could have been or still may be addressed in*

*the course of litigation*" is ludicrous, failure to perform its Federal assignment, fiduciary duties, and therefore, unacceptable. After reviewing my complaint with evidence from the record showing the DOJ attorneys unequivocally abused the imprimatur of this Office to **defraud** the Court and thereby coerced the Court to issue **VOID** judgments, on behalf and in concert with the Postal Service, for acts outside the scope of the Postal Service's Federal employment, both the OIG and OPR should have taken any appropriate and necessary corrective actions.

In light of my efforts and the DOJ oversight agencies' failure and refusal to admonish the DOJ attorneys for their misconduct and suggesting that the misconduct "*still may be addressed in the course of litigation*", this U.S. Department of Justice has twenty one (21) days from the day it receives this "Legal Notice" to take the appropriate and necessary actions to rectify the DOJ attorney's **unlawful** acts beginning with the IMMEDIATE **WITHDRAWAL** of the DOJ's appearance and *false* pleadings from the record of EDPA Case No. 2:11-cv-07303.

Should this Office fail to take action or contact me with decision to correct the DOJ attorneys' misconduct within the allotted twenty one (21) days, the DOJ attorneys, this DOJ, its oversight agencies, and supervisors will be held liable for such misconduct that <u>will</u> "*be addressed in the course of litigation*" in Federal Court. Such parties shall be named as defendants in an independent action for "fraud upon the Court" on the behalf of the Postal Service, under 39 U.S.C. §409(e), with their sovereign immunity waived and considered as "persons". The independent action will also be brought for benefit of the general public under Rule 17(a)(2) *Action in the Name of the United States for Another's Use or Benefit.* When a federal statute so provides, an action for another's use or benefit must be brought in the name of the United States. (*See* FRCP Rule 17(a)(2)) Therefore, the United States will <u>not</u> be named as a defendant.

The record shows I have suffered nearly ten (10) years of injustice from attorneys of the U.S. Department of Justice, and despite the irony or my tone, I am requesting this Office to take the appropriate and necessary actions. *And*, should this Office find it proper to correspond with the DOJ oversight agencies, such correspondence *<u>must</u>* include instructions from this Office.

Thanking Your Honor In Advance,                    Respectfully submitted,

                    <u>        /s/        </u>
                    Frederick Foster
                    5049 Lancaster Avenue
                    Philadelphia, PA 19131
                    215-668-1332
                    fdfosterllc@hotmail.com

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

|  |  |
|---|---|
| _____<br>*Plaintiff*<br>v.<br>_____<br>*Defendant* | )<br>)<br>)  Civil Action No. _____<br>)<br>) |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____
      *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
   *Signature of the attorney or unrepresented party*

_____
*Printed name of party waiving service of summons*

_____
            *Printed name*

_____
               *Address*

_____
          *E-mail address*

_____
       *Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Pennsylvania

| | ) |
|---|---|
| _Plaintiff_ | ) |
| v. | ) Civil Action No. |
| | ) |
| _Defendant_ | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____
   _(Name of the plaintiff's attorney or unrepresented plaintiff)_

    I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

    I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

    I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.


Date: _____          _____
                                   _Signature of the attorney or unrepresented party_

_____          _____
_Printed name of party waiving service of summons_          _Printed name_

                                         _____
                                             _Address_

                                         _____
                                             _E-mail address_

                                         _____
                                             _Telephone number_

### Duty to Avoid Unnecessary Expenses of Serving a Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

    "Good cause" does _not_ include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

    If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

    If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| _____ | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____

   *(Name of the plaintiff's attorney or unrepresented plaintiff)*

   I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

   I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

   I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

   I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____         _____
                                *Signature of the attorney or unrepresented party*

_____         _____
*Printed name of party waiving service of summons*                 *Printed name*

                                 _____
                                        *Address*

                                 _____
                                     *E-mail address*

                                 _____
                                    *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

   Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

   "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

   If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

   If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Pennsylvania

|  |  |  |
|---|---|---|
| _Plaintiff_ | ) | |
| v. | ) ) | Civil Action No. |
| _Defendant_ | ) ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____
_(Name of the plaintiff's attorney or unrepresented plaintiff)_

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____          _____
_Printed name of party waiving service of summons_          _Signature of the attorney or unrepresented party_

_____
_Printed name_

_____
_Address_

_____
_E-mail address_

_____
_Telephone number_

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does _not_ include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| _____ ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. |
| _____ ) | |
| *Defendant* ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____
　　*(Name of the plaintiff's attorney or unrepresented plaintiff)*

　　　　I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

　　　　I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

　　　　I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

　　　　I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　*Signature of the attorney or unrepresented party*

_____
*Printed name of party waiving service of summons*
　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　*Printed name*

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　*Address*

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　*E-mail address*

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

　　　　Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

　　　　"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

　　　　If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

　　　　If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

### for the

### Eastern District of Pennsylvania

|  | ) |  |
|---|---|---|
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _Defendant_ | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____

_(Name of the plaintiff's attorney or unrepresented plaintiff)_

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____

_Signature of the attorney or unrepresented party_

_____
_Printed name of party waiving service of summons_

_____
_Printed name_

_____
_Address_

_____
_E-mail address_

_____
_Telephone number_

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does _not_ include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Pennsylvania

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| _____ | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____
      *(Name of the plaintiff's attorney or unrepresented plaintiff)*

        I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

        I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

        I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

        I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.


