IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREDERICK D. FOSTER**, <br><br> *Plaintiff,* <br><br> v. <br><br> **JOEL H. SLOMSKY, et al.,** <br><br> *Defendants.* | **Case No. 2:22-cv-03349-JDW** |

### MEMORANDUM

Like a punch-drunk boxer, Frederick Foster just doesn't know when to quit. Mr. Foster has spent the past decade bouncing from forum to forum, getting knocked out at each one. Refusing to accept that he lost fair and square, Mr. Foster now asserts that his losses were due to fraud. Because sovereign immunity, judicial privilege, and collateral estoppel bar his claims, the Court must ring the bell and declare another TKO against him.

### I. FACTS

This action stems from a complaint Mr. Foster filed *pro se* in the Eastern District of Pennsylvania in 2011. In that case, Mr. Foster alleged that the Postal Service illegally shared with Pitney Bowes his proposal for a "secure digital delivery service." The court dismissed his claims. *See Foster v. Pitney Bowes Corp.*, No. 11-7303, 2012 WL 2997810 (E.D. Pa. July 23, 2012); *Foster v. Pitney Bowes Corp.*, No. 11-7303, 2013 WL 487196 (E.D. Pa. Feb. 8, 2013). Over the next nine years, the Federal Circuit, the Postal Regulatory

1

Commission, and the D.C. Circuit also dismissed Mr. Foster's claims. *See Foster v. Pitney Bowes Corp.*, 549 F. App'x 982 (Fed. Cir. 2013) (per curiam), *cert. denied* 135 S. Ct. 182 (2014), *reh'g denied*, 135 S. Ct. 776 (2014); *Foster v. Pitney Bowes Corp.*, Docket No. 15-1339 (D.C. Cir. August 22, 2019).

Now, Mr. Foster primarily seeks to have the judgements of the Eastern District of Pennsylvania set aside as void because the judge, law clerks, lawyers, and previous defendants conspired to commit fraud upon the Court. Mr. Foster also seeks to relitigate his 2011 case under the guise of fraud and conspiracy claims and to get what he deems an adequate response to his 2020 Civil Rights and Civil Liberties Complaint. The Government[1] and Private[2] Defendants in the present action have moved to dismiss Mr. Foster's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

---

[1] The "Government Defendants" are the United States Attorney's Office for the Eastern District of Pennsylvania, the United States Department of Justice ("DOJ"), the United States Postal Service, Postal Service Attorney Janine Castorina, AUSA Gregory B. David, former AUSA Annetta Foster Givhan, former AUSA Margaret Hutchinson, AUSA Landon Y. Jones, former U.S. Attorney William McSwain, former U.S. Attorney Zane David Memeger, the Honorable Joel H. Slomsky, and the John and Jane Doe law clerks. The Court notes that, in his amended complaint (ECF No. 8), Mr. Foster includes a count against the Office Of Inspector General, the Office Of Professional Responsibility, and U.S. Attorney General Merrick Garland, although he does not name them as defendants. The Court also notes that Mr. Foster improperly attempts to add AUSA Peter Carr as a defendant in his objection to the motions to dismiss.

[2] The "Private Defendants" are Pitney Bowes, Inc. ("Pitney Bowes"), Blank Rome LLP ("Blank Rome"), Christopher A. Lewis, Jonathan S. Goldman, and Katherine P. Barecchia.

2

## II.     LEGAL STANDARD

Where a defendant files a motion to dismiss pursuant to Rule 12(b)(1) before it answers the Complaint or otherwise presents competing facts, a District Court must apply the same standard of review it would use when considering a motion to dismiss under Rule 12(b)(6). *See Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). A complaint cannot survive a motion to dismiss under Rule 12(b)(6) unless it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016).

## III.    ANALYSIS

As a preliminary matter, the Court notes that the federal laws that Mr. Foster cites as his causes of action either do not create causes of action or are inapplicable. *See* FED. R. CIV. P. 17, 60 (no cause of action); R. Prof'l Conduct 8.3-8.4 (same); 28 U.S.C. §§ 455, 547 (same); 39 U.S.C. §§409, 3691 (same); U.S. CONST. art. I, §8, cl. 7 (same); 18 U.S.C. §1505 (creating a cause of action for obstruction of proceedings before departments, agencies, and committees, not U.S. Courts); 18 U.S.C. §1031 (creating a cause of action for major fraud related to government contracts, not fraud in civil cases); 42 U.S.C. §§1983, 1985 (creating a cause of action for those who violate another's constitutional rights while acting under the color of *state law* – not federal law); *Bivens* (creating limited[3] causes of action against federal actors, which are not applicable to this case). However, because the

---

[3] *See Ford v. Garland*, No. 22-2393-KSM, 2022 WL 4133294 at *2 (E.D. Pa. Sept. 12, 2022).

3

Court affords *pro se* plaintiffs great leniency in their pleading, the Court addresses other substantive issues with Mr. Foster's complaint without consideration for what his specific cause of action may be.

