IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREDERICK D. FOSTER**, *Plaintiff,* v. **JOEL H. SLOMSKY, et al.,** *Defendants.* | **Case No. 2:22-cv-03349-JDW** |

## ORDER

**AND NOW**, this 23rd day of January, 2023, upon consideration of Plaintiff Frederick D. Foster's Motion For Reconsideration (ECF No. 58), the Court notes as follows:

1. A court may reconsider a prior ruling only if the moving party shows (a) an intervening change in the controlling law, (b) the availability of new evidence that was not available when the court issued its order, or (c) the need to correct a clear error of law or fact or to prevent manifest injustice. *See U.S. ex rel. Shumann v. Astrazeneca Pharm., L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014). Based on this standard, courts should grant reconsideration "sparingly." *See In re Ex Parte Global Energy Horizons Corp.*, 647 Fed. App'x 83, 87 (3d Cir. 2016); *see also Romero v. Allstate Ins. Co.*, 1 F. Supp.3d 319, 420 (E.D. Pa. 2014). A motion for reconsideration may not be used to give a litigant a "second bite at the apple" on an argument on which it did not prevail the first time. *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995).

2. It is clear to the Court that Mr. Foster's Motion is just an attempt to reargue issues that the Court considered and on which it ruled. His Motion attacks the various reasons the Court granted Defendants' Motions to Dismiss with either arguments that he raised in his responsive brief or arguments that he could have raised but did not. Mr. Foster does not cite any change in law, new evidence, or actual error of law. Nor does his Motion demonstrate any manifest injustice from the Court's ruling, other than he disagrees with it. The Motion, therefore, does not meet any of the standards for reconsideration.

In light of the foregoing, it is **ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 58) is **DENIED.**

Further, in light of Mr. Foster's filings in this case and his history of dilatory, repetitious filings in the predecessor case (Case No. 2:11-cv-7303), it is **ORDERED** that on or before February 10, 2023, Mr. Foster shall show cause, in a Memorandum **not to exceed 10 pages**, why the Court should not impose a filing injunction on substantially the terms set forth in the Court's draft Order attached.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.