IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREDERICK D. FOSTER**, <br><br> *Plaintiff,* <br><br> v. <br><br> **JOEL H. SLOMSKY, et al.,** <br><br> *Defendants.* | **Case No. 2:22-cv-03349-JDW** |

## ORDER

**AND NOW**, this ___ day of _____, 2023, the Court notes as follows.

1. Under the All Writs Act, 28 U.S.C. § 1651(a), district courts may impose filing injunctions on litigants who have engaged in abusive, groundless, and vexatious litigation. *See In re Oliver*, 682 F.2d 443, 445–46 (3d Cir. 1982); *see also Hill v. Lycoming County Government*, No. 21-2214, 2022 WL 767036 at *1 (3d. Cir. 2022). To impose a filing injunction, the Court must comply with three requirements: (a) the order should be entered only in exigent circumstances, such as when a litigant continuously abuses the judicial process by filing meritless and repetitive actions; (b) the district court must give notice to the litigant to show cause why the proposed injunction should not issue; and (c) the scope of the injunctive order must be narrowly tailored to fit the particular circumstances of the case. *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993).

2. *Pro se* Plaintiff Frederick D. Foster has an extensive history of filing meritless motions and successive cases. In his 2011 case – the subject of the current litigation – Mr. Foster filed at least four meritless motions for reconsideration or motions for relief from judgment after the court dismissed his case. *See Foster v. Pitney Bowes Corp.*, No. 2:11-cv-7303. This case is an attempt to relitigate Judge Slomsky's decisions in that case, as evidenced by the substance of Plaintiff's complaint and his repeated assertions that his complaint is a Rule 60 motion. In this case, the Court has rejected three meritless motions for reconsideration by Plaintiff. (ECF Nos. 19, 34, 59). And this matter is not the only case in which Plaintiff has filed successive cases in this Court regarding the same issues. *See Foster v. Denenberg, et al.*, Nos. 10-2470 & 13-4478.

3. The scope of the injunctive order, outlined below, is narrowly tailored to prevent Plaintiff from continuing to abuse the judicial system with respect to the already extensively litigated issue of whether the Postal Service illegally shared with Pitney Bowes Plaintiff's proposal for a "secure digital delivery service" and the judicial decisions surrounding that litigation.

In light of the above, **IT IS ORDERED** as follows:

1. The Clerk of Court **SHALL NOT ACCEPT** any future filings by Plaintiff Frederick Foster in this matter or *Foster v. Pitney Bowes Corp., et al., No. 11–cv-7303*, without prior leave of Court;

2. Mr. Foster is **ENJOINED** from filing in this District any new case that is related to, or arises out of, the claims he has raised in this case and *Foster v. Pitney Bowes Corp., et al.*, No. 11–cv-7303, without prior leave of Court;

3. Plaintiff must attach a copy of this Order to any motion for leave to submit further filings in this case, *Foster v. Pitney Bowes Corp., et al., No. 11–cv7303*, or any related new case.

4. Any such motions that the Court concludes are frivolous or seek relief previously denied by the Court will subject *pro se* Plaintiff to sanctions of $100 per violation.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.