**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FREDERICK D. FOSTER,** | : | **CIVIL ACTION** |
| **Plaintiff, pro se** | : | **JURY DEMAND** |
| v. | : | **Case No. 2:22-cv-03349** |
| **JOEL H. SLOMSKY, ET AL.** | : | |
| **Defendants.** | : | |

## MEMORANDUM WHY JUDGE WOLSON *SHOULD NOT* IMPOSE A FILING INJUNCTION

Plaintiff pro se, Frederick Foster, respectfully submits this "Memorandum **Why Judge Wolson _Should_ _Not_ Impose a Filing Injunction**".

### I. CONTEXT OF THIS MEMORANDUM

For the record, Judge Wolson's Order, Doc. No. 59, instructing Plaintiff *pro se* to submit a Memorandum as to why Judge Wolson _should not_ impose a filing injunction is akin to a Law Professor instructing a honor law student, who suffers from slight dyslexia and can't "read between the lines" on the subject regarding Federal employees being above the law and escaping redress for violating the very laws they are employed to abide by and/or enforce. The honor student's unwavering conviction to the "plain meaning rule", when the language of the law is unambiguous and clear on its face, gets on the Law Professor's last nerve. So the Law Professor retaliates by forcing the honor student, who refused and failed to "read between the lines", to write an essay, not more than 10 pages, as to why the Professor should _not only_ fail the student, but also ***expel*** him from the college...even though he paid his tuition in full.

And, as with any Law Professor who has been given the authority to "teach students a lesson" and grade or judge their work, the Professor should already know the answer, long before they ask the question. So is the case with Judge Wolson.

Nevertheless, for the record and should it be required that this extraordinary circumstance be called into question by the higher authorities monitoring this event, Plaintiff will complete this inordinate assignment issued by Judge Wolson. However, Plaintiff requests Judge Wolson to

join him in his unwavering conviction to the "plain meaning rule" when the language of the law is unambiguous and clear on its face, as "reading between the lines" or inserting "unwritten words" to defeat or disregard the law is **unlawful** and an <u>abuse of discretion</u>. Additionally, it should be noted that if Judge Wolson indicates by his actions that he was predetermined to issue his proposed injunction, "*draft Order*" Doc. No. 59-1, by failing and refusing to perform his judicial duty to fulfill "<u>*the need to correct clear error of law and fact and to prevent manifest injustice*</u>", his order in Doc. No. 59 instructing Plaintiff to submit this "Memorandum" should be deemed as a dilatory measure, abuse of discretion, a waste of Plaintiff's and the Court's time, an act in furtherance of the conspiracy that deprived Plaintiff of his rights, **defrauded** this Court, and **defrauded** the United States.

Judge Wolson should <u>*not*</u> describe Plaintiff's delayed learning ability and *inter alia* disadvantages as that of a "Punch drunk boxer", since Plaintiff trusted and relied on this Court to lawfully avenge him of his adversaries.

Plaintiff can best be described as a "Tortoise" who some may consider slow, but despite the deceptive acts of his adversaries, in time, the Tortoise "caught on" and pursued justice in a steady pace and timely manner. In light of his methodical motion, his adversaries, the "Cheating Hares", <u>*not only*</u> chose to violate his rights in the private sector, but called on relatives, who are DOJ employees, to abuse their authority and defend the Hares' **unlawful** acts by making **fraudulent** misrepresentations of law and violating the Tortoise's rights in the courthouse. Moreover, the slower the Tortoise appeared, the more violations of Federal law the Hares committed. Therefore, every move the Hares made against the Tortoise only made the hole they dug even deeper. At some point, while pondering the events that occurred and the applicable laws that prohibit the Hares' violations, the Tortoise realized that while violating his rights, the Hares ultimately violated Federal laws, including "Deprivation of Rights Under Color of Law", "fraud upon the Court", "Conspiracy to **Defraud** the United States", *inter alia*. And, as the result of the Hares' cheating behavior, their violations of Federal law *cannot* be sustained by any doctrine, authority or "forum". For there is <u>*no*</u> statute of limitations that can bar recovery for their **unlawful** acts; and, any authority or "forum" that aids or engages with the Hares in cheating the law will be guilty of violating the same Federal laws as did the Cheating Hares.