Date: _____                    _____
                                                              *Signature of the attorney or unrepresented party*


_____          _____
*Printed name of party waiving service of summons*                          *Printed name*


                                                              _____
                                                                                  *Address*

                                                              _____
                                                                              *E-mail address*

                                                              _____
                                                                            *Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

        Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

        "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

        If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

        If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

|  | ) |  |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Pennsylvania

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| _____ | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____
   *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____    _____
                            *Signature of the attorney or unrepresented party*

*Printed name of party waiving service of summons*    _____
                                                        *Printed name*

                            _____
                                    *Address*

                            _____
                                 *E-mail address*

                            _____
                                *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | ) |
|---|---|
| _____ | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. |
| _____ | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____
      *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

 

_____        _____
       *Signature of the attorney or unrepresented party*

_____
*Printed name of party waiving service of summons*      _____
       *Printed name*

_____
       *Address*

_____
       *E-mail address*

_____
       *Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____

   *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

        _____
                    _____
                          *Signature of the attorney or unrepresented party*

_____
    *Printed name of party waiving service of summons*
                          _____
                                      *Printed name*

                          _____
                                      *Address*

                          _____
                                      *E-mail address*

                          _____
                                      *Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____

*Signature of the attorney or unrepresented party*

_____                _____
*Printed name of party waiving service of summons*              *Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | | |
|---|---|---|
| _Plaintiff_ | ) ) | |
| v. | ) | Civil Action No. |
| _Defendant_ | ) ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____
_(Name of the plaintiff's attorney or unrepresented plaintiff)_

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
_Signature of the attorney or unrepresented party_

_____
_Printed name of party waiving service of summons_

_____
_Printed name_

_____
_Address_

_____
_E-mail address_

_____
_Telephone number_

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does _not_ include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

|  |  |
|---|---|
| _Plaintiff_ | ) |
| v. | ) Civil Action No. |
| _Defendant_ | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____
  _(Name of the plaintiff's attorney or unrepresented plaintiff)_

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
_Printed name of party waiving service of summons_

_____
_Signature of the attorney or unrepresented party_

_____
_Printed name_

_____
_Address_

_____
_E-mail address_

_____
_Telephone number_

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does _not_ include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | ) | |
|---|---|---|
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _Defendant_ | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____

_(Name of the plaintiff's attorney or unrepresented plaintiff)_

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
_Signature of the attorney or unrepresented party_

_____
_Printed name of party waiving service of summons_

_____
_Printed name_

_____
_Address_

_____
_E-mail address_

_____
_Telephone number_

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does _not_ include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Pennsylvania

|                          |     |                   |
|--------------------------|-----|-------------------|
|                          | )   |                   |
| *Plaintiff*              | )   |                   |
| v.                       | )   | Civil Action No.  |
|                          | )   |                   |
| *Defendant*              | )   |                   |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____

     *(Name of the plaintiff's attorney or unrepresented plaintiff)*

     I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

     I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

     I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

     I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

|                                                        |                                                      |
|--------------------------------------------------------|------------------------------------------------------|
|                                                        | _____            |
|                                                        | *Signature of the attorney or unrepresented party*   |
| _____              |                                                      |
| *Printed name of party waiving service of summons*     | _____            |
|                                                        | *Printed name*                                       |
|                                                        |                                                      |
|                                                        | _____            |
|                                                        | *Address*                                            |
|                                                        |                                                      |
|                                                        | _____            |
|                                                        | *E-mail address*                                     |
|                                                        |                                                      |
|                                                        | _____            |
|                                                        | *Telephone number*                                   |

### Duty to Avoid Unnecessary Expenses of Serving a Summons

     Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

     "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

     If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

     If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| _____ | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____
    *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
    *Signature of the attorney or unrepresented party*

_____
*Printed name of party waiving service of summons*

_____
    *Printed name*

_____
    *Address*

_____
    *E-mail address*

_____
    *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

|                          |     |                 |
|--------------------------|-----|-----------------|
| _Plaintiff_              | )   |                 |
| v.                       | )   | Civil Action No. |
|                          | )   |                 |
| _Defendant_              | )   |                 |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____
    _(Name of the plaintiff's attorney or unrepresented plaintiff)_

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____                    _____
                                                    _Signature of the attorney or unrepresented party_

_____                    _____
_Printed name of party waiving service of summons_  _Printed name_

                                                    _____
                                                    _Address_

                                                    _____
                                                    _E-mail address_

                                                    _____
                                                    _Telephone number_

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does _not_ include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.