### A. Sovereign Immunity

To the extent Mr. Foster's claims are against federal agencies[4] and employees in their official capacities, sovereign immunity bars those claims. Counts I, II, III, IV, V, VI, VII, and XI allege fraud, misrepresentations, and deprivations of due process during Mr. Foster's 2011 case. Count IX alleges that the DOJ, other governmental offices, and the Attorney General inadequately responded to Mr. Foster's Civil Rights and Civil Liberties Complaint dated September 7, 2020, and, therefore acquiesced in his deprivation of due process. And Counts X and XII reassert Mr. Foster's claims from 2011, fashioning them as fraud claims.

Mr. Foster's counts against the Government Defendants that sound in tort must comply with the Federal Tort Claims Act ("FTCA"). Under the FTCA, a plaintiff may only sue the United States, not specific governmental agencies or officers in their official capacity. *See* 28 U.S.C. §§ 1346(b), 2674; *see also Dalessio v. U.S. Dep't Hous. & Urban Dev.*, 528 F. Supp. 3d 341, 346 (E.D. Pa. 2021). And the FTCA's waiver of sovereign immunity does not apply to claims arising out of "misrepresentation [or] deceit." 28 U.S.C. § 2680(h).

---

[4] Mr. Foster asserts that he is also suing United States Federal Agencies in their individual capacity. That's nonsensical, as any damages judgement against the agency must necessarily come from the government's coffers. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

Sovereign immunity also bars Mr. Foster's due process and other constitutional claims. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 484-85 (1994). Because the United States has not waived sovereign immunity for the types of claims at issue, the Court lacks subject matter jurisdiction. *See id.* at 475.

### B.     Judicial Privilege

To the extent Mr. Foster's claims are against federal employees in their individual capacities and the Private Defendants for their actions during the 2011 case, judicial privilege bars those claims. "The judicial privilege provides absolute immunity for communications which are issued in the regular course of judicial proceedings and which are pertinent and material to the redress or relief sought, whether made by 'a party, a witness, an attorney, or a judge.'" *Church Mut. Ins. Co. v. All. Adjustment Grp.*, 102 F. Supp. 3d 719, 730 (E.D. Pa. 2015), *aff'd*, 708 F. App'x 64 (3d Cir. 2017), (quoting *Schanne v. Addis*, 121 A.3d 942, 947 (Pa. 2015))(internal quotations omitted). The judicial privilege covers all tort actions based on statements made during judicial proceedings. *See id.*

Counts I, II, III, V, and VII allege that Judge Slomsky and his law clerks issued void judgements, failed to recuse, prevented another judge from inspecting the record, allowed unlawful entries of appearance by the DOJ, and allowed fraudulent misrepresentations to the Court. Count IV alleges that that various government and private defendants committed fraud in allowing the DOJ to enter its appearance for United States Postal Service. Counts VI, X, XI, and XII allege that various government and private defendants made fraudulent misrepresentations of law and material

misrepresentations to the Court. And Count VIII alleges that the Private Defendants knew of the fraud committed by various government defendants and acquiesced to it. These counts all arise from communications that someone made in the regular course of judicial proceedings that were pertinent and material to the relief sought. The judicial privilege bars them.

C. **Collateral Estoppel**

To the extent that Mr. Foster seeks to relitigate his 2011 complaint, collateral estoppel bars his claims. Collateral estoppel prevents subsequent litigation of an issue of fact or law that had been determined and resolved in a prior court proceeding. *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001). The doctrine applies when (1) an issue decided in a prior action is identical to one presented in a later action; (2) the prior action resulted in a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action. *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 310 (3d Cir. 2009).

The Government and Private Defendants assert that collateral estoppel bars counts X and XII. In addition to the fraud related claims already discussed, these counts assert the alleged waste and abuse of United States resources, the Postal Service's failure to meet the modern needs of the general public as required by the Postal Accountability and Enhancement Act, the Postal Services' violations of Article I, Section 8, Clause 7, of the

Constitution (the "Postal Clause"), and the Postal Service and Pitney Bowes push for privatization. Mr. Foster had a full and fair opportunity to litigate these issues in his previous cases. Judge Slomsky and the Postal Regulatory Commission rejected his claims, and Courts of Appeals affirmed those decisions. This Court will not disturb those judgements.

Furthermore, to the extent that Mr. Foster may have sufficiently repackaged his claims so as not to be barred by collateral estoppel, the Court notes: 1) the Postal Clause does not create a private right of action; 2) the Postal Clause does not contain any prohibition against privatizing postal services; and 3) it is not the Court's role to oversee or judge management decisions of the Postal Service.

## IV.    CONCLUSION

This fight is over. Mr. Foster's claims lack merit, and the Court has no power to hear many of them in any event. It's time for Mr. Foster to hang up his gloves. The Court will grant the various Motions. And, because nothing that Mr. Foster could put in an amended pleading would cure the problems with his claims, the Court will dismiss his claims with prejudice. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

December 27, 2022