Plaintiff *pro se* incorporates **all** of his previous filings, and requests Judge Wolson to consider them **all** to be "motions for reconsideration" of virtually **all** Orders made in 2:11-cv-07303 and 2:22-cv-03349, thereby showing <u>the need to correct clear error of law and fact and to prevent manifest injustice</u>. Plaintiff *pro se* apologizes for failing to include those very words in **all** of his filings.

In fact, in 2:11-cv-07303, this Court should have deemed the declarations of the DC Circuit in <u>Ramon Lopez v. Postal Regulatory Commission</u>, Judgment, Case No. 12-1341 (D.C. Cir. 2017) and the PRC in "PRC Order No. 2460" as <u>*(a) an intervening change in the controlling law,* *(b) the availability of new evidence that was not available when the court issued its order,*</u> and <u>*(c) the need to correct a clear error of law or fact or to prevent manifest injustice*</u>, rather than being disregarded by Defendant Slomsky for the sole purpose of **unlawfully** executing and enforcing his **VOID** judgments on the behalf of the Defendants.

And, contrary to Judge Wolson's opinion and assertion that Plaintiff's filings are "repetitious", the accumulation of violations of Federal laws committed in this courthouse by the USPS and PBI Defendants, now joined by Joshua D. Wolson and Peter Carr on the behalf of Defendant USPS, are the most egregious and damaging repetitions. A review of the record shows, Plaintiff's filings are the <u>only</u> filings in both proceedings that are consistent and in accordance with due process, statutory and common law, including the Third Circuit's **binding** precedents, which also has <u>not</u> wavered. And, it is conceivable that violators of the law who repeat their violations of the same laws will find the citations of those laws "repetitious".

Despite his disadvantages, *pro se* Plaintiff is a firm believer that "things understood need <u>not</u> be explained"; as further explanation may be received as "repetitious". Nevertheless, for the record, Plaintiff will remind Judge Wolson "Why He <u>Should Not</u> Impose a Filing Injunction".

It is well settled law that, "***<u>It is not judicial for a judge to commit an intentional tort even though the tort occurred in the courthouse. When a judge acts as a trespasser of the law, when a judge does not follow the law the judge loses subject-matter jurisdiction and the judge's orders are void, of no legal force or effect</u>***."

II. **<u>BACKGROUND</u>**

Petitioner *pro se* brought this independent action, 2:22-cv-03349, as a direct attack for the impeachment of the judgments made in 2:11-cv-07303 that, pursuant to F.R.C.P. 60(b)(4), are

**VOID** *ab intitio* for Joel H. Slomsky's failure to act in accordance with due process law in the original proceeding and being produced by "fraud upon the Court". In 2:11-cv-07303, Plaintiff *only* had two defendants, the USPS and Pitney Bowes, Inc.

Plaintiff sued Defendant USPS in accordance with 39 U.S.C. §§401, 409(a), and (d), in its "official name", as "a legal entity separate from the United States itself", with all sovereign immunities eliminated as intended by Congress and affirmed by the Third Circuit. By law, 2:11-cv-07303 was vitiated in its entirety when the Court accepted and entertained DOJ employees' ***unlawful*** "Entry of Appearance" on the behalf of Defendant USPS which constituted violations of 39 U.S.C. §409(g)(1), 18 U.S.C. §242 Deprivation Of Rights Under Color of Law, the waste, fraud and abuse laws that govern DOJ employees, "fraud upon the Court" and 18 U.S.C. §371 "Conspiracy to *defraud* the United States".

A review of 2:22-cv-03349 shows, Judge Wolson treated Plaintiff and his filings in a demonstrably egregious and hostile manner. Like Judge Slomsky, Judge Wolson disregarded the same due process, statutory and common laws enacted by Congress, which was confirmed by Third Circuit binding precedents, DC Circuit precedential rulings, and PRC's declarations which Plaintiff "repetitiously" cited in his filings. In 2:22-cv-03349, Judge Wolson *did not* need to entertain any argument from the Defendants or Plaintiff. Despite his disadvantages, to the best of his ability, Plaintiff provided Judge Wolson accurate excerpts of the Court's record of 2:11-cv-07303—and—the pertinent laws that showed the Defendants' pleadings were *unequivocally fraudulent* and the judgments therein were categorically **VOID** *ab intitio*.

Therefore, Judge Wolson should have ruled on the merits after review of the "*evidence*" and "*witness*" which is "**the record of 2:11-07303**" in comparison to the "*accuser*" which are the *inter alia* "**statutory and common laws**" cited in Plaintiff's filings beginning with his "Independent Action/Emergency Motion Pursuant To FRCP Rule 60(b)(4), (d)(1), & (d)(3)".

The *sole* Controversy in 2:22-Cv-03349 was **"the Law vs. the Court's Record"**.

The *only* competing factors in 2:22-cv-03349 should have been Due Process, Statutory and Common Law, *Plaintiff* vs. The Record of 2:11-cv-07303, *Defendant*. Ironically, while at all times relevant, Plaintiff was outnumbered and disadvantaged by the Defendants' abuse of power and "fraud upon the court" in multiple forums, despite the number of Defendants and their

numerous *fraudulent* acts on the record, they are now disadvantaged and cannot overcome the power of the law.

"*Corruption takes the place of justice when officers of the Court disregard the procedural Rules, statutory and common law*."

### III.   LEGAL ANALYSIS

"**The Court Has A Responsibility To Correct a Void Judgment**: **The statute of limitations does not apply to a suit in equity to vacate a void judgment.**"(Cadenasso v. Bank of Italy, p. 569: Estate of Pusey, 180 Cal. 368, 374...) **This rule holds as to all void judgments**." US Supreme Court. **"A void judgment may be attacked at any time by a person whose rights are affected. (See El-Kareh v. Texas Alcoholic Beverage Comm'n, 874 S.W.2d 192)..."**

"*A Void Judgement is entitled to no respect whatsoever because it does not affect, impair, or create legal rights*." Ex parte Seidel, 39 S.W.3d 221, 225 (Tex. Crim. App. 2001). "*Since the trial court's dismissal "with prejudice" was void, it may be attacked either by direct appeal or collateral attack Ex parte*" Williams, No. *73,845* (Tex.Cnm.App. 04/11/2001). "*A void judgment is a nullity from the beginning, and is attended by none of the consequences of a valid judgment. It is entitled to no respect whatsoever because it does not affect, impair, or create legal rights*." Ex parte Spaulding, 687 S.W.2d at *745* (Teague, J... concurring).

"*Under Federal law which is applicable to all states, the U.S. Supreme Court stated that if a court is* "*without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to reversal in opposition to them. They constitute no justification; and all persons concerned with executing such judgments or sentences, are considered, in law, as trespassers*." Elliot v. Piersol, 1 Pet. 328, 340 (1828) Elliot v. Piersol

### IV.   CONCLUSION:

The culmination of the foregoing and the following are indisputable reasons "**Why Judge Wolson *Should Not* Impose a Filing Injunction**".

Because of the things Judge Wolson said and didn't say shows he knowingly and intentionally failed and refused to act in accordance with due process law, failed and refused to review the record of 2:11-cv-07303 *de novo* as it pertains to the laws that govern ***all*** parties, issued judgments that are **VOID** *ab intitio*.

In total disregard of Plaintiff's claims that the Defendants abused their offices and committed "fraud upon the court" which produced **VOID** rulings in multiple forums, Judge Wolson's DISMISSAL Order, Doc. No. 56 stated, "*Mr. Foster had a full and fair opportunity to litigate these issues in his previous cases. Judge Slomsky and the Postal Regulatory Commission rejected his claims, and Courts of Appeals affirmed those decisions. This Court will not disturb those judg[e]ments.*"

What Judge Wolson didn't say or confirm is:

1. Whether the judgments in the forums he referenced are **VOID** *ab intitio* for <u>*not*</u> being in accordance with the law and being produced by fraud?
2. Whether, at all times relevant, the district court had jurisdiction over Plaintiff's claims against Defendant USPS?
3. Whether Congress intended to subject ***all*** of Defendant USPS's activities to Federal laws, eliminate its sovereign immunity protection, and require that Defendant USPS represent itself in most legal proceedings with the enactment of 39 U.S.C. §§401, 409(a), (d), (e) and (g)(1)?
4. Whether in 2:11-cv-07303, the Court acted in accordance with due process, statutory and common law, including the Third Circuit's ***binding*** precedents made in <u>Licata</u>, the DC Circuit's precedential rulings in <u>Lopez</u>, or the PRC in "PRC Order 2460"?
5. Whether in 2:11-cv-07303, Plaintiff was deprived of his Due Process, Federal, and Constitutional rights?
6. Whether in 2:11-cv-07303, this Court was *defrauded* by the Defendants?

The following are the most compelling reasons "**Why Judge Wolson <u>*Should*</u> <u>*Not*</u> Impose a Filing Injunction**".

1. The issuance of the proposed injunction will be evidence of Judge Wolson's engagement with the Defendants and his attempt to "cover-up" their collective violations of Federal laws.

2. Judge Wolson has already lost subject matter jurisdiction over 2:22-cv-03349, therefore any further Order that violates Plaintiff's Federally protected Constitutional rights shall be deemed as Joshua D. Wolson warring against the Constitution and this United States

3. The Court has a responsibility to correct **VOID** judgments, therefore, and injunction on future filings will deprive this Court of the opportunity to correct said **VOID** judgments internally.

4. Plaintiff will be compelled to attack both the **VOID** judgments made in 2:11-cv-07303 and 2:22-cv-03349 *ex parte*, in another district, and/or with higher authorities including Congress, the law makers themselves. Such action will increase the damages suffered by Plaintiff and the punishments imposed on *all* Defendants. This Court may be more lenient on the Defendants when taking the measures to fulfill "*the need to correct clear error of law and fact and to prevent manifest injustice*" internally. Internal correction will save this Court from unnecessary embarrassment by outside sources.

5. Joshua D. Wolson and Peter Carr, *et al*, will be added as Defendants under 39 U.S.C §409(e) for violations of the aforementioned Federal laws on the behalf of Defendant USPS in the forth coming proceedings.

6. Other than making the necessary corrections and/or self-recusal pursuant to 28 U.S.C. §455, Judge Wolson should stay this proceeding and any further actions until Plaintiff's "Petition for a Writ of Mandamus" with the Third Circuit, Case No. 22-3209, is decided. Unless Judge Wolson has "read unwritten words between the lines" of the Third Circuit's **binding** precedents made in Licata, the Mandamus *shall* be issued and this matter *will* be corrected within the bounds of this region.


February 10, 2023                                              Respectfully Submitted,
                                                               _____/s/_____
                                                               Frederick Foster, *Pro se* Plaintiff
                                                               5049 Lancaster Avenue,
                                                               Philadelphia, PA 19131
                                                               215-668-1332

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK D. FOSTER,** | **:** | **CIVIL ACTION** |
| **Plaintiff, pro se** | **:** | **JURY DEMAND** |
| v. | **:** | **Case No. 2:22-cv-03349** |
| **JOEL H. SLOMSKY, ET AL.** | **:** | |
| **Defendants.** | **:** | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the date stated below, the foregoing "Memorandum Why Judge Wolson *Should* *Not* Impose a Filing Injunction" was duly served upon all necessary parties by US Mail and/or Electronic Mail as follows:

Jonathan Scott Goldman
Blank Rome LLP
One Logan Square
Philadelphia, PA 19102
215-569-5531
jonathan.goldman@BlankRome.com

PETER CARR
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Telephone: (215) 861-8622
E-mail: peter.carr@usdoj.gov

Date: February 10, 2023

Respectfully submitted,
/s/
Frederick Foster, Plaintiff *Pro Se*
5049 Lancaster Ave.
Philadelphia, PA 19131
215-668-1332
fdfosterllc@hotmail.com